1999 U.S. Dist. LEXIS 22312, *

LEXSEE 1999 US DIST. LEXIS 22312

ROBERT O. NEIBERT, ET AL v. MONARCH DENTAL CORP., ET AL

3-99-CV-762-X

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

*1999 U.S. Dist. LEXIS 22312*

October 20, 1999, Decided
October 20, 1999, Filed, Entered on Docket

**DISPOSITION:** [*1] Defendants' motions to dismiss denied. Plaintiffs' motion for leave to serve subpoenas on third parties to this action granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs moved for leave to serve third party preservation subpoenas

**OVERVIEW:** Defendants objected to plaintiffs' motion for leave to serve subpoenas on third parties to preserve records arguing that defendants were intending to file motions to dismiss which would trigger the stay provisions of the Private Securities Litigation Reform Act of 1995 (Act), 15 U.S.C.S. § 78u-4(b)(3)(B). The court held that a subpoena which did not demand compliance by a date certain was not inimical to the policy reasons for the discovery bar imposed by the Act. The motion was granted subject to modification of the instructions that a non-party was under no obligation to respond to the subpoena duces tecum -- with the exception of preserving documents -- except as provided by Fed. R. Civ. P. 45(c)(3) and/or Fed. R. Civ. P. 45(d) and not less than 14 days after receiving a copy of an order authorizing discovery to proceed

**OUTCOME:** Motion granted because subpoena which did not demand compliance by date certain, directing preservation of records, was not inimical to policy reasons for discovery bar imposed by Private Securities Litigation Reform Act.

**COUNSEL:** For ROBERT O NEIBERT, plaintiff: William S Lerach, Helen J Hodges, Jeffrey D Light, Attorneys at Law, Keith F Park, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA USA.

For ROBERT O NEIBERT, plaintiff: Marc R Stanley, Roger Leon Mandel, Attorneys at Law, Stanley Mandel & Iola, Dallas, TX USA.

For ROBERT O NEIBERT, plaintiff: Steven E Cauley, Attorney at Law, Cauley & Geller, Little Rock, AR USA.

For CHRIS VAN SCHAACK, consolidated plaintiff: William S Lerach, Attorney at Law, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA USA

For CHRIS VAN SCHAACK, DEREK WAXMAN, consolidated plaintiffs: Keith F Park, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA USA.

For CHRIS VAN SCHAACK, DEREK WAXMAN, consolidated plaintiffs: Marc R Stanley, Roger Leon Mandel, Attorneys at Law, Stanley Mandel & Iola, Dallas, TX USA.

For CHRIS VAN SCHAACK, consolidated plaintiff: Steven E Cauley, Attorney at Law, Cauley & Geller, Little Rock, AR USA.

For DEREK WAXMAN, consolidated plaintiff: Jeffrey R Krinsk, Arthur L Shingler, III, Attorneys [*2] at Law, Finkelstein & Krinsk, San Diego, CA USA

For MONARCH DENTAL CORP, WARREN F MELAMED, GARY W CAGE, ROGER B KAFKER, defendants: Noel M B Hensley, Kerry McHugh Breaux, Attorneys at Law, Haynes & Boone, Dallas, TX USA.

For MONARCH DENTAL CORP, WARREN F MELAMED, GARY W CAGE, ROGER B KAFKER, defendants: R Todd Cronan, LeeAnn G Gaunt, Dori C Gouin, Attorneys at Law, Goodwin Procter & Hoar, Boston, MA USA.

SIDNEY STAHL, ADR Provider, Pro se, Dallas, TX USA.

For MONARCH PLAINTIFF GROUP, movant: James R Hail, Attorney at Law, Milberg Weiss Bershad Hynes & Lerach, San Diego, CA USA.

**JUDGES:** William F. Sanderson, Jr., UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** William F. Sanderson, Jr.

**OPINION:**

ORDER

Pursuant to the District Court's order of reference filed on October 8, 1999, came on to be heard Plaintiffs' Motion for Leave to Serve Third Party Preservation Subpoenas filed on October 6, 1999, along with Defendants' response filed on October 19, 1999, and the court finds and orders as follows:

Plaintiffs seek leave to serve subpoenas on third parties to this action in order to place such third parties on notice that they should preserve records which Plaintiffs may be entitled [*3] to obtain from them at a later date.

This action is governed by the provisions of the Private Securities Litigation Reform Act of 1995, which in pertinent part stays discovery during the pendency of any motion to dismiss. See *15 U.S.C. § 78u-4(b)(3)(B)*.

In opposing Plaintiffs' motion Defendants note that they have already filed or will shortly file - on or before October 25, 1999 - motions to dismiss Plaintiffs' action, thus bringing into play the stay provision, supra. Cognizant of this prohibition against discovery Plaintiffs do not seek leave to serve subpoenas to immediately obtain discovery, but merely to serve notice on third parties as to relevant documents which may be in their possession and directing them to preserve such documents pending further orders of this court.

A subpoena which does not demand compliance by a date certain is not inimical to the policy reasons for the discovery bar imposed by the Reform Act, in my opinion. The only obligation imposed on the identified non-parties by the proposed subpoenas contemplated in Plaintiffs' motion is that they not destroy any records presently in their possession or which come into their possession [*4] at a later date, which are within the purview of the five listed requests. Any additional obligation of any third party would arise only in the event that Defendants' motions to dismiss are denied by the District Court.

However, a review of the instructions attached to the proposed Schedule A's attached to Plaintiffs' motion shows that such instructions go beyond the requirements of *Rule 45, Federal Rules of Civil Procedure*.

Therefore, Plaintiffs' motion will be granted, subject to the following modifications which shall be incorporated in the Instructions portion of any third party preservation subpoena duces tecum permitted by this order.

Specifically, in lieu of the instructions proposed by Plaintiffs, any subpoena issued pursuant to this order will inform a non-party that it is under no obligation to respond to the subpoena duces tecum - with the exception of preserving documents - except as provided by Rule 45(c)(3) and/or (d), Federal Rules of Civil Procedure, and not less than fourteen days after receiving a copy of an order of this court authorizing discovery to proceed in this action.

SO ORDERED this 20th day of October, 1999.

A copy of this order shall [*5] be transmitted to counsel for the parties.

William F. Sanderson, Jr.

UNITED STATES MAGISTRATE JUDGE

LEXSEE 2001 US DIST LEXIS 10462

CHARLES VEZZETTI, et al., Plaintiffs, v. REMEC, INC., et al., Defendants.

Civil No. 99CV0796 L (JAH)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA

*2001 U.S. Dist. LEXIS 10462*

July 20, 2001, Decided
July 23, 2001, Filed

**DISPOSITION:** [*1] Plaintiffs' ex parte application for leave to serve preservation subpoenas upon non-parties GRANTED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs filed an ex parte application, seeking leave to serve non-party subpoenas for the purpose of preserving documents, while their claim under the Private Securities Litigation Reform Act of 1995 was stayed, pending the defendants' motion to dismiss.

**OVERVIEW:** Plaintiffs brought suit against the defendants, pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C.S. § 1558u-4(b)(3)(B), alleging that defendants violated federal securities laws between 1997 and 1998. The defendants moved to dismiss, which automatically stayed discovery. The plaintiffs filed an ex parte application, seeking permission to serve non-party subpoenas upon several of defendants' customers for the purpose of preserving documents while the suit was pending the discovery stay. The defendants claimed that the plaintiffs' failed to show "exceptional circumstances" justifying such a court order. However, the plaintiffs' ex parte application was granted because the stringent showing of "exceptional circumstances" was not required because the plaintiffs sought only to issue subpoenas requiring the non-parties to preserve documents. In addition, the plaintiffs were ordered to place an advisement on the subpoenas, notifying the non-parties that the discovery stay was still in force, thus alleviating any potential negative impact against the defendants.

**OUTCOME:** Plaintiffs' ex parte application for leave to serve preservation subpoenas upon non-parties was granted.

**LexisNexis(R) Headnotes**

*Securities Law > Bases for Liability > Private Securities Litigation*
*Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Dismiss*
[HN1] The Private Securities Litigation Reform Act of 1995, 15 U.S.C.S. § 78u-4(b)(3)(B), requires that discovery be stayed during the pendency of any motion to dismiss.

*Securities Law > Bases for Liability > Private Securities Litigation*
[HN2] The Private Securities Litigation Reform Act of 1995 (PSLRA), 15 U.S.C.S. § 78u-4(b)(3)(B), provides that during the pendency of any stay of discovery, any party to the action with actual notice of the allegations contained in the complaint shall treat all documents, that are relevant to the allegations, as if they were the subject of a continuing request for production of documents for the opposing party under the Federal Rules of Civil Procedure. 15 U.S.C.S. § 78u-4(b)(3)(C)(I). However, there is no provision in the PSLRA for preservation of documents held by non-parties.

*Securities Law > Bases for Liability > Private Securities Litigation*
[HN3] The goal of the Private Securities Litigation Reform Act of 1995, 15 U.S.C.S. § 78u-4(b)(3)(B) in enacting its discovery stay was to minimize what was seen as the high costs associated with discovery, and not to allow critical evidence to disappear while defendants litigated motions to dismiss.

*Civil Procedure > Trials > Subpoenas*
[HN4] Courts have consistently permitted plaintiffs to issue preservation subpoenas as well as actually allowing discovery to commence when faced with the risk of lost or destroyed evidence.

*Civil Procedure > Trials > Subpoenas*
[HN5] A subpoena which does not demand compliance by a date certain is not inimical to the policy reasons for the discovery bar imposed by the Private Securities Litigation Reform Act of 1995, *15 U.S.C.S. § 78u-4(b)(3)(B)*.

**COUNSEL:** For CHARLES VEZZETTI, MARK DOSHAN, PAUL D KASE, STEVEN ORENSTEIN, plaintiffs: William S Lerach, Milberg Weiss Bershad Hynes and Lerach, San Diego, CA.

For REMEC INC, RONALD E RAGLAND, JOSEPH LEE, DENNY MORGAN, JACK GILES, ERROL EKAIREB, TAO CHOW, JAMES MONGILLO, JUSTIN MILLER, MICHAEL MCDONALD, defendants: Susan S Gonick, Heller Ehrman White and McAuliffe, La Jolla, CA.

**JUDGES:** JOHN A. HOUSTON, United States Magistrate Judge.

**OPINIONBY:** JOHN A. HOUSTON

**OPINION:**

### ORDER GRANTING PLAINTIFFS' *EX PARTE* APPLICATION FOR LEAVE TO ISSUE NON-PARTY SUBPOENAS FOR THE PRESERVATION OF DOCUMENTS

#### INTRODUCTION

On June 25, 2001, plaintiffs filed an *ex parte* application seeking leave to serve non-party subpoenas for the purpose of preserving documents. Defendants subsequently filed an opposition to the application and plaintiffs filed a reply. This Court has reviewed the pleadings submitted by the parties and, for the reasons set forth below, GRANTS plaintiffs' application.

#### BACKGROUND

Plaintiffs filed the instant complaint in 1999 alleging that defendants violated federal securities [*2] laws between 1997 and 1998. The parties agree that this case is governed by the Private Securities Litigation Reform Act of 1995 ("the PSLRA"), *15 U.S.C. § 1558u-4(b)(3)(B)*. See Appl. at 1; Opp. at 1. [HN1] The PSLRA requires that discovery be stayed "during the pendency of any motion to dismiss." *15 U.S.C. § 78u-4(b)(3)(B)*. A motion to dismiss is currently pending before the District Court in this case, thus discovery is currently subject to an automatic stay.

[HN2] The PSLRA also provides that "during the pendency of any stay of discovery ... any party to the action with actual notice of the allegations contained in the complaint shall treat all documents ... that are relevant to the allegations, as if they were the subject of a continuing request for production of documents for the opposing party under the Federal Rules of Civil Procedure." *15 U.S.C. § 78u-4(b)(3)(C)(I)*. However, there is no provision in the PSLRA for preservation of documents held by non-parties.

#### DISCUSSION

Plaintiffs contend, in their *ex parte* application, that defendants' "primary customers" hold relevant evidence that may be [*3] inadvertently destroyed during the pendency of the current discovery stay. Thus, plaintiffs seek an order allowing them to issue non-party subpoenas to preserve evidence held by the non-parties. Plaintiffs identified eight non-parties that may hold relevant information to this litigation. *See* Appl. at 2. Plaintiffs submitted, as exhibits, proposed subpoenas directing the parties to preserve certain documents. *See* Gronborg Decl., Exh. A.

Defendants oppose the application on the grounds that plaintiffs have failed to show "exceptional circumstances" justifying a court order in contravention of the PSLRA's stay rule. Opp. at 3 (citing *Powers v. Eichen, 961 F. Supp. 233, 235 (S.D. Cal. 1997)* n1). The Powers court found that the statute made "it illegal for any party who receives actual notice of the litigation to destroy or alter evidence." *961 F. Supp. at 236*. The court noted that parties "may also obtain relief from a stay upon a showing of 'an exceptional circumstance where particularized discovery is necessary to preserve evidence or to prevent undue prejudice to a party.'" Id. (quoting *S.Rep. 104-98, 1995 WL 372783* (Leg. [*4] His.) at 14, U.S. Code Cong. & Admin News 679, 683). This Court notes, however, that the subpoenas issued by the parties in the Powers case were for production of documents, not preservation of evidence, as here. *See* id. at 234. In addition, the Powers court was concerned only with whether the automatic discovery stay should be extended pending the resolution of a motion for reconsideration. Id. at 235.

---

n1 Defendants take issue with plaintiffs' apparent failure to "cite recent, relevant and analogous cases decided in this District as well as the neighboring Central District." Opp. at 2, n. 1. Plaintiffs respond that the Powers decision, upon which defendants' rely as the most recent and most

Case 1:05-cv-00441-JJF    Document 5-2    Filed 07/01/2005    Page 5 of 10

Page 5
1999 U.S. Dist. LEXIS 22312, *

relevant authority in this area, is not clearly on point. Reply at 4. This Court's reading of the Powers case reveals that plaintiffs are correct. As explained later, the applicable law in this area is not totally clear. Thus, in this Court's view, defendants' allegations of impropriety are meritless.

[*5]

Defendants contend that plaintiffs present only "vague and generalized speculation about possible spoilation of evidence" and fail to offer "specific particularized facts" which might indicate documents held by the non-parties could be destroyed. Id. at 4-5. This Court is unconvinced that plaintiffs are required to meet the stringent showing outlined in Powers in order to obtain leave to issue preservation subpoenas. Plaintiffs, in their reply brief, point out that [HN3] the goal of the PSLRA in enacting its discovery stay was to "minimize what was seen as 'the high costs associated with discovery,'" and not to allow critical evidence to "disappear while defendants litigated motions to dismiss." Reply at 2 (quoting Powers, 961 F. Supp. at 235). Plaintiffs claim that the subpoenas requested "would not commence discovery [and would] pose no burden on defendants and little, if any, on the non-parties..." Id. at 1. Plaintiffs note that the [HN4] courts have consistently "permitted plaintiffs to issue preservation subpoenas" as well as actually allowing discovery to commence when faced with "the risk of lost or destroyed evidence." Id. at 3 (citing In re Flir Systems, Inc. Sec. Litig., 2000 U.S. Dist. LEXIS 19391, 2000 WL 33201904 [*6] (D.Ore.); Neibert v Monarch Dental Corp., 1999 U.S. Dist. LEXIS 22312, 1999 WL 33290643 (N.D.Tex.); In re Tyco International, Ltd. Sec. Litig., 2000 U.S. Dist. LEXIS 11659 (D.N.H.)).

Of the cases cited by plaintiffs, this Court finds the Neibert decision persuasive. In Neibert, the plaintiffs sought leave of court to serve preservation subpoenas upon third parties in order to place them on notice that the information may be sought at a later date. 1999 WL 33290643 at *1. The court granted the application, opining that "[[HN5] a] subpoena which does not demand compliance by a date certain is not inimical to the policy reasons for the discovery bar imposed by the [PSLRA]." Id. This Court finds that, in the instant case, the stringent showing required under Powers is not clearly applicable here. Because plaintiffs seek only to issue subpoenas requiring the non-parties to preserve documents, this Court finds plaintiffs need not show there are "exceptional circumstances" before relief may be obtained.

Defendants also contend that the issuance of the subpoenas requested by plaintiffs "will send a false signal to these entities that the litigation has been [*7] allowed to move forward," requiring the entities to incur unnecessary costs due to their association with defendants. Opp. at 5. According to defendants, this would be a burden on defendants because it would have a negative effect on defendants' "ongoing relationships" with these entities. Id. This Court is unconvinced that the issuance of subpoenas requiring preservation of potentially relevant documents in the instant litigation would serve as a "false signal" and have a negative impact on business relationships with defendants. The Neibert court, in order to alleviate any misconceptions, found it appropriate to require plaintiffs to include information in the requested subpoenas indicating that the non-parties are under no obligation to respond to the subpoenas other than by preserving documents. 1999 WL 33290643 at *1. Similarly here, an additional advisement on the subpoenas would suffice to give notice to the non-parties that the discovery stay is still in force, thus alleviating any potential negative impact.

Defendants lastly claim that the procedure utilized by plaintiffs, an *ex parte* application versus a noticed motion, was improper and an abuse [*8] of such procedures. See id. at 6-7. This Court disagrees. As plaintiffs note, it is puzzling, "that defendants would find plaintiffs' minimal *ex parte* application, without the need for oral argument, more burdensome than a noticed motion and drawn out briefing." Reply at 5. Defendants filed an opposition clearly outlining their position regarding the application. Defendants fail to show that they were prejudiced by the use of the *ex parte* procedure. n2 Accordingly, this Court finds the procedure utilized here was not improper.

> n2 Defendants also cite this District's General Order declaring a "judicial emergency" as authority for its position on plaintiffs' improper use of *ex parte* procedures. Opp. at 7. This Court fails to see how the use of *ex parte* procedures, as opposed to the more complex and lengthy briefing required for formal motion practice, would further "chew up the Court's time" as defendants assert. Id. On the contrary, the briefing presented by the parties was concise and adequately presented each opposing viewpoint. Had this Court found the need for formal briefing, the parties would have been required to present it. Accordingly, this Court finds defendants' argument unavailing.

[*9]

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that plaintiffs' *ex parte* application for leave to serve preservation subpoenas upon non-parties is GRANTED. Plaintiffs are granted leave to serve the

proposed subpoenas upon the parties listed in their application and with the modification outlined herein.

Dated: July 20, 2001

JOHN A. HOUSTON
United States Magistrate Judge

LEXSEE 2001 US DIST LEXIS 19785

## In re EMEX CORPORATION SECURITIES LITIGATION,

01 Civ. 4886 (SWK)

### UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*2001 U.S. Dist. LEXIS 19785*

November 29, 2001, Decided
November 30, 2001, Filed

**COUNSEL:** [*1] For KEITH E. MASTERS, plaintiff: Marc I. Gross, Pomerantz, Haudek, Block, Grossman & Gross, L.L.P., New York, NY.

**JUDGES:** MICHAEL H. DOLINGER, UNITED STATES MAGISTRATE JUDGE.

**OPINIONBY:** MICHAEL H. DOLINGER

**OPINION:**

MEMORANDUM AND ORDER

MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:

Plaintiffs have moved for leave to serve document preservation subpoenas on four non-party entities. The motion is granted in view of the desirability of ensuring that potentially relevant documents are not destroyed during the pendency of defendants' dismissal motion. This order is without prejudice to the right of the subpoenaed parties to seek relief once the subpoenas have been served.

DATED: New York, New York

November 29, 2001

SO ORDERED.

MICHAEL H. DOLINGER

UNITED STATES MAGISTRATE JUDGE

Case 1:05-cv-00441-JJF   Document 5-2   Filed 07/01/2005   Page 8 of 10

Page 3
2001 U.S. Dist. LEXIS 19785, *

LEXSEE 1996 US DIST. LEXIS 11778

**CAROL NOVAK and ROBERT NIEMAN, On Behalf of Themselves and All Others Similarly Situated, Plaintiffs, -against- SALLY FRAME KASAKS, PAUL E. FRANCIS, JOSEPH R. GROMEK, GERALD S. ARMSTRONG, JAMES J. BURKE, JR., MERRILL LYNCH & CO., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, MERRILL LYNCH CAPITAL PARTNERS, INC., ML IBK POSITIONS INC., MERCHANT BANKING L.P. NO. III, KECALP, INC., ANNTAYLOR STORES CORPORATION and ANNTAYLOR, INC., Defendants.**

96 Civ. 3073 (AGS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

*1996 U.S. Dist. LEXIS 11778; Fed. Sec. L. Rep. (CCH) P99,307*

**August 15, 1996, Decided
August 16, 1996, FILED**

**DISPOSITION:** [*1] Defendants' motion granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants filed a motion pursuant to § 21D(b)(3)(B) of the Private Securities Litigation Reform Act, *15 U.S.C.S. § 78u-4*(b)(3)(B) to stay discovery until the court ruled upon defendants' pending motions to dismiss in a class action brought by plaintiffs that alleged violations of § § 10(b), 20(a) and Rule 10b-5 of the Securities Exchange Act of 1934.

**OVERVIEW:** After plaintiffs filed the class action, they issued nearly 30 subpoenas duces tecum and ad testificandum on various non-party security analysts, brokerage houses, investment banks, ratings agencies, and others. Certain defendants requested a stay of discovery in anticipation of a filing of a motion to dismiss. The court denied the request with leave to renew upon the filing of a motion to dismiss. Thereafter, defendants filed a motion to dismiss and renewed their request for a stay of discovery. The court granted the motion. The court stated that the Reform Act provided for a stay of discovery during the pendency of a motion to dismiss in securities class actions unless the court found that particularized discovery was necessary to preserve evidence or to prevent undue prejudice. The court found that plaintiffs failed to offer any evidence to support their claim that there was a great risk that highly relevant information would have been lost or destroyed if discovery was stayed. The court concluded that plaintiffs failed to sustain their burden of showing the existence of exceptional circumstances that would have justified a departure from the mandate of the Reform Act.

**OUTCOME:** The court granted defendants' motion and ordered all nonparties who were served to preserve all documents and materials that were responsive to the subpoenas.

**LexisNexis(R) Headnotes**

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN1] See the Private Securities Litigation Reform Act, *15 U.S.C.S. § 78u-4*(b)(3)(B).

**COUNSEL:** For ROBERT NIEMAN, On behalf of himself, and all others similarly situated, plaintiffs: Keith M. Fleischman, MILBERG WEISS BERSHAD HYNES & LERACH, LLP, NEW YORK, NY.

**JUDGES:** ALLEN G. SCHWARTZ, U.S.D.J. Magistrate Judge Leonard A. Bernikow

**OPINIONBY:** ALLEN G. SCHWARTZ

**OPINION:**

MEMORANDUM DECISION

ALLEN G. SCHWARTZ, DISTRICT JUDGE:

Defendants have moved, pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act (the "Reform Act") *15 U.S.C. § 78u-4*(b)(3)(B), to stay discovery until this Court rules upon defendants' pending motions to dismiss. For the reasons stated below, Defendants' motion is granted.

Background

On April 25, 1996, plaintiffs filed a putative class action complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder. Shortly thereafter, plaintiffs issued nearly 30 subpoenas duces tecum and ad testificandum on various non-party securities analysts, brokerage houses, investment banks, and rating agencies, among others. On May 15, 1996, certain defendants requested a stay of discovery in the anticipation that motions to dismiss would [*2] be filed. The Court denied the request in a memo endorsed order dated May 23, 1996, stating that "the request to stay discovery at this stage of the proceedings, prior to the filing of the motion to dismiss is denied, with leave to renew upon the filing of such motion." On July 1, 1996, the defendants served upon plaintiffs Notices of Motion to Dismiss the Complaint and supporting memoranda of law, and defendants now renew their request for a stay of discovery.

Discussion

On December 22, 1995, Congress amended the Exchange Act by enactment of the Reform Act. The Reform Act includes a provision mandating a stay of discovery during the pendency of any motion to dismiss in an action brought pursuant to the Exchange Act, unless the court concludes that certain exceptions apply. The Reform Act states:

> [HN1] In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

*15 U.S.C. § 78u-4*(b)(3)(B). This stay provision gives effect [*3] to Congress' intent that "discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint." Senate Comm. on Banking, Housing, and Urban Affairs, Private Securities Litigation Reform Act of 1995, S. Rep. No. 98, 104th Cong., 1st Sess. 14 (1995).

Plaintiffs oppose defendants' motion to stay discovery, arguing that there is a "great risk" that highly relevant evidence will be lost or destroyed and that undue prejudice will result if discovery is stayed. See Plaintiffs' Memorandum in Opposition to Defendants' Motion to Stay Discovery at pp. 1, 5-7. However, plaintiffs have provided no evidence to bolster their wholly speculative assertions as to the risk of lost evidence and undue prejudice. Accordingly, the Court holds that plaintiffs have not satisfied their burden of showing that exceptional circumstances exist which would justify a departure from the Reform Act's mandatory stay of discovery. See *Medical Imaging Centers of America, Inc. v. Lichtenstein, 917 F. Supp. 717, 720-722 (S.D. Cal. 1996)* (holding that "undue prejudice" standard was not satisfied based upon plaintiff's alleged need to have discovery [*4] before date set for election of directors).

Plaintiffs' concern that non-parties may not consider themselves under an obligation to retain possession of relevant documents if discovery is stayed is easily remedied. The Court hereby orders that all non-parties upon whom subpoenas have been served in this action are to preserve all documents and other materials responsive to such subpoenas subject to further order of the Court.

Conclusion

For the reasons set forth above, discovery in this action is hereby stayed pending the Court's decision on defendants' motions to dismiss.

SO ORDERED.

Dated: New York, New York
August 15, 1996

ALLEN G. SCHWARTZ, U.S.D.J.