IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADVANCED MICRO DEVICES INC., a )
Delaware corporation, and AMD )
INTERNATIONAL SALES & SERVICE )
LTD., a Delaware corporation, )
)
                      Plaintiffs, )
)
            vs. )      Civil Action No. 05-441
)
INTEL CORPORATION, a Delaware )
corporation, and INTEL KABUSHIKI )
KAISHA, a Japanese corporation, )
)
                      Defendants. )

**Declaration of Charles P. Diamond, Esq. in Support of Plaintiffs' Motion for Leave to Serve Document Preservation Subpoenas and Statement Pursuant to <u>Delaware Local Rule 7.1.1.</u>**

      I, CHARLES P. DIAMOND, being duly sworn, state as follows:

      1.      I am an attorney admitted to practice in the State of California and a partner of O'Melveny & Myers LLP, counsel to Advanced Micro Devices and AMD International Sales & Service Ltd. (jointly, "AMD") in this action. I am principally responsible for this representation. On June 27, 2005, I filed an application for *pro hac vice* admission to this Court.

      2.      On June 27, 2005, AMD filed this action against Intel Corporation and Intel Kabushiki Kaisha (collectively, "Intel"). That same day, my colleagues and I sent letters to thirty-two major computer manufacturers, distributors, and retailers requesting

CC1:709349.3

that they take immediate and effective measures to preserve documents relevant to this case. These letters were sent via overnight mail to the corporate headquarters and, when known, the general counsel, of the following companies:

Computer Manufacturers

- Acer Inc.
- Averatec
- Dell Corporation
- Fujitsu Ltd.
- Fujitsu-Siemens Computers
- Gateway Inc.
- Hewlett Packard Company
- Hitachi Ltd.
- IBM
- Lenovo Group
- NEC Corporation
- NEC-CI
- Rackable Systems, Inc.
- Sony Corporation and Sony Electronics
- Sun Microsystems, Inc.
- Supermicro Computer Inc.
- Toshiba Corporation

Distributors

- ASI Corporation

- Avnet
- Ingram Micro
- Supercom
- Synnex
- Tech Data Corporation

<u>Retailers</u>

- Aldi
- Best Buy
- Circuit City
- CompUSA
- Dixons
- Fry's Electronics, Inc.
- MediaMarkt Ingolstadt
- Office Depot, Inc.
- Vobis

True and correct copies of these letters are attached as Exhibit A.

3. In order to minimize the burden of these document preservation requests, I provided each recipient of my letter with a schedule of individuals we considered to be relevant custodians. We also provided a narrowly-drawn set of document categories to be preserved. Copies of both schedules are attached to the letters contained in Exhibit A above.

4. In our document preservation request, we asked each recipient to return signed statements by noon, June 30, 2005 PST, confirming that they would agree to

retain and preserve the documents described in these attachments. I also invited the recipients to contact me and my colleagues to discuss specific procedures or limitations that might address any particular burdens the preservation requests might impose.

5. A significant portion of the recipients have positively responded. As of now, fourteen companies have made contact. Nine companies indicated a willingness to work out a set of mutually acceptable preservation rules (Sony, Sun, Acer, Circuit City, Gateway, Lenovo, NEC-CI, Rackable, and Tech Data), and each agreed, at a minimum, to preserve the documents of the custodians listed while some have agreed to broader preservation. One company, Best Buy, agreed to comply without limitation. Only Toshiba acknowledged receipt of the letter and refused to negotiate at all. Dell, CompUSA, and Hitachi have each contacted us, and both Dell and Hitachi indicated that they are reviewing the matter and would respond later on. Eighteen companies have not responded.

6. The document preservation subpoenas we seek are attached as Exh. B to this declaration. Even if the Court grants AMD's motion, we expect to continue negotiating preservation terms with those companies that have agreed to discuss the subject, reserving the right to resort to serve subpoenas if and only if those talks break down. If granted leave to do so, we intend to serve subpoenas, however, on those companies that either have refused to negotiate in good faith or who have failed to even acknowledge receipt of our request.

7. During the morning of Thursday, June 30, 2005, I spoke with Suzanne Miller of Intel's Law Department, who referred me to Intel's outside counsel handling this aspect of the litigation, Darren B. Bernhard, Esq., of Howrey Simon Arnold & White

LLP. I provided Mr. Bernhard with copies of the preservation letters as well as a draft of AMD's motion, and made arrangements with Mr. Bernhard to get Intel's response to this motion on Friday morning for inclusion in this declaration. This morning, I called Mr. Bernhard three times, at 6:40 A.M, 7:10 A.M. and 9:25 A.M, and left messages on each occasion. Mr. Bernhard has not returned any of my calls.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 1st day of July, 2005, at Los Angeles, California.

_____
CHARLES P. DIAMOND