IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-441-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF SUBPOENA

TO:    Richard L. Horowitz, Esquire          Robert E. Cooper, Esquire
         Potter Anderson & Corroon LLP       Daniel S. Floyd, Esquire
         Hercules Plaza, 6th Floor              Gibson, Dunn & Crutcher, LLP
         1313 N. Market Street                  333 South Grand Avenue
         Wilmington, DE 19899-0951          Los Angeles, CA 90071-3197

         Darren B. Bernhard, Esquire
         Howrey LLP
         1299 Pennsylvania Avenue, N.W.
         Washington, DC 20004-2402

     PLEASE TAKE NOTICE that on July 12, 2005, the attached subpoena was served on Fujitsu Ltd., 6660 Hawaii Kai Drive, Honolulu, Hawaii 96825.

Of Counsel:
Charles P. Diamond
Linda J. Smith
Mark A. Samuels
O'Melveny & Myers, LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035
(310) 553-6700

/s/ Jesse A. Finkelstein

Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Finkelstein@rlf.com
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com
Attorneys for Plaintiffs Advanced Micro
Devices, Inc. and AMD International Sales &
Service, Ltd.

Dated: July 13, 2005

2

RLF1-2899168-1

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

_____DISTRICT OF HAWAII_____

Advanced Micro Devices, Inc., and
AMD International Sales & Services, Ltd.

v.

Intel Corporation and Intel Kabushiki Kaisha

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    05-441-JJF
United States District Court, District of Delaware

TO:   Fujitsu Ltd.
      6660 Hawaii Kai Drive
      Honolulu, Hawaii  96825

☐   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒   YOU ARE COMMANDED to preserve the following documents or objects (list documents or objects):
**See Attached Schedules A & B**

| PLACE | DATE AND TIME |
| --- | --- |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Attorney For Plaintiffs | 7/11/05 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Charles P. Diamond
O'Melveny & Myers LLP
1999 Avenue of the Stars, Los Angeles, CA  90067
(310) 553-6700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                       DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

### Definitions

For purposes of this preservation request, "DOCUMENT" includes, without limitation, any hard copy writings and documents as well as electronically stored data-files including e-mail and instant messaging, created or dated on or after January 1, 2000.

With respect to electronically stored data, "DOCUMENT" also includes, without limitation, any data on magnetic or optical storage media stored as an "active" file or backup file, in its native format.

For purposes of this preservation request, "MICROPROCESSOR" means general purpose microprocessors using the x86 instruction set (e.g., Sempron, Athlon, Turion, Opteron, Celeron, Pentium, and Xeon).

For purposes of this preservation request, "FINANCIAL INDUCEMENT" means any payment, subsidy, rebate, discount (on MICROPROCESSORS or on any other INTEL product), Intel Inside funds, e-CAP funds, MDF, "meeting competition" or "meet comp" payments, "depo" payments, program monies, or any advertising or pricing support.

For purposes of this preservation request, "your Company" refers to Fujitsu Ltd. and any of its present or former subsidiaries, joint-ventures, affiliates, parents, assigns, predecessor or successor companies and divisions thereof. "INTEL" refers to Intel Corporation and any of its present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof. "AMD" refers to Advanced Micro Devices, Inc., AMD International Sales and Service Ltd., and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

For purposes of this preservation request, "MDF" refers to market development funds.

### Purchase Terms

1. All DOCUMENTS constituting or reflecting communications with INTEL concerning actual or proposed terms and conditions of the sale of MICROPROCESSORS, including without limitation pricing, quantities, discounts, rebates, Intel Inside funds, E-Cap funds and MDF.

2. All DOCUMENTS constituting or reflecting internal discussions or other communications within your Company concerning actual or proposed terms and conditions of sale of INTEL or AMD MICROPROCESSORS.

3. All DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon the exclusive purchase of INTEL MICROPROCESSORS, or upon the purchase of a minimum volume of INTEL MICROPROCESSORS, or upon the purchase of a minimum percentage of your Company's MICROPROCESSOR requirements.

4. All DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon your Company's agreement to use only INTEL MICROPROCESSORS in a particular computer platform, computer model or computer type.

5. All DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon your Company's agreement to use only INTEL MICROPROCESSORS in computers sold in a particular geographic region.

6. All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings pertaining to INTEL's pricing of MICROPROCESSORS including without limitation any FINANCIAL INDUCEMENT.

7. All DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon any restriction or limitation of your Company's purchases or promotion of AMD MICROPROCESSORS or conditioned upon any restriction or limitation of the sale of products containing AMD MICROPROCESSORS.

8. All DOCUMENTS constituting, reflecting, or discussing any threat by INTEL to withdraw or withhold a FINANCIAL INDUCEMENT as a result of your Company's sale of products containing AMD MICROPROCESSORS, its purchases of AMD MICROPROCESSORS, or its plan to develop, release or promote a product containing an AMD MICROPROCESSOR.

9. All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to provide discounted or free chipsets, motherboards, or other components in connection with the purchase of, or as part of a package or bundle with, INTEL MICROPROCESSORS.

10. All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to discount or subsidize or provide marketing support in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

**Purchase History**

11. DOCUMENTS sufficient to show:

    a) the prices paid by your Company to INTEL for all MICROPROCESSORS since January 1, 2000.

    b) the aggregate amount by quarter of any payment, subsidy, rebate, discount, Intel Inside funds, E-Cap funds, MDF, "meeting competition" payments, or any advertising or pricing support provided to your Company in connection with its purchase of MICROPROCESSORS (by quarter) since January 2000.

    c) Historical MICROPROCESSOR purchase volumes (by quarter) from INTEL and AMD since January 1, 2000.

    d)    Product road maps for product lines and MICROPROCESSORS (by quarter or cycle) since January 1, 2000.

    e)    Analysis of expected and realized revenue, cost, and profitability of product lines (by quarter) since January 1, 2000.

    f)    The use or disposition of any discount, subsidy, or marketing support provided by INTEL in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

## Comparisons of INTEL and AMD MICROPROCESSORS

12. All DOCUMENTS constituting or reflecting analyses, summaries, reports or studies prepared in connection with the consideration of the purchase or use of AMD and/or INTEL MICROPROCESSORS.

13. All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings prepared comparing INTEL and AMD MICROPROCESSORS whether from a price, quality or other standpoint.

## Miscellaneous

14. All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning your Company's participation in or support of any AMD product launch or promotion.

15. All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning the allocation of microprocessors or other INTEL components.

16. All DOCUMENTS constituting or reflecting discussions within your Company about unfair or discriminatory allocations of INTEL products or the fear of such unfair or discriminatory allocations.

17. All DOCUMENTS furnished by your Company to the Japan Fair Trade Commission.

## Schedule B

Document Custodians

Please preserve documents described in Schedule A belonging to, stored on behalf of, or accessible in the normal course by the following named individuals, and their predecessors (since January 1, 2000) and successors, to the extent those predecessors and successors are or were also involved in the procurement of x86 microprocessors or in decision-making regarding x86 microprocessor selection for particular platforms. As to each of the foregoing, we also request that you preserve documents described in Schedule A of or accessible by (1) their administrative assistants; (2) any direct reports also involved in the procurement of x86 microprocessors; (3) any employees and officers in the corporate reporting chain above them up to your highest ranking officer; and (4) members of your Board of Directors.

**Ahn, Kyung-Soo
Ali, Farhat
Amemiya, T.
Ashikaga, T.
Ashikaga, Y.
Badani, Bipin
Bandou, Y.
Bernhard, Tom
Chikama, Terumi
Day, Howard
Fukuda, Y.
Mr. Fukumoto
Mr. Hagiwara
Mr. Hatanaka
Hirles, Stefan
Higuchi, H.
Higuchi, Hisamichi
Igarashi, Kazuhiro
Imamura, T.
Ishizuka, H.
Isobe, Y.
Ito, Chiaki
Ito, Kimihisa
Itou, K.
Kasahara, M.
King, Bill
Kinoshita, Koji
Klenner, Don
Komura, Ichiro
Kondo, H.
Kubo, K.
Kurokawa, Hiroaki
Mr. Kushida**

Ladislav, Orenic
Lin, Anthony
McCormack, Richard
Mr. Mikasa
Mitake, Kenji
Moore, Paul
Morohoshi, Toshio
Mortensen, Neil
Mull, Dennis
Murashima, Junichi
Mr. Nagahara
Nakamura, Takashi
Otah, Takauma
Saito, Kuniaki
Shiozawa, O.
Sung, Bill
Takeda, Hiroyasu
Tanaka, Shigeo
Tanakura, Yoshiyuki
Terashi, K.
Thornsberry, Lester
Tone, Hirosada
Veon, Gloria
Wrenn, Kevin
Yajima, Akikazu
Mr. Yamaguchi
Yamanaka, Akira
Yamamoto, Masakui
Yoshida, Shinji
Yumiba, Hideaki

Any other employee, or since January 1, 2000, any former employee, whose responsibilities include(d) the procurement of x86 microprocessors or decision-making regarding x86 microprocessor selection for particular platforms.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and have sent by Hand Delivery to the following:

> Richard L. Horwitz, Esquire
> Potter Anderson & Corroon LLP
> 1313 North Market Street
> P. O. Box 951
> Wilmington, DE  19899

and have sent by Federal Express to the following non-registered participants:

> Darren B. Bernhard, Esquire
> Howrey LLP
> 1299 Pennsylvania Avenue, N.W.
> Washington, DC 20004-2402

> Robert E. Cooper, Esquire
> Daniel S. Floyd, Esquire
> Gibson, Dunn & Crutcher LLP
> 333 South Grand Avenue
> Los Angeles, California 90071-3197

> /s/ Steven J. Fineman
> Steven J. Fineman (#4025)
> Richards, Layton & Finger, P.A.
> One Rodney Square
> P.O. Box 551
> Wilmington, Delaware 19899
> (302) 651-7700
> fineman@rlf.com

RLF1-2899168-1