**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 1:05-CV-00441 |

**OBJECTIONS OF NON-PARTY NEC COMPUTERS INC. TO**
**PLAINTIFFS' SUBPOENA TO PRESERVE DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure ("Rule") 26 and 45, NEC Computers Inc. ("NEC Computers") asserts the following objections to the subpoena to preserve documents dated July 15, 2005 (the "Subpoena") and served by Plaintiffs in the above-captioned case on July 15, 2005.

**GENERAL OBJECTIONS**

1.     NEC Computers objects to the Subpoena because it is not authorized by the Federal Rules of Civil Procedure or any other law regarding obtaining evidence from non-parties to a federal court litigation.  NEC Computers reserves its right to move to quash or make any other motion seeking to vacate the Court's order, dated July 1, 2005, purportedly allowing Plaintiffs to serve the Subpoena.

2.     NEC Computers objects to the Subpoena to the extent that it seeks the preservation of documents located outside of the United States, the subsequent production of which in this matter would not be allowed under foreign law, including but not limited to the law of Japan.

3.     NEC Computers objects to the Subpoena to the extent that it seeks to expand the requirements and obligations under, or violate applicable provisions of, the Federal Rules of Civil Procedure or Rules of this Court.

4.     NEC Computers objects to the Subpoena on the grounds that it is vague and overly broad, including without limitation with respect to the time period covered by the Subpoena, and that it is unduly burdensome in that it seeks documents that can be obtained from Defendants in this action.

5.     NEC Computers objects to the Subpoena on the grounds that it is significantly and unduly expensive.  Pursuant to Rules 45(c)(1) and 45(c)(2)(B), Plaintiffs should be required to advance to NEC Computers its estimated costs and expenses of undertaking the requested document preservation.  NEC Computers reserves its right to seek such a remedy from the Court as may be appropriate.

6.     NEC Computers objects to the Subpoena to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules.  Any preservation of such documents shall not be deemed a waiver of those privileges.

7.     NEC Computers objects to the Subpoena to the extent that it purports to apply to trade secrets or other confidential and/or proprietary research, development, or commercial information of NEC Computers or Intel that may be subject to an agreement to maintain confidentiality.

8.      NEC Computers objects to the Subpoena to the extent it seeks the preservation of documents that are irrelevant to any issue in this proceeding and not reasonably calculated to lead to the discovery of admissible evidence.

9.      NEC Computers objects to the Subpoena to the extent that it calls for NEC Computers to preserve or create documents that are not currently in NEC Computers' possession, custody, or control, or seeks to impose any obligation on NEC Computers to provide documents on behalf of any person or entity other than NEC Computers.

10.     NEC Computers objects to the Subpoena to the extent it seeks the preservation of documents that are already in Plaintiffs' possession or are readily available to Plaintiffs by reason of public filing, from parties to the action, or otherwise.

11.     NEC Computers objects to the Subpoena to the extent that it calls for the preservation of documents that no longer exist or that cannot be identified.

12.     NEC Computers objects to the Subpoena to the extent that it may be construed to require any search for and preservation of documents beyond one limited to the files readily determined to relate to the subject matter of the Subpoena and the files of NEC Computers or its employees or directors known or reasonably believed to be personally involved in, or knowledgeable about, the subjects included within the Subpoena.

13.     NEC Computers objects to the Subpoena to the extent that it seeks the preservation of documents of the "predecessors (since January 1, 2000) and successors" of the individuals named on Schedule B of the Subpoena, the documents of "(1) their administrative assistants; (2) any direct reports also involved in the procurement of x86 microprocessors; (3) any employees and officers in the corporate reporting chain above them up to your highest ranking officer; and (4) members of your Board of Directors," and the documents of "any other

employee, or since January 1, 2000, any former employee, whose responsibilities include(d) the procurement of x86 microprocessors or decision-making regarding x86 microprocessor selection for particular platforms," on the grounds that it is overly broad in time and scope; is vague and ambiguous; and imposes an undue burden on NEC Computers.

14.    NEC Computers objects to the Subpoena, including without limitation to Schedule B, on the grounds that it calls for the preservation of documents by individuals who are not employees, officers, or directors of NEC Computers.

15.    NEC Computers objects to the Subpoena on the grounds that, since 2002, NEC Computers has not been actively engaged in business, no longer independently maintains any records sought in the Subpoena, and has no employees.  In 2002, NEC Computers sold certain assets relating to computing and server products to its parent corporation, NEC Solutions (America), Inc.

16.    NEC Computers objects to the definition of "Document" set forth in the Subpoena to the extent it includes "any hard copy writings and documents as well as electronically stored data-files including e-mail and instant messaging, created or dated on or after January 1, 2000" and includes, with respect to electronically-stored data, "any data on magnetic or optical storage media stored as an 'active' file or backup file, in its native format," on the grounds that it renders the Subpoena vague and ambiguous, overly broad, and burdensome; seeks materials irrelevant to the subject matter of this litigation; and is not reasonably calculated to lead to the discovery of admissible evidence.

17.    NEC Computers objects to the definition of "Microprocessor" set forth in the Subpoena to the extent it includes "general purpose microprocessors using the x86 instruction set (e.g., Sempron, Athlon, Turion, Opteron, Celeron, Pentium, and Xeon)" on the

grounds that it renders the Subpoena vague and ambiguous, overly broad, and burdensome; seeks materials irrelevant to the subject matter of this litigation; and is not reasonably calculated to lead to the discovery of admissible evidence.

18.    NEC Computers objects to the definition of "Financial Inducement" set forth in the Subpoena to the extent it includes "any payment, subsidy, rebate, discount (on MICROPROCESSORS or on any other INTEL product), Intel Inside funds, e-CAP funds, MDF, 'meeting competition' or 'meet comp' payments, 'depo' payments, program monies, or any advertising or pricing support" on the grounds that it renders the Subpoena vague and ambiguous (i.e., "other Intel product"), overly broad, and burdensome; seeks materials irrelevant to the subject matter of this litigation; and is not reasonably calculated to lead to the discovery of admissible evidence.

19.    NEC Computers objects to the definition of "your Company" set forth in the Subpoena to the extent it includes "NEC Computers International ("NEC-CI")," "NEC Corporation," or any entity other than NEC Computers on the grounds that it renders the Subpoena vague and ambiguous, overly broad, and burdensome; seeks material irrelevant to the subject matter of this litigation; is not reasonably calculated to lead to the discovery of admissible evidence; and seeks materials not in the possession, custody, or control of NEC Computers.  NEC Computers further objects to the definition of "your Company" set forth in the Subpoena to the extent it includes the present and former subsidiaries, joint-ventures, affiliates, parents, assigns, predecessor or successor companies and divisions of NEC Computers, NEC-CI, and NEC Corporation, on the grounds that it renders the Subpoena vague and ambiguous, overly broad, and burdensome in that NEC Computers and NEC-CI are distant affiliates and in that the request does not specify which of NEC Corporation's subsidiaries should preserve documents,

rendering it impossible to comply; seeks material irrelevant to the subject matter of this litigation; is not reasonably calculated to lead to the discovery of admissible evidence; and seeks materials not in the possession, custody, or control of NEC Computers.  By way of further objection, NEC Computers objects to the Subpoena to the extent that it seeks the preservation of documents by NEC Corporation, NEC-CI, or entities other than NEC Computers.

20.     NEC Computers' preservation of any document shall not be construed as an admission of the relevance or admissibility of any such document, or as a waiver of any applicable privilege.

21.     NEC Computer's objections are not intended, and should not be construed, as an admission or acknowledgment as to the existence of any fact or as to the truth of any allegation.

22.     NEC Computers' preservation of any document shall not be construed as a waiver of its right to move to object to production of any such document.  NEC Computers reserves and does not waive any specific objection it may have to the Subpoena, service of the Subpoena, or jurisdiction, not otherwise stated herein.

23.     NEC Computers' preservation of any document shall not be construed  as an admission of the propriety or legality of the Subpoena.

24.     NEC Computers reserves the right to alter, supplement or amend its objections if and where appropriate.

## **SPECIFIC OBJECTIONS**

Each of the following specific objections incorporates the general objections set forth above as if fully set forth therein:

**Request No. 1:**

        All DOCUMENTS constituting or reflecting communications with INTEL concerning actual or proposed terms and conditions of the sale of MICROPROCESSORS, including without limitation pricing, quantities, discounts, rebates, Intel Inside funds, E-Cap funds and MDF.

**Objection to Request No. 1:**

        Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome. NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above. NEC Computers also objects to this request on the grounds that it seeks the preservation of documents that can be obtained from the Defendants in this action. Thus, a less burdensome method of obtaining these documents is available.

        NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules.

**Request No. 2:**

        All DOCUMENTS constituting or reflecting internal discussions or other communications within your Company concerning actual or proposed terms and conditions of sale of INTEL or AMP MICROPROCESSORS.

**Objection to Request No. 2:**

        Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and

ambiguous to the extent it seeks the preservation of documents "constituting or reflecting internal discussions or other communications within your company." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules.

**Request No. 3:**

All DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon the exclusive purchase of INTEL MICROPROCESSORS, or upon the purchase of a minimum volume of INTEL MICROPROCESSORS, or upon the purchase of a minimum percentage of your Company's MICROPROCESSOR requirements.

**Objection to Request No. 3:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome. NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules.

**Request No. 4:**

All DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon your Company's agreement to use only INTEL MICROPROCESSORS in a particular computer platform, computer model or computer type.

**Objection to Request No. 4:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and ambiguous to the extent it refers to "a particular computer platform, computer model or computer type." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules.

9

**Request No. 5:**

All DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon your Company's agreement to use only INTEL MICROPROCESSORS in computers sold in a particular geographic region.

**Objection to Request No. 5:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and ambiguous to the extent it refers to "computers sold in a particular geographic region."  NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules.

**Request No. 6:**

All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings pertaining to INTEL's pricing of MICROPROCESSORS including without limitation any FINANCIAL INDUCEMENT.

**Objection to Request No. 6:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and ambiguous to the extent it seeks the preservation of documents "constituting or reflecting

analyses, summaries, reports, studies or other writings." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules. NEC Computers also objects to this request to the extent that it seeks documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of NEC Computers or Intel or may be subject to an agreement to maintain confidentiality.

**Request No. 7:**

All DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon any restriction or limitation, of your Company's purchases or promotion of AMD MICROPROCESSORS or conditioned upon any restriction or limitation of the sale of products containing AMD MICROPROCESSORS.

**Objection to Request No. 7:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome. NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules.

**Request No. 8:**

All DOCUMENTS constituting, reflecting, or discussing any threat by INTEL to withdraw or withhold a FINANCIAL INDUCEMENT as a result of your Company's sale of products containing AMD MICROPROCESSORS, its purchases of AMD MICROPROCESSORS, or its plan to develop, release or promote a product containing an AMD MICROPROCESSOR.

**Objection to Request No. 8:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and ambiguous to the extent it refers to a "threat" and to the extent it refers to "its plan to develop, release or promote a product containing an AMD MICROPROCESSOR."  NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-

client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules.

**Request No. 9:**

All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to provide discounted or free chipsets, motherboards, or other components in connection with the purchase of, or as part of a package or bundle with, INTEL MICROPROCESSORS.

**Objection to Request No. 9:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; is vague and ambiguous to the extent it refers to a "other components"; and seeks the preservation of documents irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of any admissible evidence to the extent that it refers to "chipsets, motherboards, or other components." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules. NEC Computers also objects to this request to the extent that it seeks documents or information that may reveal trade secrets or other confidential and/or proprietary research,

development, or commercial information of NEC Computers or Intel or may be subject to an agreement to maintain confidentiality.

**Request No. 10:**

All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to discount or subsidize or provide marketing support in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

**Objection to Request No. 10:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and ambiguous to the extent it refers to "servers." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules. NEC Computers also objects to this request to the extent that it seeks documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of NEC Computers or Intel or may be subject to an agreement to maintain confidentiality.

**Request No. 11:**

DOCUMENTS sufficient to show:

a) the prices paid by your Company to INTEL for all MICROPROCESSORS since January 1, 2000.

b) the aggregate amount by quarter of any payment, subsidy, rebate, discount, Intel Inside funds, E-Cap funds, MDF, "meeting competition" payments, or any advertising or pricing support provided to your Company in connection with its purchase of MICROPROCESSORS (by quarter) since January 2000.

c) Historical MICROPROCESSOR purchase volumes (by quarter) from INTEL and AMD since January 1, 2000.

d) Product road maps for product lines and MICROPROCESSORS (by quarter or cycle) since January 1, 2000.

e) Analysis of expected and realized revenue, cost, and profitability of product lines (by quarter) since January 1, 2000.

f) The use or disposition of any discount, subsidy, or marketing support provided by INTEL in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

**Objection to Request No. 11:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and ambiguous to the extent it refers to "pricing support" and "product road maps." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above. NEC Computers also objects to this request to the extent that it assumes facts not proven, including but not limited to the existence of a "discount, subsidy, or marketing support provided by Intel" and that NEC Computers has purchased Intel and/or AMD microprocessors.

NEC Computers further objects to subsections b), d), and e) of this request on the grounds that they seek the preservation of documents unrelated to NEC Computers' interactions with AMD or Intel. NEC Computers also objects to the Subpoena to the extent that it seeks the

preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules. NEC Computers also objects to this request to the extent that it seeks documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of NEC Computers or Intel or may be subject to an agreement to maintain confidentiality.

**Request No. 12:**

All DOCUMENTS constituting or reflecting analyses, summaries, reports or studies prepared in connection with the consideration of the purchase or use of AMD and/or INTEL MICROPROCESSORS.

**Objection to Request No. 12:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome. NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules. NEC Computers also objects to this request to the extent that it seeks documents

or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of NEC Computers or Intel or may be subject to an agreement to maintain confidentiality.

**Request No. 13:**

        All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings prepared comparing INTEL and AMD MICROPROCESSORS whether from a price, quality or other standpoint

**Objection to Request No. 13:**

        Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and ambiguous to the extent it refers to an "other standpoint." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

        NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules. NEC Computers also objects to this request to the extent that it seeks documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of NEC Computers or Intel or may be subject to an agreement to maintain confidentiality.

**Request No. 14:**

All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning your Company's participation in or support of any AMD product launch or promotion.

**Objection to Request No. 14:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and ambiguous to the extent it refers to a "product launch or promotion." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above. NEC Computers also objects to this request to the extent that it assumes that NEC Computers participated in any "AMD product launch or promotion."

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules.

**Request No. 15:**

All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning the allocation of microprocessors or other INTEL components.

**Objection to Request No. 15:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and

ambiguous to the extent it refers to an "allocation of microprocessors or other INTEL components." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules. NEC Computers also objects to this request to the extent that it seeks documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of NEC Computers or Intel or may be subject to an agreement to maintain confidentiality.

**Request No. 16:**

All DOCUMENTS constituting or reflecting discussions within your Company about unfair or discriminatory allocations of INTEL products or the fear of such unfair or discriminatory allocations.

**Objection to Request No. 16:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; and is vague and ambiguous to the extent it refers to "unfair or discriminatory allocations of INTEL products" and "fear." NEC Computers also objects to this request insofar as it incorporates the overbroad time period specified in the instructions of the requests and incorporates terms the definitions to which NEC Computers objects above. NEC Computers also objects to this request to the extent that it

assumes the existence of "unfair or discriminatory allocations of INTEL products," or a "fear" of same.

NEC Computers further objects to this request to the extent that it seeks the preservation of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for NEC Computers, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges, laws, or rules. NEC Computers also objects to this request to the extent that it seeks documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of NEC Computers or Intel or may be subject to an agreement to maintain confidentiality.

**Request No. 17:**

All DOCUMENTS furnished by your Company to the Japan Fair Trade Commission.

**Objection to Request No. 17:**

Subject to and without waiving its general objections, NEC Computers objects to this request on the grounds that it is overly broad and unduly burdensome; is vague and ambiguous in that it does not specify a timeframe or subject matter with respect to which documents were purportedly furnished to the Japan Fair Trade Commission.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____*/s/ Leslie A. Polizoti*_____
Jon A. Abramczyk (#2432)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
302.658.9200

*Attorneys for NEC Computers Inc.*

_Of Counsel_

Robert P. Parker
Erika C. Birg
Aaron Futch
PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
1615 L Street, NW
Suite 1300
Washington, DC 20036
Tel: (202) 223-7300
Fax:  (202) 223-7420

July 29, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2005, I electronically filed the foregoing

document with the Clerk of Court using CM/ECF, which will send notification of such filing to

cottrell@rlf.com and rhorwitz@potteranderson.com.


*/s/ Leslie A. Polizoti* (#4299)
lpolizoti@mnat.com