IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | Civil Action No. 05-441 |

### STIPULATION RE: PRESERVATION OF DOCUMENTS BY TECH DATA CORPORATION

WHEREAS, this action was commenced on June 27, 2005 by plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. (hereafter jointly, "AMD") against defendants Intel Corporation and Intel Kabushiki Kaisha (hereafter jointly, "Intel");

WHEREAS, TECH DATA CORPORATION (hereafter, "Company"), a third party to this action, may have in its possession, custody or control evidence, including documents and information maintained in electronic form, which falls into one or more of the categories listed in Exhibit A to this Stipulation Regarding Preservation of Documents by Tech Data Corporation (hereinafter "Stipulation");

WHEREAS, Company represents that as of June 29, 2005, the individuals identified on Exhibit B to this Stipulation constitute the Company's current employees that the company has

been able to identify who may have had decision making authority and communications with respect to the procurement of x86 microprocessors (current employees hereafter "Custodians" for purposes of this Stipulation);

WHEREAS, Company has agreed to take the various steps set forth in this Stipulation in order to preserve evidence, including evidence in the possession of Custodians.

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN AMD AND COMPANY, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.  Beginning on June 28, 2005, Company has delivered to all Custodians a "litigation hold" notice. The "litigation hold" encompassed all categories of documents and information identified on Exhibit A to this Stipulation. Company will periodically remind each Custodian of their obligation to comply with its litigation hold, and quarterly will obtain a read receipt or voting button/affirmative response from each then presently-employed Custodian. The "litigation hold" notification is intended to put on notice all Custodians to retain all documentation related to categories identified on Exhibit A to this Stipulation. Company has established a shared folder on a shared drive for electronic documents. Company has further established a shared folder within Outlook for retention of email. Such shared folders have appropriate security rights so that deposited documents and email cannot be removed from such folders. Company will be requesting Custodians to deposit above-referenced electronic documents into such shared folders (including, but not limited to, documents contained on portable storage devices, if any). Company has also begun collecting and retaining all paper documentation of Custodians related to categories identified on Exhibit A to this Stipulation. Such collection and retention of electronic and paper documentation will continue during the effective period of this stipulation.

2. Company will replicate and preserve a copy of the hard drives of any Custodian identified in Exhibit B within one month of Company's signing this Stipulation. On a going-forward basis, Company shall copy and preserve any Custodian's hard drive, F:/drive personal folder and Outlook email box if and when they should leave the Company's employment.

3. Company will request that all Custodians search and preserve email, documents and paper records falling under the criteria outline in Exhibit A to this Stipulation. Backup tape for common areas of file servers existing as of June 29, 2005 has not been overwritten, has been retained, and has been taken out of Company's tape rotation. Company shall maintain its record retention policy of recycling Outlook backup tapes, currently monthly.

4. Custodians have been instructed to immediately suspend use with respect to any computer accessible and used for work purposes of any utilities or other programs which systematically modify or delete data files (*i.e.*, not system or system-generated temporary files).

5. As of June 29, 2005, Company will preserve and retain the applicable databases containing the information referenced in paragraph 11 of Exhibit A.

6. Nothing herein shall limit Company's right to contest or otherwise object to a future subpoena for the production of documents. Company is not waiving any objections to the scope of discovery or relevancy or admissibility of any documents requested by any party to this action. Company expressly reserves all objections available to it under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Company enters into this Stipulation with the express understanding that the Stipulation should not be construed as an order by the Court regarding the scope of discovery or the relevancy or admissibility of any documents requested by any party to this action.

3

7.  This Stipulation will remain in force for one year pending further Stipulation or order of the Court.    AMD and Company stipulate and agree that, upon request of the other, they shall, in good faith, confer about the contents and obligations under this Stipulation as appropriate.

4

                                        Respectfully submitted,

                                        RICHARDS, LAYTON & FINGER

                                        /s/ Jesse A. Finkelstein
                                        Jesse A. Finkelstein (#1090)
                                          finkelstein@rlf.com
                                        Frederick L. Cottrell, III (#2555)
                                          cottrell@rlf.com
                                        Chad M. Shandler (#3796)
                                          shandler@rlf.com
                                        Steven J. Fineman (#4025)
                                          fineman@rlf.com
                                        One Rodney Square
                                        P. O. Box 551
                                        Wilmington, DE  19899
                                        (302) 651-7500

                                        Attorneys for Plaintiffs Advanced Micro
                                        Devices, Inc. and and AMD International
                                        Sales & Service, Ltd.

OF COUNSEL:
Charles P. Diamond, Esq.
  cdiamond@omm.com
Linda J. Smith, Esq.
  lsmith@omm.com
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
(310) 246-6800

Mark A Samuels, Esq.
  msamuels@omm.com
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
213-430-6340

Dated: August 12, 2005

                                        Respectfully submitted,

                                        /s/ David R. Vetter
Dated: August 10, 2005             David R. Vetter, General Counsel
                                        Tech Data Corporation

5

## ORDER

It is so ordered this ____ day of August, 2005

_____
United States District Judge

**EXHIBIT A**

**Definitions**

For purposes of this Stipulation, "DOCUMENT" includes, without limitation, any hard copy writings and documents as well as electronically stored data files including e-mail, instant messaging, and databases created or dated on or after January 1, 2000.

With respect to electronically stored data, "DOCUMENT" also includes, without limitation, any data on magnetic or optical storage media, including removable storage, stored as an "active" file or backup file, in its native format.

For purposes of this Stipulation, "MICROPROCESSOR" means general purpose microprocessors using the x86 instruction set (e.g., Sempron, Athlon, Turion, Opteron, Celeron, Pentium, and Xeon).

For purposes of this Stipulation, "FINANCIAL INDUCEMENT" means any payment, subsidy, rebate, discount (on MICROPROCESSORS or on any other INTEL product), Intel Inside funds, e-CAP funds, MDF, "meeting competition" or "meet comp" payments, "depo" payments, program monies, or any advertising or pricing support.

For purposes of this Stipulation, "your Company" refers to _____ and any of its present or former subsidiaries, joint-ventures, affiliates, parents, assigns, predecessor or successor companies and divisions thereof. "INTEL" refers to Intel Corporation and any of its present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

For purposes of this Stipulation, "MDF" refers to market development funds.

**Purchase Terms**

1. All DOCUMENTS constituting or reflecting communications with INTEL concerning actual or proposed terms and conditions of the sale of MICROPROCESSORS, including without limitation pricing, quantities, discounts, rebates, Intel Inside funds, E-Cap funds and MDF.

2. All DOCUMENTS constituting or reflecting internal discussions or other communications within your Company concerning actual or proposed terms and conditions of sale of INTEL or AMD MICROPROCESSORS.

3. All DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon the exclusive purchase of INTEL MICROPROCESSORS, or upon the purchase of a minimum volume of INTEL MICROPROCESSORS, or upon the purchase of a minimum percentage of your Company's MICROPROCESSOR requirements.

7

    4. All DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon your Company's agreement to use only INTEL MICROPROCESSORS in a particular computer platform, computer model or computer type.

    5. All DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon your Company's agreement to use only INTEL MICROPROCESSORS in computers sold in a particular geographic region.

    6. All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings pertaining to INTEL's pricing of MICROPROCESSORS including without limitation any FINANCIAL INDUCEMENT.

    7. All DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon any restriction or limitation of your Company's purchases of AMD MICROPROCESSORS or conditioned upon any restriction or limitation of the sale or promotion of products containing AMD MICROPROCESSORS.

    8. All DOCUMENTS constituting, reflecting, or discussing any threat by INTEL to withdraw or withhold a FINANCIAL INDUCEMENT as a result of your Company's sale of products containing AMD MICROPROCESSORS, its purchases of AMD MICROPROCESSORS, or its plan to develop, release or promote a product containing an AMD MICROPROCESSOR.

    9. All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to provide discounted or free chipsets, motherboards, or other components in connection with the purchase of, or as part of a package or bundle with, INTEL MICROPROCESSORS.

    10. All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to discount or subsidize or provide marketing support in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

**Purchase History**

    11. DOCUMENTS sufficient to show:

        a) the prices paid by your Company to INTEL for all MICROPROCESSORS since January 1, 2000.

        b) the aggregate amount by quarter of any payment, subsidy, rebate, discount, Intel Inside funds, E-Cap funds, MDF, "meeting competition" payments, or any advertising or pricing support provided to your Company in connection with its purchase of MICROPROCESSORS (by quarter) since January 2000.



8

    c) Historical MICROPROCESSOR purchase volumes (by quarter) from INTEL and AMD since January 1, 2000.

    d) Product road maps for product lines and MICROPROCESSORS (by quarter or cycle) since January 1, 2000.

    e) Analysis of expected and realized revenue, cost, and profitability of product lines (by quarter) since January 1, 2000.

    f) The use or disposition of any discount, subsidy, or marketing support provided by INTEL in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

### Comparisons of INTEL and AMD MICROPROCESSORS

12. All DOCUMENTS constituting or reflecting analyses, summaries, reports or studies prepared in connection with the consideration of the purchase or use of AMD and/or INTEL MICROPROCESSORS.

13. All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings prepared comparing INTEL and AMD MICROPROCESSORS whether from a price, quality or other standpoint.

### Miscellaneous

14. All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning your Company's participation in or support of any AMD product launch or promotion.

15. All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning the allocation of microprocessors or other INTEL components.

16. All DOCUMENTS constituting or reflecting discussions within your Company about unfair or discriminatory allocations of INTEL products or the fear of such unfair or discriminatory allocations.



## EXHIBIT B

### Document Custodians

The individuals identified below are represented by Tech Data Corporation to its knowledge and belief to constitute its current employees who, at any time since January 1, 2000, may have had decision making authority with the procurement of x86 microprocessors as of June 29, 2005.

**Management**
Steve Raymund
Nestor Cano
Bob O'Malley
Ken Lamneck
Brooke Powers
Rich Pereira
George Krouskos
Elio Levy

LA2:767229 4

10



IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and have sent by Hand Delivery to the following:

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE  19899

and have sent by Federal Express to the following non-registered participants:

Darren B. Bernhard, Esquire
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Robert E. Cooper, Esquire
Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com

RLF1-2897458-1