with multinational OEMs, retailers in various domestic and international markets, and distributors all over the world. The vast majority of relevant documents and witnesses will be under the control of these internationally dispersed third-party OEMs, retailers and distributors. At a minimum, these cases will require the production of documents and the deposition of witnesses located in Japan, the home of OEMs Sony, Toshiba, NEC, Fujitsu and Hitachi; France, the home of OEM NEC-CI; Germany, home to retailers MediaMarkt Ingolstadt and Vobis; Canada, home to distributor Supercom; China, home to OEM Lenovo; and Taiwan, the home of OEM Acer Inc.

Within the United States, Intel's customers are similarly geographically dispersed. The five major U.S. retailers expected to provide relevant evidence in this case are located in five different states: Office Depot is based in Florida; Circuit City is located in Virginia; CompUSA is located in Texas; Fry's Electronics is located in California; and all of Best Buy's witnesses and documents are located in Minnesota. Similarly, the major U.S. OEMs whose documents and testimony are critical to this case are scattered throughout the United States: IBM's witnesses and documents are located primarily in New York and North Carolina and virtually all of Dell's relevant personnel work out of Round Rock, Texas. Although two major OEMs, Hewlett-Packard and Acer America, are headquartered in northern California, their relevant operating divisions and documents are located elsewhere: Hewlett-Packard's server, mobile and business desktop units are all located in Houston, and its workstation business unit in Fort Collins, Colorado; and the overwhelming majority of relevant documents and witnesses available for Acer America are located at the Taiwanese and European offices of its corporate parent, Acer Inc. Gateway's offices are located in California, but in southern California,

not the Northern District. And finally, the relevant Intel and AMD distributors are located in states ranging from Arizona (Avnet) to Florida (Tech Data).[9]

The formal headquarters locations of AMD and Intel themselves is thus essentially meaningless with respect to the location of most witnesses and documents relevant to this case.[10] But even focusing on AMD and Intel alone does not counsel in favor of the Northern District of California. Although Intel's headquarters are in California, the relevant Intel witnesses are scattered across the United States. Indeed, Intel operates out of some 180 facilities throughout the United States and another 119 facilities spread across the rest of the world.[11]

The same dispersal applies to AMD: while incorporated in Delaware and headquartered in Sunnyvale, California, the bulk of AMD's employees are actually located in Austin, Texas. Indeed, AMD has *more than twice* as many employees at its Texas location than at its California headquarters, including a large majority of AMD executives and personnel with knowledge and documents relevant to this case. AMD also has additional personnel and sales people with information and documents relevant to this case located outside both California and Texas, in states such as North Carolina, New York, Colorado, and Illinois. In short, while a myopic focus on AMD's and Intel's respective boardrooms might suggest a geographic center of gravity in northern California, that impression is incorrect even as to AMD and Intel themselves, and wildly

---

[9] The information regarding the geographic locations of third-party witnesses and documents is based on the knowledge of numerous AMD marketing personnel. Because we do not believe the data to be in controversy, we have not burdened this filing with the attachment of multiple declarations. Should the textual statements confront material and unexpected factual challenge, we will supplement the record as necessary.

[10] Rule 45 subpoenas generally require third party witnesses to be deposed within 100 miles of where they live or work. Third-party depositions thus will likely take place in these various states regardless where the case is located, and trial will occur in the districts where the cases were originally filed, regardless of the convenience of third-party witnesses.

[11] *See* Intel Corp.'s 2004 Annual Report at 21.

off-base when one accounts for the worldwide locations of the actual documents and witnesses that will be relevant in this proceeding.

**B.    The District of Delaware is best-suited to handle this litigation.**

Although the location of document and witnesses does not counsel in favor of any particular forum, every other pertinent factor strongly favors the District of Delaware.

*1.    AMD and Intel have both demonstrated a strong preference for litigating commercial disputes in Delaware.*

While it bears emphasis that a majority of the indirect-purchaser plaintiffs have chosen Delaware as the preferred forum, the even more significant point is that both parties to the seminal action – the direct-competitor *AMD* action – have also demonstrated a strong preference for the Delaware forum. Both AMD and Intel are Delaware corporations; both entities maintain a registered office in Delaware, as well as a registered agent for acceptance of service of process. *See* Del. Gen. Corp. L. §§131, 132. More tellingly, both Intel and AMD regularly include Delaware choice of law provisions in their contracts and licensing agreements.

Most important, however, both parties have consistently availed themselves of the Delaware forum when given the opportunity. AMD obviously has chosen Delaware as its preferred forum in this case, and Intel has repeatedly made the same choice in the past. Intel has initiated litigation in the United States District Court for the District of Delaware no less than five times in the last decade, most recently on May 17, 2005 – less than six weeks before the *AMD* action was filed. *Intel Corporation v. Amberwave Systems Corporation*, No. 05-CV-00301-KAJ (D. Del. filed May 17, 2005). Almost all of these lawsuits have been against California-based companies, some of which are not even incorporated in Delaware, *see, e.g., Intel Corporation v. Broadcom Corporation*, No. 00-

- 14 -

CV-00796-SLR (D. Del. filed Aug. 30, 2000). In fact, some of these companies are headquartered only miles away from Intel in Northern California, *see, e.g.*, *Intel Corporation v. VIA Technologies*, No. 01-CV-00605-JJF (D. Del. filed Sept. 7, 2001) and *Intel Corporation v. Silicon Storage*, No. 97-CV-00608-RRM (D. Del. filed Nov. 14, 1997). Indeed, one such suit was actually against AMD, *see Intel Corporation v. AMD*, No. 97-CV-00118-LON (D. Del. filed Mar. 14, 1997).

Not only has Intel repeatedly initiated litigation in Delaware, including litigation against AMD and other California-based companies, it has repeatedly opposed efforts to transfer cases to the Northern District of California. In *Intel v. Broadcom*, 167 F. Supp. 2d 692, 706 (2001), for example, Intel successfully urged the court to deny a motion to transfer to Northern California and to respect Intel's choice of the Delaware forum. *See also Intel Corporation v. VIA Technologies*, No. 01-CV-00605-JJF (D. Del. filed Sept. 7, 2001) (Intel opposing motions to transfer); *Intel Corporation v. Silicon Storage*, No. 97-CV-00608-RRM (D. Del. filed Nov. 14, 1997) (same). Intel has also failed to challenge the appropriateness of a Delaware venue in any of the other litigation to which it has been a party-defendant in the last decade. *See EMI v. Intel Corporation*, No. 95-CV-00199-RRM (D. Del. filed March 29, 1995); *Symbol Technologies v. Hand Held Products*, No. 03-CV-00102-SLR (D. Del. filed Jan. 21, 2003); *Seinfeld v. Barrett*, No. 05-CV-00298-JJF (D. Del. filed May 16, 2005). It accordingly comes as no surprise that Intel supports a transfer to the District of Delaware in this proceeding. (*See* Def. Intel Corp.'s Resp. to Pl. Michael Brauch and Andrew Meimes' Mot. to Transfer and Coordinate or Consolidate for Pretrial Proceedings in the Northern District of California, filed herein on Aug. 1, 2005).

Finally, it bears emphasis that giving preference to the forum of the seminal action would have the highly beneficial effect of placing pre-trial proceedings in this case in a neutral forum. As discussed above, although relevant Intel witnesses are located around the country, Intel itself is based in the Northern District. AMD's true operational hub, in contrast, lies in Austin, Texas. Delaware thus provides a neutral forum for this litigation, a place where both AMD and Intel are incorporated and are comfortable litigating, but where neither has a home field advantage.

2.  *The District of Delaware – including Judge Farnan in particular – is well-equipped to handle this litigation.*

Judge Farnan is also exceptionally well-qualified to handle these cases. To begin with, he has already been assigned to the *AMD v. Intel* action – and is in the process of being assigned to the 29 indirect purchaser class actions filed in Delaware – and has overseen initial proceedings in the *AMD* case. Judge Farnan is the most experienced judge in the District of Delaware, with more than 20 years experience on the bench. That experience includes many complex commercial and intellectual property cases, including antitrust cases under the Sherman Act, *see United States v. Federation of Physicians and Dentists, Inc.*, 2002 WL 31961452 (D. Del. Nov. 5, 2002), and important patent cases, *see Genentech, Inc. v. The Wellcome Foundation, Ltd.*, 1990 WL 69187 (D. Del. March 8, 1990). Judge Farnan also recently presided over the Lipitor patent case, *see Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 321 F. Supp. 2d 612 (D. Del. 2004), and the high-profile fraud case brought by investor Kirk Kerkorian against DaimlerChrysler, *see In re DaimlerChrysler AG Sec. Litig.*, 294 F. Supp. 2d 616 (D. Del. 2003). Such qualification weighs in favor of MDL assignment. *See, e.g., In re Elec. Carbon Prods. Antitrust Litig.*, 259 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003) (noting with approval "the experience of the

judge" assigned to the actions); *In re Wireless Telephone Radio Frequency Prods. Liab. Litig.*, 170 F. Supp. 2d 1356, 1358 (J.P.M.L. 2001) (noting the transferee judge's "relevant experience with some issues likely involved in this litigation").

In addition, the District of Delaware in general is well-suited to manage the discovery-related activities that would be the focus of an MDL proceeding, as the court has taken an active approach to discovery management. For example, it recently established a Special Master Panel responsible for overseeing the appointment of special masters to manage discovery in intellectual property cases. It has also promulgated a set of default standards for discovery of electronic documents. The jurisdiction is thus well poised to handle pre-trial proceedings in complex technology-ladened cases such as this one. Indeed, it has already issued document preservation subpoenas in the *AMD* case for service on third-party OEMs and retailers around the world. *See* Order Granting Motion for Discovery, *AMD v. Intel*, No. 05-441 (D. Del. July 1, 2005).

3. *Wilmington is easily accessible and well-equipped to handle large-scale litigation.*

Wilmington, Delaware is "centrally located" and "possesses the necessary resources, facilities, and technology" to support large-scale litigation. *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001); *see also, e.g., In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (noting accessibility of transferee court). Downtown Wilmington is 30 minutes from Philadelphia International Airport, a major international passenger airport, served by all major carriers, that offers extensive service to points within the United States and around the world. A major new $550 million international terminal was completed in 2003. In addition, Newark International Airport and BWI International

Airport are approximately one hour away by direct rail link; and New York City and Washington, D.C. are both less than two hours away by train.

Delaware is also a prominent forum for corporate disputes, patent and intellectual property cases, securities cases, and other complex, large-scale litigation. *See, e.g.,* Donald Parsons, *et al., Solving the Mystery of Patentees' "Collective Enthusiasm" for Delaware*, 7 Del. L. Rev. 145 (2004). Accordingly, Wilmington is well-supplied with the support services and other infrastructure necessary to conduct large-scale litigation. Several hotels within two blocks of the courthouse have trial preparation rooms which are used regularly by counsel in large, complex cases. These facilities support state-of-the-art communication and document preparation activities. As an additional benefit, hotels and travel services are generally far less expensive in Wilmington than in the San Francisco area.

*4. The District of Delaware has favorable docket conditions.*

The District of Delaware also presents favorable docket conditions. In 2004, it had 534 weighted filings per judge, compared to 581 weighted filings per judge in the Northern District of California. *See* Judicial Caseload Profile Reports for the District of Delaware and the Northern District of California, *available at* http://www.uscourts.gov/cgi-bin/cmsd2004.pl.[12] The District of Delaware also has significantly fewer criminal cases pending per judge than the Northern District of California – 29 rather than 44. Given that the efficient management of complex cases is a primary purpose of the MDL process, the Panel has consistently looked to relative docket

---

[12] Weighted filings per judge are a more accurate measure of a court's workload than the raw number of filings per judge, because they "account for the different amounts of time district judges require to resolve various types of civil and criminal actions." Judicial Caseload Profile Reports, *supra*, "Explanation of Selected Terms."

conditions in selecting the transferee forum. *See, e.g., In re Parcel Tanker Shipping Servs. Antitrust Litig.*, 296 F. Supp. 2d 1370, 1371 (J.P.M.L. 2003) (noting that transferee district has a "relatively favorable caseload for accepting this assignment"); *In re Gator Corp. Software Trademark & Copyright Litig.*, 259 F. Supp. 2d 1378, 1380 (J.P.M.L. 2003) (noting favorable docket conditions in transferee district).

Another docket factor favoring the District of Delaware is that it currently has only one MDL proceeding pending. By contrast, the Northern District of California is already weighted down with *eleven* pending MDL proceedings. The Panel has consistently considered whether potential transferee forums are "overtaxed with other multidistrict dockets" before deciding to transfer cases there. *In re Gator*, 259 F. Supp. at 1380; *see also In re Compensation of Managerial, Prof'l & Technical Employees Antitrust Litig.*, 206 F. Supp. 2d 1374, 1376 (J.P.M.L. 2002) (noting that "the [transferee] judge . . . is not currently burdened with another complex Section 1407 docket").

## CONCLUSION

For the foregoing reasons, the motion to consolidate and transfer all cases to the Northern District of California should be denied. The class actions should be consolidated and transferred to the District of Delaware, where they can be informally coordinated with the separate but related *AMD* action.

Respectfully submitted,

*/s/ Frederick L. Cottrell III*

Jesse A. Finkelstein (#1090)
  finkelstein@rlf.com
Frederick L Cottrell, III (#2555)
  cottrell@rlf.com
Chad M. Shandler (#3796)
  shandler@rlf.com
Steven J Fineman (#4025)
  fineman@rlf.com
Richards, Layton & Finger, P A
One Rodney Square
P. O. Box 551
Wilmington, DE 19899
(302) 651-7700

Attorneys for Plaintiffs Advanced Micro Devices, Inc and AMD International Sales & Service, Ltd.

OF COUNSEL

Charles P. Diamond, Esq
  cdiamond@omm.com
Linda J. Smith, Esq.
  lsmith@omm.com
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
(310) 246-6800

Mark A Samuels, Esq.
  msamuels@omm.com
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6340

Dated: August 3, 2005

- 20 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2005, a true and correct copy of the foregoing Plaintiff Advanced Micro Devices, Inc.'s Response to Plaintiffs Michael Brauch and Andrew Meimes' Motion to Transfer and Coordinate or Consolidate for Pretrial Preceedings in the Northern District of California was served by U.S. Mail or Facsimile to the following parties listed below and to the parties on the attached Panel Attorney Service List:

Clerk of the Court
United States District Court
Southern District of California
880 Front Street, Room 4290
San Diego, CA 92101-8900

*Via U.S. Mail*

Clerk of the Court
U.S. District Court
District of Delaware
844 N. King Street
Wilmington, DE 19801

*Via U.S. Mail*

Daniel S. Floyd
Gibson, Dunn & Crutcher
333 South Grand Avenue
Los Angeles, California 90071-3197
Ofc: 213.229.7000
Fax: 213.229.7520

*Counsel for Intel*
*Via Facsimile*

Michael D. Hausfeld
Cohen, Milstein, Hausfeld & Toll, PLLC
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
Telephone: 202.408.4600
Facsimile: 202.408.4699

*Counsel for Paul, et al.*
*Via Facsimile*

Clerk of the Court,
U.S. District Court
Northern District of California
450 Golden Gate Avenue, 16th Floor,
San Francisco, CA 94102

*Via U.S. Mail*

Darren B. Bernhard
Howrey LLP
1299 Pennsylvania Avenue, NW
Washington, D.C. 20004
Ofc: 202.783.0800
Fax: 202.383.6610

*Counsel for Intel*
*Via Facsimile*

David M. Balabanian
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, California 94111-4067
Ofc: 415.393.2000
Fax: 415.393.2286

*Counsel for Intel*
*Via Facsimile*

Michael P. Lehmann
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, California 94104-4249
Telephone: 415.433.2070
Facsimile: 415.982.2076

*Counsel for Brauch, et al.*
*Via Facsimile*

Bryan Power

**Judicial Panel on Multidistrict Litigation - Panel Attorney Service List**

Page 1

Docket: 1717 - In re Intel Corp. Microprocessor Antitrust Litigation
Status: Pending on / /
Transferee District:      Judge:

Printed on 08/03/2005

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Balabanian, David Mark<br>Bingham McCutchen LLP<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067 | ⇒ Intel Corp.* |
| Berman, Steve W.<br>Hagens Berman Sobol Shapiro, LLP<br>1301 Fifth Avenue<br>Suite 2900<br>Seattle, WA 98101 | ⇒ Hamilton, Steve J.*; Konieczka, Ronald*; Lipton, David E.*; Niehaus, Patricia M.*; Prohias, Maria I.*; Thibedeau, Dana F.* |
| Blanchfield, Jr., Garrett D.<br>Reinhardt, Wendorf & Blanchfield<br>E1250 First National Bank Building<br>332 Minnesota Street<br>St. Paul, MN 55101 | ⇒ Baxley, Susan* |
| Diamond, Charles P.<br>O'Melveny & Myers, LLP<br>1999 Avenue of the Stars<br>7th Floor<br>Los Angeles, CA 90067-6035 | ⇒ Advanced Micro Devices, Inc.*; AMD International Sales & Service, Ltd.* |
| Friedlander, Joel<br>Bouchard, Margules & Friedlander<br>222 Delaware Avenue<br>Suite 1400<br>Wilmington, DE 19801 | ⇒ Allison, Raphael; Kravitz, Matthew |
| Isquith, Sr., Fred T.<br>Wolf Haldenstein Adler Freeman & Herz LLC<br>270 Madison Avenue<br>11th Floor<br>New York, NY 10016 | ⇒ Chapman, Kathy Ann*; Harms, Caresse*; JWRE, Inc.*; Kidwell, Jim*; Maita, John*; Moeller, Chrystal*; Rainwater, Robert J.*; Reeder, Mary*; Yaco, Sonia* |
| Jackson, Michele C.<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>275 Battery St 30th Fl<br>San Francisco, CA 94111-3339 | ⇒ Frazier, Huston*; Frazier, Jeanne Cook*; Weiner, Brian* |
| Lehmann, Michael P.<br>Furth Firm, LLP<br>225 Bush Street<br>Suite 1500<br>San Francisco, CA 94104-4249 | ⇒ Brauch, Michael*; Meimes, Andrew* |
| Saveri, R. Alexander<br>Saveri & Saveri, Inc.<br>111 Pine Street<br>Suite 1700<br>San Francisco, CA 94111-5630 | ⇒ The Harman Press* |
| Wecker, Bruce J.<br>Hosie & McArthur<br>1 Market Street<br>Spear Street Tower | ⇒ Dickerson, Dwight E.* |

Note: Please refer to the report title page for complete report scope and key.

| ATTORNEY - FIRM | REPRESENTED PARTY(S) |
|---|---|
| Suite 2200<br>San Francisco, CA 94105 | |

(Panel Attorney Service List for MDL 1,717 Continued)                                      Page 2

Note: Please refer to the report title page for complete report scope and key.

08/03/2005 WED 14:42 [TX/RX NO 8819] @003

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE INTEL CORP. MICROPROCESSOR
ANTITRUST LITIGATION

MDL Docket No. 1717

SCHEDULE OF RELATED ACTIONS

| PLAINTIFFS | DEFENDANTS | DIVISION/ CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|
| **D. Del.** | | | | |
| Advanced Micro Devices, Inc., and AMD Int'l Sales & Service, Ltd. | Intel Corp. and Intel Kabushiki Kaisha | Wilmington | 05-441 | Hon. Joseph J. Farnan, Jr. |
| Kidwell, Jim, Mary Reeder, John Maita, JWRE, Inc., Chrystal Moelter, and Caresse Harms | Intel Corp. | Wilmington | 05-470 | Hon. Joseph J. Farnan, Jr. |
| Rainwater, Robert J., Kathy Ann Chapman, and Sonia Yaco | Intel Corp. | Wilmington | 05-473 | Hon. Joseph J. Farnan, Jr. |
| Kravitz, Matthew and Raphael Allison | Intel Corp. | Wilmington | 05-476 | Hon. Joseph J. Farnan, Jr. |
| Ruccolo, Michael | Intel Corp. | Wilmington | 05-478 | Hon. Joseph J. Farnan, Jr. |
| Paul, Phil | Intel Corp. | Wilmington | 05-485 | Hon. Joseph J. Farnan, Jr. |

| PLAINTIFFS | DEFENDANTS | DIVISION/ CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|
| Volden, Ryan James, Charles Dupraz, Vanessa Z. DeGeorge, Melissa Goeke, James R. Conley, Nancy Bjork, Tom Kidwell, and Jeff Vaught | Intel Corp. | Wilmington | 05-488 | Hon. Joseph J. Farnan, Jr. |
| Chacon, Ludy A., and Dorice Russ | Intel Corp. | Wilmington | 05-489 | Hon. Joseph J. Farnan, Jr. |
| Simon, Michael K. | Intel Corp. | Wilmington | 05-490 | Hon, Joseph J. Farnan, Jr. |
| Ambruoso, Christian | Intel Corp. | Wilmington | 05-505 | Hon, Joseph J. Farnan, Jr. |
| Baran, Elizabeth Bruderle | Intel Corp. | Wilmington | 05-508 | Hon, Joseph J. Farnan, Jr. |
| Czysz, Paul C. | Intel Corp. | Wilmington | 05-509 | Hon, Joseph J. Farnan, Jr. |
| Ludt, Michael E. | Intel Corp. | Wilmington | 05-510 | Hon, Joseph J. Farnan, Jr. |
| Ficor Acquisition Co., LLC d/b/a Mills & Greer Sporting Goods, Richard Caplan, Maria Pilar Salgado, Paula Nardella, Nancy Wolfe, Leslie March, Tom Hobbs, Andrew Marcus, and Virginia Deering | Intel Corp. | Wilmington | 05-515 | Hon, Joseph J. Farnan, Jr. |
| Fairmont Orthopedics & Sports Medicine PA | Intel Corp. | Wilmington | 05-519 | Hon, Joseph J. Farnan, Jr. |
| Law Office of Kwasi Asieda | Intel Corp. | Wilmington | 05-520 | Hon, Joseph J. Farnan, Jr. |

| PLAINTIFFS | DEFENDANTS | DIVISION/ CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|
| HP Consulting Services Inc. | Intel Corp. | Wilmington | 05-521 | Hon, Joseph J. Farnan, Jr. |
| Cowan, Carrol, Leonard Lorenzo and Russell Dennis | Intel Corp. | Wilmington | 05-522 | Hon, Joseph J. Farnan, Jr. |
| Manyin, Lena K., and Jason Craig | Intel Corp. | Wilmington | 05-526 | Unassigned |
| Cone, Joseph Samuel | Intel Corp. | Wilmington | 05-531 | Unassigned |
| Feielberg, Jerome | Intel Corp. | Wilmington | 05-532 | Unassigned |
| Weeth, Robin | Intel Corp. | Wilmington | 05-533 | Unassigned |
| Harr, Melinda, DDS | Intel Corp. | Wilmington | 05-537 | Unassigned |
| Cohn, Andrew S. | Intel Corp. | Wilmington | 05-539 | Unassigned |
| Griffin, Maria | Intel Corp. | Wilmington | 05-540 | Unassigned |
| Kornegay, Henry | Intel Corp. | Wilmington | 05-541 | Unassigned |
| Ramos, Paul | Intel Corp. | Wilmington | 05-544 | Unassigned |
| Bergerson & Associates, Inc. | Intel Corp. | Wilmington | 05-547 | Unassigned |
| Arnold, David | Intel Corp. | Wilmington | 05-554 | Unassigned |
| Genese, Angel; Gideon Elliot; and Nir Goldman | Intel Corp. | Wilmington | 05-556 | Unassigned |
| **N.D. Cal.** | | | | |
| Lipton, David E., and Dana F. Thibedeau | Intel Corp | San Francisco | 05-2669 | Hon. Marilyn H. Patel |
| Konieczka, Ronald | Intel Corp. | San Francisco | 05-2700 | Hon. Marilyn H. Patel |
| Prohias, Maria I. | Intel Corp. | San Francisco | 05-2699 | Hon. Marilyn H. Patel |
| Hamilton, Steve J. | Intel Corp. | San Francisco | 05-2721 | Hon. Marilyn H. Patel |

| PLAINTIFFS | DEFENDANTS | DIVISION/CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|
| Niehaus, Patricia M. | Intel Corp. | San Francisco | 05-2720 | Hon. Marilyn H. Patel |
| Brauch, Michael and Andrew Meimes | Intel Corp. | San Francisco | 05-2743 | Hon. Marilyn H. Patel |
| Baxley, Susan | Intel Corp. | San Francisco | 05-2758 | Hon. Marilyn H. Patel |
| Dickerson, Dwight E. | Intel Corp. | San Francisco | 05-2818 | Hon. Marilyn H. Patel |
| Frazier, Huston Frazier; Jeanne Cook; and Weiner, Brian | Intel Corp. | San Francisco | 05-2813 | Hon. Marilyn H. Patel |
| The Harman Press | Intel Corp. | San Francisco | 05-2823 | Hon. Marilyn H. Patel |
| Shanghai 1930 Restaurant Partners, L.P. | Intel Corp. | San Francisco | 05-2830 | Hon. Marilyn H. Patel |
| Major League Softball, Inc. | Intel Corp. | San Francisco | 05-2831 | Hon. Marilyn H. Patel |
| Allanoff, Benjamin | Intel Corp. | San Francisco | 05-2834 | Hon. Marilyn H. Patel |
| Law Offices of Laurel Stanley, William F. Cronin | Intel Corp. | San Francisco | 05-2858 | Hon. Marilyn H. Patel |
| Lazio Family Products | Intel Corp. | San Francisco | 05-2859 | Hon. Marilyn H. Patel |
| Walker, Ian | Intel Corp. | San Francisco | 05-2882 | Hon. Marilyn H. Patel |
| Naigow, Peter Jon | Intel Corp. | San Francisco | 05-2898 | Hon. Marilyn H. Patel |
| Stoltz, Kevin | Intel Corp. | San Francisco | 05-2897 | Hon. Marilyn H. Patel |
| Hewson, Patrick J. | Intel Corp. | San Francisco | 05-2916 | Hon. Marilyn H. Patel |

| PLAINTIFFS | DEFENDANTS | DIVISION/ CITY | CIVIL ACTION NO. | JUDGE |
|---|---|---|---|---|
| Lang, Lawrence | Intel Corp. | San Francisco | 05-2957 | Hon. Marilyn H. Patel |
| Trotter-Vogel Realty, Inc. d/b/a Prudential California Realty | Intel Corp. | San Francisco | 05-3028 | Hon. Marilyn H. Patel |
| Juskiewicz, Karol | Intel Corp. | San Francisco | 05-3094 | Hon. Bernard Zimmerman |
| S.D. Cal. | | | | |
| Suarez, Justin | Intel Corp. | San Diego | 05-1507 | Hon. Jeffrey T Miller |