## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>        Plaintiffs,<br><br>  vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>        Defendants. | )<br>)<br>) Civil Action No. 05-441 JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### STIPULATION RE: PRESERVATION OF DOCUMENTS BY DELL INC.

WHEREAS, an action was commenced in the United States District Court for the District of Delaware on June 27, 2005, Civil Action No. 05-441-JJF, by plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. (hereafter jointly, "AMD") against defendants Intel Corporation and Intel Kabushiki Kaisha (hereafter jointly, "Intel");

WHEREAS, Dell Inc. (hereafter, "Dell"), a non-party to this action, has in its possession, custody, and control documents and information maintained in electronic form, which may fall into one or more of the categories listed in Exhibit A to this Stipulation ("Responsive Documents");

WHEREAS, Dell has engaged in good faith efforts to identify a list of Dell's employees who, as of the date of this Stipulation, are or were involved in the negotiation and decision

making concerning x86 microprocessor procurement and selection and therefore would be most likely to have prepared or received Responsive Documents (hereafter, "Custodians" for purposes of this Stipulation). This list of Dell Custodians is attached as Exhibit B.

WHEREAS, Dell has agreed to take the various steps set forth in this Stipulation in order to preserve evidence in the possession of Custodians.

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN AMD AND DELL, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1. To the extent Dell has not already done so, upon execution of this Stipulation, Dell will deliver a "Litigation Hold" notice to all Custodians, which shall direct the Custodians to retain and preserve Responsive Documents.

2. Dell will use good faith efforts to preserve the June 27, 2005 back-up tapes for any exchange (e-mail) servers assigned to any of the Custodians that are likely to contain Responsive Documents.

3. Dell will use good faith efforts to preserve the most recent back-up tapes on or prior to June 27, 2005 for any shared servers assigned to any of the Custodians that are likely to contain Responsive Documents.

4. To the extent Dell has not already done so, Dell will use good faith efforts to image the hard drive from the desktop or notebook computers used in the normal course of business by any Custodian that are likely to contain Responsive Documents and will use good faith efforts to preserve either the original hard drive or the image of the hard drive. To the

extent that a Custodian possesses unique Responsive Documents on a home computer, Dell will instruct that Custodian to preserve those documents for later possible production.

5. To the extent Dell has not already done so, Dell will use good faith efforts to suspend any auto-deletions of emails for each Custodian that have not otherwise been preserved, collected, or copied for production.

6. To the extent Dell has not already done so, Dell will make a copy of its microprocessor procurement databases and will use good faith efforts to maintain and preserve that copy.

7. As to Responsive Documents of the Custodians created or received after June 27, 2005, to the extent that Dell has not already done so, Dell shall send an electronic notice (e.g. Microsoft Outlook poll or any other notice which seeks electronic confirmation upon receipt) to the Custodians reminding the Custodians of their obligations set forth in the Litigation Hold. The Custodians shall confirm receipt of the Litigation Hold. Further, every one hundred and eighty days thereafter, Dell shall send out a similar electronic notice to the Custodians.

8. Dan Anderson and Alan Luecke were previously identified by AMD as Custodians. Dell has informed AMD that these individuals no longer are employed by Dell and that the Responsive Documents of these Custodians have not been systematically preserved. To the extent that Dell identifies any Responsive Documents created or maintained by those Custodians that still exist, Dell shall use good faith efforts to preserve those Responsive Documents for later possible production.

9. Nothing herein shall limit Dell's right to contest or otherwise object to a future subpoena for the production of documents. Dell is not waiving any objections to the scope of

discovery or relevancy or admissibility of any documents requested by any party to this action. Dell expressly reserves all objections available to it under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Dell enters into this Stipulation with the express understanding that the Stipulation should not be construed as an order by the Court regarding the scope of discovery or the relevancy or admissibility of any documents requested by an party to this action.

10. AMD agrees that it will use good faith efforts to avoid imposing excessive costs and burdens on Dell, and further that it will negotiate in good faith regarding any production requests as well as the allocation of expenses that may be incurred by Dell regarding preservation and production of documents pursuant to this Stipulation and any subpoena for the production of documents that AMD may serve upon Dell.

11. AMD agrees that any subpoena for testimony or for the production of documents and/or testimony AMD may serve upon Dell will issue out of the United States District Court for the Western District of Texas.

12. The parties recognize that Dell's obligations to preserve evidence does not extend beyond the Responsive Documents in the possession, custody or control of the Custodians as now identified or that may be identified in the future.

13. This Stipulation will remain in force pending further Stipulation or order of the Court or agreement of the parties to this Stipulation. AMD and Dell stipulate and agree that, upon request of the other, they shall, in good faith, confer about the contents and obligations under this Stipulation as appropriate.

BIFFERATO GENTILOTTI BIDEN & BALICK

*Adam Balick*
Adam Balick (ID # 2718)
711 King Street
Wilmington, Delaware 19801
(302) 658-4265
abalick@bgbblaw.com
Attorneys for Plaintiffs

OF COUNSEL:

Charles P. Diamond, Esq.
 cdiamond@omm.com

Linda J. Smith, Esq.
 lsmith@omm.com

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
(310) 246-6800

Mark A Samuels, Esq.
 msamuels@omm.com

O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
213-430-6340

Dated: September 2, 2005

JONES DAY

*/s/ Thomas R. Jackson*
Thomas R. Jackson, Esq.
  trjackson@jonesday.com
Daniel T. Conrad, Esq.
  dtconrad@jonesday.com

2727 North Harwood Street
Dallas, Texas 75201-1515
Telephone: 214-220-3939
Facsimile: 214-969-5100

Attorneys for Dell Inc.

Dated: September 6, 2005

## ORDER

It is so ordered this ___ day of August, 2005

_____
United States District Judge

# EXHIBIT A

## Definitions

For purposes of this Stipulation, "DOCUMENT" includes, without limitation, any hard copy writings and documents as well as electronically stored data files including e-mail, instant messaging, and databases created or dated on or after January 1, 2000 unless otherwise agreed upon by the parties to this Stipulation or ordered by the Court for good cause shown.

With respect to electronically stored data, "DOCUMENT" also includes, without limitation, any data on magnetic or optical storage media, including removable storage, stored as an "active" file or backup file, in its native format. Absent agreement of the parties or order of the Court for good cause shown, "DOCUMENT" does not include deleted, shadowed, fragmented or other data that cannot be recovered by the Custodian in the ordinary course of business. However, to the extent AMD seeks to recover deleted, shadowed, fragmented or other data that cannot be recovered by the Custodian in the ordinary course of business, AMD shall have the right to ask for such discovery at its own cost and, if Dell does not agree AMD may move the United States District Court for the Western District of Texas for such production for good cause shown.

For purposes of this Stipulation, "MICROPROCESSOR" means general purpose microprocessors using the x86 instruction set (e.g., Sempron, Athlon, Turion, Opteron, Celeron, Pentium, and Xeon).

For purposes of this Stipulation, "FINANCIAL INDUCEMENT" means any payment, subsidy, rebate, discount (on MICROPROCESSORS or on any other INTEL product), Intel Inside funds, e-CAP funds, MDF, "meeting competition" or "meet comp" payments, "depo" payments, program monies, or any advertising or pricing support.

For purposes of this Stipulation, "your Company" refers to Dell Inc. and any of its present or former subsidiaries, joint-ventures, affiliates, parents, assigns, predecessor or successor companies and divisions thereof. "INTEL" refers to Intel Corporation and any of its present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

For purposes of this Stipulation, "MDF" refers to market development funds.

## Purchase Terms

1. DOCUMENTS constituting or reflecting communications with INTEL concerning actual or proposed terms and conditions of the sale of MICROPROCESSORS, including without limitation pricing, quantities, discounts, rebates, Intel Inside funds, E-Cap funds and MDF.

2. DOCUMENTS constituting or reflecting internal discussions or other communications within your Company concerning actual or proposed terms and conditions of sales of INTEL or AMD MICROPROCESSORS.

3. DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon the exclusive purchase of INTEL

MICROPROCESSORS, or upon the purchase of a minimum volume of INTEL MICROPROCESSORS, or upon the purchase of a minimum percentage of your Company's MICROPROCESSOR requirements.

4. DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon your Company's agreement to use only INTEL MICROPROCESSORS in a particular computer platform, computer model or computer type.

5. DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon your Company's agreement to use only INTEL MICROPROCESSORS in computers sold in a particular geographic region.

6. DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings pertaining to INTEL's pricing of MICROPROCESSORS including without limitation any FINANCIAL INDUCEMENT.

7. DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL conditioned upon any restriction or limitation of your Company's purchases of AMD MICROPROCESSORS or conditioned upon any restriction or limitation of the sale or promotion of products containing AMD MICROPROCESSORS.

8. DOCUMENTS constituting, reflecting, or discussing any threat by INTEL to withdraw or withhold a FINANCIAL INDUCEMENT as a result of your Company's sale of products containing AMD MICROPROCESSORS, its purchases of AMD MICROPROCESSORS, or its plan to develop, release or promote a product containing an AMD MICROPROCESSOR.

9. DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to provide discounted or free chipsets, motherboards, or other components in connection with the purchase of, or as part of a package or bundle with, INTEL MICROPROCESSORS.

10. DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to discount or subsidize or provide marketing support in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

11. DOCUMENTS constituting, reflecting or discussing your Company's product line that was being designed, planned or developed that would contain an AMD MICROPROCESSOR.

**Purchase History**

12. DOCUMENTS sufficient to show:

   a) the prices paid by your Company to INTEL for all MICROPROCESSORS since January 1, 2000.

b) the aggregate amount by quarter of any payment, subsidy, rebate, discount, Intel Inside funds, E-Cap funds, MDF, "meeting competition" payments, or any advertising or pricing support provided to your Company in connection with its purchase of MICROPROCESSORS (by quarter) since January 2000.

c) Historical MICROPROCESSOR purchase volumes (by quarter) from INTEL and AMD since January 1, 2000.

d) Analysis of expected and realized revenue, cost, and profitability of product lines (by quarter) since January 1, 2000.

e) The use or disposition of any discount, subsidy, or marketing support provided by INTEL in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

**Comparisons of INTEL and AMD MICROPROCESSORS**

13. DOCUMENTS constituting or reflecting analyses, summaries, reports or studies prepared in connection with the consideration of the purchase or use of AMD and/or INTEL MICROPROCESSORS.

14. DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings prepared comparing INTEL and AMD MICROPROCESSORS whether from a price, quality or other standpoint.

**Miscellaneous**

15. DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning your Company's participation in or support of any AMD product launch or promotion.

16. DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning the allocation of microprocessors or other INTEL components.

17. DOCUMENTS constituting or reflecting discussions within your Company about unfair or discriminatory allocations of INTEL products or the fear of such unfair or discriminatory allocations.

**EXHIBIT B**

**Document Custodians**

Allen, Dan
Anne, Seshu
Brown, Dave
Clarke, Jeff
Dell, Michael
Dixon, Eddie
Donnelly, Steve
Faulk, Brett
Garvin, Martin
Geerts, Scott
Gruzen, Alex
Hand, Neil
Kettler, Kevin
Malloy, Rich
McElroy, Terry
Medica, John
Melnick, Jon
Mette, Raven
Monk, James
Neeld, Jerele
Neland, Glenn
Nelson, Kevin
Poulter, John
Rollins, Kevin
Schuckle, Rick
Schweppe, Guy
Ward, Darrell
Woodruff, Nick

DLI-5939700v1

## CERTIFICATE OF SERVICE

I, Adam Balick hereby certify that on the 7th day of September, 2005 the attached Stipulation regarding Preservation of Documents by Dell Inc. was served electronically upon the following:

Frederick L. Cottrell III
Cottrell@rlf.com
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Charles P. Diamond
CDiamond@omm.com
Linda J. Smith
lsmith@omm.com
O'Melveny & Myers LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035

Mark A. Samuels
MSamuels@omm.com
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071-2899

Richard Horwitz
rhorwitz@potteranderson.com
Potter Anderson & Corroon, LLP
1313 North Market Street
Hercules Plaza, 6th
P.O. Box 951
Wilmington, DE 19899-0951

Daniel S. Floyd
dfloyd@gibsondunn.com
Robert E. Cooper
rcooper@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

Darren B. Bernhard
BernhardD@howrey.com
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004

_____
ADAM BALICK