## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

ADVANCED MICRO DEVICES, INC., ET AL.,  |
                                 |
              Plaintiffs,    |
                                 |
           v.              |         Civil Action No. 05-00441-JJF
                                 |
INTEL CORPORATION, ET AL.,       |
                                 |
            Defendants   |

### NON-PARTY TOSHIBA AMERICA INFORMATION SYSTEMS, INC.'S OBJECTIONS TO PLAINTIFFS' DOCUMENT SUBPOENA

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Toshiba America Information Systems, Inc. ("TAIS"), a non-party in the above-entitled and numbered cause, timely asserts the following objections to the document production subpoena dated October 4, 2005 (the "subpoena") served on TAIS by plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Services, Ltd. (collectively "AMD").  TAIS's objections are based on TAIS's current knowledge, information and belief, based on reasonable and diligent inquiry. TAIS is continuing to review its files and reserves its rights to modify, correct, supplement or clarify its responses.

### GENERAL OBJECTIONS

1.      TAIS objects to the subpoena on the grounds that it is vague, overly broad and unduly burdensome to the extent that it attempts to require that TAIS respond on behalf of any person other than TAIS itself (including but not limited to Toshiba Corporation).  TAIS reserves

its rights to move to quash the subpoena, to move for a protective order, or to make any other motion with regard to the subpoena for any reason.

2.    TAIS objects to the subpoena to the extent that it seeks documents outside of TAIS's possession, custody or control (including but not limited to documents of Toshiba Corporation), and to the extent that it purports to require the production of documents by individuals who are not employees or directors of TAIS, on the grounds that any such request is overly broad and unduly burdensome.  TAIS further objects that the application of the subpoena to documents located outside of the United States would not be permitted under foreign law, including but not limited to the law of Japan.

3.    TAIS objects to the subpoena on the grounds that the burden and expense of the proposed discovery imposed on it by the subpoena substantially outweigh its likely benefit.

4.    TAIS objects to the subpoena to the extent that it purports to impose upon TAIS obligations beyond those imposed by, or inconsistent with, the Federal Rules of Civil Procedure or the Local Rules of Civil Practice and the Local Rules of Civil Procedure of the United States District Court for the District of Delaware, including the rules governing discovery from non-parties such as TAIS.  TAIS responds to each and every request only in the form and to the extent required by the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware.

5.    TAIS objects to the subpoena to the extent that it purports to require TAIS to search for and produce documents protected by the attorney-client privilege, the attorney work-product privilege, or any other privilege or protection from discovery recognized under the Federal Rules of Civil Procedure or Federal Rules of Evidence, or seeks the disclosure of confidential information or documents containing the impressions, conclusions, opinions, legal

research or theories of any person who is, or acted on behalf of, any attorney for TAIS, or attempts to seek matters prepared in anticipation of litigation. TAIS intends to and does hereby claim privilege from discovery with respect to each such document and thing. Any production of such documents shall not waive any of these privileges.

6.    TAIS objects to the subpoena to the extent that it purports to apply to any confidential or proprietary information of TAIS, including without limitation any trade secrets, commercial information, research and development, or other confidential information. TAIS further objects to the subpoena to the extent that it purports to apply to any documents that are subject to any confidentiality agreements, including without limitation agreements that require the consent of other entities before such information may be disclosed. TAIS will not produce any documents containing confidential or proprietary information unless such documents are protected by a protective order reasonably agreeable to TAIS.

7.    TAIS objects to the subpoena to the extent that it seek documents already in the possession, control or custody of AMD, or which are available to AMD from public sources on the grounds that such requests are duplicative, overbroad, and unduly burdensome. TAIS further objects to the subpoena to the extent that it seeks documents which are available from defendants or other sources on the grounds that such requests are duplicative, overbroad, and unduly burdensome. TAIS further objects to the subpoena to the extent that it seeks documents located outside of the United States (including documents located in Japan), which are the subject of ongoing discovery requests in litigation instituted by AMD outside of the United States (including litigation in Japan), on the grounds that such requests are duplicative, overbroad, and unduly burdensome.

8.      TAIS objects to the breadth and scope of the document production requests in the subpoena on the grounds that the scope is unreasonably broad and renders the subpoena burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and goes beyond applicable statutes of limitations.  TAIS further objects to any request that purports to require the creation of documents on the grounds that it is beyond the scope of discovery expressly allowed under the Federal Rules of Civil Procedure.  TAIS further objects to the subpoena to the extent that it applies to documents that are no longer in existence or that cannot be identified.  TAIS further objects to the requests as a whole on the grounds that they are vague and overly broad and therefore place an unnecessary and undue burden upon TAIS.

9.      TAIS objects to the subpoena to the extent that it purports to require the search for and production of documents beyond one limited to the files readily determined to relate to the subject matter of the subpoena and the files of TAIS or its employees known or reasonably believed to be personally involved in, or knowledgeable about, the subjects listed in the subpoena.  TAIS's responses will be based upon reasonable and diligent searches and inquiries to locate and identify responsive non-privileged documents in its possession, custody or control.

10.     TAIS objects to the subpoena on the grounds that it seeks the production of documents that are irrelevant to the subject matter of the litigation and are not reasonably calculated to lead to the discovery of admissible evidence.  TAIS further objects to the subpoena on the grounds that it seeks the production of documents that would be unreasonably duplicative and calls for extensive research and investigation which would subject TAIS to annoyance, embarrassment, oppression or undue burden or expense.

11.     TAIS objects to the subpoena on the grounds that it is unduly burdensome and unduly expensive.  Pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, AMD should

be required to advance to TAIS the estimated expenses entailed by the subpoena. TAIS reserves its rights to seek relief from the Court from suffering undue expenses in responding to the subpoena.

12. TAIS will construe the terms used in the subpoena consistent with normal usage, unless a specific, different definition is given in the subpoena.

13. TAIS objects to the subpoena to the extent that it seeks the production of "all" documents described therein on that grounds that such requests include documents that are irrelevant to the subject matter of the litigation, are not reasonably calculated to lead to the discovery of admissible evidence, and are overly broad and unduly burdensome. TAIS's responses are based upon reasonable and diligent search and inquiry to locate and identify responsive, non-privileged documents in the possession, custody or control of TAIS.

14. TAIS objects to AMD's definition of "DOCUMENT" on the grounds that it is vague, overly broad and unduly burdensome. TAIS further objects to AMD's definition of "DOCUMENT" to the extent that the definition purports to be other than as provided for by the Federal Rules of Civil Procedure. TAIS further objects to AMD's definition of "DOCUMENT" to the extent that it would require TAIS to produce all of its documents stored on word processing equipment or other computer databases on the grounds that it would be overly broad and unduly burdensome. TAIS further objects to AMD's definition of "DOCUMENT" as it purports to include "electronically stored data-files including e-mail, instant messaging, shared network files, and databases created, accessed, modified or dated on or after January 1, 2000" on the ground that it is vague, overly broad and unduly burdensome. TAIS further objects to AMD's definition of "DOCUMENT" as it purports to include "without limitation, any data on magnetic or optical storage media (*e.g.*, servers, storage area networks, hard drives, backup

tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an 'active' file or backup file, in its native format" on the grounds that it is vague, overly broad and unduly burdensome. TAIS further objects to AMD's definition of "DOCUMENT" on the grounds that it is irrelevant to the subject matter of the litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

15. TAIS objects to AMD's definition of "MICROPROCESSOR" as it purports to include "general purpose microprocessors using the x86 instruction set (e.g., Sempron, Athlon, Turion, Opteron, Celeron, Pentium, and Xeon)" on the grounds that it is vague, overly broad and unduly burdensome. TAIS further objects to AMD's definition of "MICROPROCESSOR" on the grounds that it is irrelevant to the subject matter of the litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

16. TAIS objects to AMD's definition of "FINANCIAL INDUCEMENT" as it purports to include "any payment, subsidy, rebate, discount (on MICROPROCESSORS or on any other INTEL product), Intel Inside funds, E-CAP (exceptions to corporate approved pricing), MDF, 'meeting competition' or 'meet comp' payments, 'depo' payments, program monies, or any advertising or pricing support" on the grounds that it is vague, overly broad and unduly burdensome. TAIS further objects to AMD's definition of "FINANCIAL INDUCEMENT" on the grounds that it is irrelevant to the subject matter of the litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

17. TAIS objects to AMD's definition of "COMPANY" on the grounds that it is vague, overly broad and unduly burdensome. TAIS further objects to AMD's definition of "COMPANY" to the extent that it purports to include Toshiba Corporation or any other person other than TAIS itself on the grounds that it is vague, overly broad and unduly burdensome.

TAIS further objects to AMD's definition of "COMPANY" on the grounds that it purports to include within its purview documents not in the possession, custody or control of TAIS (including without limitation documents of Toshiba Corporation), and that it renders the subpoena vague, overly broad and unduly burdensome.  TAIS further objects to AMD's definition of "COMPANY" to the extent that it purports to include any of TAIS's "present or former subsidiaries, joint-ventures, affiliates, parents, assigns, predecessor or successor companies and divisions thereof" on the grounds that personal jurisdiction does not exist over most of these entities (including without limitation Toshiba Corporation), that it includes documents not in the possession, custody, or control of TAIS (including without limitation documents of Toshiba Corporation), and that it renders the subpoena vague and ambiguous, overly broad and unduly burdensome.  TAIS further objects to AMD's definition of "COMPANY" on the grounds that it is irrelevant to the subject matter of the litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

18.    TAIS objects to AMD's definition of "MDF" or "market development funds" on the grounds that it is vague, overly broad and unduly burdensome.  TAIS further objects to AMD's definition of "MDF" or "market development funds" on the grounds that it is irrelevant to the subject matter of the litigation, and is not reasonably calculated to lead to the discovery of admissible evidence.

19.    TAIS objects to AMD's use of such terms and phrases as "related to," "reflecting," "discussing," "concerning" on the grounds that such phrases are vague, over broad and unduly burdensome to use in the context of AMD's discovery requests.  TAIS will interpret such phrases according to their reasonable, normal and ordinary meanings.  TAIS will construe

these phrases to encompass documents the content of which can be reasonably be determined to constitute or bear on the matter in question.

20.    TAIS objects to the specified date for production as burdensome.  Documents that TAIS agrees to produce will be produced for AMD's inspection and copying at a mutually agreeable time and place.

21.    TAIS objects to the time period covered by the subpoena on the grounds that it is unreasonably broad and renders the subpoena burdensome, oppressive, not reasonably calculated to lead to the discovery of admissible evidence, and goes beyond applicable statutes of limitations including the four-year statutes of limitations for federal and state antitrust claims and the statutes of limitations for other state law claims.

22.    TAIS objects to the subpoena to the extent that it purports to impose on TAIS any obligations beyond those contained in the Federal Rules of Civil Procedure with regard to documenting the withholding of documents on the grounds of privilege.

23.    TAIS objects to any request that it produce documents in electronic form to the extent that responsive documents are not currently in electronic form.  TAIS will produce responsive documents in electronic form only if such documents currently exist in electronic form and an agreement can be reached on a method for control numbering and identifying such documents.  TAIS further objects to the subpoena to the extent that it purports to impose on TAIS any obligations beyond those contained in the Federal Rules of Civil Procedure with regard to the production of electronic documents.

24.    TAIS objects to the subpoena to the extent that it assumes disputed facts or legal conclusions.  TAIS's objections are not an admission or acknowledgment of any purported fact, allegation, or legal conclusion in the litigation.

25.    TAIS's production of any document is not an admission of the propriety or legality of the subpoena.

26.    TAIS's production of any document is not an admission of the relevance or admissibility of any such document.

27.    TAIS's production of any document does not constitute a waiver of any privilege.

28.    TAIS's production of any document is not a waiver of its rights to move to quash the subpoena, to seek a protective order, or to otherwise move to limit the subpoena.

29.    TAIS reserves its rights to raise any objection it may have to the subpoena not otherwise stated herein.

30.    TAIS reserves its rights to amend or supplement the objections herein, and to assert additional general and specific objections if and when appropriate.

31.    TAIS incorporates, adopts and asserts any objections previously made or relied upon by AMD, defendants, TAIS itself or any other non-party in this litigation, in response to any discovery request in this litigation.

32.    All of the foregoing objections apply to the requests for production listed below, and they are hereby expressly incorporated by reference into TAIS's response to each request.

### SPECIFIC OBJECTIONS

Each of the following specific objections incorporates the general objections set forth above as if fully set forth therein:

**Request No. 1:**

All DOCUMENTS constituting or reflecting communications with INTEL concerning actual or proposed terms and conditions of the sale of MICROPROCESSORS, including without limitation pricing, quantities, discounts, rebates, Intel Inside funds, E-CAP and MDF.

605554v2

9

**Objections to Request No. 1:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "MICROPROCESSOR" and "MDF." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "reflecting" and "concerning" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's references to "actual and proposed terms and conditions of the sale" and "pricing, quantities, discounts, rebates, Intel Inside funds, E-CAP and MDF" are vague. TAIS further objects to this request on the grounds that it seeks documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence. TAIS further objects to this request to the extent that it seeks the production of documents that can be obtained from defendants on the grounds that it is duplicative, overly broad and unduly burdensome to require TAIS to search for and produce those same documents. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 2:**

All DOCUMENTS constituting or reflecting internal discussions or other communications within COMPANY concerning actual or proposed terms and conditions of sale of INTEL or AMD MICROPROCESSORS.

**Objections to Request No. 2:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "COMPANY" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague,

overly broad and unduly burdensome.  For example, AMD's uses of the phrases "reflecting" and "concerning" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's references to "discussions," "other communications" and "actual and proposed terms and conditions of sale" are vague.  TAIS further objects to this request to the extent that it involves privileged, confidential or proprietary information of TAIS. TAIS further objects to this request on the grounds that it seeks documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 3:**

All DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL related to the exclusive purchase of INTEL MICROPROCESSORS, or upon the purchase of a minimum volume of INTEL MICROPROCESSORS, or the purchase of a minimum percentage of INTEL MICROPROCESSORS, whether of COMPANY's total MICROPROCESSOR requirements or requirements for certain processor types or end uses.

**Objections to Request No. 3:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "FINANCIAL INDUCEMENT," "MICROPROCESSOR" and "COMPANY."  TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome.  For example, AMD's uses of the phrases "reflecting," "discussing" and "related to" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity.  By way of further example, AMD's references to "requirements" and "certain processor types or end uses" are vague.  Subject to and without waiving any objections, TAIS

605554v2

will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 4:**

All DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL relates to COMPANY's representation or agreement that it will use only INTEL MICROPROCESSORS, or a defined number or percentage of INTEL MICROPROCESSORS, in a particular computer platform, computer model or computer type.

**Objections to Request 4:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "FINANCIAL INDUCEMENT," "COMPANY" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "reflecting," "discussing" and "related to" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's reference to "a particular computer platform, computer model or computer type" is vague. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 5:**

All DOCUMENTS reflecting or discussing any offer of a FINANCIAL INDUCEMENT by INTEL related to COMPANY's representation or agreement that it will use only INTEL MICROPROCESSORS, or a defined  number or percentage of INTEL MICROPROCESSORS, in computers sold in a particular geographic region.

**Objections to Request No. 5:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "FINANCIAL INDUCEMENT," "COMPANY" and "MICROPROCESSOR." TAIS further objects to this request on the grounds

that it is vague, overly broad and unduly burdensome.  For example, AMD's uses of the phrases "reflecting," "discussing" and "related to" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity.  By way of further example, AMD's reference to "computers sold in a particular geographic region" is vague.  Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 6:**

All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings pertaining to INTEL's pricing of MICROPROCESSORS including without limitation any FINANCIAL INDUCEMENT.

**Objections to Request 6:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "FINANCIAL INDUCEMENT" and "MICROPROCESSOR."  TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome.  For example, AMD's use of the phrase "reflecting" is vague, overly broad and unduly burdensome, and seeks the production of irrelevant documents and does not describe the documents sought with reasonable particularity.  By way of further example, AMD's request for "All . . . writings pertaining to Intel's pricing of MICROPROCESSORS" is vague, overly broad and unduly burdensome.  TAIS further objects to this request on the grounds that it seeks documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, TAIS will provide responsive non-privileged,

non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 7:**

All DOCUMENTS constituting, reflecting, or discussing any offer of a FINANCIAL INDUCEMENT by INTEL related to any restriction or limitation of COMPANY's purchases or promotion of AMD MICROPROCESSORS or related to any restriction or limitation of the sale of products containing AMD MICROPROCESSORS.

**Objections to Request No. 7:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "FINANCIAL INDUCEMENT," "COMPANY" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "reflecting," "discussing" and "related to" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's reference to "any restriction or limitation" is vague. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 8:**

All DOCUMENTS constituting, reflecting, or discussing any suggestion by INTEL that it will or might withdraw or withhold a FINANCIAL INDUCEMENT as a result of COMPANY's sale of products containing AMD MICROPROCESSORS, its purchases of AMD MICROPROCESSORS, or its plan to develop, release or promote a product containing an AMD MICROPROCESSOR.

**Objections to Request No. 8:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "FINANCIAL INDUCEMENT,"

605554v2

"COMPANY" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "reflecting" and "discussing" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's references to a "suggestion" and TAIS's purported "plan to develop, release or promote a product containing an AMD MICROPROCESSOR" are vague. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 9:**

All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to provide discounted or free chipsets, motherboards, or other components in connection with the purchase of, or as part of a package or bundle with, INTEL MICROPROCESSORS.

**Objections to Request No. 9:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "reflecting" and "discussing" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's references to "discounted or free" products, "other components," a "package" and a "bundle" are vague. TAIS further objects to this request on the grounds that it seeks documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, TAIS will provide

responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 10:**

All DOCUMENTS constituting, reflecting, or discussing any offer by INTEL to discount or subsidize or provide marketing support in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

**Objections to Request No. 10:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "reflecting" and "discussing" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's references to "discount or subsidize or provide marketing support" and "servers" are vague. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 11:**

ALL DOCUMENTS constituting, reflecting, or discussing any communications with retailers concerning any FINANCIAL INDUCEMENT provided by INTEL to COMPANY or to retailers in connection with the purchase or resale of computer systems containing INTEL MICROPROCESSORS.

**Objections to Request No. 11:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "FINANCIAL INDUCEMENT," "COMPANY" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases

"reflecting," "discussing" and "concerning" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity.  Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 12:**

ALL DOCUMENTS constituting, reflecting, or discussing any non-financial inducement, including without limitation any allocation preference, access to technical or roadmap information, personnel support (engineering/technical/training) or any other non-cash benefit, perquisite or other consideration offered by INTEL related to the purchase of INTEL MICROPROCESSORS, or any suggestion by INTEL that it will or might withdraw or withhold any non-financial inducement as a result of COMPANY's purchase, sale or plans to develop, release or promote AMD MICROPROCESSORS or products containing AMD MICROPROCESSORS.

**Objections to Request No. 12:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "MICROPROCESSOR" and "COMPANY."  TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome.  For example, AMD's uses of the phrases "reflecting," "discussing" and "related to" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity.  By way of further example, AMD's references to "any non-financial inducement, including without limitation any allocation preference, access to technical or roadmap information, personnel support (engineering/technical/training) or any other non-cash benefit, perquisite or other consideration" and "any suggestion by INTEL that it will or might withdraw or withhold any financial inducement" are vague.  Subject to and without waiving any objections, TAIS will

provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 13:**

DOCUMENTS sufficient to show:

a)  the prices paid by COMPANY to INTEL for all MICROPROCESSORS since January 1, 2000.

b)  the aggregate amount by quarter of any payment, subsidy, rebate, discount, Intel Inside funds, E-Cap funds, MDF, "meeting competition" payments, or any advertising or pricing support provided to COMPANY in connection with its purchase of MICROPROCESSORS (by quarter) since January 2000.

c)  Historical MICROPROCESSOR purchase volumes (by quarter) from INTEL and AMD since January 1, 2000.

d)  Product road maps for product lines and MICROPROCESSORS (by quarter or cycle) since January 1, 2000.

e)  Expected and realized revenue, cost, and profitability of product lines (by quarter) since January 1, 2000.

f)  The use or disposition of any discount, subsidy, or marketing support provided by INTEL in connection with the sale of servers containing INTEL MICROPROCESSORS for the purpose of competing against servers containing AMD MICROPROCESSORS.

**Objections to Request No. 13:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "COMPANY," "MICROPROCESSOR" and "MDF." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's use of the phrase "in connection with," is vague, overly broad and unduly burdensome, and seeks the production of irrelevant documents and does not describe the documents sought with reasonable particularity. By way of further example, AMD's reference to "any payment, subsidy, rebate, discount, Intel Inside funds, E-Cap funds,

MDF, 'meeting competition' payments, or any advertising or pricing support provided" is vague, as is AMD's reference to "product road maps," "[e]xpected and realized revenue, cost, and profitability of product lines," "any discount, subsidy, or marketing support" and "servers." TAIS further objects to this request on the grounds that it seeks documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence, including without limitation subparts b), d) and e) of this request.  TAIS further objects to this request to the extent that it involves privileged, confidential or proprietary information of TAIS.  Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 14:**

All DOCUMENTS constituting or reflecting analyses, summaries, reports or studies prepared in connection with the consideration of the purchase or use of AMD and/or INTEL MICROPROCESSORS.

**Objections to Request No. 14:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT" and "MICROPROCESSOR."  TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome.  For example, AMD's uses of the phrases "reflecting" and "in connection with" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity.  By way of further example, AMD's reference to "the consideration of the purchase or use of" is vague.  TAIS further objects to this request to the extent that it involves privileged, confidential or proprietary information of TAIS.  Subject to and without waiving any objections, TAIS will provide responsive

non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 15:**

All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings prepared comparing INTEL and AMD MICROPROCESSORS whether from a price, quality or other standpoint.

**Objections to Request No. 15:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's use of the phrase "reflecting" is vague, overly broad and unduly burdensome, and seeks the production of irrelevant documents and does not describe the documents sought with reasonable particularity. By way of further example, AMD's references to "other writings," "comparing," "quality" and "other standpoint" are vague. TAIS further objects to this request to the extent that it involves privileged, confidential or proprietary information of TAIS. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 16:**

All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning COMPANY's participation in or support of any AMD product launch or promotion.

**Objections to Request No. 16:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT" and "COMPANY." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example,

AMD's uses of the phrases "reflecting" and "discussing" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's references to "communications," "participation in or support of," a "product launch" and "promotion" are vague. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 17:**

All DOCUMENTS constituting, reflecting, or discussing communications with INTEL concerning the allocation of microprocessors or other INTEL components.

**Objections to Request No. 17:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definition of "DOCUMENT." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "reflecting" and "discussing" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's reference to "communications" and an "allocation of microprocessors [sic] or other INTEL components" is vague. TAIS further objects to this request to the extent that it involves privileged, confidential or proprietary information of TAIS. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 18:**

All DOCUMENTS constituting or reflecting discussions within COMPANY about unfair or discriminatory allocations of INTEL products or the fear of such unfair or discriminatory allocations.

**Objections to Request No. 18:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT" and "COMPANY." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's use of the phrase "reflecting" is vague, overly broad and unduly burdensome, and seeks the production of irrelevant documents and does not describe the documents sought with reasonable particularity. By way of further example, AMD's references to "discussions," "fear" and "unfair or discriminatory allocations" are vague. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 19:**

All DOCUMENTS constituting or reflecting consumer or customer feedback regarding (a) COMPANY's selection of AMD or INTEL MICROPROCESSORS or products containing AMD or INTEL MICROPROCESSORS, or (b) COMPANY's advertising, marketing, promotion, or sale of products containing AMD and/or INTEL MICROPROCESSORS.

**Objections to Request No. 19:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT," "COMPANY" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "reflecting" and "regarding" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity.

By way of further example, AMD's reference to "feedback" is vague, as are AMD's references to "products containing AMD or INTEL MICROPROCESSORS" and "products containing AMD and/or INTEL MICROPROCESSORS" which could be read to include any form of (unspecified) "feedback" on virtually every computer as the vast majority of computers contain AMD or Intel microprocessors.  TAIS further objects to this request on the grounds that it seeks documents that are neither relevant to the subject matter of the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

### Request No. 20:

All DOCUMENTS furnished by COMPANY to the Japan Fair Trade Commission ("JFTC") regarding any and all investigations by the JFTC of INTEL.

### Objections to Request No. 20:

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT" and "COMPANY."  TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome.  TAIS further objects to this request to the extent that it involves privileged, confidential or proprietary information of TAIS.  Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

### Request No. 21:

All DOCUMENTS constituting, reflecting, or discussing the destruction or disposal of documents [sic] related to INTEL, AMD, or MICROPROCESSOR procurement.

**Objections to Request No. 21:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT" and "MICROPROCESSOR." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "reflecting," "discussing" and "related to" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's references to "destruction or disposal" and "INTEL, AMD, or MICROPROCESSOR procurement" are vague. TAIS further objects to this request to the extent that it involves privileged, confidential or proprietary information of TAIS. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

**Request No. 22:**

All DOCUMENTS sufficient to show the steps taken by COMPANY to preserve documents [sic] with respect to this litigation or related litigation or proceedings including, without limitation, all DOCUMENTS that constitute, reflect or discuss the COMPANY'S DOCUMENT retention policy or policies from January 1, 2000, to the present.

**Objections to Request No. 22:**

TAIS asserts its general objections as stated above, including without limitation its objections to AMD's definitions of "DOCUMENT" and "COMPANY." TAIS further objects to this request on the grounds that it is vague, overly broad and unduly burdensome. For example, AMD's uses of the phrases "with respect to this litigation or related litigation or proceedings," "reflect" and "discuss" are vague, overly broad and unduly burdensome, and seek the production of irrelevant documents and do not describe the documents sought with reasonable particularity. By way of further example, AMD's references to "All DOCUMENTS sufficient to show" and

"DOCUMENT retention policy or policies" are vague. TAIS further objects to this request to the extent that it involves privileged, confidential or proprietary information of TAIS. Subject to and without waiving any objections, TAIS will provide responsive non-privileged, non-confidential and non-proprietary documents in its possession, custody or control that are reasonably available.

Dated: October 18, 2005          THE BAYARD FIRM


By: */s/ Vernon R. Proctor*
     Vernon R. Proctor
     Delaware Bar No. 1019
     222 Delaware Avenue – Suite 900
     P.O. Box 25130
     Wilmington, DE 19899
     Telephone: (302) 655-5000
     Facsimile: (302) 658-6395
     E-mail: vproctor@bayardfirm.com

*Local counsel for Toshiba America Information Systems, Inc.*

OF COUNSEL:

George L. Paul
John D. Donaldson
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Telephone: (202) 626-3600
Facsimile: (202) 639-9355

## <u>CERTIFICATE OF SERVICE</u>

I, Vernon R. Proctor, hereby certify that on October 18, 2005, I electronically filed Non-Party Toshiba America Information Systems, Inc.'s Objections to Plaintiffs' Document Subpoena with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

> Frederick L. Cottrell, III
> Richards, Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899
> 302-651-7700
> *Counsel for Plaintiffs*
>
> Richard L. Horwitz
> Potter Anderson & Corroon, LLP
> 1313 North Market St., Hercules Plaza, 6th Floor
> P.O. Box 951
> Wilmington, DE 19899
> 302-984-6000
> *Counsel for Defendants*

> THE BAYARD FIRM

> By: */s/ Vernon R. Proctor*
> Vernon R. Proctor
> Delaware Bar No. 1019
> 222 Delaware Avenue – Suite 900
> P.O. Box 25130
> Wilmington, DE 19899
> Telephone: (302) 655-5000
> Facsimile: (302) 658-6395
> E-mail: vproctor@bayardfirm.com

> *Local counsel for Toshiba America Information Systems, Inc.*

605554v2