# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

February 13, 2006

**VIA HAND DELIVERY AND E-FILE**
The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 North King Street
Wilmington, DE 19801

> Re: **Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.,**
> C.A. No. 05-441-JJF
>
> **In re Intel Corp.,**
> C.A. No. 05-MD-1717-JJF

Dear Judge Farnan:

    We represent Advanced Micro Devices, Inc. ("AMD") in the above-referenced actions. It is our understanding that all of the cases subject to the MDL Panel's order have been transferred to this District and are now properly before Your Honor. We also understand that briefing with respect to the appointment of interim lead counsel for the class actions that followed on our filing is, or will shortly be, complete and ripe for decision.

    Given the complexity of this litigation, the scope of discovery all parties anticipate in both the *AMD* case and the MDL, and the need to conduct it on a coordinated basis, AMD and class counsel inevitably will be "joined at the hip" for many aspects of this process. We are thus vitally interested in the selection of interim lead counsel. We would not presume to tell the Court whom to appoint, but we thought it useful to state what resources and capabilities we believe will be necessary for the effective prosecution of the case.

    Most significantly, interim lead counsel will need to be able to field and coordinate a very substantial team of experienced litigation attorneys to review documents and participate in depositions. The scope of the effort will be daunting. In preliminary discussions, Intel and AMD have identified a population of roughly 1,500 custodians of relevant materials, and although we are attempting to cap the number, we anticipate exchanging documents collectively from the files of at least 600. In addition, AMD has subpoenaed documents from approximately 30 third-party computer OEMs, white-box manufacturers, value-added resellers, distributors and retailers, located in North America, Europe and Asia. (Intel has indicated its intention to separately subpoena yet more documents, and AMD has yet to invoke Hague Convention procedures to obtain documents from several key foreign corporations.) Collectively, we expect

RLF1-2980539-1

The Honorable Joseph J. Farnan, Jr.
February 13, 2006
Page 2

these companies to produce many millions of additional documents, a significant portion in foreign languages. The bulk of the productions, both party and non-party, will be in electronic format. We are developing systems and procedures in anticipation of having to inspect and review up to twenty terabytes of data – were it printed out, a stack reaching over three hundred miles high. Tentative plans are to establish document review centers both in California and on the East Coast.

Depositions are likely to number in the hundreds. If only 15 percent of the already-identified party custodians are deposed, we are looking at over 200 such depositions. And since we anticipate much of the evidence of Intel's practices will be derived from the testimony of its customers, scores of present and former computer company and retail executives and employees will have to be deposed as well.

As we have made clear to the competing camps of class counsel, AMD is willing to pool resources, but we expect class counsel to bear a significant share of the discovery burden. Whoever is appointed will need to be able to marshal a very large team, numbering several dozen, on both the East and West Coasts. We respectfully request that the Court select as interim lead counsel attorneys with demonstrated ability to assemble and lead a network of experienced law firms and to field and deploy collaboratively a very deep bench.

Moreover, the need for antitrust expertise is at a premium. Some of the issues likely to arise in this case will be at the cutting edge of antitrust law. The case will unavoidably involve challenging economic testimony and difficult financial analyses. We hope that the Court gives significant weight to the antitrust credentials of the candidates and picks a team with demonstrated antitrust competence in very complex cases.

As we reported in our letter to the Court of November 18, 2005 (D.I. 7, 77), although our negotiations with Intel and third parties continue, discovery cannot commence until the Court appoints interim lead counsel to speak on behalf of and bind the class. If there is anything further we can do to assist with the appointment process, or if Your Honor should have any questions or concerns, undersigned counsel remains available at the convenience of the Court.

               Respectfully,

               Frederick L. Cottrell, III

FLC,III/afg

cc: Richard L. Horwitz, Esquire (By E-File and Hand Delivery)
   Darren B. Bernhard, Esquire (By E-File)
   Robert E. Cooper, Esquire (By E-File)
   Charles P. Diamond, Esquire (By Telecopy)
   James L. Holzman, Esquire (By E-File and Hand Delivery)

RLF1-2980435-1
RLF1-2980539-1

The Honorable Joseph J. Farnan, Jr.
February 13, 2006
Page 3

   Robert D. Goldberg, Esquire (By E-File and Hand Delivery)
   A. Zachary Naylor, Esquire (By E-File and Hand Delivery)