IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-441-JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### NOTICE OF SUBPOENA

TO:   Richard L. Horwitz, Esquire          Robert E. Cooper, Esquire
      Potter Anderson & Corroon LLP        Daniel S. Floyd, Esquire
      1313 North Market Street             Gibson, Dunn & Crutcher, LLP
      P. O. Box 951                        333 South Grand Avenue
      Wilmington, DE  19899                Los Angeles, CA 90071-3197

      Darren B. Bernhard, Esquire
      Howrey LLP
      1299 Pennsylvania Avenue, N.W.
      Washington, DC 20004-2402

PLEASE TAKE NOTICE that on February 28, 2006, the attached subpoena was served on Skype Inc., c/o National Registered Agents, Inc., 2030 Main Street, Suite 1030, Irvine, CA 92614.

RLF1-2986293-1

Of Counsel:
Charles P. Diamond
Linda J. Smith
Mark A. Samuels
O'Melveny & Myers, LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035
(310) 553-6700


Dated: March 1, 2006

/s/ Jesse A. Finkelstein

Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Finkelstein@rlf.com
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com
Attorneys for Plaintiffs Advanced Micro
Devices, Inc. and AMD International Sales &
Service, Ltd.

AO88 (Rev 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

Advanced Micro Devices, Inc., and
AMD International Sales & Services, Ltd.

V.

Intel Corporation and Intel Kabushiki Kaisha

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-441-JJF
United States District Court,
District of Delaware

TO: Skype Inc.
c/o National Registered Agents, Inc.
2030 Main Street, Suite 1030
Irvine, CA 92614

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| O'Melveny & Myers LLP, 400 South Hope Street, Los Angeles, CA 90071 | March 31, 2006, 9:00 a.m. PST |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Plaintiffs | February 28, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Charles P. Diamond, Esq.
Michael M. Maddigan, Esq.
Robert Postawko, Esq.; O'Melveny & Myers LLP; 400 South Hope Street, Los Angeles, CA 90071; (213) 430-6000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

2002 © American LegalNet, Inc.

## Schedule A

**Definitions**

     1. For purposes of this document request, "DOCUMENT" includes, without limitation, any hard copy writings and documents as well as electronically stored data-files including email, instant messaging, shared network files, and databases created, accessed, modified or dated on or after January 1, 2000.

     2. With respect to electronically stored data, "DOCUMENT" also includes, without limitation, any data on magnetic or optical storage media (*e.g.*, servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

     3. For purposes of this document request, "MICROPROCESSOR" means general purpose microprocessors using the x86 instruction set (*e.g.*, Sempron, Athlon, Turion, Opteron, Celeron, Pentium, Xeon, etc.).

     4. For purposes of this document request, "FINANCIAL INDUCEMENT" means any payment, subsidy, rebate, discount (on MICROPROCESSORS or on any other INTEL product), Intel Inside funds, E-CAP (exceptions to corporate approved pricing), MDF, "meeting competition" or "meet comp" payments, "depo" payments, program monies, or any advertising or pricing support.

     5. For purposes of this document request, "COMPUTER SYSTEM" means any product that utilizes a MICROPROCESSOR including, without limitation, desktop computers, notebook computers, and workstations.

     6. For purposes of this document request, "COMPANY" refers to Skype Inc. and any of its controlled present or former subsidiaries, joint-ventures, affiliates, parents, assigns, predecessor or successor companies and divisions thereof. "INTEL" refers to Intel Corporation, Intel Kabushiki Kaisha, and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof. "AMD" refers to Advanced Micro Devices, Inc., AMD International Sales and Service Ltd., and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

     7. For purposes of this document request, "MDF" refers to market development funds.

**Instructions**

     1. The period, unless otherwise specified, covered by each request set forth below is from January 1, 2000 up to and including the present.

     2. In responding to each request set forth below, please set forth each request in full before each response.

3. If any DOCUMENT covered by these requests is withheld by reason of a claim of privilege, please furnish a list at the time the DOCUMENTS are produced identifying any such DOCUMENT for which the privilege is claimed, together with the following information with respect to any such DOCUMENT withheld: author, recipient; sender; indicated or blind copies; date; general subject matter; basis upon which privilege is claimed and the paragraph of these requests to which such DOCUMENT relates. For each DOCUMENT withheld under a claim that it constitutes or contains attorney work product, also state whether COMPANY asserts that the DOCUMENT was prepared in anticipation of litigation or for trial.

4. If COMPANY objects to a request in part, please state specifically which part of the request COMPANY objects to and produce all DOCUMENTS responsive to all other parts of the request.

5. With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including metadata.

6. Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all relevant metadata intact and in an appropriate and useable manner (*e.g.*, by copying such data onto a USB 2.0 external hard drive). Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed.

7. Please organize electronic DOCUMENTS produced for inspection in the same manner that the COMPANY stores them (*e.g.*, if maintained by a custodian, such as email residing on an email server, please organize DOCUMENTS for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

8. To the extent responsive DOCUMENTS reside on databases and other such systems and files, COMPANY shall either produce the relevant database in useable form and/or shall permit access for inspection, review, and extraction of responsive information.

9. At COMPANY's election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (*i.e.*, portable document format files with embedded text) and in an appropriate and useable manner (*e.g.*, by copying such data onto a USB 2.0 external hard drive).

## **DOCUMENTS TO BE PRODUCED**

1. All DOCUMENTS constituting, reflecting, or discussing internal discussions or other communications within COMPANY regarding the development, distribution, advertising, promotion, and/or marketing of software that enhances or optimizes performance when used with COMPUTER SYSTEMS containing INTEL MICROPROCESSORS or any other INTEL product.

2. All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings prepared comparing COMPUTER SYSTEMS with INTEL and AMD MICROPROCESSORS, whether from a quality, performance, technical, or other standpoint, in

connection with running software developed, distributed, advertised, promoted and/or marketed by COMPANY, or to be developed, distributed, advertised, promoted and/or marketed by COMPANY.

      3. All DOCUMENTS constituting, reflecting, or discussing the software programming that results in enhanced or optimized performance when the software developed, distributed, advertised, promoted and/or marketed by COMPANY is used with COMPUTER SYSTEMS containing INTEL MICROPROCESSORS or any other INTEL product.

      4. All DOCUMENTS constituting, reflecting, or discussing the technical feasibility of restricting performance enhancements in the software developed, distributed, advertised, promoted and/or marketed by COMPANY to COMPUTER SYSTEMS containing INTEL MICROPROCESSORS or any other INTEL product.

      5. All DOCUMENTS constituting, reflecting, or discussing any FINANCIAL INDUCEMENT offered by INTEL to COMPANY related to any exclusive arrangement, agreement, or understanding to develop, distribute, advertise, promote and/or market software to the exclusion of AMD and/or any other MICROPROCESSOR manufacturer, designer or developer.

      6. All DOCUMENTS constituting or reflecting analyses, summaries, reports, studies or other writings pertaining to any FINANCIAL INDUCEMENT (including but not limited to MDF) offered by INTEL in connection with the development, distribution, advertising, promotion, and/or marketing of software that enhances or optimizes performance when used with COMPUTER SYSTEMS containing INTEL MICROPROCESSORS or any other INTEL product.

      7. All DOCUMENTS constituting, reflecting, or discussing any non-financial inducement or non-cash benefit, perquisite or other consideration offered by INTEL to COMPANY related to the development, distribution, advertising, promotion, and/or marketing of software that enhances or optimizes performance when used with COMPUTER SYSTEMS containing INTEL MICROPROCESSORS or any other INTEL product.

      8. All DOCUMENTS constituting, reflecting, or discussing the actual or anticipated economic repercussions to COMPANY of not restricting performance enhancements in the software developed, distributed, advertised, promoted and/or marketed by COMPANY to COMPUTER SYSTEMS containing INTEL MICROPROCESSORS or any other INTEL product

      9. DOCUMENTS sufficient to show the steps taken by COMPANY to preserve documents with respect to this litigation or related litigation or proceedings, including, without limitation, all DOCUMENTS that constitute, reflect or discuss COMPANY's DOCUMENT retention policy or policies from January 1, 2000, to the present.

      10. All DOCUMENTS constituting, reflecting, or discussing the capability of COMPANY's technology, including but not limited to Skype 2.0 technology, for 10-person conference calls when running on INTEL MICROPROCESSORS and/or whether the

COMPANY's technology has the capability for 10-person conference calls when running using a MICROPROCESSOR manufactured by AMD or any other company other than INTEL.

11. All DOCUMENTS constituting, reflecting, or discussing steps taken to disable, hinder, impede, impair, or adversely effect the ability of any of COMPANY's technology, including but not limited to Skype 2.0 technology, to run using a MICROPROCESSOR manufactured by AMD or any other company other than INTEL.

12. All DOCUMENTS that constitute, reflect, or discuss any agreement between COMPANY and INTEL to make COMPANY's technology work better and/or provide more capabilities (including but not limited to the capability of accommodating more parties on a conference call), when running on an INTEL MICROPROCESSOR.

13. All DOCUMENTS that constitute, reflect, or discuss COMPANY's use of any "GET CPU ID" operation, or any similar operation, in order to identify the type of processor running any of COMPANY's technology, including but not limited to Skype 2.0 technology.

14. All DOCUMENTS that constitute, reflect, or discuss work performed by INTEL's engineers to configure, program, or adapt COMPANY's software to accept INTEL MICROPROCESSORS as the default MICROPROCESSOR for the 10-person conference calling feature using Skype 2.0.

15. All DOCUMENTS that constitute, reflect, or discuss performance testing conducted by COMPANY before releasing the 10-person conference calling feature using Skype 2.0 technology between running COMPANY's technology on an INTEL MICROPROCESSOR versus an AMD MICROPROCESSOR.

16. All DOCUMENTS that constitute, reflect, or discuss the duration of the limitation of the 10-person conference calling feature using Skype 2.0 technology to an INTEL MICROPROCESSOR.

LA2:791887.5

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and have sent by Hand Delivery to the following:

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899


and on March 1, 2006 have sent by Federal Express to the following non-registered participants:

| | |
|---|---|
| Darren B. Bernhard, Esquire | Robert E. Cooper, Esquire |
| Howrey LLP | Daniel S. Floyd, Esquire |
| 1299 Pennsylvania Avenue, N.W. | Gibson, Dunn & Crutcher LLP |
| Washington, DC 20004-2402 | 333 South Grand Avenue |
| | Los Angeles, California 90071-3197 |

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com

RLF1-2986293-1