IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> INTEL CORPORATION, a Delaware corporation and INTEL KABUSHIKI KAISHA, a Japanese corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-441-JJF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF SUBPOENA

TO:   Richard L. Horwitz, Esquire        Robert E. Cooper, Esquire
      Potter Anderson & Corroon LLP      Daniel S. Floyd, Esquire
      1313 North Market Street           Gibson, Dunn & Crutcher, LLP
      P. O. Box 951                      333 South Grand Avenue
      Wilmington, DE  19899              Los Angeles, CA 90071-3197

      Darren B. Bernhard, Esquire
      Howrey LLP
      1299 Pennsylvania Avenue, N.W.
      Washington, DC 20004-2402

PLEASE TAKE NOTICE that on April 13, 2006, the attached subpoena was served on Microsoft Corporation, c/o Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

RLF1-3002523-1

|  |  |
|---|---|
| Of Counsel:<br>Charles P. Diamond<br>Linda J. Smith<br>Mark A. Samuels<br>O'Melveny & Myers, LLP<br>1999 Avenue of the Stars<br>7th Floor<br>Los Angeles, CA 90067-6035<br>(310) 553-6700<br><br>Dated: April 13, 2006 | /s/<br>Jesse A. Finkelstein (#1090)<br>Frederick L. Cottrell, III (#2555)<br>Chad M. Shandler (#3796)<br>Steven J. Fineman (#4025)<br>Richards, Layton & Finger, P.A.<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, Delaware 19899<br>(302) 651-7700<br>Finkelstein@rlf.com<br>Cottrell@rlf.com<br>Shandler@rlf.com<br>Fineman@rlf.com<br>Attorneys for Plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. |

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Advanced Micro Devices, Inc., and
AMD International Sales & Services, Ltd.

v.

Intel Corporation and Intel Kabushiki Kaisha

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]    05-441-JJF
United States District Court, District of Delaware

TO:  Microsoft Corporation
     One Microsoft Way
     Redmond, Washington 98052-6399

c/o: Corporation Service Company
     2711 Centerville Road Suite 400
     Wilmington, Delaware 19808

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Attached Schedule A**

| PLACE | DATE AND TIME |
|---|---|
| Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801 | May 15, 2006<br>5:00 p.m. (Pacific Standard Time) |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney For Plaintiffs | April 13, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Chad M. Shandler    Phone: (302) 651-7836
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                SIGNATURE OF SERVER

                                                         _____
                                                         ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# EXHIBIT A

## SCHEDULE A

**DEFINITIONS**

     1. For purposes of this document request, "DOCUMENT" includes, without limitation, any hard copy writings and documents as well as electronically stored data-files including email, instant messaging, shared network files, and databases created, accessed, modified or dated on or after January 1, 2000.

     2. With respect to electronically stored data, "DOCUMENT" also includes, without limitation, any data on magnetic or optical storage media (*e.g.*, servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

     3. For purposes of this document request, "MICROPROCESSOR" means general purpose microprocessors using the x86 instruction set (*e.g.*, Sempron, Athlon, Turion, Opteron, Celeron, Pentium, and Xeon).

     4. For purposes of this document request, "64-BIT MICROPROCESSOR" means any MICROPROCESSOR that uses x86 instructions for the 64-bit architecture, including, but not limited to, any AMD 64-BIT MICROPROCESSORS (*e.g.*, Opteron, Athlon 64, Turion 64), any INTEL MICROPROCESSORS using the EM64T extended instruction set and any INTEL MICROPROCESSORS using x86 instructions from any other 64-bit instruction set.

     5. For purposes of this document request, the terms "COMPANY" and "MICROSOFT" refer to Microsoft Corporation and any of its controlled present or former subsidiaries, joint-ventures, affiliates, parents, assigns, predecessor or successor companies and divisions thereof. "INTEL" refers to Intel Corporation, Intel Kabushiki Kaisha, and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof. "AMD" refers to Advanced Micro Devices, Inc., AMD International Sales and Service Ltd., and any of their present or former subsidiaries, affiliates, parents, assigns, predecessor or successor companies and divisions thereof.

     6. For purposes of this document request, "STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES" refers to (a) standards, specifications, protocols or software relating to Microsoft's Palladium, Trustworthy Computing initiatives, Trusted Network Connect (TNC), Network Access Protection (NAP) or Next-Generation Secure Computing Base (NGSCB); (b) standards, specifications, protocols or software relating to Intel's LaGrande technology or AMD's Presidio technology; (c) standards, specifications, protocols or software relating to the Trusted Platform Module or Secure Startup; or (d) standards, specifications, protocols or software considered, discussed or developed by or through the Trusted Computing Platform Alliance (TCPA), Trusted Computing Group (TCG), Peripheral Component Interface Special Interest Group (PCI SIG), Universal Serial Bus (USB) Implementers Forum or IEEE.

## INSTRUCTIONS

    1. The time period, unless otherwise specified, covered by each request set forth below is from January 1, 2000 up to and including the present.

    2. In responding to each request set forth below, please set forth each request in full before each response.

    3. If any DOCUMENT covered by these requests is withheld by reason of a claim of privilege, please furnish a list at the time the DOCUMENTS are produced identifying any such DOCUMENT for which the privilege is claimed, together with the following information with respect to any such DOCUMENT withheld: author; recipient; sender; indicated or blind copies; date; general subject matter; basis upon which privilege is claimed and the paragraph of these requests to which such DOCUMENT relates. For each DOCUMENT withheld under a claim that it constitutes or contains attorney work product, also state whether COMPANY asserts that the DOCUMENT was prepared in anticipation of litigation or for trial.

    4. If COMPANY objects to a request in part, please state specifically which part of the request COMPANY objects to and produce all DOCUMENTS responsive to all other parts of the request.

    5. With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

    6. Please produce all DOCUMENTS maintained or stored electronically in native, electronic format with all relevant metadata intact and in an appropriate and useable manner (e.g., by copying such data onto a USB 2.0 external hard drive). Encrypted or password-protected DOCUMENTS should be produced in a form permitting them to be reviewed.

    7. Please organize electronic DOCUMENTS produced for inspection in the same manner that the COMPANY stores them (e.g., if maintained by a custodian, such as email residing on an email server, please organize DOCUMENTS for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize DOCUMENTS for production by custodian with path information preserved, etc.).

    8. To the extent responsive DOCUMENTS reside on databases and other such systems and files, COMPANY shall either produce the relevant database in useable form and/or shall permit access for inspection, review, and extraction of responsive information.

    9. At COMPANY'S election, DOCUMENTS maintained or stored in paper, hard-copy form can be produced as searchable .PDF (i.e., portable document format files with embedded text) and in an appropriate and useable manner (e.g., by copying such data onto a USB 2.0 external hard drive).

## DOCUMENTS TO BE PRODUCED

     1. DOCUMENTS reflecting or discussing: (a) MICROSOFT'S decision to develop software for AMD's or INTEL'S 64-BIT MICROPROCESSORS; (b) MICROSOFT'S development of software for those MICROPROCESSORS; and (c) the timing and schedule for development and release of such software.

     2. DOCUMENTS constituting or reflecting communications with AMD or INTEL concerning: (a) MICROSOFT'S decision to develop software for AMD's or INTEL'S 64-BIT MICROPROCESSORS; (b) MICROSOFT'S development of software for those MICROPROCESSORS; and (c) the timing and schedule for development and release of such software.

     3. DOCUMENTS constituting or reflecting internal discussions or other communications within MICROSOFT concerning: (a) MICROSOFT'S decision to develop software for AMD's or INTEL'S 64-BIT MICROPROCESSORS; (b) MICROSOFT'S development of software for those MICROPROCESSORS; and (c) the timing and schedule for development and release of such software.

     4. DOCUMENTS reflecting or discussing: (1) the design, development or implementation of STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES; (2) intellectual property rights of MICROSOFT, INTEL or AMD relating to STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES; (3) licensing of STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES, or any intellectual property rights related thereto, by MICROSOFT, INTEL or AMD and the terms of such licenses; or (4) INTEL'S or AMD's participation in or exclusion from efforts to design, develop or implement STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES.

     5. DOCUMENTS constituting or reflecting communications with AMD or INTEL concerning: (1) the design, development or implementation of STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES; (2) intellectual property rights of MICROSOFT, INTEL or AMD relating to STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES; (3) licensing of STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES, or any intellectual property rights related thereto, by MICROSOFT, INTEL or AMD and the terms of such licenses; or (4) INTEL'S or AMD's participation in or exclusion from efforts to design, develop or implement STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES.

     6. DOCUMENTS constituting or reflecting internal discussions or other communications within MICROSOFT concerning: (1) the design, development or implementation of STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES; (2) intellectual property rights of MICROSOFT, INTEL or AMD

relating to STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES; (3) licensing of STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES, or any intellectual property rights related thereto, by MICROSOFT, INTEL or AMD and the terms of such licenses; or (4) INTEL'S or AMD's participation in or exclusion from efforts to design, develop or implement STANDARDS, SPECIFICATIONS, PROTOCOLS OR SOFTWARE FOR SECURE INPUT OR OUTPUT INTERFACES.

7. DOCUMENTS reflecting or discussing: (a) MICROSOFT'S actual or perceived collaboration with or support of AMD relating to advertisement or promotion of AMD, AMD MICROPROCESSORS and/or computer systems containing AMD MICROPROCESSORS; (b) MICROSOFT'S actual or planned participation in and support of any AMD product launch or promotion; or (c) INTEL'S reaction or response to MICROSOFT'S actual or perceived collaboration with or support of AMD relating to advertisement or promotion of AMD, AMD MICROPROCESSORS and/or computer systems containing AMD MICROPROCESSORS or MICROSOFT'S actual or planned participation in and support of any AMD product launch or promotion.

8. DOCUMENTS constituting or reflecting communications with AMD or INTEL concerning: (a) MICROSOFT'S actual or perceived collaboration with or support of AMD relating to advertisement or promotion of AMD, AMD MICROPROCESSORS and/or computer systems containing AMD MICROPROCESSORS; (b) MICROSOFT'S actual or planned participation in and support of any AMD product launch or promotion; or (c) INTEL'S reaction or response to MICROSOFT'S actual or perceived collaboration with or support of AMD relating to advertisement or promotion of AMD, AMD MICROPROCESSORS and/or computer systems containing AMD MICROPROCESSORS or MICROSOFT'S actual or planned participation in and support of any AMD product launch or promotion.

9. DOCUMENTS constituting or reflecting internal discussions or other communications within MICROSOFT concerning: (a) MICROSOFT'S actual or perceived collaboration with or support of AMD relating to advertisement or promotion of AMD, AMD MICROPROCESSORS and/or computer systems containing AMD MICROPROCESSORS; (b) MICROSOFT'S actual or planned participation in and support of any AMD product launch or promotion; or (c) INTEL'S reaction or response to MICROSOFT'S actual or perceived collaboration with or support of AMD relating to advertisement or promotion of AMD, AMD MICROPROCESSORS and/or computer systems containing AMD MICROPROCESSORS or MICROSOFT'S actual or planned participation in and support of any AMD product launch or promotion.

10. DOCUMENTS constituting or reflecting internal discussions or other communications within MICROSOFT or communications with any third party concerning the capitalization, financing, valuation or financial viability of AMD.

11. DOCUMENTS authored by or on behalf of MICROSOFT constituting or reflecting assessments, evaluations, analyses, summaries, reports, studies or other writings (a) concerning the capitalization, financing, valuation or financial viability of AMD, or (b) comparing INTEL and AMD MICROPROCESSORS from a price, quality, performance or other standpoint.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and have sent by Hand Delivery to the following:

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

and on April 13, 2006 have sent by Federal Express to the following non-registered participants:

| | |
|---|---|
| Darren B. Bernhard, Esquire<br>Howrey LLP<br>1299 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2402 | Robert E. Cooper, Esquire<br>Daniel S. Floyd, Esquire<br>Gibson, Dunn & Crutcher LLP<br>333 South Grand Avenue<br>Los Angeles, California 90071-3197 |

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com