IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. and<br>AMD INTERNATIONAL SALES & SERVICE,<br>LTD., <br><br>          Plaintiffs,<br><br>     v.<br><br>INTEL CORPORATION and<br>INTEL KABUSHIKI KAISHA,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C. A. No. 05-441 (JJF)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| IN RE:<br><br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | )<br>)<br>) MDL Docket No. 05-1717 (JJF)<br>)<br>) |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>INTEL CORPORATION,<br><br>          Defendant. | )<br>) C.A. No. 05-485-JJF<br>)<br>) CONSOLIDATED ACTION<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMD'S FOREIGN COMMERCE CLAIMS FOR LACK OF SUBJECT MATTER JURISDICTION AND STANDING**

Upon consideration of all papers submitted on the Motion of Defendants Intel Corporation and Intel Kabushiki Kaisha (collectively "Intel") to dismiss the foreign commerce claims of plaintiffs Advanced Micro Devices, Inc., and AMD International Sales and Service, Ltd. (collectively "AMD") for lack of subject matter jurisdiction and standing pursuant to the Foreign Trade Antitrust Improvements Act of 1982, 15 U.S.C.

§ 6a (2004) (hereinafter "FTAIA"), it is hereby ORDERED, that the aforesaid motion is GRANTED.

AMD's Complaint seeks damages and injunctive relief under the U.S. antitrust laws for claims based on alleged Intel business practices relating to the sale of microprocessors in foreign countries, claims the FTAIA places outside the reach of federal jurisdiction. While the FTAIA permits AMD to seek relief in this action for injury to its business or property from the alleged direct anticompetitive effects of Intel's conduct on domestic U.S. commerce, it may not pursue claims of injury arising out of conduct in foreign commerce that directly causes only foreign effects.[1] Pursuit of such claims would require the regulation of the economies of foreign nations.

In particular, the Court dismisses all claims that are based on alleged lost sales of AMD's German-made microprocessors to foreign customers, including:

- Paragraphs 40-44, 54, 57, 74, which all relate to the Japan OEMs (Sony, Toshiba, NEC, Fujitsu and Hitachi), and are the very same claims and allegations AMD raises in its lawsuits in Japan.

- Paragraphs 55, 56, 65, 75, 81, which relate to alleged interference with AMD's sales to European OEMs (Fujitsu-Siemens, NECCI and other unnamed European OEMs).

- Paragraphs 81, 83, 86, which relate to alleged interference with the launch of an AMD-based system by foreign OEMs or sales to these OEMs (Lenovo, NECCI, MSI, Atipa, Solectron and Fujitsu-Siemens).

- Paragraphs 89, 93, 94, which relate to alleged interference with foreign distributors' sales in foreign countries (Ingram Micro in China, R.I.C. in Germany, Paradigit and Quote Component in the Netherlands, Supercom in Canada).

---

[1] This Order does not dismiss AMD's claims that concern alleged lost import sales of AMD's German-manufactured chips into the U.S., or microprocessors that AMD produced in the U.S. prior to shifting its manufacturing to Germany.

- Paragraphs 100, 101, which relate to interference with sales to retailers in Europe (Media Markt and Aldi in Germany, DSG, Toys 'R' US and Time Computer in England, Conforma and Boulanger in France).

- Paragraph 106, which alleges interference with the German retail chain Vobis hanging a banner advertising AMD products at the CeBit trade show in Hanover, Germany.

SO ORDERED, this ___ day of _____ 2006.

_____
United States District Court Judge