Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

OFFICIAL BUSINESS

NSS

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 MAY -5 PM 3:05

WILMINGTON DE 197
28 APR 2006 PM 3

Vernon R. Proctor
The Bayard Firm
222 Delaware Avenue, Suite 900
P.O. Box 25130

NIXIE          250      1     34   05/02/06

                    RETURN TO SENDER
                    NO SUCH STREET
                    UNABLE TO FORWARD

BC: 19899001818        *1727-13712-28-38

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC., a : | | |
| Delaware corporation, and AMD : | | |
| INTERNATIONAL SALES & SERVICE : | | |
| LTD, a Delaware corporation, : | | |
| : | | |
| Plaintiffs, : | | |
| : | | |
| v. | : | Civil Action No. 05-441-JJF |
| : | | |
| INTEL CORPORATION, a Delaware : | | |
| corporation, and INTEL : | | |
| KABUSHIKI KAISHA, a Japanese : | | |
| corporation, : | | |
| : | | |
| Defendants. : | | |

## ORDER APPOINTING SPECIAL MASTER

WHEREAS, by Order dated September 15, 2004, the Court
established a Special Master Panel; and

WHEREAS, consistent with the requirements expressed in
the referenced Order, the Court concludes that the appointment of
a Special Master is warranted in the above-captioned case;

NOW THEREFORE, this $\frac{27}{}$ day of April, 2006, it is
HEREBY ORDERED that:

1.     Vincent Poppiti is appointed as Special Master.

2.     As required by Rule 53(b)(2), the Special Master
shall proceed with all reasonable diligence and, as provided by
Rule 53 (c), shall have the authority to regulate all proceedings
and take all measures necessary to manage electronic discovery
production and allegations of intentional spoilation in the
context of said production.

3.    The Special Master shall, after consulting with
the parties, establish procedures for the handling of discovery
disputes. The Special Master shall have the duty and authority to
require the submission of reports, call conferences, and hold
hearings in order to determine the status of discovery, to issue
orders requiring the parties to adhere to discovery and case
management dates set by the Court. He shall hear, resolve and
make rulings on all disputes regarding discovery and, when
appropriate, enter orders setting forth his rulings.

4.    Except as otherwise ordered by the Special Master,
the filing, service and hearing of discovery-related motions
shall be governed by the Rules of this Court.

5.    The Special Master shall hear matters promptly and
at such times as may be convenient, at the discretion of the
Special Master. All hearings and conferences before the Special
Master shall be held in the J. Caleb Boggs Federal Building or at
an alternate location approved by the Special Master. The party
presenting a motion shall arrange for a court reporter to
transcribe the proceeding. A copy of the transcript shall be
provided to the Special Master, if requested. The parties shall
equally bear the costs of the court reporter and transcript
provided to the Special Master.

6.    The Special Master shall not communicate ex parte
with a party without a consent of all of the parties.

2

7.    The Special Master shall preserve all materials received or issued in connection with any dispute regarding discovery. He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that he shall file any orders entered setting forth his rulings and any opinions prepared supporting his rulings.

8.    The Special Master may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order. The Special Master and those persons him shall preserve and protect the confidentiality of all such information.

9.    The Special Master shall be compensated for his services at his usual hourly rate. Others assisting the Special Master shall be compensated at their usual hourly rates. The Special Master shall send statements for services and expenses directly to counsel for the parties on a monthly basis, and shall receive payment directly from counsel for the parties in a timely fashion. The compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally be the parties. In this regard, if in the Special Master's opinion, a party engages in behavior that hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special

3

Master's compensation, costs and expenses.  Any objections or

disputes regarding compensation and/or expenses of the Special

Master shall be presented to the Court in a timely application.

JOSEPH J. FARNAN, JR.
United States District Judge

4