IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>    Plaintiffs,<br><br> v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>    Defendants. | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself And all others similarly situated,<br><br>    Plaintiffs<br><br> v.<br><br>INTEL CORPORATION,<br><br>    Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

## CASE MANAGEMENT ORDER NO. 1

RLF1-3014281-1

This Court having held Initial Conferences on April 20 and May 4, 2006 and the parties having satisfied their obligations under Fed. R. Civ. 26(f), and, pursuant to this Court's Order, submitted a proposed Case Management Order that governs all cases in MDL 1717,

IT IS HEREBY ORDERED THAT:

1.  **Pre-Discovery Disclosures.** Pursuant to the Stipulation and Order regarding Initial Disclosures, entered August 26, 2005, the parties in C.A. No. 05-441 have exchanged information under Fed. R. Civ. P. 26(a)(1)(A) and D. Del. LR 16.2. The parties to the consolidated class actions in MDL 1717 will make their respective Rule 26(a)(1)(A) disclosures by May 31, 2006. All MDL 1717 parties have agreed to modify the disclosure requirements of Fed. R. Civ. P. 26(a)(1)(B).

2.  **Filings.** All pleadings, motions and other papers filed in C.A. No 05-441 should also be filed in MDL No. 1717. All pleadings, motions and other papers filed in the coordinated class actions shall be filed in both MDL No. 1717 and C.A. No. 05-485.

3.  **Subject Matter Jurisdiction.** Intel's motion and opening brief relating to the Court's subject matter jurisdiction under the Foreign Trade Antitrust Improvements Act was filed on May 2, 2006. Intel and AMD have submitted a Stipulation regarding the briefing schedule. The Court will schedule a hearing on Intel's motion if the Court determines such a hearing is necessary.

4.  **Consolidated Class Action Complaint.** Intel's response to any Consolidated Class Action Complaint is due 60 days after either the Court determines that the Consolidated Class Action Complaint (filed April 28, 2006) is the operative pleading or an Amended Consolidated Class Action Complaint is filed and served.

5. **Discovery.**

   a) Discovery in MDL 1717 common to both C.A. No. 05-441 and the consolidated class actions shall be coordinated to the maximum extent practicable to promote efficiency and eliminate any duplication.

   b) The parties, with Court approval, have implemented a process to obtain third party input on a Proposed Protective Order, and the Proposed Protective Order, as well as the positions of the Parties and third parties, will be provided to the Court on or before May 31, 2006.

   c) Documents required to be produced under Rule 34 requests propounded as of the date of this order or under any additional Rule 34 requests served by May 31, 2006, shall be exchanged by the parties on or before December 31, 2006. The Court will entertain one agreed-upon, reasonable extension of this deadline.

   d) Document production shall be governed by the Stipulation And Proposed Order Regarding Document Production and the Stipulation Between AMD And Intel Regarding Electronic Discovery And Format Of Document Production. Before they are effective, these Stipulations require that both Interim Class Counsel and Lead Class Counsel in the California Class Action subscribe. Accordingly, the parties shall report on the status of Class Counsel's consent on or before May 31, 2006, at which time the Court will either enter the proposed orders if Class Counsel have consented, or schedule a further conference to establish ground rules for document production and e-discovery.

   e) Prior to or shortly after the deadline for completing document production under subparagraph (c), Intel, AMD and class plaintiffs may depose the document custodian or custodians responsible for the

RLF1-3014281-1

        productions to them to inquire into the completeness of document production (including electronic discovery).

f)    The parties agree that the ten deposition limit of Fed. R. Civ. P. 30 should not apply to this case. The parties are directed to meet and confer concerning the number, time limits and timing of depositions.

g)    All parties will coordinate third-party discovery to the maximum extent possible to minimize the burden on third parties. Except for those requiring use of the Hague Convention, letters rogatory or similar process, all subpoenas *duces tecum* to corporate third parties requiring a comprehensive production of their relevant documents will be served on or before June 15, 2006.

6. **Class Certification.** Class and merits discovery shall proceed simultaneously in accordance with this Order and the other Stipulations and Orders referred to herein. Intel and Interim Class Counsel agree to the following target dates:

| | |
|---|---|
| Plaintiffs' Class Certification Motion, Supporting Memorandum of Law and Class Expert Report | March 16, 2007 |
| Intel's Opposition and Rebuttal Class Expert Report | May 18, 2007 |
| Plaintiffs' Class Expert Reply Report | July 11, 2007 |
| Plaintiffs' Reply Brief | July 18, 2007 |
| Class Certification Hearing | July 25, 2007 |

Intel notes that the achievability of these target dates is dependent on the timing of the production of third party data and testimony that Intel believes is essential to its class certification defense.

7. **Federal/State Coordination.** In addition to this MDL proceeding, there is California Class Litigation which encompasses all actions filed by or on behalf of a putative California class of indirect purchasers of Intel microprocessors, including certain actions which

4

RLF1-3014281-1

have been or will be transferred to the Honorable Jack Komar of the Santa Clara County Superior Court by the Judicial Council for the State of California under JCCP 4443. Discovery and other pretrial matters in this MDL proceeding and the California Class Litigation shall be coordinated in accordance with any Joint Coordination Order upon entry of such Order by the California Court and this Court.

8. **Discovery Disputes.** This Court has entered an Order Appointing a Special Master and all discovery disputes shall be handled in accordance with that Order and such procedures established by the Special Master or this Court.

9. **Applications by Motion.**

    a) Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

    b) No facsimile transmissions will be accepted.

    c) No telephone calls shall be made to Chambers.

    d) Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

10. **Service of Pleadings Filed Under Seal.** Pleadings filed under seal shall be served by email or by overnight delivery on the following attorneys:

    Class Plaintiffs:    Interim Class Counsel and Interim Liaison Counsel

AMD:  Charles P. Diamond, Mark A. Samuels and Frederick L. Cottrell

Intel:  Richard Horwitz, Darren Bernhard, Richard Ripley, Daniel Floyd

**11.** **Settlement.** If at any time the parties are interested in exploring a resolution of this case short of trial, they may contact Magistrate Judge Thynge.

**12.** **Scheduling Conference and Trial.** The Court will hold a Scheduling Conference on September ___, 2006 to set a trial date in C.A. No. 05-441 and to deal with other matters as may be appropriate.

_____  
DATE

_____  
UNITED STATES DISTRICT JUDGE