## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>                Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>                Defendants. | Civil Action No. 05-441-JJF |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 1717-JJF |
| PHIL PAUL, on behalf of himself and all other similarly situated,<br><br>                Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION,<br><br>                Defendant. | |

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 1550(b))<br><br>INTEL X86 MICROPROCESSOR CASES | J.C.C.P. No. 4443 |

### THIRD PARTY HEWLETT-PACKARD'S OBJECTIONS TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER

On May 1, 2006, Plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Inc. (collectively, "AMD") and Defendants Intel Corporation and Intel Kabushiki Kaisha (collectively, "Intel") submitted their Stipulated Confidentiality Agreement and Proposed Protective Order ("Proposed Protective Order") to Hewlett-Packard Company ("HP") and other Third Parties for review and comment. HP hereby submits its objections to the Proposed Protective Order.

### DEFINITIONS

All terms and definitions herein correspond to, and are intended to be used in the same manner as, the terms and definitions provided in the Proposed Protective Order.

### OBJECTIONS

1. **Objection to Paragraph "R" and "S" related to Confidential Discovery Material**

Paragraph R lists categories of information that qualify as "Confidential Discovery Material." HP suggests the addition of another category to include any materials or information subject to a Producing Party's non-disclosure agreement or other contractual obligation. Paragraph S provides that a Producing Party must meet a heightened standard to maintain documents as confidential if those documents were dated or prepared more than 24 months prior to a Designation Request. HP suggests that the period be extended to 36 months before a Producing Party needs to meet the heightened standard.

   (a) **Basis for objection**

Despite its comprehensiveness, Paragraph R could be interpreted to exclude certain materials that are subject to a Producing Party's non-disclosure agreement or other contractual

2

obligation to another individual or entity. HP proposes that a provision be added to Paragraph R to include this type of material to the extent it is not otherwise covered by other categories within Paragraph R.

Paragraph S requires a Producing Party to meet a heightened standard – that disclosure "would cause serious and specific harm" – to designate documents more than 24 months old as confidential. Many of the documents contain highly sensitive information. Moreover, many of the documents – particularly, technical documents – contain information still pertinent to HP's current business operations despite being more than 24 months old. Because the information at issue is highly sensitive and not likely to be outdated in only 24 months, HP believes that an extended period of 36 months is appropriate before a Producing Party should need to meet the heightened standard.

   **(b)**    **Proposed alternative language**

HP proposes the following alternative language:

- <u>Paragraph R</u> [inserted after current Paragraph R(15) and before current Paragraph R(16)]: "To the extent not otherwise covered by this paragraph, any information subject to a Producing Party's non-disclosure agreement or other contractual obligation not to disclose."

- <u>Paragraph S</u> [replace "24" with "36" in third line]: "dated or prepared more than *36* months prior to a Designation Request . . . ."

  **2.**    **Objection to Paragraph 4**

Paragraph 4 provides for the manner of designating documents or other Discovery Material as "confidential." With respect to electronic material, Paragraph 4 provides that "[e]lectronic or native documents or data shall be similarly marked where practicable, and where not practicable, written notification by a Producing Party that it is producing Discovery Material as Confidential Discovery Material shall suffice to require Confidential treatment." Based on its

3

discussions with the Parties related to the production of documents in native format, HP objects to the manner of production and designation of certain native format documents.

    (a)    **Basis for objection**

HP has discussed with the Parties the possibility of producing electronic documents in their original or "native" format. In other words, rather than converting a document to an image format, HP would produce the document in the format in which it was originally created such as Microsoft Word, Excel, and the like. Although native format production is more convenient for the Parties, it is technologically impractical to affix a number or legend at the bottom of a native format document. As a result, HP proposes that the Proposed Protective Order be modified to allow for production of native format documents into an electronic document repository for each Party. Each Party would be able to review documents in its individual repository, but documents designated as confidential could not be printed or copied from the repository unless they were individually labeled with the appropriate confidentiality designation. This provision would protect against inadvertent disclosure of confidential documents not bearing a confidentiality legend via email, printing, or other electronic copy.

    (b)    **Proposed alternative language**

HP proposes the following alternative language:

- Paragraph 4: [Retain current Paragraph 4, adding at its end the following] "Where documents constituting Confidential Discovery Material are produced in native format, and affixing the CONFIDENTIAL notation to each document is therefore impractical, a Receiving Party may access and review such documents only in that Party's electronic document repository. A Receiving Party shall not print, remove, or copy such documents from the electronic document repository without affixing the CONFIDENTIAL notation to each page of each electronic and paper copy printed, removed, or created."

### 3. Objection to Paragraphs 6(b), 10, and 11 related to "Experts/Consultants"

Paragraph 6(b) provides that Confidential Discovery Material may be disclosed to experts and consultants "subject to the provisions and limitations set forth in Paragraph 10 herein." Paragraph 10 provides, *inter alia*, that a witness, after being informed of the Protective Order and the confidential nature of the information at issue, shall agree to abide by the terms of the Protective Order. Paragraph 11 describes the manner in which an expert shall treat Confidential Discovery Material and protect its confidentiality. HP objects to the omission of a requirement that the Parties disclose the identity of a proposed expert before granting that expert access to Confidential Discovery Material. In addition, HP objects to the omission of a procedure by which HP or other Third Parties can object to experts' access to Confidential Discovery Material.

#### (a) Basis for objection

The materials subject to disclosure in this case implicate the top levels of HP management and some of the most highly confidential strategic and technical information within HP's global organization. Because of the sensitive business, strategic, and technical nature of the information at issue, the Proposed Protective Order does not adequately protect HP from prejudicial disclosures to experts. HP requests that the Proposed Protective Order be amended to allow for (1) the disclosure of the identity of proposed experts to Third Parties before the experts' access to any Confidential Discovery Material; (2) a procedure by which Third Parties can object to experts' access to Confidential Discovery Material; (3) a provision prohibiting any expert who is granted access to a Third Party's Confidential Discovery Material from undertaking any representation or employment or performing any services for an individual or entity that could reasonably be construed as a competitor to a Third Party for one year after the close of the AMD litigation, Japan Litigation, or Class Litigation, whichever is later; and (4) a

provision requiring that, after the end of the one-year prohibition on employment, any expert who had been granted access to a Third-Party's Confidential Discovery Material must obtain prior written consent from that Third Party before undertaking any representation or employment or performing any services for an individual or entity, if such services or performance could (a) give rise to a conflict of interest on the part of the expert vis-à-vis the Third Party or (b) reasonably be construed as adverse to that Third Party's business and/or legal interests.

In view of the contemplated early disclosure of experts to Third Parties, the Third Parties would agree to keep such disclosure confidential and not share the identity of the expert or consultant with any Party. Because HP is not a Party to this litigation, the early, confidential disclosure of experts to HP would not prejudice any Party. Rather, such disclosure would serve solely to protect HP against future adverse parties' potential use of disclosures to HP's detriment.

    (b)    **Proposed alternative language**

HP proposes the following alternative language:

- Paragraph 6(b): "Experts/Consultants, subject to the provisions and limitations set forth in [New Paragraph (*)] and Paragraph 11."

- [New Paragraph (*) inserted between current Paragraphs 10 and 11]: "Before any Confidential Discovery Material may be disclosed or otherwise provided, directly or indirectly, to an Expert/Consultant (or Japan Expert/Consultant), the party retaining such person shall disclose in writing to Third Parties the identity of the Expert/Consultant and provide a copy of the expert's curriculum vitae. Upon receipt of that disclosure, a Third Party shall have ten (10) days to file an objection with the Court related to the Expert/Consultant's access to Confidential Discovery Material. No expert shall be granted access to any Confidential Discovery Material until the end of the ten (10) day period or, in the case of an objection, until the Court's resolution

of that objection. In the event of no objection or an overruled objection, a proposed Expert/Consultant shall be granted access to Confidential Discovery Material subject to all other limitations and provisions within the Protective Order. Regardless of an objection or lack thereof, Third Parties shall not disclose, directly or indirectly, the proposed Expert/Consultant's identity to any Party. Similarly, regardless of an objection or lack thereof, any Expert/Consultant who obtains access to a Third Party's Confidential Discovery Material shall be prohibited from undertaking any representation or employment or performing any services for any individual or entity that could be reasonably construed as a competitor to the Third Party for one year from the close of the AMD Litigation, Japan Litigation, or Class Litigation, whichever is later. After expiration of the one-year prohibition on performance of services, any Expert/Consultant who previously obtained access to a Third Party's Confidential Discovery Material shall obtain prior written consent from that Third Party before undertaking any representation or employment or performing any services for an individual or entity, if such services or performance could (a) give rise to a conflict of interest on the part of the expert vis-à-vis the Third Party or (b) reasonably be construed as adverse to that Third Party's business and/or legal interests."

- Paragraph 11: "After the resolution of any objections to Experts/Consultants, as provided in Paragraph (*), but before any . . . . [insert Paragraph 11 as currently written]."

### 4. Objection to Paragraph 6(c)

Paragraph 6(c) allows two In-House Litigation Counsel, after having been identified to the Opposing Party, to access Confidential Discovery Material. HP objects to the failure to require prior identification of the In-House Litigation Counsel to Third Parties and the failure to provide a procedure by which HP and other Third Parties can object to certain In-House Litigation Counsels' access to Confidential Discovery Material.

7

### (a) Basis for objection

HP or other Third Parties may have had prior dealings with attorneys whom the Third Parties at the time believed were in-house business attorneys, but whom may now be designated by a Party as In-House Litigation Counsel. Because such designation would materially affect any future dealings between a Third Party and a Party (and/or dealings between their respective attorneys), prior notice of the identity of the In-House Litigation Counsel protects fair dealing and the Third Parties' important business interests. More specifically, prior notice would allow the Third Party to know which in-house attorneys viewed its confidential material before conducting any future business. Because of these concerns and the sensitive nature of the Confidential Discovery Material, the Proposed Protective Order should give HP and other Third Parties prior notice of the In-House Litigation Counsel who may be given access to such material. In addition, Third Parties should be given an opportunity to object to such access in appropriate cases.

### (b) Proposed alternative language

HP proposes the following alternative language:

- Paragraph 6(c): "Two In-House Litigation Counsel, provided that the Party gives prior notice to the Opposing Party and Third Parties of the identity of the In-House Litigation Counsel. Upon notice of the In-House Litigation Counsel, a Third Party may within ten (10) days file an objection with the Court, stating its reasons why such counsel should not be permitted access to Confidential Discovery Material. No In House Counsel shall be granted access to Confidential Discovery Material prior to the end of the ten (10) day period or, in the case of an objection, until the Court's resolution of that objection."

### 5. Objection to Paragraphs 6(f) and 6(g)

Paragraph 6(f) allows access to Confidential Discovery Material by the Producing Party's employee, director, agent, or Rule 30(b)(6) designee. In addition, Paragraph 6(f) allows access to Confidential Discovery Material by any former employee of the Producing Party whom "the Receiving Party's Outside Counsel *reasonably and in good faith believes* to have received the information or document, or to have become familiar with its contents in the ordinary course of his or her business duties . . . ." (emphasis added). HP objects to the procedure for granting access to Confidential Discovery Material by former employees and to the "reasonably and in good faith" standard.

Paragraph 6(g) similarly allows access to Confidential Discovery Material by a document's "author . . . as well as addressees, copyees *or other persons whom the Receiving Party's Outside Counsel reasonably and in good faith believes* to have received the information or document, or to have become familiar with its contents in the ordinary course of his or her business duties . . . ." (emphasis added). HP objects to the procedure for granting access to Confidential Discovery Material to "other persons" and to the "reasonably and in good faith" standard.

#### (a) Basis for objection

Both Paragraphs 6(f) and 6(g) allow Outside Counsel to disclose Confidential Discovery Material to former employees or other persons based on, *inter alia*, a good faith belief that those persons became familiar with the information. This provision does not adequately protect HP from potentially damaging disclosures and fails to provide any procedure by which a Third Party can object to such disclosure. The potential for prejudice in this regard is substantial, particularly when considering the highly sensitive information that will be disclosed by Third

9

Parties. For example, consider a former HP employee who left HP to take a position with an HP competitor. In the course of discovery in these cases, Outside Counsel for a Party could discover confidential documents authored solely by high-level HP personnel. If Outside Counsel reasonably believes that the former employee became familiar with that confidential information simply because of his previous position, even though nothing on the face of the documents linked him to the document or confidential information, Outside Counsel has the right to provide the confidential information to the former employee. Therefore, under the current Proposed Protective Order, the result would be that the former employee who never was privy to certain confidential discussions while at HP, now would have access to confidential material while employed by an HP competitor. As HP can point to multiple former employees who now work for competitors, the above example – and the threat for prejudice it poses – is real.

Because of the danger of prejudicial disclosure to former employees and other persons, the Protective Order should limit disclosure of Confidential Discovery Material to persons who authored, or appear on the face of, the document. If Outside Counsel believes that persons other than those appearing on the face of the document received the confidential information, they may wish to question those persons with Confidential Discovery Material. In such case, Outside Counsel's Party should bear the initial burden of notifying the appropriate Producing Party of the intent to disclose. Upon notice, the Producing Party would have a reasonable time thereafter to file objections to the disclosure of Confidential Discovery Material to the former employee or other person with the Court. Although HP acknowledges that it bears the ultimate burden of showing the need for non-disclosure, HP should be afforded the opportunity to meet that burden in appropriate cases. Such an amendment preserves the right of Outside Counsel to question appropriate individuals while allowing Third Parties to avoid substantial harm by the inadvertent

disclosure of information to persons whom never had access to it. Because the current Proposed Protective Order fails to strike that necessary balance, HP requests that it be amended..

**(b)    Proposed alternative language**

HP proposes the following alternative language:

- <u>Paragraph 6(f)</u>: "During the deposition of any current employee, director, agent or Rule 30(b)(6) designee of the Producing Party, an Opposing Party may show the Producing Party's witness any document produced by the Producing Party consistent with the provisions of paragraph 10."

- <u>Paragraph 6(g)</u>: "The author of a document containing Confidential Discovery Material or of the original source of the information, as well as addressees or copyees appearing on the face of the document, consistent with the provisions of paragraph 10."

- <u>[New Paragraph (* *) inserted after current paragraph 6(g) and before paragraph 6(h)]</u>: "In the event Outside Counsel wishes to disclose Confidential Discovery Material to former employees or other persons believed to have received or become familiar with the information within the Confidential Discovery Material, Outside Counsel shall provide written notice to the Producing Party. Upon receipt of that notice, the Producing Party shall have ten (10) days to file an objection with the Court. No disclosure of Confidential Discovery Material shall occur until the end of the ten (10) day period or, in the case of an objection, until the Court's resolution of that objection or related motion to compel. In the event of no objection or an overruled objection, Outside Counsel shall disclose to the former employee or other person the Confidential Discovery Material consistent with the provisions of paragraph 10."

**6.    Objection to Paragraph 8**

Paragraph 8 prohibits any attorney who receives a technical document containing Confidential Discovery Material produced by a Party other than his client from participating in

11

the "the preparation or prosecution of any patent application or patent license relating to microprocessors or chipsets" for one year after the conclusion of the various litigations. HP objects to the limitation on Paragraph 8's application to only "technical" documents and to only attorneys who participate in patent-related legal activities. HP further objects to the limitation on Paragraph 8's application to only Confidential Discovery Material "produced *by a Party*."

      (a)    **Basis for objection**

Paragraph 8 is overly narrow as it applies only to the receipt of "technical" documents and to participation in patent-related proceedings. In addition, Paragraph 8 is overly narrow because it only applies to Confidential Discovery Material produced by a "Party." Because other documents potentially at issue may be non-technical, but nonetheless highly sensitive, Paragraph 8 should apply more broadly to any business sensitive documents. Similarly, the one-year prohibition on certain legal activities should be extended beyond just patent actions to include any legal proceeding potentially involving the confidential information. Finally, Paragraph 8 should afford Third Parties or any Producing Party who produces Confidential Discovery Material the same protection as a Party who produces Confidential Discovery Material.

      (b)    **Proposed alternative language**

HP proposes the following alternative language:

- Paragraph 8: "Any attorney (including In-House Litigation Counsel) for any Party or Class Party who receives any document of a sensitive business nature designated Confidential Discovery Material produced by any Producing Party other than his or her client shall not participate in the preparation or handling of any legal matter potentially involving, directly or indirectly, that business sensitive information, in any form."

12

7. **Objection to Paragraph 14**

Paragraph 14 addresses the procedure for Parties to confer regarding exhibit lists and the use of Confidential Discovery Material at trial. To the extent Paragraph 14 allows Parties to remove confidentiality protections from Third Parties' Confidential Discovery Material without consulting Third Parties, HP objects to Paragraph 14's omission of a procedure for such consultation.

(a) **Basis for objection**

After addressing the Parties' meet and confer obligations regarding exhibit lists, Paragraph 14 states that "[t]he confidentiality legend may be redacted by the Producing Party prior to trial for any use of the material at trial by any party." It appears from the quoted language that a Third Party who is a Producing Party retains the authority to redact or not to redact confidentiality treatment of its produced Confidential Discovery Material. HP objects simply to clarify that, before confidentiality protection of a Third Parties' document is removed, the Third Party will be consulted and, in appropriate cases, be able to object to such confidentiality "de-designation." Without such protection, Third Parties' confidential material, which is otherwise protected by the Proposed Protective Order, is subject to full disclosure at the time of trial, and Third Parties are left with no recourse.

(b) **Proposed alternative language**

HP proposes the following alternative language:

- Paragraph 14 [insert after first sentence and before second sentence]: "If after meeting and conferring a Party or Parties wish to use at trial Confidential Discovery Material produced by a Third Party, and the Third Party Confidential Discovery Material could therefore be subject to less-than-confidential treatment, the Party or Parties shall meet and confer with the

Third Party regarding such use before filing its exhibit list. After meeting and conferring, the Third Party whose Confidential Discovery Material is subject to potential disclosure at trial shall have a reasonable time to file objections with the Court regarding the potential disclosure."

                                                   Respectfully submitted,

Dated: May 19, 2006                  **DRINKER BIDDLE & REATH LLP**

                                                /s/ David P. Primack
                                          Andrew J. Flame (DE 4398)
                                          David P. Primack (DE 4449)
                                          1100 N. Market Street, Suite 1000
                                          Wilmington, DE  19801-1254
                                          (302) 467-4200
                                          (302) 467-4201 (fax)

                                          Attorneys for Hewlett-Packard Company

Pending *Pro Hac Vice* admission        **MORGAN, LEWIS & BOCKIUS LLP**
                                          1701 Market Street
                                          Philadelphia, PA  19103-2921
                                          (215) 963-5000
                                          (215) 963-5001 (fax)

                                          Michael J. Holston
                                            mholston@morganlewis.com
                                          John F. Schultz
                                            jschultz@morganlewis.com
                                          Ty E Howard
                                            thoward@morganlewis.com

                                          Attorneys for Hewlett-Packard Company

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on this 19th day of May, 2006, I caused a copy of the foregoing THIRD PARTY HEWLETT-PACKARD'S OBJECTIONS TO STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER to be served via CM/ECF on parties in this case and via Email on the following parties:

Frederick L. Cottrell, III (cottrell@rlf.com)
Chad M. Shandler (shandler@rlf.com)
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899

Richard L. Horwitz (rhorwitz@potteranderson.com)
W. Harding Drane, Jr. (wdrane@potteranderson.com)
Potter Anderson & Corroon LLP
1313 North Market Street, P.O. Box 951
Wilmington, DE 19801

James L. Holzman (jlholzman@prickett.com)
J. Clayton Athey (jcathey@prickett.com)
Prickett, Jones & Elliott, P.A.
1310 King Street, P.O. Box 1328
Wilmington, Delaware 19899

Dated: May 19, 2006

**DRINKER BIDDLE & REATH LLP**

/s/ David P. Primack
David P. Primack (DE 4449)
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
(302) 467-4200
(302) 467-4201 (fax)

Attorneys for Hewlett-Packard Company