# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>                                        Plaintiffs,<br><br>               vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>                              Defendants. | Civil Action No. 05-441-JJF |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No.1717-JJF |
| PHIL PAUL, on behalf of himself and all other similarly situated,<br><br>                                        Plaintiffs,<br>               vs.<br><br>INTEL CORPORATION,<br><br>                              Defendant. | |

**OBJECTIONS OF FUJITSU LIMITED, NEC CORPORATION, SONY CORPORATION, SONY ELECTRONICS INC., AND TOSHIBA CORPORATION TO STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER**

Fujitsu Limited, NEC Corporation, Sony Corporation, Sony Electronics Inc. and Toshiba Corporation ("Non-Parties") make a special appearance without waiving objection to the jurisdiction of the Court and object as follows to the terms of the Stipulated Confidentiality Agreement and [Proposed] Protective Order.[1]

The Non-Parties join together solely for the purpose of filing these objections and for no other purpose. Each Non-Party individually reserves and does not waive its rights with respect to any subpoena (issued or to be issued), jurisdiction, or any other matters, including but not limited the right to object to the burden imposed on a Non-Party and the right to seek costs and fees, as each may deem appropriate.

For the convenience of the Court, the Non-Parties have set forth the text of the Proposed Protective Order and insert their objections to the respective paragraphs in the Proposed Order. Non-Parties also have prepared and submit herewith a Revised Proposed Protective Order (attached hereto as Exhibit A) and a "redlined" version of the same identifying each of the changes that the Non-Parties propose in connection with their objections herein (attached hereto as Exhibit B). To the extent that a change appears in the Revised Proposed Protective Order but is not specifically stated herein, the change is incorporated herein by way of reference.

Subject to and without waiving the foregoing as well as the specifically stated objections below, the Non-Parties respectfully request that the Parties confer with

---

[1]  Non-Parties, most of which are corporations incorporated and principally located outside the United States, respectfully submit that they are not subject to in personam jurisdiction in the District of Delaware. They have received subpoenas issued by other federal courts, and federal court jurisdiction over the Non-Parties exists, if at all, only in the districts of the court that issued the subpoenas.

2

the Non-Parties (either individually or collectively) to determine whether a mutually agreeable Proposed Protective Order can be submitted to the Court.

## PROPOSED PROTECTIVE ORDER AND NON-PARTIES OBJECTIONS

**WHEREAS**, plaintiffs Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd. and their subsidiaries, on the one hand, and defendants Intel Corporation and Intel Kabushiki Kaisha and their subsidiaries, on the other, compete in the development, manufacture and sale of microprocessors; and

**WHEREAS**, a number of third parties, many of whom are competitors in, *inter alia*, the manufacture and sale of computer systems, will be the subject of document and deposition discovery in these actions; and

**WHEREAS**, the preparation for trial of these actions may require the discovery and use of documents and other information which constitute or contain commercial or technical trade secrets, or other confidential information the disclosure of which would be competitively harmful to the producing party; and

### OBJECTION

Non-Parties object to the failure to state that the Protective Order is subject to the terms of any separate agreements with Non-Parties[2], as stated in page 2 of the Notice. This includes, without limitation, any confidentiality agreements governing the use of documents produced voluntarily to the Parties.

---

[2] For the avoidance of doubt, "Non-Party" is used in the objections herein in substitution of "Third Party."

**WHEREAS**, both party and third-party discovery will also be made available to various state and federal consumer plaintiffs who have filed putative class actions against the defendants and who have agreed to subscribe to this stipulation and order; and

### OBJECTION

Non-Parties object to disclosure of their Confidential Discovery Materials outside the above-titled litigation.

**WHEREAS**, the parties anticipate that this case will involve the production of hundreds of millions of pages of documents among and between actual and potential competitors and their customers; and

**WHEREAS**, the parties agree that their interests, the interests of the customers of the corporate parties and of other non-parties that may be requested to provide discovery, and the public interest can be accommodated by a stipulation and order facilitating a timely production and appropriately limiting the use and dissemination of proprietary and competitively sensitive non-public discovery information entitled to confidential treatment;

**NOW THEREFORE,** the parties in the above-captioned cases, by and through their respective counsel, hereby stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to approval and entry by the Court, that the following Stipulated Confidentiality Agreement and Protective Order ("Protective Order") shall govern the handling of all Discovery Material during the pendency of these litigations, as hereafter defined.

### OBJECTION

Non-Parties object to the jurisdiction of the Court.

## DEFINITIONS

A.      The "AMD Litigation" means the litigation captioned *Advanced Micro Devices, Inc. et al. v. Intel Corporation et al.*, Civil Action No. 05-441-JLF, filed in the United States District Court for the District of Delaware, and all subsequent appellate or other review proceedings related thereto.

B.      The "Japan Litigation" means the litigations captioned *AMD Japan K.K. v. Intel K.K.*, Case No. Heisei 17 (Wa) No. 13151 (Tokyo Dist. Ct., 6/30/05), and *AMD Japan K.K. v. Intel K.K.*, Case No. Heisei 17 (Wa) No. 4 (Tokyo High Court, 6/30/05), and all subsequent appellate or other review proceedings related thereto.

### OBJECTION

Non-Parties object to inclusion of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

C.      The "Class Litigation" means the various actions filed by or on behalf of putative classes of indirect purchasers of Intel microprocessors, including certain actions which have been or will be transferred to this Court by the Judicial Panel on Multidistrict Litigation under Docket No. 1717, together with all such actions originally filed in this Court.  When used to refer to proceedings in which Confidential Discovery Material subject to this order may be used, "Class Litigation" shall also include certain follow-on matters filed in various state courts asserting claims substantially the same as those asserted in the class actions comprising the MDL.

**OBJECTION**

Non-Parties object to inclusion of any State proceedings and to disclosure of their Discovery Materials outside of the above-titled litigation.

D.      The "California Class Litigation" means the actions filed by or on behalf of a putative California class of indirect purchasers of Intel microprocessors, including certain actions which have been or will be transferred to the Honorable Jack Komar of the Santa Clara County Superior Court by the Judicial Council for the State of California under JCCP 4443, together with such actions originally filed in that Court.  These actions include:  *Melkonians v. Intel Corp.*, Santa Clara County Superior Court Case No. 1-05-CV-045077; *Macias v. Intel Corp.,* formerly in the Los Angeles County Superior Court Case No. BC336897; *Toronto v. Intel Corp.,* formerly in the San Diego County Superior Court Case No. GIC850053; *Gross v. Intel Corp.*, Santa Clara County Superior Court Case No. 1-05-CV-053490; *Wangler v. Intel Corp.*, formerly in the Los Angeles County Superior Court Case No. BC340460; *Pishvaee v. Intel Corp.*, Santa Clara Superior Court Case No. 1-05-CV-053300; and any action that subsequently is made part of JCCP 4443.

**OBJECTION**

Non-Parties object to inclusion of any State proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

E.      "Competition Investigation" means any investigation commenced by a duly authorized federal, state or foreign governmental competition or antitrust agency into the conduct of a Party prior to, or during the pendency of the AMD Litigation.

**OBJECTION**

Non-Parties object to inclusion of any investigations or foreign proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

F.    "Intel" means defendants Intel Corporation and Intel Kabushiki Kaisha, together with their respective direct and indirect subsidiaries.

**OBJECTION**

Non-Parties object to inclusion of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

G.    "AMD" means plaintiffs Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd., together with their respective direct and indirect subsidiaries.

**OBJECTION**

Non-Parties object to inclusion of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

H.    "Party" means Intel or AMD. "Class Party" means any named plaintiff in the Class Litigation. "Parties" means Intel, AMD and all Class Parties.

**OBJECTION**

Non-Parties object to inclusion of any State proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

I.    "Outside Counsel" means the law firm(s) that are counsel of record for the Parties in the AMD Litigation, the Japan Litigation, the Class Litigation, and the California Class Litigation, and counsel for a Party in connection with any Competition Investigation, including their associated attorneys, and other persons regularly employed by such law firm(s), and temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support; provided that no person who is or becomes a director, officer or employee of a Party shall be considered Outside Counsel.

7

**OBJECTION**

Non-Parties object to the inclusion of any State proceedings and of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

J.    "In-House Litigation Counsel" means any attorney who is an employee in the legal department of a Party whose responsibilities consist of overseeing the AMD Litigation, the Class Litigation, the Japan Litigation or any Competition Investigation and who shall not from the date of entry of this Protective Order through a period of one year following the conclusion of any of the aforementioned, be engaged in: (a) the review and approval of competitive pricing or marketing programs; (b) the review of any aspect of microprocessor or chipset manufacturing, or (c) the filing or prosecution of patent applications.

**OBJECTION**

Non-Parties object to the inclusion of any State proceedings and of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation. Non-Parties also object that the one-year time period is too short and should be three years; that the term "any of the aforementioned" should be "all of the aforementioned"; and that the scope of prohibited activity is too narrow because it does not include "(d) business (as opposed to legal) activity related to the manufacture or sale of devices using microprocessors or chipsets."

K.    "Japan Counsel" means the outside law firm(s) that are counsel of record for AMD or Intel in the Japan Litigation, including their associated attorneys and other persons regularly employed by such law firm(s), and temporary personnel retained by such law firm(s) to

8

perform legal or clerical duties or to provide logistical litigation support; provided that no person who is or becomes a director, officer or employee of a Party shall be considered Japan Counsel.

**OBJECTION**

Non-Parties object to the inclusion of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

L.    "Producing Party" means a Party, Class Party or Third Party that produced or intends to produce Discovery Material in the AMD Litigation, the Japan Litigation or the Class Litigation.  "Receiving Party" means any Party or Class Party furnished Discovery Material in the AMD Litigation, the Japan Litigation or the Class Litigation.

**OBJECTION**

Non-Parties object to the inclusion of any State proceedings and of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

M.    "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a party to the AMD Litigation, the Japan Litigation or the Class Litigation.

**OBJECTION**

Non-Parties object to the inclusion of any State proceedings and of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.  For the avoidance of doubt, "Non-Party" is used in the objections herein in substitution of "Third Party."

RLF1-3007754-1

N.    "Expert/Consultant" means experts or other consultants (and their assistants and staff) who are retained to assist Outside Counsel.

O.    "Japan Expert/Consultant" means experts or other consultants (and their assistants and staff) who are retained to assist Japan Counsel in the Japan Litigation.

## OBJECTION

Non-Parties object to the inclusion of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

P.    "Document" shall have the meaning ascribed to it in Federal Rule of Civil Procedure 34(a) and shall include all "writings," "recordings" and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, "document" includes the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic matter, no matter how produced, recorded, stored or reproduced, including, but not limited to, any writing, letter, envelope, telegram, meeting minute, memorandum, statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, index, computer readable media or other electronically stored data, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, note of interview or communication or any other data compilation, including all drafts of all such documents. "Document" also includes every writing, drawing, graph, chart, photograph, phono record, tape and other data compilations from which information can be obtained, and includes all drafts and all copies of every such writing or record that contain any commentary, note, or marking whatsoever not appearing on the original.

Q.    "Discovery Material" includes without limitation deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, and Documents (whether

paper or electronic and whether generated or received by the party possessing them), including those produced pursuant to compulsory process or voluntarily in lieu thereof.

      R.    "Confidential Discovery Material" means any Discovery Material consisting of or containing information falling into any of the following categories:

      1.    Non-public pricing information;

      2.    Non-public sales and marketing strategies, business plans and tactics, including product roadmaps and planned product introductions;

      3.    Non-public data concerning sales, revenues, profits, margin and variances;

      4.    Non-public contracts which by their terms are required to be maintained in confidence;

      5.    Non-public sales budgets, forecasts, and projections;

      6.    Non-public customer lists;

      7.    Non-public negotiations with customers relating to the purchase or sale of microprocessors, chipsets or any other product manufactured by a Party;

      8.    Non-public strategic plans;

      9.    Non-public data concerning costs, capacity and ROI or other similar benchmarks;

      10.    Any invention, formula, pattern, compilation, program device, product design, method, technique, or process, and information relating to the same, that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

RLF1-3007754-1

11.    Non-public information that concerns microprocessor or chipset manufacturing, including capital expenditure plans, yields, capacity, costs, utilization, process and scale;

12.    Non-public business or market research, whether acquired or generated internally;

13.    Confidential personnel information whether contained in HR records or otherwise;

14.    Information the disclosure of which could jeopardize the security of confidential databases, networks or other sources of non-public information;

15.    Non-public financial information the public disclosure of which is prohibited by law or regulation or which could jeopardize the integrity of public trading of the Producing Party's securities;

16.    Other information or documents the disclosure of which the Producing Party can demonstrate would cause it serious and specific harm.

**<u>OBJECTION</u>**

Non-Parties object that the standard in item 16 is too restrictive because it does not include "information or documents that any Producing Non-Party designates as confidential for any legitimate business reason."

S.    In order to address potential issues relating to the passage of time on the continued confidentiality of documents, the parties agree that for documents in categories R(1) though R(8) dated or prepared more than 24 months prior to a Designation Request under paragraph 16, the Producing Party must also satisfy the standard contained in paragraph R(16) for the documents to be maintained as confidential. For purposes of this paragraph, undated materials or materials or deposition testimony relating to an indeterminate time period shall be deemed dated as of the date of their production or the date of the deposition.

12

**OBJECTION**

Non-Parties object to the burden of paragraph S and to any time limitation on their designation of confidential documents or information.

T.    "Disclose" means producing any "Discovery Material" directly and providing any description of its contents or in any way revealing the contents of any "Discovery Material."

U.    "Non-public" documents and information are those (a) that the Producing Party maintains internally as "confidential," (b) that are not disclosed to third-parties except under written agreements requiring that they be maintained in confidence or pursuant to a course of dealing whereby such communications are maintained in confidence, and (c) that the disclosure of which could damage the Producing Party competitively.

**OBJECTION**

Non-Parties object to the extent that the definition of "non-public" means anything other than "not available to the general public."

**TERMS AND CONDITIONS OF PROTECTIVE ORDER**

1.    Except as set forth in this Protective Order, Confidential Discovery Material, or information derived therefrom, shall be used solely by the Parties for purposes of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media. Confidential Discovery Material that loses that designation, either by agreement of the Parties or the challenge process set out in Paragraph 16, may be used for any purpose, unless such use is restricted by agreement or by the Court.

**OBJECTION**

Non-Parties object to the inclusion of any State proceeding and of any foreign investigation or proceeding and to disclosure of their Discovery Materials outside the above-titled litigation.  Non-parties further object that <u>all</u> documents that they produce (not just confidential documents) should be used <u>only</u> for the purpose of the above-titled litigation and for no other purpose (including without limitation no distribution to the media or disclosure on the Internet).

2.      Nothing in this Protective Order shall be deemed to grant or create discovery rights to any Party, Class Party or Third Party in the AMD Litigation, the Japan Litigation, the Class Litigation or the California Class Litigation in any other proceeding relating to or arising out of the subject-matter thereof, nor shall the Parties' agreement to this Protective Order constitute a waiver of any rights to resist any discovery efforts that may be initiated in any other proceeding whether or not relating to or arising out of the same subject-matter.

<u>Confidential Discovery Material</u>

3.      Solely for the purposes of the efficient and timely production of documents, and to avoid the need for a detailed and expensive confidentiality examination of millions of Documents the disclosure of which is not likely to become an issue, a Producing Party may initially designate as "Confidential Discovery Material" any Non-public Discovery Material. This designation shall control unless and until a Designation Request is made by a Receiving Party under Paragraph 16.

**OBJECTION**

Non-Parties repeat their objections to paragraphs L, M, R, and U.

RLF1-3007754-1

4.     Such a designation shall be made at the time of production by marking documents or other tangible Discovery Material by placing on or affixing, physically or electronically, in such manner as will not interfere with the legibility thereof, the notation "CONFIDENTIAL - MDL 1717/JCCP 4443." Electronic or native documents or data shall be similarly marked where practicable, and where not practicable, written notification by a Producing Party that it is producing Discovery Material as Confidential Discovery Material shall suffice to require Confidential treatment.

**OBJECTION**

Non-Parties repeat their objections to paragraphs D, L, M, R, and U.  Non-Parties further object to the extent that this fails to cover documents previously produced, or that will be produced, to the Parties where those documents are marked as requiring confidential treatment (including without limitation "Confidential" or "CONFIDENTIAL").

5.     Deposition testimony may be designated as Confidential Discovery Material by instructing the Court Reporter recording the testimony to designate portions of the transcript as "CONFIDENTIAL" during the deposition or within thirty (30) days after the deposition transcript is sent to the witness or his or her attorney.  Unless those attending a deposition agree at its conclusion that it may be treated as non-confidential, until the expiration of the thirty-day period, the transcript shall be treated as "CONFIDENTIAL" in its entirety under the terms of this Order unless specific designations are made earlier.  If a party claiming confidentiality makes no specific designations during the thirty-day period, no part of the deposition transcript will be considered to be subject to this Order.

**OBJECTION**

Non-Parties repeat their objections to paragraphs L, M, R, and U.

RLF1-3007754-1

Access to Confidential Discovery Material

      6.  Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except to:

(a)      Outside Counsel;

(b)      Experts/Consultants, subject to the provisions and limitations set forth in Paragraph 10 herein;

(c)      Two In-House Litigation Counsel identified to the opposing Party;

(d)      The Court and other court personnel of any court having jurisdiction over any proceedings involving the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation. However, with regard to documents used in the proceedings in Japan, Confidential Discovery Materials produced in the AMD Litigation, the Class Litigation, or the California Class Litigation may only be used if the Japan court institutes procedures to protect the confidentiality of the information at a level of protection comparable to that provided in this Order. The Parties shall cooperate reasonably in seeking such protection. The procedures to effectuate this provision shall be those the Japan Court deems appropriate;

(e)      Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Protective Order" attached hereto;

(f)      During the deposition of any current employee, director, agent or Rule 30(b)(6) designee of the Producing Party, an Opposing Party may show the Producing Party's witness any document produced by the Producing Party; and it may show to any former employee of the Producing Party any document the Receiving Party's Outside Counsel reasonably and in good faith believes to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties, consistent, however, with the provisions of paragraph 10;

(g)      The author of a document containing Confidential Discovery Material or the original source of the information, as well as addressees, copyees or other persons whom the Receiving Party's Outside Counsel reasonably and in good faith believes to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties, consistent, however, with the provisions of paragraph 10; and

(h)    Japan Counsel and Japan Experts/Consultants, subject to the provisions and limitations set forth herein.

**OBJECTION**

Non-Parties object to the inclusion of any State proceedings and of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.  Non-Parties also repeat objections to paragraphs B, D, I, J, K, and O.

7.    Any person under the Control of a Party Disclosing Confidential Discovery Material who is shown or given access to Confidential Discovery Material will execute or agree to the terms of the "Acknowledgement of Protective Order" set forth and attached hereto.  The Acknowledgements will not be exchanged, but will be maintained and made available to the Court upon the Court's request.

8.    Any attorney (including In-House Litigation Counsel) for any Party or Class Party who receives any technical document designated Confidential Discovery Material produced by a Party other than his or her client shall not participate in the preparation or prosecution of any patent application or patent license relating to microprocessors or chipsets from the time of receipt of such information through and including one (1) year following the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, whichever occurs later.

**OBJECTION**

Non-Parties object to the extent that paragraph 8 would permit disclosure to more than the two In-House Litigation Counsel referenced in paragraph 6(c).  Non-Parties further object that the restrictions of paragraph 8 are too narrow.  They should include all persons who receive any Confidential Discovery Material and

should include all of the activity and the three-year time period included in

paragraph J and its objection.

9.      Confidential Discovery Material must be stored and maintained by a Receiving

Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order.  In no event shall Confidential Discovery Material be stored at any

business premises of the Receiving Party, or be made accessible electronically to employees of

the Receiving Party, except that In-House Litigation Counsel may view, but not store,

Confidential Discovery Material at his or her normal workplace by electronically and remotely

accessing a Receiving Party's electronic document repository.  In-House Litigation Counsel must

implement and document reasonable precautions to prevent unauthorized persons from accessing

or otherwise viewing Confidential Discovery Material.

### OBJECTION

Non-Parties object to the extent that paragraph 9 would permit disclosure to more

than the two In-House Litigation Counsel referenced in paragraph 6(c).  Non-

Parties further object to any electronic access to their Confidential Discovery

Materials from or through any facility or server of any Party or Non-Party.  All

electronic access must be separate from the facilities or servers of any Party or

Non-Party.

10.     Upon disclosing Confidential Discovery Material pursuant to paragraphs 6(f) or

6(g), other than to a current employee, director, agent or Rule 30(b)(6) designee of the Producing

Party, counsel shall inform the witness of the existence of this Order, the confidential status of

the information disclosed, and the restriction that the information not be further disseminated or

used for any purpose other than the litigation; and counsel shall request the witness to execute

and agree to the terms of the Acknowledgment of Protective Order set forth and attached hereto.

No copies of Confidential Discovery Material shall be provided to such witness other than for

18

purposes of the deposition examination without the written consent of the Producing Party. No Confidential Discovery Material shall be shown to a former employee of a party employed by the opposing party, except pursuant to separate written agreement.

11.     Before any Confidential Discovery Material may be disclosed or otherwise provided, directly or indirectly, to an Expert/Consultant (or Japan Expert/Consultant), such person must execute and agree to the terms of the Acknowledgment of Protective Order set forth and attached hereto, and shall:

(a)     maintain such Confidential Discovery Material in a manner calculated to prevent its public disclosure;

(b)     return such Confidential Discovery Material to counsel for the Party or Class Party that retained such Expert/Consultant within ninety (90) days of the conclusion of the Expert/Consultant's assignment or retention, but in no event shall the expert retain documents beyond the period set out in paragraph 26 herein;

(c)     not disclose such Confidential Discovery Material to anyone, or use such Confidential Discovery Material, except as permitted by the Protective Order;

(d)     submit to the jurisdiction of this Court for purposes of enforcing the Protective Order; and

(e)     use such Confidential Discovery Material and the information contained therein solely for the purpose of rendering consulting services to a Party or Class Party to the AMD Litigation, the Japan Litigation or the Class Litigation, including providing testimony in any such proceeding.

**OBJECTION**

Non-Parties object to inclusion of any State proceeding and of any foreign investigation or proceeding and to disclosure of their Discovery Materials outside the above-titled litigation. Non-Parties also object that the activity restrictions contained in paragraph J and its objection should apply, as should the three-year time period.

12.     Confidential Discovery Material shall not be copied or otherwise reproduced except to the extent such copying or reproduction is reasonably necessary for permitted uses, and all such copies or reproductions shall be subject to the terms of this Protective Order.  If the duplication process by which copies or reproductions of Confidential Discovery Material are made does not itself preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be appropriately marked with those confidentiality designations.

13.     This Protective Order shall not apply to the disclosure or use by a Producing Party or its counsel of such Producing Party's Confidential Discovery Material.

14.     The parties agree to meet and confer prior to the filing of final exhibit lists to evaluate, on a document by document basis, which of the proposed exhibits require confidential treatment for purposes of trial.  The confidentiality legend may be redacted by the Producing Party prior to trial for any use of the material at trial by any party.

### OBJECTION

Non-Parties object to the extent that this paragraph does not require Parties to inform each Non-Party at least 60 days before any proposed public use of that Non-Party's Confidential Discovery Materials or any use of such Materials inconsistent with this Order.

Third Parties

15. Any Third Party that produces documents or provides testimony in the AMD Litigation, the Class Litigation or the California Class Litigation, either voluntarily or by compulsory process, shall have the full benefits and protections of this Protective Order and may designate documents or deposition testimony as Confidential Discovery Material in the manner, and subject to the same protections, set forth above.  Nothing in this Order shall be

construed to allow any Third Party to obtain access to any Confidential Discovery Material produced by any Party, Class Party, or other Third Party.

## **OBJECTION**

Non-Parties object to inclusion of any State proceeding and of any foreign investigation or proceeding and to disclosure of their Discovery Materials outside the above-titled litigation. The Non-Parties also object that the right to enjoy the "full benefits and protections of this Protective Order" should be expressly made without prejudice to a Non-Party's right to object generally to discovery requests/subpoenas served (or purportedly served) upon it, or to a Non-Party's position that jurisdiction does not exist over the Non-Party. Non-Parties also repeat all other objections.

### Designation Requests and Resolving Disputed Designations

16.     The parties anticipate designating all Non-public Discovery Material as Confidential Discovery Material under Paragraph 3. Should a Receiving Party wish to disclose any such material to a person other than as permitted by Paragraph 6, it shall make a written Designation Request to the Producing Party, as set forth below:

> (a)     Designation Request: The Receiving Party shall identify with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to easily locate such materials) the Discovery Material it intends to disclose and a representation that the material is probative of one or more material facts in this litigation. A Designation Request will trigger an obligation on the part of the Producing Party to make a good faith determination of whether the Discovery Material is entitled to be treated as Confidential Discovery Materials under Paragraph R. Except in the

case of a massive Designation Request as to which a prompt reply would be impractical, within ten (10) court days the Producing Party shall respond in writing to the Designation Request either agreeing to the disclosure or designating the material as Confidential Discovery Material.

(b)     Court Determination:  If the Receiving Party disagrees with a Producing Party's designation of material as Confidential Discovery Material, it shall provide to the Producing Party a written objection.  Thereafter, the Producing Party may make written application to the Court for protective treatment. Except in the case of disputes involving massive numbers of documents, the application will be made within ten (10) court days of receiving the Receiving Party's written objection to the designation.  If the Producing Party fails to make such timely application, the Producing Party's designation will be void.

(c)     In any proceeding on such an application, the Producing Party will bear the burden to demonstrate that the designated Discovery Material qualifies as Confidential Discovery Material under Paragraph R.  No presumption or weight will attach to the initial designation of Discovery Material as Confidential Discovery Material.

**OBJECTION to 16 and (a), (b), and (c)**

Non-Parties repeat their objections to paragraphs R, S, and U and reiterate their jurisdictional objection.  Non-Parties also object (a) that given the breadth of distribution proposed in this Order, the Parties should not be permitted to propose breaching the confidentiality of any Confidential Discovery Material until trial; (b) that the Parties should be required to make a specific and detailed showing to any Producing Party at least 60 days before trial as to why any Confidential Discovery Material of that Non-Party should be used publicly at trial; (c) that

22

such Confidential Discovery Material shall not be used publicly at trial unless and until (i) the Receiving Party, after a meet-and-confer session, files a motion to breach the confidentiality of the Material, which motion shall be served on the producing Non-Party at least 30 days before the hearing of the motion, and (ii) the Court grants the motion after affording the Non-Party the opportunity to be heard orally; and (d) that no Confidential Discovery Material shall be used publicly at trial unless it is non-duplicative admissible evidence that could not have been obtained from any other source.

(d)    Pending a ruling, the Discovery Material shall continue to be treated as Confidential Discovery Material under the terms of this Protective Order.

(e)    With respect to Discovery Material the Parties agree does not constitute Confidential Discovery Material, or as to which the Producing Party does not file a timely application, or which the Court orders not to be treated as Confidential Discovery Material, within ten (10) days of such agreement or order, the Producing Party shall produce a new version with the confidentiality legend redacted.

**OBJECTION**

Non-Parties repeat objections to paragraphs 16 and (a), (b), and (c). Non-Parties also state that the time period should be thirty days and object to any shorter time period.

(f)    Nothing in this Protective Order shall be deemed to prevent a Producing Party from arguing during the determination process for limits on the use or manner of dissemination of Discovery Material that is found to no longer constitute Confidential Discovery Material.

Disclosure Requested or Provided in Other Proceedings

17.     In the event that any Party or Class Party gains access to Discovery Material of another Party from a Third Party or a U.S., state, or foreign governmental agency or court, the Receiving Party shall promptly notify the Producing Party, in writing.  The Producing Party shall be entitled, and shall be given a reasonable opportunity (not to exceed thirty days following notice) prior to any non-confidential disclosure or use of such materials, to designate, as appropriate, such materials as Confidential Discovery Material pursuant to the terms of this Protective Order.  Such designation shall be subject to the terms set forth in Paragraph 16.  If any such Discovery Material has already been produced and designated as Confidential Discovery Material pursuant to the terms of this Order, then such material shall at all times be governed by the terms of this Protective Order even though also received from a Third Party or a U.S., state, or foreign governmental agency or court.  This paragraph shall not apply to materials freely furnished by the Producing Party to a Third Party or a U.S., state, or foreign governmental agency or court without any requested restriction on the recipient's use or disclosure of the materials or without otherwise identifying the confidential nature of the materials.  Nor shall it govern the use in connection with the Japanese Litigation of materials produced in that Litigation, which instead will be controlled by the Japanese court.

## OBJECTION

Non-Parties repeat all previous objections.  The Non-Parties also object that the paragraph does not provide adequate confidentiality protection.  With regard to all Confidential Discovery Materials produced by any Non-Party, all Parties should abide by the terms of this Order at all times, in all matters and proceedings, and regardless of any Party's source of access (including production from other sources) of any such Material.

RLF1-3007754-1

18.    Except as provided in this paragraph, a Party, Class Party or Third Party who is otherwise required in the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation to disclose or produce documents or other Discovery Material that may contain the Confidential Discovery Material of another Party, Class Party or Third Party ("Originating Party") shall not delay or refuse to do so on grounds that such documents or other Discovery Material are held by the Party, Class Party or Third Party subject to obligations of confidentiality toward the Originating Party.  Instead, the Party, Class Party or Third Party from whom discovery is sought shall promptly notify the "Originating Party" in writing of the required disclosure.  The Originating Party shall be given a reasonable opportunity (not to exceed thirty days from the date of notice), prior to any production or disclosure of any such Discovery Material, to object to the production and until those objections are resolved, the Discovery Material will not be produced.  In the event that such Discovery Material is produced, the Discovery Material produced shall be deemed Confidential Discovery Material pursuant to Paragraph 3 and shall be marked by the Producing Party in accordance with the requirements of Paragraph 4.

### OBJECTION

Non-Parties repeat all previous objections and object to the use of the term "delay."  The paragraph expressly contemplates delay.

19.    If another court or any U.S., state or foreign governmental agency should request, subpoena, or order the production of Confidential Discovery Materials from any Party that have been produced by any other Party, the Party receiving such a request shall promptly notify the Producing Party in writing.  Should the Producing Party object to the production, it may seek appropriate relief from the appropriate court or agency, and pending such a request and, if necessary, the entry of an appropriate stay order, the party receiving the request shall not produce the material in dispute so long as it may lawfully refuse.

RLF1-3007754-1

Provisions Related to the Japan Litigation

20.     To the extent that discovery properly conducted and permitted in the AMD Litigation, the Class Litigation, or the California Class Litigation is relevant to the issues pending in the Japan Litigation, the Receiving Party may, subject to the terms and limitations of this Protective Order, disclose the Confidential Discovery Material to its Japan Counsel and Japan Experts/Consultants.  Nothing herein shall be deemed to create an independent discovery right for purposes of the Japan Litigation, nor limit the rights of a Party or Class Party to object to discovery propounded in the AMD Litigation, the Class Litigation, the Japan Litigation, or the California Class Litigation.

## OBJECTION

Non-Parties object to inclusion of any State proceedings and of any foreign investigations or proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.  Non-Parties also object specifically to the disclosure referenced in paragraph 20 and repeat the objection to paragraph 17.

21.     In the event that any Confidential Discovery Material is also made available for use in the Japan Litigation (as contemplated by this Order), the material shall remain subject to all terms of this Protective Order and the Party desiring to use or file papers containing such information shall identify it to the appropriate Japanese Court as Confidential, inform the Japanese Court that the information is subject to the terms of this Protective Order entered by this Court, furnish a copy of the Protective Order to the Japanese Court, and request that the Japanese Court or other authority respect the terms of this Protective Order and maintain the confidentiality of the material so produced.

## OBJECTION

Non-Parties repeat the objection to paragraph 20.

RLF1-3007754-1

22.     Prior to accessing Confidential Discovery Material (other than Discovery Material produced in the Japanese Litigation), Japan Counsel and Japan Experts/Consultants shall separately execute a copy of the Acknowledgment of Protective Order attached hereto, binding each of them to the terms set forth therein and in this Protective Order.  Such Japan Counsel and Japan Experts/Consultants agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of having the terms of the Protective Order enforced.

**OBJECTION**

Non-Parties repeat the objection to paragraph 20.

Filing Confidential Discovery Material with the Court

23.     In the event that any Confidential Discovery Material is contained in any pleading, motion, exhibit, or other paper (collectively "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the Party or Class Party filing such papers, and the Clerk shall keep such papers under seal until further order of the Court; provided, however, that such papers shall be furnished to the Court and Outside Counsel of the Parties.  A Party submitting Confidential Discovery Material to the Santa Clara Superior Court in the California Class Litigation under seal shall comply with the requirements of California Rule of Court 243.2.

**OBJECTION**

Non-Parties object to the inclusion of any State proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

24.     Information filed under seal shall be placed in sealed envelopes on which shall be written the title to this action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

RLF1-3007754-1

"This envelope is sealed pursuant to order of this Court and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

25.    Parties shall produce and file redacted versions of any papers in the District Court actions in accordance with the "Administrative Procedures Governing Filing and Service by Electronic Means" as issued by the United States District Court for the District of Delaware, such that there is no disclosure of any Confidential Discovery Material, or in accord with the rules of the Santa Clara Superior Court in the case of Confidential Discovery Material filed with that Court.

### OBJECTION

Non-Parties object to the inclusion of any State proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

Duties Upon Conclusion of Litigation

26. Within one hundred twenty (120) days of the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, whichever occurs later, counsel for any Party or Class Party that has received Discovery Material shall return to the Producing Party, or destroy, all originals and copies of all documents and all notes, memoranda, or other papers containing Confidential Discovery Material, including any and all Confidential Discovery Material disseminated pursuant to the terms of this Protective Order.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product prepared or received in connection with the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, even if such materials contain protected material.  Any such archival copies that contain or constitute protected material shall remain subject to this Order.

**OBJECTION**

Non-Parties repeat the objection to paragraph 20.

27.     Counsel of record shall certify their compliance with the terms of this paragraph and, not more than one hundred and twenty (120) days after the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, or the California Class Litigation, whichever comes later, shall deliver the same to counsel for the Producing Party.

**OBJECTION**

Non-Parties repeat the objection to paragraph 20.

28.     The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Discovery Material by any Party, Class Party, counsel, or expert witness shall, without written permission of the Producing Party or further order of the Court, continue to be binding after the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, and the California Class Litigation.

**OBJECTION**

Non-Parties repeat the objection to paragraph 20.

Remedies for Non-Compliance

29.     The Parties agree that any disclosure of Confidential Discovery Material contrary to the terms of this Order by a Party or Class Party or anyone acting on its, his or her behalf constitutes a violation of the Order remediable by the Court, regardless of where the disclosure occurs.  However, the Santa Clara, California Superior Court shall have enforcement responsibility for any impermissible disclosure by plaintiffs, plaintiffs' witnesses, plaintiffs'

counsel and employees, or any other person given access to Confidential Discovery Material by the plaintiffs in the California Class Litigation.

## OBJECTION

Non-Parties object to inclusion of any State Proceedings and to disclosure of their Discovery Materials outside the above-titled litigation.

30.    Nothing contained in this Protective Order shall diminish any attorney-client privilege or attorney work product claim, or obligate any person to provide any discovery to which it asserts objections. Entry of the foregoing Protective Order is without prejudice to the right of the Parties to apply for further protective orders regarding certain categories of information, or for modification of any provision of this Protective Order.

## OBJECTION

Non-Parties object to the exclusion of Non-Parties from the second sentence of this paragraph. Non-Parties further object to the exclusion from the protection of this paragraph (a) work product that is not attorney work product; (b) any other privilege or protection recognized by the Court; and (c) the right of Non-Parties to apply for protective orders.

Inadvertent Production.

31.    The production or disclosure of any Discovery Material made after the entry of this Protective Order, which disclosure a Producing Party claims was inadvertent and should not have been produced or disclosed because of a privilege, will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged Discovery Material not inadvertently been produced or disclosed.

RLF1-3007754-1

**OBJECTION**

Non-Parties object to the extent that the protection provided by this paragraph (a) does not extend to all production of documents related in any way to the above-titled litigation; (b) does not clearly extend to protections such as the work product doctrine; and (c) does not require immediate return of all inadvertently produced documents without copying and with destruction of any copies already made.

Dated:  May 19, 2006                     **MORRISON & FOERSTER LLP**

                                         By:    /s/ Peter J. Stern
                                                Peter J. Stern
                                                pstern@mofo.com
                                                Jill D. Neiman
                                                jneiman@mofo.com
                                                425 Market Street
                                                San Francisco, CA  94105
                                                (415) 268-7000
                                                Counsel for Non-Party Fujitsu Limited

Dated:  May 19, 2006                     **PAUL, WEISS, RIFKIND, WHARTON &
                                         GARRISON LLP**

                                         By:    /s/ Robert P. Parker
                                                Robert P. Parker
                                                Aaron Futch
                                                1615 L Street, NW
                                                Suite 3000
                                                Washington, DC  20036
                                                (202) 223-7300
                                                Counsel for Non-Party NEC Corporation

Dated:  May 19, 2006                     **WILLIAMS & CONNOLLY LLP**

                                         By:    /s/ Michael S. Sundermeyer
                                                Michael S. Sundermeyer
                                                msundermeyer@wc.com
                                                725 12th Street, NW
                                                Washington, DC  20005
                                                (202) 434-5015
                                                Counsel for Non-Party Sony Corporation

RLF1-3007754-1

Dated:  May 19, 2006_

**MORRIS, JAMES, HITCHENS & WILLIAMS LLP**

By:  _____
      P. Clarkson Collins, Jr. (#739)
      pcollins@morrisjames.com
      222 Delaware Avenue, 10th Floor
      P.O. Box 2306
      Wilmington, DE  19899-2306
      (302) 888-6990
      Counsel for Non-Party Sony Electronics Inc.

Dated:  May 19, 2006

**PROCTOR HEYMAN LLP**

By:  /s/ Vernon R. Proctor
      Vernon R. Proctor (#1019)
      vproctor@proctorheyman.com
      1116 West Street
      Wilmington, DE  19801
      (302) 472-7300
      Counsel for Non-Party Toshiba Corporation

RLF1-3007754-1

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of May, 2006 copies of the foregoing Objections Of Fujitsu Limited, NEC Corporation, Sony Corporation, Sony Electronics Inc., And Toshiba Corporation To Stipulated Confidentiality Agreement and [Proposed] Protective Order were caused to be served on the attorneys of record at the following addresses by electronic service using CM/ECF which will send notification of such filing to the following counsel of record:

Frederick L. Cottrell, III, Esq.
Chad M. Shandler, Esq.
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899

James L. Holzman, Esq.
J. Clayton Athey, Esq.
Prickett Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Richard L. Horwitz, Esq.
W. Harding Drane, Jr., Esq.
Potter, Anderson & Corroon LLP
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899

P. Clarkson Collins, Jr. (#739)
222 Delaware Avenue, P.O. Box 2306
Wilmington, DE 19899
(302) 888-6800
pcollins@morrisjames.com