# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation, <br><br> Defendants. | Civil Action No. 05-441-JJF |
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No.1717-JJF |
| PHIL PAUL, on behalf of himself and all other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> INTEL CORPORATION, <br><br> Defendant. | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

**WHEREAS**, plaintiffs Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd. and their subsidiaries, on the one hand, and defendants Intel Corporation and Intel Kabushiki Kaisha and their subsidiaries, on the other, compete in the development, manufacture and sale of microprocessors; and

**WHEREAS**, a number of non-parties, many of whom are competitors in, *inter alia*, the manufacture and sale of computer systems, will be the subject of document and deposition discovery in these actions; and

**WHEREAS**, the preparation for trial of these actions may require the discovery and use of documents and other information which constitute or contain commercial or technical trade secrets, or other confidential information the disclosure of which would be competitively harmful to the producing party; and

**WHEREAS**, the parties anticipate that this case will involve the production of hundreds of millions of pages of documents among and between actual and potential competitors and their customers; and

**WHEREAS**, the parties agree that their interests, the interests of the customers of the corporate parties and of other non-parties that may be requested to provide discovery, and the public interest can be accommodated by a stipulation and order facilitating a timely production and appropriately limiting the use and dissemination of proprietary and competitively sensitive non-public discovery information entitled to confidential treatment;

**NOW THEREFORE,** the parties in the above-captioned cases, by and through their respective counsel, hereby stipulate, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to (i) approval and entry by the Court, (ii) the terms of any separate agreements between the non-parties and the parties, including, without limitation, any confidentiality agreements governing the use of documents produced voluntarily by the non-parties to one or more of the parties and (iii) the right of non-parties to enter into separate agreements with the parties governing the treatment of particular discovery material, that the following Stipulated Confidentiality Agreement and Protective Order ("Protective Order") shall govern the handling of all Discovery Material during the pendency of these litigations, as hereafter defined.

2

## DEFINITIONS

A.      The "AMD Litigation" means the litigation captioned *Advanced Micro Devices, Inc. et al. v. Intel Corporation et al.*, Civil Action No. 05-441-JJF, filed in the United States District Court for the District of Delaware, and all subsequent appellate or other review proceedings related thereto.

B.      The "Class Litigation" means the various federal actions filed by or on behalf of putative classes of indirect purchasers of Intel microprocessors, including certain actions which have been or will be transferred to this Court by the Judicial Panel on Multidistrict Litigation under Docket No. 1717, together with all such actions originally filed in this Court.

F.      "Intel" means defendants Intel Corporation and Intel Kabushiki Kaisha, together with their respective direct and indirect subsidiaries.

G.      "AMD" means plaintiffs Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd., together with their respective direct and indirect subsidiaries.

H.      "Party" means Intel or AMD.  "Class Party" means any named plaintiff in the Class Litigation.  "Parties" means Intel, AMD and all Class Parties.

I.      "Outside Counsel" means the law firm(s) that are counsel of record for the Parties in the AMD Litigation or the Class Litigation, including their associated attorneys, and other persons regularly employed by such law firm(s), and temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support; provided that no person who is or becomes a director, officer or employee of a Party shall be considered Outside Counsel.

J.      "In-House Litigation Counsel" means any attorney who is an employee in the legal department of a Party whose responsibilities consist of overseeing the AMD Litigation or

the Class Litigation and who shall not from the date of entry of this Protective Order through a period of three years following the conclusion of all of the aforementioned actions, be engaged in:  (a) the review and approval of competitive pricing or marketing programs; (b) the review of any aspect of microprocessor or chipset manufacturing, (c) the filing or prosecution of patent applications; or (d) business activity related to the development, manufacture or sale of devices using microprocessors or chipsets.

L.      "Producing Party" means a Party, Class Party or Non-Party that produced or intends to produce Discovery Material in the AMD Litigation or the Class Litigation.  "Receiving Party" means any Party or Class Party furnished Discovery Material in the AMD Litigation or the Class Litigation.

M.      "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a party to the AMD Litigation or the Class Litigation.

N.      "Expert/Consultant" means experts or other consultants (and their assistants and staff) who are retained to assist Outside Counsel in the AMD Litigation or the Class Litigation.

P.      "Document" shall have the meaning ascribed to it in Federal Rule of Civil Procedure 34(a) and shall include all "writings," "recordings" and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence.  Without limiting the generality of the foregoing, "document" includes the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic matter, no matter how produced, recorded, stored or reproduced, including, but not limited to, any writing, letter, envelope, telegram, meeting minute, memorandum, statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, index, computer readable media or other electronically stored data, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, note of interview or communication or any other data compilation, including all drafts of all such

documents. "Document" also includes every writing, drawing, graph, chart, photograph, phono record, tape and other data compilations from which information can be obtained, and includes all drafts and all copies of every such writing or record that contain any commentary, note, or marking whatsoever not appearing on the original.

Q.    "Discovery Material" includes without limitation deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, and Documents (whether paper or electronic and whether generated or received by the party possessing them), including those produced pursuant to compulsory process or voluntarily in lieu thereof.

R.    "Confidential Discovery Material" means any Discovery Material consisting of or containing information falling into any of the following categories, or reflecting, referring, or relating to any of the following categories of information:

    1.    Non-public pricing information;

    2.    Non-public sales and marketing strategies, business plans and tactics, including product roadmaps and planned product introductions;

    3.    Non-public data concerning sales, revenues, profits, margin and variances;

    4.    Non-public contracts which by their terms are required to be maintained in confidence;

    5.    Non-public sales budgets, forecasts, and projections;

    6.    Non-public customer lists;

    7.    Non-public negotiations with customers relating to the purchase or sale of microprocessors, chipsets or any other product manufactured by a Party;

    8.    Non-public strategic plans;

    9.    Non-public data concerning costs, capacity and ROI or other similar benchmarks;

10.     Any invention, formula, pattern, compilation, program device, product design, method, technique, or process, and information relating to the same, that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

11.     Non-public information that concerns microprocessor or chipset manufacturing, including capital expenditure plans, yields, capacity, costs, utilization, process and scale;

12.     Non-public business or market research, whether acquired or generated internally;

13.     Personnel information whether contained in HR records or otherwise;

14.     Information the disclosure of which could jeopardize the security of confidential databases, networks or other sources of non-public information;

15.     Non-public financial information the public disclosure of which is prohibited by law or regulation or which could jeopardize the integrity of public trading of the Producing Party's securities;

16.     Other information or documents the disclosure of which the Producing Party can demonstrate would cause it serious and specific harm; or

17.     In the case of information or documents produced by a Non-Party, any information or document that the Producing Party designates as confidential for any legitimate business reason.

S.    In order to address potential issues relating to the passage of time on the continued confidentiality of documents, the parties agree that for documents in categories R(1) though R(8) dated or prepared more than 24 months prior to a Designation Request under paragraph 16, the Producing Party must also satisfy the standard contained in paragraph R(16) for the documents to be maintained as confidential.  For purposes of this paragraph, undated materials or materials or deposition testimony relating to an indeterminate time period shall be deemed dated as of the date of their production or the date of the deposition.  The foregoing paragraph shall not apply to any information or documents produced by a Non-Party.

T.    "Disclose" means producing any "Discovery Material" directly and providing any description of its contents or in any way revealing the contents of any "Discovery Material."

U.    "Non-public" documents and information means documents and information that are not available to the general public.

## TERMS AND CONDITIONS OF PROTECTIVE ORDER

1.    Except as set forth in this Protective Order, Confidential Discovery Material, or information derived therefrom, shall be used solely for purposes of the AMD Litigation and the Class Litigation, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media.  Such use shall be subject to (i) the terms of any separate agreements between the Non-Parties and the Parties, including, without limitation, any confidentiality agreements governing the use of documents produced voluntarily by the Non-Parties to one or more of the Parties, and (ii) the right of Non-Parties to enter into separate agreements with the Parties governing the treatment of particular discovery material.  With respect to all information and documents produced by Non-Parties, such information and documents, or information derived therefrom, shall be used solely for purposes of the AMD Litigation and the Class Litigation, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, publication, including

7

electronically (e.g., posted on the Internet) or dissemination to the media, without regard to whether such information or documents are Confidential Discovery Material.

2.      Nothing in this Protective Order shall be deemed to grant or create discovery rights to any Party, Class Party or Non-Party in the AMD Litigation or the Class Litigation in any other proceeding relating to or arising out of the subject-matter thereof, nor shall the Parties' agreement to this Protective Order constitute a waiver of any rights of the Parties or the Non-Parties to resist any discovery efforts that may be initiated in any other proceeding whether or not relating to or arising out of the same subject-matter.

Confidential Discovery Material

3.      Solely for the purposes of the efficient and timely production of documents, and to avoid the need for a detailed and expensive confidentiality examination of millions of Documents the disclosure of which is not likely to become an issue, a Producing Party may initially designate as "Confidential Discovery Material" any Non-public Discovery Material.  This designation shall control unless and until a Designation Request is made by a Receiving Party under Paragraph 16.

4.     Such a designation shall be made at the time of production by marking documents or other tangible Discovery Material by placing on or affixing, physically or electronically, in such manner as will not interfere with the legibility thereof, the notation "CONFIDENTIAL."  Electronic or native documents or data shall be similarly marked where practicable, and where not practicable, written notification by a Producing Party that it is producing Discovery Material as Confidential Discovery Material shall suffice to require Confidential treatment.  To the extent that Non-Parties have already produced, are producing, or will produce certain documents to the Parties, the Non-Parties need not re-produce such previously-produced documents or (re)designate such documents using a different confidentiality designation for such documents to receive confidential treatment under this Protective Order.

5.     Deposition testimony may be designated as Confidential Discovery Material by instructing the Court Reporter recording the testimony to designate portions of the transcript as "CONFIDENTIAL" during the deposition or within thirty (30) days after the deposition transcript is sent to the witness or his or her attorney.  Unless those attending a deposition agree at its conclusion that it may be treated as non-confidential, until the expiration of the thirty-day period, the transcript shall be treated as "CONFIDENTIAL" in its entirety under the terms of this Order unless specific designations are made earlier.  If a party claiming confidentiality makes no specific designations during the thirty-day period, no part of the deposition transcript will be considered to be subject to this Order.

<u>Access to Confidential Discovery Material</u>

6.     Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except to:

(a)     Outside Counsel;

(b)    Experts/Consultants, subject to the provisions and limitations set forth in Paragraphs 10-11 herein;

(c)    Two In-House Litigation Counsel identified to the Producing Party;

(d)    The Court and other court personnel of any court having jurisdiction over any proceedings involving the AMD Litigation or the Class Litigation;

(e)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Protective Order" attached hereto;

(f)    During the deposition of any current employee, director, agent or Rule 30(b)(6) designee of the Producing Party, an Opposing Party may show the Producing Party's witness any document produced by the Producing Party; and it may show to any former employee of the Producing Party any document the Receiving Party's Outside Counsel reasonably and in good faith believes to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties, consistent, however, with the provisions of paragraph 10; and

(g)    The author of a document containing Confidential Discovery Material or the original source of the information, as well as addressees, copyees or other persons whom the Receiving Party's Outside Counsel reasonably and in good faith believes to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties, consistent, however, with the provisions of paragraph 10.

7.    Any person under the control of any of the Parties disclosing Confidential Discovery Material who is shown or given access to Confidential Discovery Material will execute or agree to the terms of the "Acknowledgement of Protective Order" set forth and attached hereto.  The Acknowledgements will not be exchanged, but will be maintained and made available to the Court upon the Court's request.  In connection with information or documents produced by a Non-Party, the Receiving Party shall maintain a record of any instance in which a person under the control of the Receiving Party has been shown or given access to a Non-Party's information or documents, and shall, within three (3) days after that person is shown or given access to such information or documents, provide written notice to the Non-Party of this access.  Furthermore, within ten (10) days of receiving a request from a Non-Party, the Receiving Party shall provide a record to the Non-Party of

10

each "Acknowledgement of Protective Order" signed by a person under the control of the Receiving Party for purposes of showing or gaining access to the information or documents of the Non-Party.

8.  Any person who, pursuant to this Protective Order, receives any technical document designated Confidential Discovery Material produced by a Party or Non-Party other than his or her client shall not participate in (i) the preparation or prosecution of any patent application or patent license relating to microprocessors or chipsets, or (ii) any business activity related to the development, manufacture or sale of devices using microprocessors or chipsets, including end-user equipment, from the time of receipt of such information through and including three (3) years following the conclusion of the AMD Litigation or the Class Litigation, whichever occurs later.

9.  Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  In no event shall Discovery Material be stored at any business premises of the Receiving Party, or be made accessible electronically to employees of the Receiving Party, except that the two (2) In-House Litigation Counsel referenced in Section 6(c) may view, but not store, Discovery Material at a location under the control of the Receiving Party's Outside Counsel.  Furthermore, the Receiving Party must implement and document reasonable precautions to prevent unauthorized persons from accessing or otherwise viewing Discovery Material.

10.  Upon disclosing Confidential Discovery Material pursuant to paragraphs 6(f) or 6(g), other than to a current employee, director, agent or Rule 30(b)(6) designee of the Producing Party, counsel shall inform the witness of the existence of this Order, the confidential status of the information disclosed, and the restriction that the information not be further disseminated or used for any purpose other than the litigation; and counsel shall request the

11

witness to execute and agree to the terms of the Acknowledgment of Protective Order set forth and attached hereto.  No copies of Confidential Discovery Material shall be provided to such witness other than for purposes of the deposition examination without the written consent of the Producing Party.  No Confidential Discovery Material shall be shown to a former employee of a party employed by the opposing party, except pursuant to separate written agreement.

11.    Before any Confidential Discovery Material may be disclosed or otherwise provided, directly or indirectly, to an Expert/Consultant, such person must execute and agree to the terms of the Acknowledgment of Protective Order set forth and attached hereto, including without limitation the terms of Paragraph 8 hereof, and shall:

(a)    maintain such Confidential Discovery Material in a manner calculated to prevent its public disclosure;

(b)    return all Discovery Material to counsel for the Party or Class Party that retained such Expert/Consultant within ninety (90) days of the conclusion of the Expert/Consultant's assignment or retention, but in no event shall the expert retain documents beyond the period set out in paragraph 23 herein;

(c)    not disclose Discovery Material to anyone, or use such Discovery Material, except as permitted by the Protective Order;

(d)    submit to the jurisdiction of this Court for purposes of enforcing the Protective Order; and

(e)    use all Discovery Material and the information contained therein solely for the purpose of rendering consulting services to a Party or Class Party to the AMD Litigation, or the Class Litigation, including providing testimony in any such proceeding.

12.    Confidential Discovery Material shall not be copied or otherwise reproduced except to the extent such copying or reproduction is reasonably necessary for permitted uses, and all such copies or reproductions shall be subject to the terms of this Protective Order.  If the duplication process by which copies or reproductions of Confidential Discovery Material are made does not itself preserve the confidentiality designations that appear on the original

documents, all such copies or reproductions shall be appropriately marked with those confidentiality designations.

13.    This Protective Order shall not apply to the disclosure or use by a Producing Party or its counsel of such Producing Party's Confidential Discovery Material.

14.    The Parties agree to meet and confer prior to the filing of final exhibit lists to evaluate, on a document by document basis, which of the proposed exhibits require confidential treatment for purposes of trial.  The confidentiality legend may be redacted by the Producing Party prior to trial for any use of the material at trial by any party.  The Parties agree to notify each Non-Party at least sixty (60) days prior to any use of that Non-Party's Confidential Discovery Material at trial by any of the Parties or of any other proposed use of such Non-Party's Confidential Discovery Material in any manner not consistent with the terms of this Protective Order.

Non-Parties

15.    Any Non-Party that produces documents or provides testimony in the AMD Litigation or the Class Litigation, either voluntarily or by compulsory process, shall have the full benefits and protections of this Protective Order, and may designate documents or deposition testimony as Confidential Discovery Material in the manner, and subject to the same protections, set forth above.  Nothing in this Protective Order shall be construed to allow any Non-Party to obtain access to any Confidential Discovery Material produced by any Party, Class Party, or other Non-Party.  Nothing in this Protective Order shall be construed to supersede the terms of any separate agreements between a Non-Party and any of the Parties, including, without limitation, any confidentiality agreements governing the use of documents produced voluntarily by the Non-Parties to one or more of the Parties, or to limit the right of Non-Parties to enter into separate agreements with the Parties governing the treatment of particular discovery material.    Nothing in this Protective Order shall be construed to deprive any person of the right

13

to enjoy the full benefits and protections of this Protective Order as a result of that person's objecting to discovery requests/subpoenas served upon it, or to that person objecting that jurisdiction does not exist over that person.

<u>Designation Requests and Resolving Disputed Designations</u>

16.     The parties anticipate designating all Non-public Discovery Material as Confidential Discovery Material under Paragraph 3.  Should a Receiving Party wish to disclose any such material to a person other than as permitted by Paragraph 6, it shall make a written Designation Request to the Producing Party, as set forth below:

(a)     Designation Requests to Parties

i.   The Receiving Party shall identify with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to easily locate such materials) the Discovery Material it intends to disclose and a representation that the material is probative of one or more material facts in this litigation.  A Designation Request will trigger an obligation on the part of the Producing Party to make a good faith determination of whether the Discovery Material is entitled to be treated as Confidential Discovery Materials under Paragraph R.  Except in the case of a massive Designation Request as to which a prompt reply would be impractical, within ten (10) court days the Producing Party shall respond in writing to the Designation Request either agreeing to the disclosure or designating the material as Confidential Discovery Material.

ii.  If the Receiving Party disagrees with a Producing Party's designation of material as Confidential Discovery Material, it shall provide to the Producing Party a written objection.  Thereafter, the Producing Party may

make written application to the Court for protective treatment. Except in the case of disputes involving massive numbers of documents, the application will be made within ten (10) court days of receiving the Receiving Party's written objection to the designation. If the Producing Party fails to make such timely application, the Producing Party's designation will be void.

iii. In any proceeding on such an application, the Producing Party will bear the burden to demonstrate that the designated Discovery Material qualifies as Confidential Discovery Material under Paragraph R. No presumption or weight will attach to the initial designation of Discovery Material as Confidential Discovery Material.

iv. Pending a ruling, the Discovery Material shall continue to be treated as Confidential Discovery Material under the terms of this Protective Order.

v. With respect to Discovery Material the Parties agree does not constitute Confidential Discovery Material, or as to which the Producing Party does not file a timely application, or which the Court orders not to be treated as Confidential Discovery Material, within ten (10) days of such agreement or order, the Producing Party shall produce a new version with the confidentiality legend redacted.

vi. Nothing in this Protective Order shall be deemed to prevent a Producing Party from arguing during the determination process for limits on the use or manner of dissemination of Discovery Material that is found to no longer constitute Confidential Discovery Material.

(b)    Designation Requests to a Non-Party

15

i.  Designation Requests may be made in connection with Confidential Discovery Material of a Non-Party no earlier than sixty (60) days prior to trial.  The Receiving Party shall identify with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to easily locate such materials) the Discovery Material it intends to disclose and shall make a specific and detailed showing to the Non-Party Producing Party as to why any Confidential Discovery Material of that Non-Party should be used publicly at trial.

ii.  After meeting and conferring with the Non-Party, if the Non-Party does not consent to the public use of the Confidential Discovery Material, the Receiving Party must then file a motion to lift the confidentiality designation of the Non-Party's Confidential Discovery Material, which motion shall be served on the Non-Party at least thirty (30) days before the hearing of the motion.  The Court may grant such motion only after affording the Non-Party the opportunity to be heard orally.  No Confidential Discovery Material of a Non-Party may be used publicly at trial unless and until the requirements of this paragraph are fulfilled.

iii.  No Confidential Discovery Material of a Non-Party shall be used publicly at trial unless such material is non-duplicative admissible evidence that could not have been obtained from any other source.

iv.  Pending a ruling, the Discovery Material shall continue to be treated as Confidential Discovery Material under the terms of this Protective Order.

v.  With respect to Discovery Material that the Producing and Receiving Parties agree does not constitute Confidential Discovery Material or which the Court orders not to be treated as Confidential Discovery Material, the

16

Receiving Party shall produce a new version with the confidentiality legend redacted.

vi.  Nothing in this Protective Order shall be deemed to prevent a Producing Party from arguing during the determination process for limits on the use or manner of dissemination of Discovery Material that is found to no longer constitute Confidential Discovery Material.

<u>Disclosure Requested or Provided in Other Proceedings</u>

17.     In the event that any Party or Class Party gains access to Discovery Material of a Producing Party from another source, the Receiving Party shall promptly notify the Producing Party, in writing.  The Producing Party shall be entitled, and shall be given a reasonable opportunity (not to exceed thirty days following notice) prior to any non-confidential disclosure or use of such materials, to designate, as appropriate, such materials as Confidential Discovery Material pursuant to the terms of this Protective Order.  Such designation shall be subject to the terms set forth in Paragraph 16.  If any such Discovery Material has already been produced and designated as Confidential Discovery Material pursuant to the terms of this Order, then such material shall at all times be governed by the terms of this Protective Order.

18.     Except as provided in this paragraph, a Party, Class Party or Non-Party who is otherwise required in the AMD Litigation or the Class Litigation to disclose or produce documents or other Discovery Material that may contain the Confidential Discovery Material of another Party, Class Party or Non-Party ("Originating Party") shall not refuse to do so on grounds that such documents or other Discovery Material are held by the Party, Class Party or Non-Party subject to obligations of confidentiality toward the Originating Party.  Instead, the Party, Class Party, or Non-Party from whom discovery is sought shall notify the Originating Party in writing of the required disclosure.  The Originating Party shall be given a reasonable opportunity (not to exceed thirty days from the date of notice), prior to any production or

disclosure of any such Discovery Material, to object to the production and until those objections are resolved, the Discovery Material will not be produced. In the event that such Discovery Material is produced, the Discovery Material produced shall be deemed Confidential Discovery Material pursuant to Paragraph 3 and shall be marked by the Producing Party in accordance with the requirements of Paragraph 4.

19.     If another court or any U.S., state or foreign governmental agency should request, subpoena, or order the production of Confidential Discovery Materials from any of the Parties, which Materials have been produced by any other Party, Class Party or Non-Party, the Party or Class Party receiving such a request shall promptly notify the Producing Party in writing and, in the case of a subpoena issued in a civil action by a non-governmental entity, shall promptly object to the subpoena and request that the entity seeking discovery should request such documents directly from the Producing Party. Should the Producing Party object to the production, it may seek appropriate relief from the appropriate court or agency, and pending such a request and, if necessary, the entry of an appropriate stay order; the Party or Class Party receiving the request shall not produce the material in dispute so long as it may lawfully refuse.

Filing Confidential Discovery Material with the Court

20.     In the event that any Confidential Discovery Material is contained in any pleading, motion, exhibit, or other paper (collectively "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the Party or Class Party filing such papers, and the Clerk shall keep such papers under seal until further order of the Court; provided, however, that such papers shall be furnished to the Court and Outside Counsel of the Parties.

21.     Information filed under seal shall be placed in sealed envelopes on which shall be written the title to this action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

"This envelope is sealed pursuant to order of this Court and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

22.    Parties shall produce and file redacted versions of any papers in the District Court actions in accordance with the "Administrative Procedures Governing Filing and Service by Electronic Means" as issued by the United States District Court for the District of Delaware, such that there is no disclosure of any Confidential Discovery Material.

Duties Upon Conclusion of Litigation

23.    Within one hundred twenty (120) days of the conclusion of the AMD Litigation or the Class Litigation, whichever occurs later, counsel for any Party or Class Party that has received Discovery Material shall return to the Producing Party, or destroy, all originals and copies of all documents and all notes, memoranda, or other papers containing Confidential Discovery Material, including any and all Confidential Discovery Material disseminated pursuant to the terms of this Protective Order.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product prepared or received in connection with the AMD Litigation or the Class Litigation, even if such materials contain protected material.  Any such archival copies that contain or constitute protected material shall remain subject to this Order.

24.    Counsel of record shall certify their compliance with the terms of this paragraph and, not more than one hundred and twenty (120) days after the conclusion of the AMD Litigation or the Class Litigation, whichever comes later, shall deliver the same to counsel for the Producing Party.

25.    The provisions of this Protective Order, insofar as they restrict the communication and use of Discovery Material by any Party, Class Party, counsel, or expert witness shall, without written permission of the Producing Party or further order of the Court, continue to be binding after the conclusion of the AMD Litigation or the Class Litigation.

19

Remedies for Non-Compliance

26.     The Parties agree that any disclosure of Confidential Discovery Material contrary

to the terms of this Order by a Party or Class Party or anyone acting on its, his or her behalf

constitutes a violation of the Order remediable by the Court, regardless of where the disclosure

occurs.

27.     Nothing contained in this Protective Order shall diminish any attorney-client

privilege or attorney work product claim or any protection of work product that is not attorney

work product or any other privilege or protection recognized by the Court, or obligate any person

to provide any discovery to which it asserts objections.  Entry of the foregoing Protective Order

is without prejudice to the right of the Parties and Non-Parties to apply for further protective

orders regarding certain categories of information, or for modification of any provision of this

Protective Order.

Inadvertent Production.

**28.**     The production or disclosure of any Discovery Material in the AMD Litigation

or the Class Litigation, which disclosure a Producing Party claims was inadvertent and

should not have been produced or disclosed because of a privilege or other protection,

including without limitation work product protection, will not be deemed to be a waiver of any

privilege to which the Producing Party would have been entitled had the privileged

Discovery Material not inadvertently been produced or disclosed.  Upon receiving notice

from the Producing Party, the Receiving Party shall promptly return the inadvertently

produced Discovery Material to the Producing Party without making copies of such material

and shall destroy any copies already made.

Dated: _____          **POTTER ANDERSON & CORROON LLP**

                                                            By: _____

                                                                      Richard L. Horwitz (#2246)
rhorwitz@potteranderson.com
W. Harding Drane, Jr. (#1023)
wdrane@potteranderson.com
1313 North Market Street
P.O. Box 951
Wilmington, DE  198999-0951
(302) 984-6027
Attorneys for Intel Corporation and Intel
Kabushiki Kaisha

Dated: _____          **GIBSON, DUNN & CRUTCHER LLP**

                                                            By: _____

                                                                      Daniel S. Floyd
DFloyd@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
Attorneys for Intel Corporation and Intel
Kabushiki Kaisha

Dated: _____          **HOWREY LLP**

                                                            By: _____

                                                                      Darren B. Bernhard
BernhardD@howrey.com
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
(202) 383-6774
Attorneys for Intel Corporation and Intel
Kabushiki Kaisha

Dated: _____        **RICHARDS, LAYTON & FINGER, P.A.**

By: _____
Frederick L. Cottrell (#2555)
cottrell@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Attorneys For Advanced Micro Devices,
Inc. And AMD International Sales &
Service, Ltd.

Dated: _____        **O'MELVENY & MYERS LLP**

By: _____
Charles B. Diamond
cdiamond@omm.com
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035
(310) 553-6700
Attorneys for Advanced Micro Devices, Inc.
And AMD International Sales & Service,
Ltd.

Dated: _____

INTERIM CLASS COUNSEL

**PRICKETT JONES & ELLIOTT, P.A.**

By: _____

    James L. Holzman (#663)
    jlholzman@prickett.com
    J. Clayton Athey (#4378)
    jcathey@prickett.com
    Eric M. Andersen (#4376)
    emanderson@prickett.com
    1310 King Street
    P.O.Box 1328
    Wilmington, DE  19899
    (302) 888-6509
    Attorneys for Co-Lead and Interim Counsel
    for Plaintiffs

**COHEN, MILSTEIN, HAUSFELD & TOLL PLLC**

By: _____

    Michael D. Hausfeld
    mhausfeld@cmht.com
    Daniel A. Small
    dsmall@cmht.com
    Brent W. Landau
    blandau@cmht.com
    Allyson B. Baker
    abaker@cmht.com
    1100 New York Avenue, NW
    Suite 500, West Tower
    Washington, DC  20005
    Attorneys for Co-Lead and Interim Counsel
    for Plaintiffs

**THE FURTH FIRM, LLP**

By:    _____

      Michael P. Lehmann
      mplehmann@furth.com
      Thomas P. Dove
      tdove@furth.com
      Alex C. Turan
      aturan@furth.com
      225 Bush Street, 15th Floor
      San Francisco, CA  94104
      Attorneys for Co-Lead and Interim Counsel
      for Plaintiffs

**HAGENS BERMAN SOBOL SHAPIRO, LLP**

By:    _____

      Steve W. Berman
      steve@hbsslaw.com
      Anthony Shapiro
      tony@hbsslaw.com
      Craig R. Spiegel
      craig@hbsslaw.com
      1301 Fifth Avenue
      Suite 2900
      Seattle, WA  98101
      Attorneys for Co-Lead and Interim Counsel
      for Plaintiffs

**SAVERI & SAVERI, INC.**

By:    _____

      Guido Saveri
      guido@saveri.com
      R.Alexander Saveri
      rick@saveri.com
      111 Pine Street, Suite 1700
      San Francisco, CA  94111
      Attorneys for Co-Lead and Interim Counsel
      for Plaintiffs

Dated: _____          **ALEXANDER HAWES & AUDET, LLP**

                                   By: _____

                                          Michael McShane
                                          152 North 3rd Street
                                          Suite 600
                                          San Jose, CA  95112
                                          (408) 289-1776

IT IS SO ORDERED THIS _____ day of _____, 2006.

                                        _____
                                        United States District Judge

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation, | Civil Action No. 05-441-JJF |

Plaintiffs,

vs.

INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,

Defendants.

| | |
|---|---|
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No.1717-JJF |

PHIL PAUL, on behalf of himself and all other similarly situated,

Plaintiffs,

vs.

INTEL CORPORATION,

Defendant.

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, am a _____(employee, partner, associate, etc.) of _____, and I hereby acknowledge that:

1.     I have read the Protective Order entered in the action captioned above, understand the terms thereof, and agree to be bound by such terms;

2.      I will make only such copies or notes as are required to enable me to render assistance in connection with the matters for which I am engaged;

3.      I will not disclose Confidential Discovery Materials to any person not expressly entitled to receive it under the terms of the Protective Order;

4.      I will not use Confidential Discovery Materials for any purpose other than that authorized by the Protective Order; and

5.      I agree to submit to the jurisdiction of the United States District Court for the District of Delaware for the sole purpose of having the terms of the Protective Order enforced.


Dated: _____

Signature:_____

RLF1-3007754-1