# EXHIBIT A




650 Town Center Drive | 4th Floor | Costa Mesa, CA 92626-1993
714-513-5100 *office* | 714-513-5130 *fax* | ***www.sheppardmullin.com***

Writer's Direct Line: 714-424-2803
jhersey@sheppardmullin.com

May 16, 2006

Our File Number: 0PTP-118633

***VIA E-MAIL AND U.S. MAIL***

Frederick L. Cottrell, III, Esq.
cottrell@rlf.com
Chad M. Shandler, Esq.
shandler@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899

Richard L. Horwitz, Esq.
rhorwitz@potteranderson.com
W. Harding Drane, Jr., Esq.
wdrane@potteranderson.com
Potter Anderson & Corroon LLP
1313 North Market Street, P.O. Box 951
Wilmington, DE 19801

James L. Holzman, Esq.
jlholzman@prickett.com
J. Clayton Athley, Esq.
jcathey@prickett.com
Prickett Jones & Elliott, P.A.
1310 King Street, P.O. Box 1328
Wilmington, DE 19899

Re: *AMD, Inc. v. Intel Corp.*, C.A. No. 05-441-JJF;
*In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 1717-JJF;
*Paul v. Intel Corp.*, C.A. No. 05-485-JJF;
*Intel x86 Microprocessor Cases*, California Superior Court, J.C.C.P. No. 4443

Dear Counsel:

This letter is written on behalf of the following non-party distributors, by their respective counsel, which received notice of the Proposed Protective Order submitted by the parties in the above-referenced litigation: ASI Computer Technologies, Inc.; Avnet, Inc.; Ingram Micro Inc.; Synnex Corporation; and Tech Data Corporation (collectively, the "Distributors"). The purpose of this letter is to identify the Distributors' concerns with the Proposed Protective Order in the hope that we might resolve as many of these issues as possible before our objections must be filed with the Court on May 19, 2006. We propose a conference call on Wednesday afternoon or Thursday morning for all interested parties, including the signatories to the Proposed Protective Order copied on this letter. Please let us know when you are available for a call and we will circulate the dial-in information.

The Distributors' concerns are listed below. For convenience, we have also included a black-lined version of the Proposed Protective Order with our comments. Please note that nothing in this letter or attachment is intended to waive any objections that any of the Distributors raised to the subpoenas or may assert against the Proposed Protective Order.

| Paragraph | Comment/Objection |
|---|---|
| Definition J | The proposed definition of "In-House Litigation Counsel" should be expanded to prevent such persons who are given access to a Distributor's confidential information from engaging in the review or negotiation of contracts with that Distributor, or participating in any litigation against or otherwise interacting in a competitive business manner with that Distributor, for a period of one year following the conclusion of any of the litigations identified in the Protective Order. |
| Definition R | Subsection 7 ("non-public negotiations with customers relating to the purchase or sale of microprocessors, chipsets or any other product manufactured by a Party") does not account for the "middle-man" role that distributors play in the microprocessor market, or the fact that some purchases may not be made directly from a manufacturer. The definition should be modified as follows: "Non-public negotiations with customers or vendors relating to the purchase or sale of microprocessors, chipsets or any other product." |
| | Subsection 16 provides that "Confidential Discovery Material" includes any other documents or material the disclosure of which a producing party can demonstrate would cause it "serious and specific" harm. It appears, based on our research, that the parties derived the "serious and specific" harm language from various Third Circuit cases interpreting the "good cause" requirement for the protection of trade secrets and other confidential information under Federal Rule of Civil Procedure 26(c)(7). The use and disclosure of the Distributors' confidential information, however, will not be limited to litigation in the Third Circuit. Rather, the Distributors' material will also be disclosed in litigation in California and elsewhere. Subsection 16 should therefore not be limited to an interpretation of the Third Circuit standard. Instead, it should include any "[o]ther information or documents that, for good cause, the Producing Party can demonstrate should be treated as Confidential Discovery Material under the terms of this Protective Order." "Good cause" is the standard required by California law. *See* Cal. Code Civ. Proc. § 2031.060(b). |

Definition S

This provision, which requires a showing of serious or specific harm for the protection of any documents dated or prepared more than 24 months prior to a designation request, should be removed. Documents should not presumptively lose their confidential status merely because they were prepared more than two years before a production demand. Many documents, such as multi-year contracts and marketing plans, are intended to last more than two years. Older documents are often precursors to and reflective of current proprietary information. So long as there is "good cause" for a document to be classified as confidential pursuant to Definition R.16., the date of the document's preparation with regard to the date it was requested is irrelevant.

Paragraph 1

The last sentence of this paragraph, which allows a Party to use Confidential Discovery Material that has lost its confidential designation for any purpose, is not acceptable. The Distributors are not parties to the various disputes and have no direct involvement or interest in them. But for the serving of subpoenas, the parties would not have access to the Distributors' documents, confidential or otherwise. Even if a document produced by a Distributor does not qualify as a trade secret, a Party should not be allowed to use that document, which was obtained in connection with the litigation process, for its own business purposes or dissemination to the Distributor's competitors. The Protective Order should therefore provide that the Parties, and all other persons to whom *any* of the documents produced by the Distributors are disclosed, are precluded from using the Distributors' information, including any of the Distributors' information produced by a Party, for any purpose other than the identified litigations.

Paragraph 2

The Distributors reserve their rights to reimbursement of all costs associated with their preservation, review and production of documents. So that nothing in the Protective Order may be deemed a waiver of those rights, we have added the provision that "Nothing in this Protective Order prohibits the Court, Parties or Third Parties from shifting any costs incurred by a Producing Party."

Paragraph 4

A Producing Party should only be required to label Confidential Discovery Material as "CONFIDENTIAL" without indicating the specific litigation the material is being produced in, or mark its documents in some other manner that clearly identifies the range of documents or information, or parts thereof, that should be treated as Confidential Discovery Material.

The written notification required by the Producing Party should only need to be given to the Requesting Party, which in turn should be required to provide similar notification to any others to whom the Requesting Party discloses the Confidential Discovery Material.

Paragraph 5

This paragraph does not provide an opportunity for a non-party whose confidential information is used or disclosed during a deposition to review and designate such testimony as "CONFIDENTIAL." The Protective Order should state that: "Notwithstanding the foregoing, any use or disclosure of documents or information obtained from or related to a Third Party during a deposition, or testimony by any witness concerning any Third Party during a deposition, is presumed to be and shall remain "CONFIDENTIAL." Any Party wishing to disclose the deposition testimony or documents to a person other than as permitted by the Protective Order shall make a written Designation Request to the Third Party as provided in Paragraph 16," as amended. Please note that the Parties may already possess documents containing a Distributor's confidential information. As such, any testimony about the Distributor's confidential information should be treated as "Confidential Discovery Material."

Paragraph 7

Counsel for the Parties have an obligation to keep track of the identities of the persons to whom they are disclosing Confidential Discovery Material. Likewise, the Distributors have the right to know the identity of the persons to whom their Confidential Discovery Material is disclosed, in part so the Distributors can ensure that the material is returned or destroyed at the conclusion of the actions. Therefore, the language of this Paragraph should be clarified and expanded to provide that: "The Acknowledgements will not be exchanged, but will be maintained by the Party that discloses the Confidential Discovery Material and made available to Third Parties within thirty (30) days of the conclusion of the AMD Litigation, the Japan Litigation, the Class Litigation, and/or the California Class Litigation, whichever comes later, and before that date within ten (10) days to the Producing Party or Court upon request."

Paragraph 10

This paragraph should be expanded to include those persons listed under Paragraphs 6(b) and 6(h). In addition, the last sentence should be revised to state, "No Confidential Discovery material shall be shown to a former employee of a <u>Producing Party</u> employed by a <u>Party</u>, except pursuant to separate written agreement."

| | |
|---|---|
| Paragraph 14 | A Party wishing to use or disclose a Third Party's Confidential Discovery Material at trial should make a written request to the Third Party pursuant to the provisions of Paragraph 16. |
| Paragraph 16 | For Subsections (a) and (b), the term "massive" is undefined and creates ambiguity as to when the response or application is required. For Subsection (a), the Distributors propose that the Protective Order read: "Within twenty (20) court days the Producing Party shall respond in writing to the Designation Request either agreeing to the disclosure or designating the material as Confidential Discovery Material." For Subsection (b), the Distributors propose that the Producing Party shall have 30 days after receiving the Receiving Party's written objection to file an application with the Court. |
| Paragraph 18 | Since the Parties will presumably receive notice of any Subpoena issued to any Third Party, Third Parties should not be required to provide notice to any Originating Party that is a Party to one of the actions identified in the Protective Order. |
| Paragraph 27 | The first line contains an incorrect reference to "this paragraph." The sentence should read, "Counsel of record shall certify their compliance with the terms of Paragraph 26 and, not more than one hundred and twenty (120) days after the conclusion of the AMD Litigation . . . ." |

We note that there are several instances in the Proposed Protective Order where the words "party" or "parties" are not capitalized, thereby creating some confusion as to whether the terms of the agreement apply to non-parties as well as the Parties. *See, e.g.*, Definition S & ¶¶ 5, 10, 14 & 16. We attempted to make appropriate corrections in the black-lined agreement.

Finally, the Distributors want to make clear their intention to undergo only one document production in connection with the various litigations referenced in the Protective Order. In other words, because the Parties will disclose the documents produced by the Distributors to counsel in all of the litigations referenced in the Protective Order, the Distributors should only be required to make a single, uniform production to the Parties in the matter of *AMD, Inc. v. Intel Corp.*, C.A. No. 05-441-JJF.

We look forward to speaking with you about ways to resolve these issues without the need for the Distributors to file objections on Friday. Thank you.

Very truly yours,

Jonathan P. Hersey, Esq.
Scott B. Lieberman, Esq.
Sheppard, Mullin, Richter & Hampton LLP
Attorneys for INGRAM MICRO INC.

– and –

Kenneth A. Gallo, Esq.
Craig A. Benson, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
Attorneys for SYNNEX CORPORATION

– and –

Jordan Green, Esq.
Fennemore Craig PC
Attorneys for AVNET, INC.

– and –

Alison S. Hightower, Esq.
Nossaman Guthner Knox & Elliott LLP
Attorneys for ASI COMPUTER TECHNOLOGIES, INC.

– and –

Eric S. Adams, Esq.
Carlton Fields P.A.
Attorneys for TECH DATA CORPORATION

Attachment

cc w/attachment:

Daniel S. Floyd, Esq.
DFloyd@gibsondunn.com
Gibson, Dunn & Crutcher LLP
333 South Grand Ave.
Los Angeles, CA 90071-3197

Charles B. Diamond, Esq.
cdiamond@omm.com
James "Bo" Pearl, Esq.
jpearl@omm.com
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035

Michael P. Lehmann, Esq.
mplehmann@furth.com
Thomas P. Dove, Esq.
tdove@furth.com
Alex C. Turan, Esq.
aturan@furth.com
The Furth Firm, LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104

Steve W. Berman, Esq.
steve@hbsslaw.com
Anthony Shapiro, Esq.
tony@hbsslaw.com
Craig R. Spiegel, Esq.
craig@hbsslaw.com
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Darren B. Bernhard, Esq.
BernhardD@howrey.com
Jason Raofield, Esq.
RaofieldJ@howrey.com
Howrey LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C. 2004-2402

Guido Saveri, Esq.
guido@saveri.com
R. Alexander Saveri, Esq.
rick@saveri.com
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111

Michael D. Hausfeld, Esq.
mhausfeld@cmht.com
Daniel A. Small, Esq.
dsmall@cmht.com
Brent W. Landau, Esq.
blandau@cmht.com
Allyson B. Baker, Esq.
abaker@cmht.com
Cohen, Milstein, Hausfeld & Toll PLLC
1100 New York Ave., N.W.
Suite 500, West Tower
Washington, D.C. 20005

Michael McShane, Esq.
Alexander Hawes & Audet, LLP
152 North 3rd Street
Suite 600
San Jose, CA 95112