UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| Advanced Micro Devices, Inc. and AMD International Sales & Services, Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Intel Corporation and Intel Kabushiki Kaisha, <br><br> Defendants. | C.A. No. 05-441-JJF |
| In re Intel Corporation Microprocessor Antitrust Litigation | MDL No. 1717-JJF |
| Phil Paul, on behalf of himself and all other similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Intel Corporation, <br><br> Defendant. | |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 1550(b)) <br><br> Intel x86 Microprocessor Cases | J.C.C.P. No. 4443 |

## NON-PARTY LENOVO GROUP LTD.'S OBJECTIONS AND COMMENTS TO STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

Plaintiff Advanced Micro Devices, Inc. ("AMD") in the first captioned action

served Lenovo Group Ltd. ("Lenovo") with a third party document subpoena dated

October 4, 2005, issued by the U.S. District Court for the Southern District of New York.

Lenovo timely filed objections to the subpoena.

9324186.1

After negotiations with AMD counsel, and pursuant to its previous objections, Lenovo produced documents requested by the subpoena on April 4, 2006 and April 10, 2006. Lenovo produced all documents pursuant to Delaware Local Rule 26.2 and designated them as "Highly Confidential—Outside Attorney's Eyes Only."

Lenovo has reviewed the Stipulated Confidentiality Agreement and [Proposed] Protective Order ("Protective Order") in the above-captioned matters. Pursuant to the May 1, 2006 Notice to Third Parties, in which the Court's invitation to submit concerns or objections to the Protective Order was communicated, Lenovo, through undersigned counsel, makes the following objections, comments and suggestions:

1.      The Protective Order should not allow the use or disclosure of anything in, or apply in any way to, the "Japan Litigation", and therefore, all references to the "Japan Litigation" should be deleted.  Lenovo is not aware of any protections that exist with respect to the "Japan Litigation" that would ensure its ability to monitor and enforce the use of its Discovery Material or Confidential Discovery Material (as defined in ¶¶ Q and R).  Furthermore, Japanese rules ought to apply to the "Japan Litigation", including rules pertaining to discovery generally and, in particular, to the discovery of materials not located in Japan.

2.      If the Court determines that the Protective Order will apply to the use or disclosure of anything in, or will apply in any way to, the "Japan Litigation", a requirement should be included that Lenovo and other Third Parties must receive advanced notice of each specific action, the identity of counsel in those actions, and the terms and conditions, in English, that will apply to any Lenovo material that may be provided.

2

3.     The Protective Order should not allow the use or disclosure of anything in, or apply in any way to, any Competition Investigation or any other litigation or investigatory matter that is not currently pending and expressly defined in the Protective Order.

4.     If the Court determines that the Protective Order will apply to the use or disclosure of anything in, or will apply in any way to, any Competition Investigation or any other litigation or investigatory matter that is not currently pending and expressly defined in the Protective Order, a requirement should be included that Lenovo and other Third Parties must receive advanced notice of each specific action and the identity of counsel in those actions.

5.     The definition of "Expert/Consultant" in Paragraph N should be modified to prohibit any current or former employee of AMD or Intel from serving as an Expert and/or Consultant.

6.     Paragraph S imposes additional burdens on Lenovo and other Third Parties in order for discovery materials that are more than 24 months old to maintain their confidential treatment. This paragraph eliminates protection for otherwise confidential material on the arbitrary basis of the age of the material, unless the producing party meets the exacting requirements laid out in Paragraph R(16). That two years have passed does not simply rid material of its commercially sensitive or otherwise confidential nature, nor does it justify requiring Third Parties to meet the unreasonable and overly burdensome requirement set forth in Paragraph R(16). Paragraph S should be removed in its entirety

3

and no limitations should be placed on the confidentiality of Discovery Materials simply on the basis of the age of such materials.

7.      The restrictions of paragraph 8 related to In-House Litigation Counsel's participation in the preparation or prosecution of any patent application should be explicitly extended to apply with respect to Confidential Discovery Material produced by a Third Party and expanded to include the prohibition of In-House Litigation Counsel's participation in all activities related to competitive pricing and marketing for microprocessors and chipsets.

8.      The last sentence of Paragraph 10 is unclear in that it requires a "separate written agreement" in certain instances but does not identify who the parties to the "separate written agreement" will be. Also, the term "party" in the phrase "former employee of a party" should be capitalized so that it clearly refers to AMD and Intel.

9.      Lenovo and other Third Parties should receive notice of the identity of Experts/Consultants and In-House Litigation Counsel in advance of these individuals viewing or otherwise accessing Third Party Confidential Discovery Material. Lenovo and other Third Parties also should have an opportunity to object to the viewing or otherwise accessing of these materials by any of these individuals.

10.     Paragraph 14, concerning the designation of confidential documents at trial, should be modified to afford Lenovo and other Third Parties an opportunity to participate in the process laid out in this paragraph. Specifically, to protect against the disclosure of their Confidential Discovery Material at trial, Lenovo and other Third Parties should receive prior notice of any potential use at trial of this material as well as an opportunity to be heard on the matter with the Parties and if need be, the Court.

4

11.     Lenovo finds much of Paragraph 17 to be vague and ambiguous. To the extent the paragraph applies to a Party's receiving materials of a Third Party through another, such as a U.S., state, or foreign governmental agency or court, the protections discussed in Paragraph 17 (e.g. receiving written notice and an opportunity to designate such materials confidential) should be explicitly extended to the Third Party. Furthermore, the language contained in Paragraph 17 should make clear that the Protective Order creates no right on behalf of any Party to receive anything it otherwise had no right to receive, nor does it create any right on behalf of any Third Party, including a U.S., state, or foreign governmental agency or court, to disclose anything it could not otherwise disclose. Finally, the second to last sentence of Paragraph 17 should be removed on the basis both that the terms "freely furnished" is ambiguous, and that existing laws and/or regulations limit many Third Parties' abilities to use and disclose materials provided to it, even where there is no requirement that such materials be designated as "confidential". The Protective Order should not expand the existing ability of Third Parties to disclose materials in their possession.

12.     Paragraph 26, concerning the disposal of Confidential Discovery Material upon the conclusion of applicable litigation matters, should be modified such that disposal obligations become effective on a case-by-case basis (i.e., they become effective at the conclusion of each litigation matter, not "whichever occurs later").

13.     Paragraph 30 should be modified to include Lenovo and other Third Parties so that they, along with the Parties in the applicable litigation matters, have the right to apply for further protective orders, or for modification of the Protective Order, as appropriate.

5

9324186.1

14.     Access to all documents and materials produced by Lenovo and other

Third Parties prior to the entry of this Protective Order should be limited to those persons

affiliated with the AMD Litigation and further restricted pursuant to any such prior

designations (i.e., "Highly Confidential—Outside Attorney's Eyes Only"), unless the

producing party grants written permission to other persons affiliated with the AMD

Litigation, or other matters, to obtain the materials produced to date.

This the 19th day of May, 2006.

KILPATRICK STOCKTON LLP

By:

Hayden J. Silver, III
N.C. State Bar No. 10037
J. Christopher Jackson
 N.C. State Bar No. 26916
3737 Glenwood Avenue, Suite 400
Raleigh, North Carolina 27612
Telephone: (919) 420-1700
Facsimile: (919) 420-1800

*Attorneys for Non-party*
*Lenovo Group Ltd.*

9324186.1

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on this date I caused to be served the

foregoing **NON-PARTY LENOVO GROUP LTD.'S OBJECTIONS AND**

**COMMENTS TO STIPULATED CONFIDENTIALITY AGREEMENT AND**

**[PROPOSED] PROTECTIVE ORDER** upon local counsel at the following email

addresses, pursuant to the Notice to Third Parties dated May 1, 2006:

> AMD:
> Frederick L. Cottrell, III at cottrell@rlf.com
> Chad M. Shandler at shandler@rlf.com
>
> Intel:
> Richard W. Horwitz at rhorwitz@potteranderson.com
> W. Harding Drane, Jr. at wdrane@potteranderson.com
>
> Interim Class Counsel:
> James L. Holzman at jlholzman@prickett.com
> J. Clayton Athey at jcathey@prickett.com

and also by depositing a copy thereof in the United States mail, first-class postage

prepaid and addressed as follows:

> Charles P. Diamond, Esq.
> James Bo Pearl, Esq.
> O'Melveny & Meyers LLP
> 1999 Avenue of the Stars, Suite 700
> Los Angeles, CA 90067
>
> Darren B. Bernhard, Esq.
> Howrey LLP
> 1299 Pennsylvania Ave., NW
> Washington, DC 20004
>
> Robert E. Cooper, Esq.
> Gibson, Dunn & Crutcher, LLP
> 333 South Grand Ave.
> Los Angeles, CA 90071

This the 19th day of May, 2006.

Attorney for Lenovo Group Ltd.

KILPATRICK STOCKTON, LLP
3737 Glenwood Avenue, Suite 400
Raleigh, NC 27612
Telephone: (919) 420-1700
Facsimile: (919) 420-1800

9324186.1

 KILPATRICK
STOCKTON LLP

Attorneys at Law

Suite 400 3737 Glenwood Avenue
Raleigh NC 27612
t 919 420 1700 f 919 420 1800
www.KilpatrickStockton.com

J. Christopher Jackson
direct dial 919 420 1774
direct fax 919 420 6109
JCJackson@KilpatrickStockton.com

May 19, 2006

**Via Overnight Delivery**

The Honorable Peter T. Dalleo
Clerk, U. S. District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

     Re:   *Advanced Micro Devices v. Intel Corporation*, Civil Action No. 05-441-JJF

Dear Mr. Dalleo:

     Enclosed please find the original and two copies of Non-party Lenovo Group Ltd.'s Objections and Comments to Stipulated Confidentiality Agreement and [Proposed] Protective Order in the above-referenced matter. Please file the original and return one file-stamped copy to me in the envelope that has been enclosed for your convenience.

     Thank you for your assistance. Please contact me if you have any questions.

               Sincerely,

               KILPATRICK STOCKTON LLP

               J. Christopher Jackson

Enclosures

cc:   Timothy J. McClain, Esq.
       Hayden J. Silver, III, Esq.

9324229.1