UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. a Delaware Corporation, and AMD INTERNATIONAL SALES AND SERVICE, LTD, a Delaware Corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Jananese Corporation,<br><br>    Defendants. | Case No. C05 00145 JW<br><br>OBJECTIONS AND COMMENTS OF THIRD PARTY FRY'S ELECTRONICS, INC. TO THE [PROPOSED] PROTECTIVE ORDER |
| **IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION** | MDL No. 1717-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated.<br><br>    Plaintiffs,<br>vs.<br><br>INTEL CORPORATION,<br><br>    Defendant. | |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SANTA CLARA

| | |
|---|---|
| **COORDINATION PROCEEDING SPECIAL TITLE (Rule 1550(b))**<br><br>**INTEL X86 MICROPROCESSOR CASES** | J.C.C.P. No. 4443 |

Case No. C05 00145 JW    Third Party Fry's electronics, Objection and Comments Re.
[Proposed] Protective Order

Fry's Electronics, Inc. ("Fry's") is a third party to this action and was served with a document production subpoena on October 4, 2005, from Plaintiff Advanced Micro Devices, Inc. and AMD International Sales and Service, Ltd. (hereinafter "Plaintiffs"). Pursuant to the Court's invitation, Fry's hereby submits the following comments and objections to the [Proposed] Protective Order.

1.     Fry's objects to paragraph 1 of the Terms and Conditions of Protective Order section. More specifically, Fry's objects to the last sentence of this paragraph which currently states:

> Confidential Discovery Material that loses that designation, either by agreement of the Parties or the challenge process set out in paragraph 16, may be used for any purpose, unless such use is restricted by agreement or by the Court.

Fry's Objects to this provision because it would allow the Parties to agree to treat information designated "Confidential" by Third Parties as non-confidential. In other words, it would allow the Parties to circumvent a Third Parties' "Confidential" designation by mere agreement of the parties. It is Fry's position that information designated as "Confidential" by Third Parties should remain Confidential unless the Third Party producing the document agrees otherwise or unless the Court, after giving the Third Party an appropriate opportunity to be heard on the issue, orders that the information is to be treated in a manner other than Confidential.

Fry's further objects to the phrase " . . . may be used for any purpose, unless such use is restricted by agreement or by the Court." Fry's requests that this phrase be changed to " . . . may be used for any purpose, unless such use is restricted by agreement, *by law,* or by the Court." (*emphasis added to denote addition*).

2.     Fry's Objects to Paragraph 6 subsection (c) and paragraph 9. Plaintiffs have subpoenaed highly confidential sales documents such as industry-wide purchase agreements and sales information. Said information could greatly harm Fry's, and other Third Parties, ability to negotiate competitive purchase orders and vendor agreements should it be disclosed to the Parties to the lawsuit. Fry's therefore requests that a second "tier" be added to the protective order that would shield such highly confidential information from disclosure to the Parties' and their In-House Counsel.

In the alternative, should the Court refuse Fry's request for a two-tiered protective order, Fry's requests that In-House Counsel should be precluded from viewing confidential documents in their normal place of business and that they only be granted access to view the documents at their outside counsel's offices. Paragraph 9 provides that:

> ... In no event shall Confidential Discovery Material be stored in at any business premises of the Receiving Party, or be made accessible electronically to employees of the Receiving Party, except that In-House Counsel may view, but not store, Confidential Discovery Material at his or her normal workplace by electronically and remotely accessing a Receiving Party's electronic document repository ...

Making the Confidential documents available electronically for inspection by In-House Counsel at their "normal workplace," is essentially equivalent to storing the documents at the offices of In-House Counsel. There is simply no need for such ready access to confidential documents by In-House Counsel and the risk of abuse and exposure to other Party employees is too great. Indeed, there is nothing that would prohibit the In-House Counsel from printing the documents or storing them in a manner that could be viewed by others within the Parties' employment.

Finally, to the extent that this Court allows In-House Counsel to view Confidential documents produced by Third Parties, Fry's requests that the In-House Counsel's identity be disclosed to the Third Parties. Therefore, paragraph 6(c) should be changed from: "Two In-House Counsel identified to the opposing party" to, "Two In-House Counsel Identified to the opposing Party **and any Producing Party**."

3.   Last, Fry's requests that the Third Parties be given access to the "Acknowledgements of Protective Order." This is necessary to ensure that the Third Parties know who has been given access to the "Confidential" documents that they produced. The Third Parties clearly have a right to know who has been given access to their "Confidential" information. For example, if an expert in this case should also be involved in another matter involving a Third Party (or later become involved a matter involving the Third Party) and he or she has been given access to "Confidential" information from that Third Party, the Third Party clearly has an interest knowing about said access. Accordingly, Fry's requests that the last sentence in Paragraph 7 be changed from: "The Acknowledgements will not be exchanged, but will be

3

maintained and made available to the Court upon the Court's request" to "The Acknowledgements *of Protective Order shall be timely produced to the Producing Part and* will be maintained and made available to the Court upon the Court's request."

Respectfully submitted,

DATED: May 19, 2006

By: *Brian N. Henri*
BRIAN D. HENRI
Attorneys for Third Party
FRY'S ELECTRONICS, INC.

4

| Case No. C05 00145 JW | DEFENDANTS FRY'S AND FEB'S MOTION TO DISMISS FAC |
|---|---|

Case Name: <u>AMD v. Intel, et al.</u>
Case Number: USDC - District of Delaware-Proceeding No.: 05-441-JJF

**PROOF OF SERVICE BY ELECTRONIC MAIL (E-MAIL)**

I, the undersigned employee, declare and state that I am over 18 years of age, employed in the City of San Jose, County of Santa Clara, California, and not a party to this action. My business address is 600 E. Brokaw Road, San Jose, CA 95112.

On May 19, 2006, at my place of business following ordinary business practice, I served **OBJECTIONS AND COMMENTS OF THIRD PARTY FRY'S ELECTRONICS, INC. TO THE [PROPOSED] PROTECTIVE ORDER** by transmitting a true copy by electronic mail (e-mail) thereof from my regular office email address bdh@i.frys.com, to Frederick L. Cotrell, III at <u>Cottrell@rlf.com</u>, Chad M. Shandler at <u>shandler@rlf.com</u>, Richard W. Horowitz at <u>rhorowitz@potteranderson.com</u>, W. Harding Drane, Jr. at <u>wdrane@potteranderson.com</u>, James L. Holzman at <u>jlholzman@prickett.com</u> , J. Clayton Athey at jcathey@pickett.com. Each such electronic transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

DATED: 5/19/06

*/s/ Brian D. Henri*
BRIAN D. HENRI

---

PROOF OF SERVICE BY ELECTRONIC MAIL (E-MAIL) - OBJECTIONS AND COMMENTS OF THIRD PARTY FRY'S ELECTRONICS, INC. TO THE [PROPOSED] PROTECTIVE ORDER

# Fry's ELECTRONICS
## LEGAL DEPARTMENT

600 E. Brokaw Road ♦ San Jose, CA 95112 ♦ Ph: (408) 487-4748 ♦ Fax: (408) 487-4741

May 19, 2006

**VIA OVERNIGHT COURIER**

United States District Court
District of Delaware
844 N. King Street
Lockbox 18
Wilmington, DE 19801
Attn: Clerk to the Court

Re: <u>AMD v. INTEL, et al.</u>
USDC, District of Delaware.: 05-1717 JJF

Dear Clerk:

Enclosed please find an original and two copies of **OBJECTIONS AND COMMENTS OF THRID PARTY FRY'S ELECTRONICS, INC. TO THE [PROPOSED] PROTECTIVE ORDER** in the above-entitled action.

Please file the original and mail back to this office a file endorsed stamped copy in the enclosed self-addressed stamped envelope.

Should you have any questions or concerns please contact me by telephone at (408) 487-4748 or by facsimile at (408) 487-4741. Thank you.

Very truly yours,

Steven Delaney
Paralegal

/spd
Enclosure

e-mail BDH@I.Frys.com