# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

William A. Streff, Jr., P.C.
To Call Writer Directly:
312 861-2126
wstreff@kirkland.com

312 861-2000

www.kirkland.com

Facsimile:
312 861-2200

May 19, 2006

**Via Hand Delivery**

The Honorable Joseph J. Farnan, Jr.
U.S. District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 North King Street
Room 4209
Wilmington, Delaware 19801

      Re:   *Advanced Micro Devices, Inc. v. Intel Corp., et al.*,
               Case No. 1:05-cv-00441-JJF

Dear Judge Farnan:

    Pursuant to the Court's May 1, 2006 Order in *Advanced Micro Devices, Inc. v. Intel Corp., et al.,* Case No. 1:05-cv-00441-JJF, Hitachi, Ltd. ("Hitachi") hereby submits the following comments to the Parties' Proposed Protective Order.[1] To aid this Court, Hitachi attaches hereto Exhibit A, which is a red-lined version of the Proposed Protective Order that implements these comments.

## COMMENTS

    1.    Hitachi suggests revisions to the provision on page 8, paragraph 1, which currently allow for use of Confidential Discovery Material in the Japan Litigation. This provision would intrude on Japanese courts' rules of procedure, and American courts have recognized the need to respect the courts of foreign sovereign nations:

> ...Congress did not seek to place itself on a collision course with foreign tribunals and legislatures, which have carefully chosen the procedures and laws best suited for their concepts of litigation....

---

[1] Hitachi submits these comments to the Court for the Court's consideration and seeks no affirmative relief in doing so. Moreover, in submitting these comments, Hitachi maintains all defenses and objections to personal jurisdiction.

The Honorable Joseph J. Farnan, Jr.
May 19, 2006
Page 2

> [F]oreign countries may be offended by the use of United States procedure to circumvent their own procedures and laws.

*In re Asta Medica, S.A.*, 981 F.2d 1, 6 (1st Cir. 1992). The Proposed Protective Order purports to make documents that may not be discoverable in Japan useable in a Japanese court. This is exactly the type of offense-causing collision that the *Asta Medica* court warned against, and there is no reason or need for a U.S. court to intrude in an ongoing Japanese proceeding in this manner.

In addition, this proposed provision would eliminate protection of Confidential Discovery Material. Generally speaking, Japanese courts do not provide protection from disclosure to third parties for a Producing Party's confidential information, and there is no reason to believe those courts would change this practice in response to the provisions set forth on page 17, paragraph 21, requiring notification of the Japanese court of the confidential status of this Material. As a result, were Hitachi to produce Confidential Discovery Material in the U.S. (despite the fact that Hitachi is not subject to U.S. jurisdiction), either of the Parties could potentially de-designate that Material by using it in the Japanese Litigation. As a result, this provision creates a loophole in the Court's own Order.

2.   Hitachi suggests changing all instances of "microprocessors and chipsets" throughout the Proposed Protective Order to "microprocessors, chipsets, PCs and servers". This revision would prevent an unreasonably narrow reading of what subject matter is protected under the Order.

3.   On page 8, paragraph U, Hitachi suggests eliminating the quotation marks around the word "confidential". This section does not appear to intend to limit the benefits of this Order merely to documents maintained internally with explicit "confidential" markings, but rather to protect all documents which Producing Parties maintain internally as confidential. The suggested change would reduce the chance of a misinterpretation that internal documents must be maintained internally with a "confidential" marking for those documents to qualify as "Non-public" under the protective order. In addition, under subparagraph (b), Hitachi suggests changing the language "that are not disclosed to third-parties except under written agreements..." to "that are not disclosed to third-parties except in the course of litigation or government investigation or under written agreements...." This change would prevent documents that are involuntarily produced during litigation from losing their confidential status.

4.   Hitachi suggests that Third Parties receive the same protection as the Parties with regard to the use of Confidential Discovery Material at trial. Specifically, on page 13, paragraph 14, Hitachi suggests that the Parties agree to meet and confer with any Third Party in the event that the Party wishes to include that Third Party's Confidential Discovery Material on an exhibit

The Honorable Joseph J. Farnan, Jr.
May 19, 2006
Page 3

list for trial. This is the same level of protection that the Parties currently possess, and Third Parties should be entitled to the same procedural safeguard.

     5.    Finally, in order to ensure that Confidential Discovery Material disclosed for purposes of this litigation is not widely distributed for improper and unrelated purposes, Hitachi suggests amendments to paragraph 16 on page 14 that (i) require identification of the people to whom a Party would like to disclose such Material; and (ii) limit subsequent disclosures to those people.

We respectfully submit these suggestions in order to prevent inappropriate use of documents produced solely for purposes of this litigation, and to maintain the protection of this Order without unduly burdening the Parties.

Sincerely,

*[signature]*

William A. Streff, Jr., P.C.
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
Fax (312) 861-2200
*Attorney for Hitachi, Ltd.*

Attachment (1)

cc:    Frederick L. Cottrell, III
        Chad M. Shandler
        Richard W. Horwitz
        W. Harding Drane, Jr.
        James L. Holzman
        J. Clayton Athey

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing May 19, 2006 LETTER TO THE COURT REGARDING HITACHI, LTD'S OBJECTIONS AND COMMENTS AND REGARDING THE PROPOSED PROTECTIVE ORDER by electronic mail to the following counsel this 19th day of May, 2006, by 4:30 p.m. Eastern time.

| | |
|---|---|
| Frederick L. Cottrell, III<br>Chad M. Shandler<br>RICHARDS, LAYTON, & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Phone: (302) 651-7509<br>Fax: (302) 498-7509 | cottrell@rlf.com<br>shandler@rlf.com |
| Richard W. Horwitz<br>W. Harding Drane, Jr.<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza<br>1313 North Market Street<br>Wilmington, Delaware 19801<br>Phone: (302) 984-6000<br>Fax: (302) 658-1192 | rhorwitz@potteranderson.com<br>wdrane@potteranderson.com |
| James L. Holzman<br>J. Clayton Athey<br>PRICKETT, JONES & ELLIOTT, P.A.<br>1310 King Street<br>Box 1328<br>Wilmington, Delaware 19899<br>Phone: (302) 888-6500<br>Fax: (302) 658-8111 | jholzman@prickett.com<br>jcathey@prickett.com |

/s/ 
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, Illinois 60601
(312) 861-2000
Fax (312) 861-2200
*Attorney for Hitachi, Ltd.*