# CRAVATH, SWAINE & MOORE LLP

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON

DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

————

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1664

KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS

DARIN P. McATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

————

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

————

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

June 8, 2006

*Advanced Micro Devices, Inc., et al. v. Intel Corp., et al.* (C.A. No. 05-441-JJF),
*In re Intel Corp.* (MDL No. 1717-JJF),
*Phil Paul, et al. v. Intel Corp.* (C.A. No. 05-485-JJF)

Dear Special Master Poppiti:

    With your permission, as communicated to us by Ms. Pat Berry of your office on June 6, non-party International Business Machines Corporation ("IBM") hereby submits comments to the revised proposed Protective Order ("proposed Order") submitted by AMD, Intel and the interim class counsel on May 31, 2006, and to the Response of AMD and Plaintiffs in the MDL Class Litigation to the Comments and Objections of Third Parties, dated May 30, 2006. This submission supplements IBM's May 19, 2006 Objections and Comments and is in lieu of an appearance at the June 12 hearing scheduled for this matter.

    1. IBM maintains its position that the Protective Order should not allow the disclosure or use of any Third Party Discovery Material in the Japan Litigation. The discovery available to the parties in the Japan Litigation should be governed by Japanese law. Should the Court disagree, the Protective Order should at a minimum require that, in advance of the disclosure of any Third Party Discovery Material in the Japan Litigation, Third Parties shall receive written notice of the terms and conditions that will apply to their Discovery Material, as well as an opportunity to object to this Court if they believe those terms and conditions are not at least as restrictive as the terms and conditions contained in the Protective Order.

    2. IBM maintains its position that Paragraph S should be removed in its entirety. Furthermore, the standard set forth in Paragraph R(16), and which is relied on in Paragraph S, should be replaced with the "good cause" standard contained in Fed. R. Civ. P. 26(c). While plaintiffs maintain that Paragraph R(16) simply mirrors the standard of "good cause" required by several federal courts, Rule 26(c) speaks

for itself and does not need further definition, much less a blanket definition, at this stage in the proceedings. Furthermore, the proposed Order currently articulates a process by which plaintiffs and Intel can dispute the confidentiality designations made by Third Parties. Should these disputes arise, the Court must then determine whether "good cause" has been shown and, if need be, can at that time ascertain what a "good cause" showing precisely requires given the specific facts before it.

3. Plaintiffs' and Intel's proposed revisions to Paragraph 14 should be extended so as to apply to the use of Third Party Discovery Materials at any public hearing or proceeding, and not only at trial.

4. Given the inexact definitions of "Class Litigation" and "California Class Litigation" contained in Paragraphs C and D of the proposed Order, it should be required that IBM and other Third Parties promptly receive notice of each specific action in which its Confidential Discovery Material is made available, as well as the identity of counsel for each party in those actions.

We respectfully submit these comments and suggestions and appreciate the Court's consideration of IBM's position on this matter.

Sincerely,

Sally Kesh

*Attorney for Non-Party International Business Machines Corporation*

Special Master Vincent J. Poppiti
    United States District Court for the District of Delaware
        J. Caleb Boggs Federal Building
            844 North King Street
                Wilmington, Delaware 19801

cc:    Frederick L. Cottrell, III
        Chad M. Shandler
        Richard W. Horwitz
        W. Harding Drane, Jr.
        James L. Holzman
        J. Clayton Athey