**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | MDL Docket No. 05-md-1717-JJF |
| Advanced Micro Devices, Inc., and AMD International Sales & Services, Ltd.<br><br><br>Plaintiffs,<br><br>v.<br><br>Intel Corporation and Intel Kabushiki Kaisha<br><br>Defendants. | Civil Action Number 05-441-JJF |

**OBJECTIONS OF NON-PARTY SYNNEX CORPORATION TO
DEFENDANTS' SUBPOENA TO PRODUCE DOCUMENTS**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, SYNNEX Corporation ("SYNNEX") asserts the following objections to the subpoena in the above-captioned case to produce documents dated and served June 21, 2006 (the "Subpoena").

**GENERAL OBJECTIONS**

1.     The following general objections are incorporated into each specific response and objection as if fully set forth in each such response.

2.     SYNNEX objects to the Subpoena to the extent that it seeks to expand the requirements and obligations under, or violates applicable privileges provisions of, the Federal Rules of Civil Procedure or the local rules for the United States District Court for the District of Delaware.

3.      SYNNEX objects to the Subpoena to the extent that the requests contained therein are designed to subject SYNNEX to unwarranted annoyance, embarrassment, oppression, and undue burden and expense.

4.      SYNNEX objects to the Subpoena on the grounds that it is overly broad, beyond the scope of permissible discovery, or seeks information and/or documents without proper limit to their subject matter.  This objection specifically includes, but is not limited to, all requests that seek discovery of "all" documents "reflecting" or "discussing" certain specified categories or documents, as such requests seek a limitless category of documents that would be impractical, if not impossible, to completely produce.

5.      SYNNEX objects to the Subpoena on the grounds that it is vague and overly broad, including without limitation, with respect to the time period covered by the Subpoena.  Specifically, SYNNEX objects to the "time period" (from January 1, 2000 to the present) covered by the Subpoena to the extent that it is not limited to the time relevant to the above captioned litigation on the grounds that the Subpoena seeks information from SYNNEX that is neither relevant to the action nor likely to lead to the discovery of admissible evidence.

6.      SYNNEX objects to the Subpoena on the grounds that it is vague and overly broad, including, without limitation, with respect to the scope of documents covered by the Subpoena.  Specifically, SYNNEX objects to the scope of documents covered by the Subpoena to the extent that it is not limited to those pertaining to INTEL's alleged practices directed at SYNNEX as alleged in the Complaint at ¶¶ 88-91.

7.     SYNNEX objects to the Subpoena on the grounds that it is unduly burdensome in that it seeks documents that can be obtained from Plaintiffs in this action.

8.     SYNNEX objects to the Subpoena on the grounds that the costs associated with responding to it place on SYNNEX a significant undue financial burden. SYNNEX will only produce documents subject to reaching an agreement on appropriate cost-shifting mechanisms.

9.     SYNNEX objects to the Subpoena to the extent it seeks the production of documents that are already in Defendants' possession or are readily available to Defendants by reason of public filing, from parties to the action, from sources that are more convenient, less burdensome or less expensive, or otherwise.

10.     SYNNEX objects to the Subpoena to the extent that it seeks the production of documents that were prepared or acquired in anticipation of or in connection with litigation, or constitute attorney work-product, disclose the mental impressions, conclusions, opinions, or legal theories of any attorneys for SYNNEX, contain privileged attorney-client communications, or otherwise may be protected from disclosure by applicable privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules.  Any inadvertent production of such documents shall not be deemed a waiver of those privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules.

11.     SYNNEX objects to the Subpoena to the extent that it purports to call for the production of trade secrets or other confidential and/or proprietary research,

development, or commercial information of SYNNEX or any other party that may be

subject to an agreement to maintain confidentiality. SYNNEX also generally objects to

the Subpoena to the extent that it seeks information and/or documents which are private

or confidential and of little or no relevance to the above-captioned litigation.

12.     SYNNEX objects to the Subpoena insofar as it seeks the

production of documents that are irrelevant to any issue in this proceeding and/or not

reasonably calculated to lead to the discovery of admissible evidence.

13.     SYNNEX objects to the Subpoena to the extent that it calls for

SYNNEX to produce or create documents that are not currently in SYNNEX's

possession, custody, or control, or seeks to impose any obligation on SYNNEX to

produce documents on behalf of any person or entity other than SYNNEX.

14.     SYNNEX objects to the Subpoena to the extent that it seeks

information that would violate any constitutional, statutory, common law, or other

privacy interest of any current or former employee or representative of SYNNEX.

15.     SYNNEX objects to the Subpoena to the extent that it calls for the

production of documents that may no longer exist or that may not be identified.

16.     SYNNEX objects to the Subpoena on the grounds that it does not

identify any individuals from whom documents should be collected and produced,

rendering the Subpoena overly broad in scope, vague, ambiguous, and unduly

burdensome on SYNNEX.

17.    SYNNEX objects to the Subpoena to the extent that it may be construed to require any search for and production of documents beyond one limited to the files readily determined to relate to the subject matter of the Subpoena and the files of SYNNEX or its employees or directors known or reasonably believed to be personally involved in, or knowledgeable about, the subjects included within the Subpoena.

18.    SYNNEX will only produce documents in response to the Subpoena in accordance with the objections stated herein, and subject to agreement on an appropriate protective order that will protect against the use or disclosure of documents that contain confidential information.

19.    The fact that SYNNEX has responded to a particular request shall not be interpreted as implying that responsive documents exist or that SYNNEX acknowledges the propriety of the request.

20.    SYNNEX's production of any document shall not be construed as an admission of the relevance or admissibility of any such document, as a waiver of any applicable privileges, or as an admission of the propriety or legality of the Subpoena.

21.    SYNNEX's objections are not intended, and should not be construed, as an admission or acknowledgment as to the existence of any fact or as to the truth of any allegation.

22.    SYNNEX reserves and does not waive any specific objection it may have to the Subpoena, service of the Subpoena, or jurisdiction, not otherwise stated herein.

23.    SYNNEX reserves the right to modify, supplement or amend its objections as may be appropriate.

24.    Notwithstanding any response or Specific Objection provided concerning a particular request, SYNNEX is prepared to meet and confer with Plaintiffs regarding SYNNEX's responses and objections to this Subpoena.

## OBJECTIONS TO DEFINITIONS

25.    SYNNEX objects to the definition of "Communication" set forth in the Subpoena to the extent it exceeds the obligations imposed by the Federal Rules of Civil Procedure, and any local rules of this Court.  SYNNEX further objects to the definition on the grounds that it renders the Subpoena overly broad and unduly burdensome, seeks materials irrelevant to the subject matter of this litigation, and seeks materials that are not reasonably calculated to lead to the discovery of admissible evidence.

26.    SYNNEX objects to the definition of "Consideration" set forth in the Subpoena as vague and ambiguous and unduly broad, including its reference to "other payment or other compensation or payment."

27.    SYNNEX objects to the definition of "You" or "Your" set forth in the Subpoena to the extent it includes any entity other than SYNNEX on the grounds that it renders the Subpoena vague and ambiguous, overly broad, and burdensome; seeks material irrelevant to the subject matter of this litigation; seeks materials that are not

reasonably calculated to lead to the discovery of admissible evidence; and seeks materials not in the possession, custody, or control of SYNNEX.

28.    SYNNEX objects to the definition of "Product Type" set forth in the Subpoena to the extent it is not mentioned again and therefore irrelevant to the production requests.

## OBJECTIONS TO INSTRUCTIONS

29.    SYNNEX objects to the Instructions set forth in the Subpoena to the extent they purport to exceed the obligations imposed by the Federal Rules of Civil Procedure, and any local rules of this Court. SYNNEX further objects to the Instructions on the grounds that they render the Subpoena overly broad and unduly burdensome, cause the Subpoena to seek materials irrelevant to the subject matter of this litigation, and cause the Subpoena to seek materials that are not reasonably calculated to lead to the discovery of admissible evidence.

## SPECIFIC OBJECTIONS

Each of the following specific objections incorporates the general objections set forth above as if fully set forth therein:

**Request No. 1:**

All DOCUMENTS constituting, reflecting or discussing COMMUNICATIONS with AMD concerning the actual or proposed terms and conditions of the sale of microprocessors from AMD or Intel to YOU (including actual sales and proposed sales that were not consummated), including, but not limited to, any pricing, discounts, rebates, marketing or promotional funds, incentives, inducements, training or technical support, allocation preference, access to technical or roadmap information, or other financial or non-financial CONSIDERATION associated with such sale or proposed sale.

**Objection to Request No. 1:**

Subject to, and without waiver of, its general objections, SYNNEX objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome, including by calling for "all documents" instead of "documents sufficient to show"; seeks materials irrelevant to the subject matter of this litigation; seeks materials that are not reasonably calculated to lead to the discovery of admissible evidence; and is vague and ambiguous to the extent it refers to "other financial or non-financial" consideration. SYNNEX also objects to this request to the extent that it seeks the production of documents from a third-party that can be more readily obtained from Plaintiffs in this action. SYNNEX also objects to this request insofar as it incorporates the overbroad time period specified in the instructions and incorporates terms the definitions to which SYNNEX objects above. SYNNEX further objects to this request to the extent that it seeks the production of documents protected from disclosure by applicable privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules.

**Request No. 2:**

All DOCUMENTS constituting, reflecting or discussing any offer or proposal made by AMD to YOU in connection with the actual or proposed purchase or acquisition of microprocessors by YOU from AMD, including, but not limited to, any pricing, discounts, rebates, marketing or promotional funds, incentives, inducements, training or technical support,

allocation preference, access to technical or roadmap information, or other financial or non-financial CONSIDERATION associated with such offer or proposal.

**Objection to Request No. 2:**

Subject to, and without waiver of, its general objections, SYNNEX objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome, including by calling for "all documents" instead of "documents sufficient to show"; seeks materials irrelevant to the subject matter of this litigation; seeks materials that are not reasonably calculated to lead to the discovery of admissible evidence; and is vague and ambiguous to the extent it refers to "any pricing" and to "other financial or non-financial" consideration. SYNNEX also objects to this request to the extent that it seeks the production of documents from a third-party that can be more readily obtained from Plaintiffs in this action. SYNNEX further objects to this request insofar as it incorporates the overbroad time period specified in the instructions and incorporates terms the definitions to which SYNNEX objects above. SYNNEX also objects to this request to the extent that it seeks the production of documents protected from disclosure by applicable privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules.

**Request No. 3:**

All DOCUMENTS constituting or reflecting any past or present contractual relationship between YOU and AMD.

**Objection to Request No. 3:**

Subject to, and without waiver of, its general objections, SYNNEX objects to Request No. 3 on the grounds that it is overly broad and unduly burdensome, including by calling for "all documents" instead of "documents sufficient to show"; seeks materials

irrelevant to the subject matter of this litigation; seeks materials that are not reasonably

calculated to lead to the discovery of admissible evidence. SYNNEX also objects to this

request to the extent that it seeks the production of documents from a third-party that can

be more readily obtained from Plaintiffs in this action. SYNNEX further objects to the

request as vague and ambiguous to the extent it refers to documents "constituting . . . any

past or present contractual relationship." SYNNEX also objects to this request insofar as

it incorporates the overbroad time period specified in the instructions and incorporates

terms the definitions to which SYNNEX objects above. SYNNEX further objects to this

request to the extent that it seeks the production of documents protected from disclosure

by applicable privileges (including, but not limited to, the attorney-client communications

privilege and the attorney work product doctrine), laws, or rules.

**Request No. 4:**

          All DOCUMENTS reflecting or concerning any evaluation by you
whether to purchase microprocessors from AMD or Intel (including any evaluation
relating to the quantity or timing of such purchase), including, but not limited to,
DOCUMENTS discussing or concerning (a) the technical specifications or performance
of AMD's or Intel's microprocessors; (b) the quality or reliability of AMD's or Intel's
microprocessors or systems incorporating those microprocessors; (c) the reliability of
Intel or AMD as suppliers; (d) AMD's or Intel's ability to supply microprocessors in the
quantities that YOU require or anticipate that YOU will require; (e) the suitability of
AMD's or Intel's microprocessors for YOUR business objectives; (f) the suitability of
Intel-based or AMD-based platforms for particular customer segments, including, but not
limited to, corporate customers; (g) the future roadmap of Intel or AMD, including, but
not limited to, the suitability of future product offerings from the two companies to
YOUR needs; (h) actual or expected consumer demand for systems incorporating AMD's
or Intel's microprocessors; (i) the pricing of AMD or Intel's microprocessors; (j)
negotiations, proposals or demands in connection with the purchase or potential purchase
of microprocessors; (k) the availability, capability or price of chipsets or motherboards;
(l) the total bill of materials for systems based on Intel or AMD microprocessors; (m)
costs associated with the shifting from the use of one microprocessor to another; or (n)
any other reasons influencing YOUR decision to purchase (or not purchase)
microprocessors from AMD or Intel.

**Objection to Request No. 4:**

Subject to, and without waiver of, its general objections, SYNNEX objects to Request No. 4 on the grounds that it is duplicative of other requests, and is overly broad and unduly burdensome, including by calling for "all documents" instead of "documents sufficient to show"; and is vague and ambiguous to the extent it refers to, without defining, "any evaluation," "customer segments," "corporate customers," and "total bill of materials." SYNNEX further objects to this request insofar as it incorporates the overbroad time period specified in the instructions and incorporates terms the definitions to which SYNNEX objects above. SYNNEX also objects to this request to the extent that it seeks information protected from discovery by applicable privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules, or documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of SYNNEX or may be subject to an agreement to maintain confidentiality.

**Request No. 5:**

All DOCUMENTS reflecting or discussing any failure or perceived failure by AMD or Intel to satisfy any commitment or expectation regarding the sale or supply of microprocessors or any other product or service, including, but not limited to, a failure to meet supply commitments, a failure to supply products of sufficient quality or reliability, a failure to supply products in a timely manner, a failure to supply products that conform to AMD's claims regarding performance or other attributes, or a failure to provide adequate service or support.

**Objection to Request No. 5:**

Subject to, and without waiver of, its general objections, SYNNEX objects to Request No. 5 on the grounds that it is overly broad and unduly burdensome, including

by calling for "all documents" instead of "documents sufficient to show"; and is vague

and ambiguous to the extent it refers to, without defining, "any failure or perceived failure,"

"commitment or expectation" "other product or service," "sufficient quality or reliability,"

and "adequate service or support." SYNNEX further objects to this request insofar as it

incorporates the overbroad time period specified in the instructions and incorporates

terms the definitions to which SYNNEX objects above. SYNNEX also objects to this

request to the extent that it seeks the production of documents protected from disclosure

by applicable privileges (including, but not limited to, the attorney-client communications

privilege and the attorney work product doctrine), laws, or rules, or documents or

information that may reveal trade secrets or other confidential and/or proprietary

research, development, or commercial information of SYNNEX or may be subject to an

agreement to maintain confidentiality.

### Request No. 6:

        All DOCUMENTS reflecting or discussing any evaluation of the
truthfulness or reliability of claims made by AMD regarding the attributes of its
microprocessors or systems incorporating its microprocessors.

### Objection to Request No. 6:

        Subject to, and without waiver of, its general objections, SYNNEX objects

to Request No. 6 on the grounds that it is duplicative of other requests, overly broad and

unduly burdensome, including by calling for "all documents" instead of "documents

sufficient to show"; and is vague and ambiguous to the extent it refers to, without

defining, "any evaluation," "truthfulness," and "reliability." SYNNEX further objects to this

request insofar as it incorporates the overbroad time period specified in the instructions

and incorporates terms the definitions to which SYNNEX objects above. SYNNEX also

objects to this request to the extent that it seeks the production of documents protected

from disclosure by applicable privileges (including, but not limited to, the attorney-client

communications privilege and the attorney work product doctrine), laws, or rules or

documents or information that may reveal trade secrets or other confidential and/or

proprietary research, development, or commercial information of SYNNEX or may be

subject to an agreement to maintain confidentiality.

**Request No. 7:**

        All DOCUMENTS, whether generated internally or received from third
parties, discussing or concerning any technological, reliability, quality, or other
advancements or improvements in any of YOUR products, including any advancements or
improvements in the sale of any of YOUR products, that are attributable to any
technological initiative by Intel, including, but not limited to, any standard or specification
to which Intel made significant contributions.

**Objection to Request No. 7:**

        Subject to, and without waiver of, its general objections, SYNNEX objects

to Request No. 7 as a distributor, on the grounds that it is vague and ambiguous to the

extent it refers to, without defining, "any technological, reliability, quality, or other

advancements or improvements,""technological initiative," "standard or specification,"

and "significant contributions."  SYNNEX further objects to the request on the grounds

that it is overly broad and unduly burdensome, including by seeking documents equally

available from third parties; seeks materials irrelevant to the subject matter of this

litigation; and seeks materials that are not reasonably calculated to lead to the discovery

of admissible evidence.  SYNNEX also objects to this request insofar as it incorporates

the overbroad time period specified in the instructions and incorporates terms the

definitions to which SYNNEX objects above.  SYNNEX further objects to this request to

the extent that it seeks the production of documents protected from disclosure by

applicable privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules or documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of SYNNEX or may be subject to an agreement to maintain confidentiality.

**Request No. 8:**

All DOCUMENTS discussing or concerning (a) the relative merits of Intel-based platforms for systems directed at or intended for sale to corporate or business customers and (b) the preference of corporate or business customers for either Intel or AMD microprocessors or systems incorporating those microprocessors.

**Objection to Request No. 8:**

Subject to, and without waiver of, its general objections, SYNNEX objects to Request No. 8 on the grounds that it is duplicative of other requests (including, but not limited to, request nos. 2 and 4); overly broad and unduly burdensome, including by calling for "all documents" instead of "documents sufficient to show"; vague and ambiguous to the extent it seeks the production of documents "concerning the relative merits of Intel-based platforms," and to the extent it seeks documents discussing or concerning "the preference of corporate or business customers."  SYNNEX also objects to this request insofar as it incorporates the overbroad time period specified in the instructions and incorporates terms the definitions to which SYNNEX objects above. SYNNEX further objects to this request to the extent that it seeks the production of documents protected from disclosure by applicable privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules or documents or information that may reveal trade secrets or other

confidential and/or proprietary research, development, or commercial information of

SYNNEX or may be subject to an agreement to maintain confidentiality.

**Request No. 9:**

  All DOCUMENTS constituting or reflecting any advertisement or promotion
by YOU referencing AMD.

**Objection to Request No. 9:**

  Subject to, and without waiver of, its general objections, SYNNEX objects

to Request No. 9 on the grounds that it is overly broad and unduly burdensome, including

by calling for documents "reflecting" advertisements; seeks materials irrelevant to the

subject matter of this litigation; seeks materials that are not reasonably calculated to lead

to the discovery of admissible evidence; and is vague and ambiguous to the extent it

refers to "any advertisement or promotion." SYNNEX also objects to this request insofar

as it incorporates the overbroad time period specified in the instructions and incorporates

terms the definitions to which SYNNEX objects above. SYNNEX further objects to this

request to the extent that it seeks the production of documents protected from disclosure

by applicable privileges (including, but not limited to, the attorney-client communications

privilege and the attorney work product doctrine), laws, or rules.

**Request No. 10:**

  All DOCUMENTS constituting, reflecting or discussing communications with
AMD concerning any of the following: (a) any advertising or promotion by YOU
referencing AMD or Intel; (b) any product launch by YOU referencing AMD or Intel; (c)
product roadmaps of Intel or AMD products; (d) or the terms of any contractual
relationship between YOU and Intel.

**Objection to Request No. 10**:

Subject to, and without waiver of, its general objections, SYNNEX objects to Request No. 10 on the grounds that it is duplicative of other requests (including, but not limited to, request no. 2, 3, 4, and 9); overly broad and unduly burdensome, including by calling for "all documents" instead of "documents sufficient to show"; seeks materials irrelevant to the subject matter of this litigation; seeks materials that are not reasonably calculated to lead to the discovery of admissible evidence; and is vague and ambiguous to the extent it refers to "any advertising or promotion," "any product launch," and "roadmaps." SYNNEX also objects to this request to the extent that it seeks the production of documents from a third-party that can be more readily obtained from Plaintiffs in this action. SYNNEX further objects to this request insofar as it incorporates the overbroad time period specified in the instructions and incorporates terms the definitions to which SYNNEX objects above. SYNNEX also objects to this request to the extent that it seeks the production of documents protected from disclosure by applicable privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules or documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of SYNNEX or may be subject to an agreement to maintain confidentiality.

**Request No. 11**:

All DOCUMENTS constituting, reflecting or discussing communications with INTEL and AMD concerning the above-captioned matter, AMD v. Intel, Civil Action No. 05-441 (D. Del.), or any of the allegations about YOU in AMD's Complaint in that matter, or any other litigation involving AMD and Intel, or any investigation relating to Intel by the Fair Trade Commission of Japan or the European Commission.

**Objection to Request No. 11:**

Subject to, and without waiver of, its general objections, SYNNEX objects

to Request No. 11 on the grounds that it is overly broad and unduly burdensome and is

vague and ambiguous to the extent it refers to "any other litigation involving AMD and

Intel, or any investigation relating to Intel." SYNNEX also objects to this request insofar

as it incorporates the overbroad time period specified in the instructions and incorporates

terms the definitions to which SYNNEX objects above. SYNNEX further objects to this

request to the extent that it seeks the production of documents protected from disclosure

by applicable privileges (including, but not limited to, the attorney-client communications

privilege and the attorney work product doctrine), laws, or rules.

**Request No. 12:**

For YOUR microprocessor purchases, DOCUMENTS sufficient to show:
(1) the vendor; (2) the units, brand and SKU number; (3) the amount paid; and (4) the date of
purchase.

**Objection to Request No. 12:**

Subject to, and without waiver of, its general objections, SYNNEX objects

to Request No. 12 on the grounds that it is overly broad and unduly burdensome,

including because it seeks the production of documents unrelated to SYNNEX's

interactions with either AMD or INTEL; seeks materials irrelevant to the subject matter

of this litigation; and seeks materials that are not reasonably calculated to lead to the

discovery of admissible evidence. SYNNEX further objects to the request to the extent it

calls for SYNNEX to create or generate documents other than those created and

maintained in SYNNEX's ordinary course of business, and/or documents that are not

currently in SYNNEX's possession, custody, or control. SYNNEX also objects to this

request insofar as it incorporates the overbroad time period specified in the instructions

and incorporates terms the definitions to which SYNNEX objects above.  SYNNEX

objects to this request to the extent that it seeks documents or information that may reveal

trade secrets or other confidential and/or proprietary research, development, or

commercial information of SYNNEX or may be subject to an agreement to maintain

confidentiality.

**Request No. 13:**

For each of  YOUR microprocessor sales, DOCUMENTS sufficient to show:
(1) the SKU; (2) the number of units sold; (3) the customer name and ship to location; (4) the
revenue generated by that sale; and (5) the date of the sale.

**Objection to Request No. 13:**

Subject to, and without waiver of, its general objections, SYNNEX objects

to Request No. 13 on the grounds that it is overly broad and unduly burdensome,

including because it seeks the production of documents unrelated to SYNNEX's

interactions with either AMD or INTEL; seeks materials irrelevant to the subject matter

of this litigation; and seeks materials that are not reasonably calculated to lead to the

discovery of admissible evidence.  SYNNEX further objects to the request to the extent it

calls for SYNNEX to create or generate documents other than those created and

maintained in SYNNEX's ordinary course of business, and/or documents that are not

currently in SYNNEX's possession, custody, or control.  SYNNEX also objects to this

request insofar as it incorporates the overbroad time period specified in the instructions

and incorporates terms the definitions to which SYNNEX objects above.  SYNNEX also

objects to this request to the extent that it seeks documents or information that may reveal

trade secrets or other confidential and/or proprietary research, development, or

commercial information of SYNNEX or may be subject to an agreement to maintain

confidentiality.

**Request No. 14:**

      With respect to any monetary CONSIDERATION that YOU received in connection with YOUR purchase of microprocessors, DOCUMENTS sufficient to show: (1) the type of payment; (2) the payer; (3) the amount of payment; (4) how YOU used the payment; and (5) the date of payment.

**Objection to Request No. 14:**

      Subject to, and without waiver of, its general objections, SYNNEX objects

to Request No. 14 on the grounds that it is overly broad and unduly burdensome,

including because it seeks the production of documents unrelated to SYNNEX's

interactions with either AMD or INTEL; seeks materials irrelevant to the subject matter

of this litigation; seeks materials that are not reasonably calculated to lead to the

discovery of admissible evidence; and is vague and ambiguous to the extent it refers to

"how YOU used the payment." SYNNEX further objects to the request to the extent it

calls for SYNNEX to create or generate documents other than those created and

maintained in SYNNEX's ordinary course of business, and/or documents that are not

currently in SYNNEX's possession, custody, or control. SYNNEX also objects to this

request insofar as it incorporates the overbroad time period specified in the instructions

and incorporates terms the definitions to which SYNNEX objects above. SYNNEX also

objects to this request to the extent that it seeks documents or information that may reveal

trade secrets or other confidential and/or proprietary research, development, or

commercial information of SYNNEX or may be subject to an agreement to maintain

confidentiality.

**Request No. 15:**

DOCUMENTS sufficient to show, on a monthly basis, by SKU, YOUR gross profit and operating margins on microprocessor SKUs.

**Objection to Request No. 15:**

Subject to, and without waiver of, its general objections, SYNNEX objects to Request No. 15 on the grounds that it is overly broad and unduly burdensome, including because it seeks the production of documents unrelated to SYNNEX's interactions with either AMD or INTEL; seeks materials irrelevant to the subject matter of this litigation; seeks materials that are not reasonably calculated to lead to the discovery of admissible evidence; and is vague and ambiguous to the extent it seeks the production of documents referring to SYNNEX's "gross profit and operating margins." SYNNEX further objects to the request to the extent it calls for SYNNEX to create or generate documents other than those created and maintained in SYNNEX's ordinary course of business, and/or documents that are not currently in SYNNEX's possession, custody, or control. SYNNEX also objects to this request insofar as it incorporates the overbroad time period specified in the instructions and incorporates terms the definitions to which SYNNEX objects above. SYNNEX further objects to this request to the extent that it seeks the production of documents protected from disclosure by applicable privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules. SYNNEX also objects to this request to the extent that it seeks documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of SYNNEX or may be subject to an agreement to maintain confidentiality.

**Request No. 16:**

DOCUMENTS sufficient to identify and describe YOUR competitive actions, strategic plans, marketing plans, competitive reviews or market analyses regarding the wholesale or retail market for microprocessors.

**Objection to Request No. 16:**

Subject to, and without waiver of, its general objections, SYNNEX objects to Request No. 16 on the grounds that it is overly broad and unduly burdensome; seeks materials irrelevant to the subject matter of this litigation; seeks materials that are not reasonably calculated to lead to the discovery of admissible evidence; and is vague and ambiguous to the extent it refers to, without defining, "competitive actions," "competitive reviews" and "market analyses." SYNNEX also objects to this request insofar as it incorporates the overbroad time period specified in the instructions and incorporates terms the definitions to which SYNNEX objects above. SYNNEX further objects to this request to the extent that it seeks the production of documents protected from disclosure by applicable privileges (including, but not limited to, the attorney-client communications privilege and the attorney work product doctrine), laws, or rules or documents or information that may reveal trade secrets or other confidential and/or proprietary research, development, or commercial information of SYNNEX or may be subject to an agreement to maintain confidentiality.

MORRIS, NICHOLS, ARSHT & TUNNELL

_____*/s/Leslie A. Polizoti*_____
Kenneth A. Gallo                      Jon A. Abramczyk (#2432)
Craig A. Benson                       Leslie A. Polizoti (#4299)
Mitchell P. Zeff                      1201 N. Market Street
PAUL, WEISS, RIFKIND,                 P.O. Box 1347
WHARTON                               Wilmington, DE  I9899
  & GARRISON LLP                       (302) 658.9200
1615 L Street, NW                      *Attorneys for SYNNEX CORPORATION*
Suite 1300
Washington, DC 20036
Tel: (202) 223-7300
Fax:  (202) 223-7420

July 10, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing OBJECTIONS OF NON-PARTY

SYNNEX CORPORATION TO DEFENDANTS' SUBPOENA TO PRODUCE

DOCUMENTS was served this 10th day of July 2006, by e-mail only, upon:

James Bo Pearl, Esq.  (jpearl@omm.com)
Charles P. Diamond, Esq. (cdiamond@omm.com)
David Herron, Esq. (dherron@omm.com)
O'Melveny & Myers
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035

Darren B. Bernhard, Esq. (bernhardD@howrey.com)
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004-2402

Robert E. Cooper, Esq. (rcooper@gibsondunn.com)
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197

Frederick L. Cottrell, Esq. (Cottrell@rlf.com)
Richards, Layton & Finger
One Rodney Square
Wilmington, DE  19899

Richard L. Horwitz, Esq. (rhorwitz@potteranderson.com)
Potter, Anderson & Corroon
1313 N. Market Street
Wilmington, DE  19899

_____ */s/Leslie A. Polizoti* _____
Leslie A. Polizoti (#4299)