1  Michael W. Stebbins (Cal. State Bar No. 138326)
   **TERRA LAW LLP**
2  60 South Market Street, Suite 200
   San Jose, California 95113
3  Tel: (408) 299-1200
   Fax: (408) 998-4895
4
   Attorneys for Third Party
5  PHOENIX TECHNOLOGIES, LTD.

6

7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF DELAWARE

10  ADVANCED MICRO DEVICES, INC., and    )   Case No.  05-441-JJF, MDL 05-1717-JJF
    AMD INTERNATION SALES & SERVICES, )
11  LTD.,                                )
                                         )   **THIRD PARTY PHOENIX**
12            Plaintiffs,                )   **TECHNOLOGIES, LTD.'S RESPONSE TO**
                                         )   **ADVANCED MICRO DEVICES, INC.'S**
13       vs.                             )   **SUBPOENA FOR PRODUCTION**
                                         )   **DOCUMENTS**
14  INTEL CORPORATION AND INTEL          )
    KABUSHIKI KAISHA,                    )
15                                       )
              Defendants.                )
16  _____  )
                                         )
17  In Re: Intel Corp. Microprocessor Antitrust )
    Litigation                          )
18  _____  )

19

20        Pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure, Third Party Phoenix

21  Technologies Ltd. ("PHOENIX") responds to the subpoena and accompanying document requests

22  propounded by the plaintiff Advanced Micro Devices, Inc. ("AMD" or "Plaintiff") as follows:

23

24                          **GENERAL OBJECTIONS**

25        PHOENIX asserts the following General Objections to the subpoena as set forth below.  In

26  addition to these General Objections, PHOENIX also states specific objections to particular

27  document requests where appropriate, including objections that may not be generally applicable to

28  all document requests.  By setting forth such specific objections, PHOENIX does not intend to

1    limit or restrict the General Objections.  To the extent that PHOENIX responds to document

2    requests to which it objects, such response shall not constitute a waiver of any General Objection

3    or specific objections.

4        1.    PHOENIX objects to each and every document request, definition and instruction,

5    to the extent they seek to impose discovery obligations that differ from or exceed the obligations

6    set forth in the Federal Rules of Civil Procedure.

7        2.    PHOENIX objects to each and every document request which seeks the disclosure

8    of information or the production of documents containing information protected by the attorney-

9    client privilege, work product doctrine, or any other privilege or immunity.  Such documents shall

10   not be produced in response to the subpoena and in the event that any protected documents are

11   produced by PHOENIX, such production would be inadvertent and does not constitute a waiver of

12   any privilege, doctrine, immunity or other applicable protection.

13       3.    PHOENIX objects to the time, manner and place demanded by Plaintiff for the

14   production of documents.  PHOENIX will produce documents, if at all, at a time and place to be

15   mutually agreed upon.

16       4.    PHOENIX objects to the subpoena to the extent it is seeking confidential,

17   proprietary and trade secret information of PHOENIX, PHOENIX's customers, PHOENIX's

18   suppliers, or other third parties with whom PHOENIX has or has had a business relationship.  To

19   the extent such information is responsive, it will be produced, if at all, with the appropriate

20   confidentiality designation pursuant to an appropriate protective order, with the understanding and

21   condition that no such information shall be used for any purpose outside this litigation.

22       5.    PHOENIX objects to the subpoena and the document requests to the extent they

23   seek documents which are in Plaintiff's possession or available from the other parties in this

24   litigation, rather than PHOENIX, in that they subject PHOENIX to unreasonable and undue

25   annoyance, oppression, harassment, burden and expense.

26       6.    PHOENIX objects to the subpoena and the document request generally as overly

27   broad, and as subjecting PHOENIX to unreasonable and undue annoyance, oppression,

28   harassment, burden and expense.

1144002                                    2

7.    PHOENIX objects to the request for "all" documents or communications as overly broad, burdensome and oppressive, particularly when a production of less than "all" responsive documents or communications may adequately satisfy the document request.

8.    PHOENIX does not concede that any of the information sought or provided is relevant, material, admissible in evidence or reasonably calculated to lead to the discovery of admissible evidence.

9.    PHOENIX's statement that responsive document will be produced, if any, does not constitute a representation that such documents exist, but only that a reasonable search for such documents within PHOENIX's custody has been or will be made and that PHOENIX will produce responsive, non-privileged, non-objectionable documents, if any.

10.    PHOENIX reserves the right to product additional responsive documents, if any, if and when they are located or become available. PHOENIX hereby reserves its right to amend, supplement or alter its response accompanying such documents, if and as appropriate.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST NO. 1:

All DOCUMENTS constituting, reflecting, or discussing any analyses, summaries, reports, benchmarks, studies, or other writing prepared comparing COMPUTER SYSTEMS with INTEL and AMD MICROPROCESSORS, whether from a quality, performance, technical, functional, or other standpoint, in connection with products developed, distributed, advertised, promoted, marketed, and/or sold by COMPANY, or to be developed, distributed, advertised, promoted, marketed, and/or sold by COMPANY.

### RESPONSE TO REQUEST NO. 1:

PHOENIX objects to the request as overly broad, oppressive and burdensome as to time and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense. To the extent they exist, the records sought by this request can likely be obtained from Intel Corporation or AMD. PHOENIX further objects to the request to the extent it encompasses information which is confidential, proprietary and a trade secret of PHOENIX, its customers,

1144002                                            3

1    suppliers, or other third parties with whom PHOENIX has non-disclosure agreements. PHOENIX

2    further objects to the extent it encompasses information protected by the attorney-client privilege

3    or work product doctrine.

4

5    **REQUEST NO. 2:**

6        All DOCUMENTS constituting, reflecting, or discussing any attempt or effort to design,

7    develop, or implement any improvements, performance enhancements, or features, or any

8    standard, specification, or protocol (including, but not limited to those relating to the Trusted

9    Platform Module or other computer security measure), in any product optimized for use with

10    COMPUTER SYSTEMS containing INTEL MICROPROCESSORS.

11    **RESPONSE TO REQUEST NO. 2:**

12        PHOENIX objects to the request as overly broad, oppressive and burdensome as to time

13    and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

14    To the extent they exist, the records sought by this request can likely be obtained from Intel

15    Corporation. PHOENIX further objects to the request to the extent it encompasses information

16    which is confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other

17    third parties with whom PHOENIX has non-disclosure agreements. PHOENIX further objects to

18    the request as vague, ambiguous and unintelligible as to the term "Trusted Platform Module" and

19    the phrase "other computer security measure." PHOENIX further objects to the extent it

20    encompasses information protected by the attorney-client privilege or work product doctrine.

21

22    **REQUEST NO. 3:**

23        All DOCUMENTS constituting, reflecting, or discussing any collaboration between

24    COMPANY and INTEL to design, develop, or implement any improvements, performance

25    enhancements, or features, or any standard, specifications, or protocol (including, but not limited

26    to those relating to the Trusted Platform Module or other computer security measure), in any

27    product optimized for use with COMPUTER SYSTEMS containing INTEL

28    MICROPROCESSORS.

1 **RESPONSE TO REQUEST NO. 3:**

2     PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

3 and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

4 To the extent they exist, the records sought by this request can likely be obtained from Intel

5 Corporation. PHOENIX further objects to the request as vague, ambiguous and unintelligible as to

6 the term "Trusted Platform Module" and the phrase "other computer security measure."

7 PHOENIX further objects to the request to the extent it encompasses information which is

8 confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other third

9 parties with whom PHOENIX has non-disclosure agreements. PHOENIX further objects to the

10 extent it encompasses information protected by the attorney-client privilege or work product

11 doctrine.

12

13

14 **REQUEST NO. 4:**

15     All DOCUMENTS reflecting or discussing the restriction of any improvements,

16 performance enhancements, or features, or any standard, specification, or protocol (including, but

17 not limited to those relating to the Trusted Platform Module or other computer security measure),

18 in any product optimized for use with COMPUTER SYSTEMS containing INTEL

19 MICROPROCESSORS.

20 **RESPONSE TO REQUEST NO. 4:**

21     PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

22 and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

23 To the extent they exist, the records sought by this request can likely be obtained from Intel

24 Corporation. PHOENIX further objects to the request as vague, ambiguous and unintelligible as to

25 the term "Trusted Platform Module" and the phrase "other computer security measure."

26 PHOENIX further objects to the request to the extent it encompasses information which is

27 confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other third

28 parties with whom PHOENIX has non-disclosure agreements. PHOENIX further objects to the

1144002                                    5

1  extent it encompasses information protected by the attorney-client privilege or work product

2  doctrine.

3

4  **REQUEST NO. 5:**

5  All DOCUMENTS reflecting, discussing the actual or anticipated repercussions to

6  COMPANY of restricting (or not restricting) any improvements, performance, enhancements, or

7  features, or any standard, specification, or protocol (including, but not limited to those relating to

8  the Trusted Platform Module or other computer security measure), in any product optimized for

9  use with COMPUTER SYSTEMS containing INTEL MICROPROCESSORS.

10  **RESPONSE TO REQUEST NO. 5:**

11  PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

12  and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

13  PHOENIX further objects to the request as vague, ambiguous and unintelligible as to the term

14  "Trusted Platform Module" and the phrase "other computer security measure."  PHOENIX further

15  objects to the request to the extent it encompasses information which is confidential, proprietary

16  and a trade secret of PHOENIX, its customers, suppliers, or other third parties with whom

17  PHOENIX has non-disclosure agreements. PHOENIX further objects to the extent it encompasses

18  information protected by the attorney-client privilege or work product doctrine.

19

20  **REQUEST NO. 6:**

21  All DOCUMENTS constituting, reflecting, or discussing any agreements or understandings

22  between COMPANY and INTEL concerning the design, development, implementation,

23  distribution, advertisement, promotion, marketing, sale and/or use of any products suitable for use

24  with COMPUTER SYSTEMS containing MICROPROCESSORS.

25  **RESPONSE TO REQUEST NO. 6:**

26  PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

27  and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

28  To the extent they exist, the records sought by this request can likely be obtained from Intel

1144002                                    6

1 Corporation. PHOENIX further objects to the request to the extent it encompasses information
2 which is confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other
3 third parties with whom PHOENIX has non-disclosure agreements. PHOENIX further objects to
4 the extent it encompasses information protected by the attorney-client privilege or work product
5 doctrine.

6

7 **REQUEST NO. 7:**

8     All DOCUMENTS constituting, reflecting, or discussing any agreements or understandings
9 between COMPANY and INTEL that restrict or interfere with COMPANY's ability to collaborate
10 with AMD to design, develop, implement, distribute, advertise, promote, market, sell, and/or use
11 COMPANY'S software or any aspect of COMPANY's software.

12 **RESPONSE TO REQUEST NO. 7:**

13     PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time
14 and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.
15 To the extent they exist, the records sought by this request can likely be obtained from Intel
16 Corporation. PHOENIX further objects to the request to the extent it encompasses information
17 which is confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other
18 third parties with whom PHOENIX has non-disclosure agreements. PHOENIX further objects to
19 the extent it encompasses information protected by the attorney-client privilege or work product
20 doctrine.

21

22 **REQUEST NO. 8:**

23     All DOCUMENTS constituting, reflecting, or discussing any FINANCIAL
24 INDUCEMENT, non-financial inducement, non-cash benefit, perquisite, or other consideration
25 offered by INTEL in connection with the design, development, implementation, manufacturing,
26 distribution, advertisement, promotion, marketing, and/or sale of products.

27 **RESPONSE TO REQUEST NO. 8:**

28     PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

1   and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

2   To the extent they exist, the records sought by this request can likely be obtained from Intel

3   Corporation. PHOENIX further objects to the request to the extent it encompasses information

4   which is confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other

5   third parties with whom PHOENIX has non-disclosure agreements. PHOENIX further objects to

6   the extent it encompasses information protected by the attorney-client privilege or work product

7   doctrine.

8

9   **REQUEST NO. 9:**

10        All DOCUMENTS constituting, reflecting, or discussing any suggestion by INTEL that is

11   will or might withdraw or withhold a FINANCIAL INDUCEMENT, non-financial inducement,

12   non-cash benefit, perquisite, or other consideration or in any way penalize or punish COMPANY

13   as a result of COMPANY's development, distribution, advertisement, promotion, marketing,

14   and/or sale of products for use with or compatible with AMD MICROPROCESSORS.

15   **RESPONSE TO REQUEST NO. 9:**

16        PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

17   and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

18   To the extent they exist, the records sought by this request can likely be obtained from Intel

19   Corporation. PHOENIX further objects to the request to the extent it encompasses information

20   which is confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other

21   third parties with whom PHOENIX has non-disclosure agreements. PHOENIX further objects to

22   the extent it encompasses information protected by the attorney-client privilege or work product

23   doctrine.

24

25   **REQUEST NO. 10:**

26        All DOCUMENTS constituting, reflecting, or discussing COMPANY's actual or perceived

27   collaboration with, and/or support, advertisement, or promotion of, or any internal

28   communications within COMPANY or external communications with AMD or INTEL concerning

1   COMPANY's actual or perceived collaboration with, and/or support, advertisement, or promotion

2   of, AMD, AMD MICROPROCESSORS, COMPUTER SYSTEMS containing AMD

3   MICROPROCESSORS, and/or any other AMD product (including but not limited to INTEL's

4   reaction to, or opinion concerning the same).

5   **RESPONSE TO REQUEST NO. 10:**

6      PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

7   and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

8   PHOENIX further objects to the request to the extent it encompasses information which is

9   confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other third

10  parties with whom PHOENIX has non-disclosure agreements.  PHOENIX further objects to the

11  extent it encompasses information protected by the attorney-client privilege or work product

12  doctrine.

13

14  **REQUEST NO. 11:**

15     All DOCUMENTS constituting, reflecting, or discussing COMPANY's participation or

16  support of, or any internal communications within COMPANY or external communication with

17  AMD or INTEL concerning COMPANY's participation or support of, AMD, AMD

18  MICROPROCESSORS, COMPUTER SYSTEMS containing AMD MICROPROCESSORS,

19  and/or any other AMD product at any trade show, product launch, conference, or industry meeting

20  or in any press release, benchmark publication, website posting, or other promotional activity

21  (including but not limited to INTEL's reaction to, or opinion concerning the same).

22  **RESPONSE TO REQUEST NO. 11:**

23     PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

24  and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

25  To the extent they exist, the records sought by this request can likely be obtained from Intel

26  Corporation or AMD.  PHOENIX further objects to the request to the extent it encompasses

27  information which is confidential, proprietary and a trade secret of PHOENIX, its customers,

28  suppliers, or other third parties with whom PHOENIX has non-disclosure agreements.  PHOENIX

1   further objects to the extent it encompasses information protected by the attorney-client privilege

2   or work product doctrine.

3

4   **REQUEST NO. 12:**

5       All DOCUMENTS constituting, reflecting, or discussing COMPANY's decision to adopt

6   and/or support (or not adopt and/or support) AMD's or INTEL's 64-bit instruction set.

7   **RESPONSE TO REQUEST NO. 12:**

8       PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

9   and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

10  To the extent they exist, the records sought by this request can likely be obtained from Intel

11  Corporation or AMD. PHOENIX further objects to the request to the extent it encompasses

12  information which is confidential, proprietary and a trade secret of PHOENIX, its customers,

13  suppliers, or other third parties with whom PHOENIX has non-disclosure agreements. PHOENIX

14  further objects to the extent it encompasses information protected by the attorney-client privilege

15  or work product doctrine.

16

17

18  **REQUEST NO. 13:**

19      All DOCUMENTS constituting, reflecting, or discussing COMPANY's decision to

20  develop, distribute, advertise, promote, market, and/or sell (or to not develop, distribute, advertise,

21  promote, market, and/or sell) any products compatible with AMD's or INTEL's 64-bit instruction

22  set.

23  **RESPONSE TO REQUEST NO. 13:**

24      PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time

25  and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.

26  PHOENIX further objects to the request to the extent it encompasses information which is

27  confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other third

28  parties with whom PHOENIX has non-disclosure agreements. PHOENIX further objects to the

1144002                         10

1    extent it encompasses information protected by the attorney-client privilege or work product
2    doctrine.

3

4    **REQUEST NO. 14:**

5         All DOCUMENTS constituting, reflecting, or discussing COMPANY's schedule (or
6    changes to COMPANY's schedule) for releasing any products compatible with AMD's or
7    INTEL's 64-bit instruction set.

8    **RESPONSE TO REQUEST NO. 14:**

9         PHOENIX objects to the requests as overly broad, oppressive and burdensome as to time
10   and scope, and as causing unreasonable and undue annoyance, harassment, burden and expense.
11   PHOENIX further objects to the request to the extent it encompasses information which is
12   confidential, proprietary and a trade secret of PHOENIX, its customers, suppliers, or other third
13   parties with whom PHOENIX has non-disclosure agreements. PHOENIX further objects to the
14   extent it encompasses information protected by the attorney-client privilege or work product
15   doctrine.

16

17   Dated: July __7__, 2006                    TERRA LAW LLP

18

19

20                                              By: _____

21                                                  Michael W. Stebbins
                                                    Attorneys for Third Party
                                                    PHOENIX TECHNOLOGIES LTD.
22

23

24

25

26

27

28

1144002                          11

1

PROOF OF SERVICE

2      I am a citizen of the United States and employed in the county aforesaid; I am over the age
of eighteen years, and not a party to the within action; my business address is 60 South Market
3   Street, Suite 200, San Jose, California 95113.  On the date set forth below I caused to be served the
documents described below:

4

**THIRD PARTY PHOENIX TECHNOLOGIES, LTD.'S RESPONSE TO ADVANCED
5      MICRO DEVICES, INC.'S SUBPOENA FOR PRODUCTION OF DOCUMENTS**

6   on the following person(s) in this action by placing a true copy thereof enclosed in a sealed
envelope addressed as follows:
7   Linda J. Smith
O'Melveny & Myers LLP
8   1999 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
9   Tel. (310) 553-6700
Fax (310) 246-6779
10

11   [ X ]      (BY U.S. MAIL) I caused such envelope(s) with postage thereon fully prepaid to be
placed in the United States mail at San Jose, California.
12   [  ]       (BY PERSONAL SERVICE) I caused such envelope(s) to be delivered by hand this date
to the offices of the addressee(s).
13   [ X ]      (BY FACSIMILE) I caused such document(s) to be transmitted by facsimile on this date
to each facsimile machine number listed above.
14   [  ]       (BY FEDERAL EXPRESS) I caused such envelope(s) with postage thereon fully
prepaid to be placed in the Federal Express office at San Jose, California.
15   [  ]       (STATE) I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.
16   [ X ]      (FEDERAL) I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

17

18      Executed on July 7, 2006, at San Jose, California.

19

20

21      Joanna Giacalone

22

23

24

25

26

27

28