IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | )<br>)<br>)<br>)<br>) | MDL No. 05-1717-JJF |
| ADVANCED MICRODEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself And all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**QUALIFIED RULE 53(G) OBJECTION TO THE SPECIAL MASTER'S REPORT AND RECOMMENDATIONS REGARDING PROPOSED PROTECTIVE ORDER**

<u>Preliminary Statement</u>

Pursuant to Federal Rule of Civil Procedure 53(g), AMD and class plaintiffs object to a single aspect of the Special Master's Report and Recommendations Regarding Proposed

Protective Order (D.I. 221) on the ground that, read literally, the Special Master's revision of the parties' proposal allows documents and testimony to qualify for confidential treatment under Rule 26 without the showing of harm from disclosure required by the Third Circuit. The objection is "qualified," however, because the Special Master construes his proposal (hereafter the "Proposed Protective Order") to require him to apply the Third Circuit test when resolving protective order disputes. While AMD and class plaintiffs would prefer that the order expressly require application of the Third Circuit test, we do not object to the Special Master's proposal so long as all concerned – parties, non-parties, the Special Master and the Court – operate from a common understanding that any documents and testimony that a party wishes to disclose to the public will be kept from the public only if the producing party can show that disclosure would cause it "clearly defined and serious injury."

### Third Circuit Standard and Compliance of the Draft Protective Order

To establish good cause for issuance of a protective order in the Third Circuit, the party seeking protection must establish that disclosure of the materials would lead to a "clearly defined and serious injury." *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Broad allegations of harm, unsubstantiated by specific examples" are not sufficient to establish good cause. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

AMD, Intel and counsel for the class plaintiffs spent eight months attempting to fashion a mutually acceptable proposal that gave meaning to these principles in the context of the microprocessor industry and in light of the difficulties of managing a case as complex as this one. In the interest of expedient and cost-effective document production, the parties proposed a draft protective order that allowed producing parties initially to blanket designate documents as

"Confidential Discovery Material" with little regard to the potential for harm from their disclosure. *See* Draft Protective Order at ¶3, attached as Exhibit A ("a Producing Party may initially designate as 'Confidential Discovery Material' any Non-public Discovery Material"). To ensure that their proposal would pass muster, they crafted Paragraphs R, S, U, and 16 to work together to satisfy what the Third Circuit requires of protective orders: essentially, (i) that they keep from the public only discovery materials the disclosure of which will cause a producing party some measure of harm (*see, e.g., Shingara*, 420 F.3d at 306); (ii) that, to the extent practicable, they not define broad categories of protected materials so as to invite omnibus designations but instead identify with specificity documents that will not be made public (*see, e.g., Glenmede*, 56 F.3d at 483); and (iii) that the passage of time be taken into consideration in determining whether documents initially designated confidential need continuing protection (*see, e.g., Republic of the Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 663 (3d Cir. 1991)).

Under the parties' proposed scheme, after a producing party initially group designates all "Non-public" documents as "Confidential Discovery Material" (*see* Paragraph 3 and Definition U of Draft Protective Order), a party later wishing to disclose a particular document may request, pursuant to Paragraph 16, that the producing party review the document and make a document-specific confidentiality determination. If the producing party retains the "Confidential Discovery Material" designation, but the requesting party does not agree with such designation, the dispute will be resolved by the Special Master. To show that a document marked "Confidential Discovery Material" should retain its designation and therefore remain confidential, a producing party must demonstrate that the document falls within one (or more) of several "buckets" of

3

"Confidential Discovery Material" outlined in Paragraph R of the Draft Protective Order (now Paragraph M in the Proposed Protective Order).

The Paragraph R "buckets" consist of fifteen narrowly-drawn categories of documents eligible for confidential treatment and a sixteenth catch-all category. Of the fifteen, the last seven deal with documents of a nature that their disclosure would always cause "clearly defined and serious injury" (*e.g.*, network passwords and human resource department files). In contrast, the first eight categories define "non-public" business materials (*e.g.*, contracts and correspondence relating to contracts) which may or may not be entitled to confidential treatment. The Parties agreed that for the first twenty-four months after their creation, materials falling within the first eight categories of Paragraph R may be kept from the public as long as, upon challenge, the producing party can show that they are "non-public" under Paragraph U. Paragraph U requires only a showing of potential harm -- *i.e.*, that the materials' disclosure "could damage the Producing Party competitively." However, after twenty-four months, the confidentiality of the materials may be challenged under Paragraph S, which requires the producing party to show that the disputed materials meet the stricter harm standard of Paragraph R.16, *i.e.*, that their disclosure would cause "serious and specific harm" as required by the Third Circuit. The stricter standard, always appropriate under Third Circuit law, is particularly important for aged documents of the types encompassed by Paragraphs R.1 through R.8. Such documents are very unlikely to still be confidential after two years.

Significantly, under the parties' proposal no document or testimony, whatever its age, can be kept from public view over the objection of a receiving party unless the producing party can demonstrate some measure of actual or potential harm resulting from public disclosure.

### The Special Master's Proposed Protective Order

On its face, the Special Master's Recommendation can be read as potentially leaving many categories of documents indefinitely protected whether or not their disclosure would harm the producing party. This result follows from two changes the Special Master made to the parties' proposal. First, the Special Master removed as unnecessary that portion of former Paragraph U (Paragraph O in the Proposed Protective Order) that defined "non-public" discovery material as those documents and testimony the disclosure of which "could damage the Producing Party competitively." Second, believing that Paragraph 16 provided an adequate mechanism for eliminating confidentiality protection for stale documents, the Special Master struck entirely Paragraph S – which provided that general business documents falling within "buckets" R.1 through R.8 could only be protected beyond two years if their disclosure would cause the serious and specific harm defined in R.16. A copy of the Special Master's Proposed Protective Order is attached as Exhibit B.

On the face of the Special Master's Proposal, these two changes permit a party to claim confidentiality forever for documents falling within buckets R.1 through R.8 without ever having to make any showing of harm. With the narrowing of Paragraph U, no longer is a party required to show that disclosure of recently minted documents could cause competitive harm. And with the elimination of Paragraph S, there is no requirement to meet the more demanding "serious and specific harm" standard once a document becomes stale. Thus, given a literal reading, the Proposed Protective Order allows a party to claim as "Confidential Discovery Material" expired procurement contracts and correspondence relating to them (R.4), aged sales data (R.2) and vintage price lists (R.1), regardless of age and even in the absence of *any* harm from disclosure.

In his July 11, 2006 letter, the Special Master explains that this would not happen because in the event of a challenge to a confidential designation under Paragraph 16, "the Producing Party's initial designation may be altered by agreement of the parties or by order of the Court, *in accordance with then prevailing law.*" See Letter from Poppiti to Cottrell, Holzman, and Horwitz of 7/11/06, at 3 (emphasis added). Apparently, the Special Master intends to apply to any such controversy the Third Circuit's "clearly defined and serious injury" test, the controlling importance of which he recognized both during the hearing[1] and in his Report.[2]

While this would obviously solve the problem, Paragraph 16 does not authorize the Special Master to apply this standard, either expressly or by use of language akin to "*in accordance with then prevailing law.*" To the contrary, the test under Paragraph 16 is simply whether the material constitutes "Confidential Discovery Material," *i.e.*, whether it falls within *any* of the buckets defined in former Paragraph R. As set forth in Paragraph 16(c):

> In any proceeding on such an application, the Producing Party will bear
> the burden to demonstrate that the designated Discovery Material qualifies
> as Confidential Discovery Material under Paragraph R.

But since the Special Master's revision of former Paragraph U and his elimination of Paragraph S removes any harm standard from the definition of "Confidential Discovery Material," in a dispute over a designation under Paragraph 16, the producing party never needs to show any harm from disclosure.

The Special Master is obviously construing Paragraph 16(c) as if it provided as follows (with the inferred language in bold):

---

[1] *See* Transcript of June 12, 2006 Hearing at 43, D.I. 143 ("I'm satisfied that the Third Circuit should be the standard that is applied").

[2] *See* Special Master's Report and Recommendations Regarding Proposed Protective Order, at 100-102, D.I. 221.

RLF1-3038318-1

> In any proceeding on such an application, the Producing Party will bear the burden to demonstrate that the designated Discovery Material qualifies as Confidential Discovery Material under Paragraph R *and that its disclosure would cause it clearly defined and serious injury.*

This standard obviously complies with Third Circuit requirements. While it might be preferable if the clause were added to the Protective Order,[3] especially since it will control the rights of third-parties who did not participate in its development, AMD and class plaintiffs have no objection to proceeding on the basis of the Special Master's proposal, so long as all concerned are prepared to give effect to the Special Master's intent that the Third Circuit's harm standard govern all disputes over confidentiality designations.

## Conclusion

AMD and class plaintiffs request that the Court either modify Paragraph 16(c) of the Proposed Protective Order as set forth above or, alternatively, enter it in its present form with an order construing the Special Master's July 11, 2006 letter as acknowledging that discovery material may be deemed Confidential Discovery Material only upon a showing that its disclosure would cause the producing party clearly defined and serious injury.

---

[3] Alternatively, the standard could be made part of the definition of Confidential Discovery Material by amending the preamble to Paragraph M (former Paragraph R) to read as follows (with the new language italicized):

> "Confidential Discovery Material" means any Discovery Material *the disclosure of which would cause the Producing Party clearly defined and serious injury* consisting of or containing information falling into any of the following categories:"

OF COUNSEL:

Charles B. Diamond, Esq.
Linda J. Smith, Esq.
Mark A Samuels, Esq.
O'Melveny & Myers LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035
(310) 553-6700
Attorneys for Advanced Micro Devices, Inc.
And AMD International Sales & Service, Ltd.

/s/
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Chad M. Shandler (#3796)
shandler@rlf.com
Steven J. Fineman (#4025)
fineman@rlf.com
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com
Richards, Layton & Finger
One Rodney Square
920 North King Street
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Attorneys For Advanced Micro Devices, Inc.
And AMD International Sales & Service, Ltd.

*/s/ J. Clayton Athey*
James L. Holzman (#663)
jlholzman@prickett.com
J. Clayton Athey (#4378)
jcathey@prickett.com
Prickett Jones & Elliott, P.A.
1310 King Street
P. O. Box 1328
Wilmington, DE 19899
(302) 888-6509
Attorneys for Co-Lead and Interim Counsel for Plaintiffs

July 17, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and have sent by Hand Delivery to the following:

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

James L. Holzman, Esquire
Prickett, Jones & Eliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328

and have sent by Federal Express to the following non-registered participants:

Peter Moll, Esquire
Darren B. Bernhard, Esquire
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Daniel A. Small, Esquire
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, Est Tower
Washington, D.C. 20005

Robert E. Cooper, Esquire
Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

_____
Gregory E. Stuhlman (#4765)
stuhlman@rlf.com