Writer's Direct Dial:
(302)888-6509
Writer's Telecopy Number::
(302)888-6333
Writer's E-Mail Address:
JLHolzman@prickett.com

**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
TEL: (302) 888-6500
FAX: (302) 658-8111
http://www.prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

September 18, 2006

**VIA HAND DELIVERY AND E-MAIL**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Re:  *Paul et al. v. Intel*, Consolidated Civil Action No. 05-485-JJF *Advanced MicroDevices, Inc. v. Intel et al.*, Civil Action No. 05-441-JJF; MDL Docket No. 05-1717

Dear Special Master Poppiti:

Class Plaintiffs write this letter brief in support of Your Honor's current allocation of monthly Special Master fees and expenses incurred in the consolidated class action and incurred in the AMD case. We do not believe there would be any dispute if the only case pending in MDL No. 1717 were the consolidated class action. In that situation, it would be clear, and the parties presumably would agree, that Intel and Class Plaintiffs should each pay half of the Special Master fees. The question here is whether that allocation should change merely because AMD filed its own case. It should not. Your Honor's current allocation accords with the specific language relating to allocation of Special Master fees in the Order Appointing Special Master ("Special Master Order") entered by Judge Farnan on May 11, 2006, attached as Ex. A, and also with Rule 53 of the Federal Rules of Civil Procedure and principles of fairness.

The Special Master Order was entered in Civil Action No. 05-441-JJF (*Advanced MicroDevices, Inc. v. Intel et al.*) on April 27, 2006 and separately entered in Consolidated Civil Action No. 05-485-JJF (*Paul et al. v. Intel*) and MDL Docket No. 05-1717 on May 11, 2006, Ex. A. This order governs Special Master fees and allocation of those fees in the different cases in MDL Docket No. 1717. *See* Special Master Order ¶10, Ex. A. Specifically, the Order provides that "[t]he compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master,[1] be shared equally b[y] the parties." *Id.*

---

[1]  The Special Master Order, in accordance with Rule 53, contemplates adjusting the allocation of Special Master fees should it be necessary to accommodate situations when "any party is more responsible than other parties for reference to a master." Fed. R. Civ. P. 53(h);

The Honorable Vincent J. Poppiti
September 18, 2006
Page 2

The Federal Rules of Civil Procedure provide that "[p]ayment of the master's fees must be allocated among the parties," and that "[t]he amount in controversy and the means of the parties may provide some guidance in making the allocation." Fed. R. Civ. P. 53(h) notes (2003).

Here, there are two distinct and separate cases – the consolidated class action and the AMD litigation -- that comprise MDL Docket No. 1717. These cases were brought by different parties, and they will be tried separately, at different times, in different places, and for different types of damages. Several of the cases comprising the consolidated class action (*Paul et al. v. Intel*, No. 05-485-JJF) were transferred to this Court by the Judicial Panel on Multidistrict Litigation only for pretrial proceedings. Pursuant to the transfer order, those cases will be remanded to the transferor courts for trial. Moreover, this Court's Case Management Order No. 1, which "governs all cases in MDL 1717" (¶2), treats the consolidated class action and the AMD action as separate and distinct.

Thus, Special Master fees, which are to be "shared equally by the parties," should be allocated equally BETWEEN the two different cases and further allocated equally among the parties in each of those cases. Special Master Order ¶10, Ex. A. Intel is the common defendant in both cases. For this reason, Intel should pay fifty percent of the Special Master fees allocated to Consolidated Civil Action No. 05-485-JJF and fifty percent of the fees allocated to C.A. No. 05-441. *See* Special Master Order ¶10, Ex. A.

Intel's counsel may argue that Intel should only pay one-third of the total Special Master fees incurred in *both* cases, and that Class Plaintiffs (and AMD) should also pay one-third of the total Special Master fees incurred in *both* cases. Intel's proposal would require that Class Plaintiffs subsidize Intel's litigation costs, some of which are incurred in a case to which no Class Plaintiff is a party. Such a result is clearly inequitable and outside the bounds of Rule 53 and this Court's directives. *See* Fed. R. Civ. P. 53 (h).

For the foregoing reasons, Class Plaintiffs support the current allocation of Special Master fees between the parties in the two separate cases comprising MDL No. 1717.

Respectfully submitted,

JAMES L. HOLZMAN

Enclosure

cc:    Clerk of the Court (w/ enc.) (By Electronic Filing)
       Richard L. Horwitz, Esq. (w/ enc.) (By Electronic Mail)
       Frederick L. Cottrell, III, Esq. (w/ enc.) (By Electronic Mail)

---

Special Master Order ¶10, Ex. A. To date, there is no activity in any of the two cases comprising MDL Docket No. 1717 that should cause this Court to revisit its current allocation scheme.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | : : | MDL Docket No. 05-1717-JJF |
| | | |
| PHIL PAUL, on behalf of himself and all other similarly situated, | : : : | |
| | : | |
| Plaintiffs, | : : | |
| v. | : : | Civil Action No. 05-485-JJF |
| INTEL CORPORATION, | : : | CONSOLIDATED ACTION |
| Defendant. | : | |

### ORDER APPOINTING SPECIAL MASTER

WHEREAS, by Order dated September 15, 2004, the Court established a Special Master Panel; and

WHEREAS, consistent with the requirements expressed in the referenced Order, the Court concludes that the appointment of a Special Master is warranted in the above-captioned case;

NOW THEREFORE, this ____ day of May, 2006, it is HEREBY ORDERED that:

1. Vincent Poppiti is appointed as Special Master.

2. As required by Rule 53(b)(2), the Special Master shall proceed with all reasonable diligence and, as provided by Rule 53 (c), shall have the authority to regulate all proceedings and take all measures necessary to manage electronic discovery production and allegations of intentional spoilation in the context of said production.

3. The Special Master shall, after consulting with the parties, establish procedures for the handling of discovery disputes. The Special Master shall have the duty and authority to require the submission of reports, call conferences, and hold hearings in order to determine the status of discovery, to issue orders requiring the parties to adhere to discovery and case management dates set by the Court. He shall hear, resolve and make rulings on all disputes regarding discovery and, when appropriate, enter orders setting forth his rulings.

4. Except as otherwise ordered by the Special Master, the filing, service and hearing of discovery-related motions shall be governed by the Rules of this Court.

5. The Special Master shall hear matters promptly and at such times as may be convenient, at the discretion of the Special Master. All hearings and conferences before the Special Master shall be held in the J. Caleb Boggs Federal Building or at an alternate location approved by the Special Master. The party presenting a motion shall arrange for a court reporter to transcribe the proceeding. A copy of the transcript shall be provided to the Special Master, if requested. The parties shall equally bear the costs of the court reporter and transcript provided to the Special Master.

6. The Special Master shall not communicate _ex parte_ with a party without a consent of all of the parties. The

Special master may communicate *ex parte* with the Court.

7.  The Special Master shall preserve all materials received or issued in connection with any dispute regarding discovery. He shall not be required to file any such materials with the Court, unless directed to do so by the Court, except that he shall file any orders entered setting forth his rulings and any opinions prepared supporting his rulings.

8.  The Special Master may have access to trade secrets, proprietary information or other confidential information in this action including, but not limited to, information which may be subject to a protective order. The Special Master and those persons him shall preserve and protect the confidentiality of all such information.

9.  The rulings of the Special master shall be subject to review by the Court, consistent with Rule 53(g)(3)-(5).

10. The Special Master shall be compensated for his services at his usual hourly rate. Others assisting the Special Master shall be compensated at their usual hourly rates. The Special Master shall send statements for services and expenses directly to counsel for the parties on a monthly basis, and shall receive payment directly from counsel for the parties in a timely fashion. The compensation and expenses of the Special Master shall, unless otherwise ordered by the Special Master, be shared equally be the parties. In this regard, if in the Special

Master's opinion, a party engages in behavior that hinders the efficient resolution of matters before the Special Master, that party may be apportioned all or a larger portion of the Special Master's compensation, costs and expenses. Any objections or disputes regarding compensation and/or expenses of the Special Master shall be presented to the Court in a timely application.

                                                              /s/ Joseph J. Farnan, Jr.
                                                              JOSEPH J. FARNAN, JR.
                                                              United States District Judge