# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF.COM

September 22, 2006

**BY ELECTRONIC MAIL AND**
**BY HAND DELIVERY**
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

Re: *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.* C.A. No. 05-441-JJF, *In re Intel Corporation*, C.A. No. 05-MD-1717-JJF, and *Phil Paul, et al. v. Intel Corporation*, C.A. 05-485-JJF

Dear Judge Poppiti:

Advanced Micro Devices, Inc. ("AMD") submits this letter brief in reply to the letter brief filed by Intel Corporation ("Intel") on September 15, 2006, regarding the allocation of the Special Master's fees among AMD, Intel and the class plaintiffs (the "Class") in the above-referenced cases. AMD reiterates that Your Honor has correctly allocated the Special Master fees. In its brief, Intel has provided no reason or authority for Your Honor to change his decision.

The Court appointed Your Honor as the Special Master, through two separate Orders, to govern discovery proceedings in two separate cases. Intel does not dispute that each of these Orders Appointing Special Master are specific and unequivocal in requiring an equal, party-by-party Special Master fee allocation *in each case*. Yet, Intel now encourages Your Honor to consider what it proposes as the "substance" of the Court's language, rather than the "letter" of Judge Farnan's Orders. The gist of Intel's argument, then, is that Your Honor should disregard the Court's explicit Orders to reach a result favorable to Intel and for which it cites not a single legal authority.

Indeed, rather than rely on what Judge Farnan ordered or the law says, Intel cites two cases Your Honor has handled as definitive of "your practice" in this area of fee allocation and argues that they support the "substance" of equal allocation. Both are factually and procedurally distinct from the current situation, however, and neither provides a basis on which to depart from the correct decision Your Honor already made.

RLF1-3061926-1

The Honorable Vincent J. Poppiti
September 22, 2006
Page 2

      Specifically, Intel refers to Your Honor's allocation of equal one-quarter shares, "[i]n the CEA case, in which there is one plaintiff and three defendants," and the unequal fee allocation in LG v. ViewSonic and Tatung, "where issues have related to the plaintiff and only one of the two defendants." These references belie Intel's argument. CEA was a *single* case, with multiple defendants; LG v. ViewSonic and Tatung was also a *single* case, with multiple defendants. AMD and Class are plaintiffs in *separate* cases, with *separate* Orders Appointing Special Master. Intel thus has provided no practice precedent in which separate plaintiffs in separate cases were asked to share equally, across cases, the fees for a Special Master.

      Intel also asserts that the "fact that there are two captions instead of one" should be ignored and, again, that the "substance" of the Court's language compels an equal allocation of fees among parties in both cases because the parties have benefited equally from the Special Master's resolution of disputes. Intel thus disavows the fact that its benefit exceeded that of AMD and the Class -- as well as its clear obligation to pay for that benefit. As AMD noted in its opening brief, AMD benefited from its cooperation in the development of the Protective Order only in the case it brought, as also is true with the Class. In contrast, Intel benefits in *both* cases since Intel is the only common party in each case. Cost-shifting to AMD a one-third portion of the Special Master's overall fees in both cases would force AMD to subsidize Intel's disproportionate benefit, in clear violation of both the "letter" and the "substance" of the Court's Order. Intel cites no authority supporting that illogical outcome and AMD knows of none.

      Your Honor's decision to apportion one-half of the Special Master fees incurred to each party in each case is correct and Intel has provided no basis for departing from that decision.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

FLC,III/lll
Enclosure

cc:   Clerk of the Court (By Electronic Filing)
      Richard L. Horwitz, Esquire (Via Hand Delivery)
      James L. Holzman, Esquire (Via Hand Delivery)