# MacPherson Kwok Chen & Heid LLP

| 2033 Gateway Place, Suite 400 | 2402 Michelson Drive, Suite 210 |
|---|---|
| San Jose, CA 95110 | Irvine, CA 92612 |
| Tel. (408) 392-9250 | Tel. (949) 752-7040 |
| Fax (408) 392-9262 | Fax (949) 752-7049 |

Email: mailbox@macpherson-kwok.com
www.macpherson-kwok.com

October 20, 2006

**VIA E-MAIL AND FEDERAL EXPRESS**

Vincent J. Poppiti, Esq.
Blank Rome LLP
Chase Manhattan Centre
1201 Market Street, Suite 800
Wilmington, DE 19801

Re: *Advanced Micro Devices, Inc., et al. v. Intel Corp., et al.*
Civ. Action No. 05-441-JJF (U.S. Del.); *In re Intel Corp.*,
MDL Docket No. 05-1717-JJF (U.S. Del.)

Discovery Matter No.: _____



Dear Special Master Poppiti:

I write in response to the October 6, 2006 letter by Beth Ozmun of AMD to my client Inphi concerning AMD's proposed disclosure and production in the above-referenced litigation of Inphi confidential material originally provided to AMD under a Non-Disclosure Agreement ("NDA"). A copy of Ms. Ozmun's letter is attached hereto.

Inphi objects to the proposed disclosure and production of Inphi confidential material according to the procedure outlined by Ms. Ozmun's letter. Inphi's objection is that AMD's proposed procedure does not permit Inphi the opportunity to review in advance the Inphi confidential material that AMD proposes to disclose to Intel and/or other parties. Inphi does not maintain an inventory of all its materials ever transmitted to AMD (which may include details of Inphi components, Inphi product specifications, Inphi business plans, and emails to or from Inphi), and Inphi has no way of itself ascertaining the scope of AMD's proposed disclosure. If Inphi proprietary materials provided to AMD under confidentiality obligations are the subject of discovery, then Inphi, the party with the greatest interest in such materials, should be permitted the opportunity to know the identity and content of such materials prior to any disclosure so that Inphi can take steps, if necessary, to interpose objections to discoverability and/or to assert the necessity for protections beyond what the protective order in the case provides.

While Ms. Ozmun's letter maintains that AMD is unable to identify and segregate out Inphi materials due to the volume of documents involved in AMD's initial production, it would seem, at a minimum, that AMD could run a simple search against any and all electronic documents, such as email, to identify and segregate out Inphi

*MacPherson, Kwok, Chen & Heid LLP*

Vincent J. Poppiti, Esq.
Blank Rome LLP
October 20, 2006
Page 2

---

confidential material, and that AMD also could readily identify and segregate out any hard copy Inphi materials kept in Inphi specific files or folders. While these simple steps may not capture all Inphi confidential material subject to disclosure, they are likely to capture the vast majority of such materials. Inphi requests that at least these basic steps be taken so that Inphi can have notice of Inphi materials subject to disclosure.

At bottom, Inphi merely asks that AMD identify Inphi's information subject to disclosure to the best of AMD's ability, and permit Inphi the opportunity to review such information prior to AMD's disclosure to any representative of Intel or another party. This is necessary so that Inphi may determine that the planned disclosure and protections are appropriate for the material to be disclosed, or, alternatively, so that Inphi may, if needed, assert more particularized objections based on its review. It is critical that Inphi be granted this opportunity before Inphi's electronic (including email) or hard copy materials are disclosed, as Inphi's objections may be irretrievably prejudiced upon disclosure of Inphi's confidential materials to representatives of Intel or other parties. Given the confidentiality obligations owed Inphi by AMD pursuant to the NDA, Inphi believes its request is modest and appropriate under the circumstances.

Very truly yours,

*Alan H. MacPherson*

Alan H. MacPherson

AHM/rr
Enclosure

cc: Dube@blankrome.com
Schneider-m@blankrome.com
David-c@blankrome.com
rhorwitz@potteranderson.com
wdrane@potteranderson.com
DFloyd@gibsondunn.com
BernhardD@howrey.com
cottrell@rlf.com
cdiamond@omm.com
jholzman@prickett.com
jcathey@prickett.com
emanderson@prickett.com

mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
abaker@cmht.com
mplehmann@furth.com
tdove@furth.com
aturan@furth.com
steve@hbsslaw.com
tony@hbsslaw.com
craig@hbsslaw.com
guido@saveri.com
rick@saveri.com



3204 E. Ben White Blvd.
Austin, TX 78741
Tel (512) 365-8542

October 6, 2006

Law Department
Inphi
2393 Townsgate Road, Ste 101
Westlake Village, CA 91361

    Re:    *Advanced Micro Devices, Inc. et al v. Intel Corp., et al.*, Civ. Action No. 05-441-JJF (U.S. Del.) ; *In re : Intel Corp.*, MDL Docket No. 05-1717-JJF (U.S. Del.)

Dear Counsel:

As you may know, AMD sued Intel last year for violations of U.S. and state antitrust laws. Pursuant to an order of Judge Joseph Farnan of the U.S. District Court for the District of Delaware, AMD is now required to engage in a document exchange with Intel and other parties to this Multi-District Litigation (MDL) proceeding, with a target completion date of March 27, 2007.

We are notifying you that a portion of the document production in this case may include the disclosure of your confidential information to outside counsel in response to the discovery requests. The Protective Order entered in the case requires that AMD disclose and produce responsive materials notwithstanding any non-disclosure agreement. Note, however, that the **Protective Order prohibits public disclosure or public use of any Confidential Discovery Material.** We have attached a copy of the order as Exhibit A so that you can review carefully the very complete confidentiality procedures that the parties will follow with respect to your documents.

The exchange and production of documents in this case will occur in two phases. Phase one begins with an initial disclosure of responsive materials so that outside counsel can inspect and select a subset of documents for actual production. Any non-public material AMD discloses at this time will be treated as Confidential Discovery Material pursuant to the Protective Order, which means that it will be available for inspection only by outside counsel for a party and those assisting them as well as witnesses bound by the Protective Order. Accordingly, your confidential materials cannot be used for purposes unrelated to the litigation. Due to the significant volume of documents involved in this initial production, AMD is not able to identify and segregate out materials that may contain your specific confidential information. During this phase of discovery, however, AMD **will designate all non-public documents as Confidential Discovery Material** under the order.



After the initial inspection phase, the parties can request the production of copies of particular documents in imaged format for use during the course of the litigation. **Materials produced during this phase will retain their Confidential designation**, so that any production will be used only for purposes related to the case. To the extent practicable, AMD may provide you with an additional notice identifying more specifically materials Intel or class representatives have requested be produced that may contain information subject to a non-disclosure agreement running in your Company's favor.

Pursuant to the Protective Order, parties seeking to remove a document's confidentiality designation must first apply to the Discovery Master and make a showing that the material does not qualify for protection. Should any document containing information subject to a non-disclosure agreement running in your Company's favor be the subject of these procedures, we will of course promptly notify you, identify the document or documents at issue and give you an opportunity to object.

Under the terms of the Protective Order, if you object to AMD's disclosure and production of your confidential material as described in this letter, please serve your written objection on the Special Master tasked to resolve all discovery objections, Vincent J. Poppity, Esq., of the Wilmington, Delaware office of Blank, Rome LLP. Objections should be served in *triplicate* by hand delivery or overnight mail within a reasonable period after your receipt of this letter (**not to exceed 15 days**). We have attached a copy of the Procedures for Handling Discovery Disputes as Exhibit B to this letter. If you have any questions about this, please do not hesitate to contact our outside counsel, Charles P. Diamond or Alicia Hancock at O'Melveny & Myers, Century City, telephone (310) 246-6700.

Sincerely,

*Beth Ozmun*

Beth Ozmun
Director of Litigation


c:  Charles P. Diamond
    Alicia Hancock

2