# EXHIBIT 19

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 23351 (D.Del.)
(Cite as: 2005 WL 23351 (D.Del.))

H

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
WESTCHESTER FIRE INSURANCE CO.,
Plaintiff,
v.
HOUSEHOLD INTERNATIONAL, INC.,
Household Retail Services, Inc., Household Bank (SB), N.A., Beneficial National Bank USA,
Defendants.
No. Civ.A. 02-1328 JJF.

Jan. 5, 2005.

J.R. Julian, of J.R. Julian, P.A., Wilmington, Delaware, James J. Duggan, and Michael T. Glascott, of Lustig & Brown, LLP, Buffalo, New York, for Plaintiff, of counsel.

John A. Parkins, Jr., of Richards, Layton & Finger, Wilmington, Delaware, John H. Mathias, Jr., Christopher C. Dickinson, John P. Wolfsmith, Joseph F. Arias, and Daniel Shim, of Jenner & Block LLP, Chicago, Illinois, for Defendants, of counsel.

*MEMORANDUM OPINION*

FARNAN, J.

\*1 Presently before the Court are (1) the Motion For Protective Order (D.I.72) filed by Plaintiff on June 18, 2004; (2) the Motion To Compel Discovery Relating To Financial Institutions Endorsement (D.I.74) filed by Defendants on June 18, 2004; (3) the Motion To Compel Deposition Of Westchester's Corporate Representative Witness (D.I.75) filed by Defendants on June 18, 2004; and (4) the Motion To Compel Discovery Relating To Westchester's Denials And Defenses (D.I 76) filed by Defendants on June 18, 2004.

BACKGROUND

This litigation stems from Defendants' claim that Plaintiff Westchester committed fraud by allegedly selling comprehensive liability insurance to Defendants that turned out to have a value far below its purported worth. Underlying this dispute are claims of fraud alleged by consumers against Defendants, arising from the sale or financing of satellite television systems and other consumer products.

In March 1998, Defendant Beneficial National Bank USA ("Beneficial") filed suit against Westchester in this Court seeking declaratory relief concerning coverage for fraudulent lending claims involving credit card accounts. In October 2000, this Court granted Westchester's motion for summary judgment, holding that a Financial Institutions Endorsement ("FIE") excluded coverage for predatory lending claims. In May 2002, Defendant Household International, Inc., Household Retail Services, Inc., and Household Bank (SB), N.A. (collectively, "Household") filed suit in federal court in Illinois alleging that Westchester fraudulently induced Household to purchase insurance policies that excluded coverage for errors and omissions ("E & O") claims. The case was transferred to this Court and consolidated with a case brought by Westchester seeking declaratory judgment that predatory lending claims were not covered by any Westchester policy.

There are three Westchester insurance policies at issue in this case. Two were issued to Household and one was issued to Beneficial.

Discovery in this lawsuit began in November 2003. In June 2004, Defendants filed motions to compel seeking (1) discovery related to the drafting, meaning, interpretation, or intent of Westchester's FIE (D.I.74); (2) discovery relating to the factual underpinnings of issues Westchester raised by way of its denial and defenses to Defendants' claims (D.I.76); and (3) Westchester's designation of one or more representative witnesses to provide deposition testimony on the topics listed in (1) and (2) above (D.I 75).

The Court heard Oral Argument on these Motions on September 14, 2004. Because depositions of Defendants' insurance brokers, Johnson & Higgens, were scheduled to take place in November 2004, the Court directed Defendants to show from the brokers' testimony the relevance of the requested discovery to each of Defendants' motions to compel. Defendants submitted a Supplemental Brief In

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
(Cite as: 2005 WL 23351, *1 (D.Del.))

Page 2

Support Of Motions To Compel Discovery. (D.I.111).

## DISCUSSION

### I. Legal Standard

*2 In relevant part, Rule 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party..... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir.1999) (citing *In re Madden*, 151 F.3d 125, 128 (3d Cir.1998)).

### II. Parties' Contentions

The parties make the same general arguments to support all four pending motions.

Westchester contends that Defendants' discovery should be limited to the specific manner in which Westchester allegedly misrepresented, tacitly or otherwise, coverage under the subject policies. Specifically, Westchester contends that Westchester's understanding of the FIE, the underlying insurance claims or other similar claims is not relevant to Defendants' fraud claim because there is no dispute as to the meaning of the FIE. Westchester argues that Defendants have not yet identified the acts or misrepresentations upon which Defendants are alleged to have relied upon to their detriment.

Defendants contend that fraud claims necessarily place at issue the alleged defrauder's knowledge and intent. Thus, Defendants contend that meaningful pursuit of their fraud claims requires discovery of Westchester's understanding of the FIE.

### III. Defendants' Motion To Compel Discovery Relating To Financial Institutions Endorsement (D.I.74)

By their motion, Defendants seek to compel production of documents relating to the drafting, meaning, interpretation, or intent of the FIE. In the alternative, Defendants seek permission to depose a 30(b)(6) witness in order to explore Westchester's institutional knowledge with regard to the FIE.

Westchester responds that interpretation of the FIE is not a part of this case, as there is no dispute as to its meaning.

Defendants now contend that the broker testimony demonstrates that further inquiry into Westchester's intent with regard to the FIE is warranted. Specifically, Defendants contend that "the lack of evidence that Defendants or the brokers strenuously objected to the FIE's inclusion in the policy supports Defendants' position that no one understood that the FIE would later be interpreted as restricting coverages as significantly as it has." (D.I. 111 at 12).

After reviewing the deposition testimony, Defendants' arguments, and documents provided in support of Defendants' motions to compel discovery, I conclude that Defendants have not demonstrated the relevance of the discovery requested with regard to the FIE. Defendants do not contend that Westchester withheld from Defendants or their brokers the existence or the contents of the FIE at any time during negotiation of the purchase of the umbrella policy. Rather, Defendants focus on the parties' contemporaneous intent, understanding, and representations with regard to the FIE's meaning. I find that there is no testimony suggesting that Defendants' insurance brokers requested or relied upon having the type of coverage that the FIE excludes. In fact, one of the insurance brokers, Mr. Pallis, testified that "providing coverage for fraud is against public policy and not covered by insurance." (D.I. 112, Ex. D at 70.) Notwithstanding the liberal discovery standard in the Third Circuit, for these reasons I conclude that Defendants have not demonstrated that discovery as to the meaning, scope, interpretation, drafting, or origin of the FIE is relevant to their fraud claim against Winchester, or that such discovery is reasonably calculated to lead to the discovery of admissible evidence. Thus, I will deny Defendant's Motion To Compel Discovery Relating To Financial Institutions Endorsement (D.I.74).

### IV. Motion To Compel Deposition Of Westchester's Corporate Representative Witness (D.I.75) filed by Defendants

*3 Defendants' request, for the reasons described in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
(Cite as: 2005 WL 23351, *3 (D.Del.))

Page 3

sections II and III above, that Westchester present corporate representative testimony on the following topics: Westchester's understanding of the FIE, Westchester's intent in drafting the FIE, Westchester's intent in employing the FIE in its policies, and Westchester's intent in employing the FIE at the time a claim is made.

For the reasons given with regard to Defendants' Motion To Compel (D.I.74) in Section III above, I conclude that Defendants have not demonstrated that the requested discovery is relevant to their fraud claim against Winchester, or that such discovery is reasonably calculated to lead to the discovery of admissible evidence. Thus, I will deny Defendants' Motion To Compel Deposition Of Westchester's Corporate Representative Witness (D.I.75).

V. Motion To Compel Discovery Relating To Westchester's Denials And Defenses (D.I.76) filed by Defendants

By their motion, Defendants seek an order compelling further responses to Interrogatory Nos. 6(a), 6(b), 6(f), 6(j), 6(k), 6(l), and 6(m).

With regard to Interrogatories 6(a) and 6(b), Westchester has offered to provide an amended response. Defendants have not indicated that they find Westchester's proposed amended responses insufficient.

With regard to Interrogatory Nos. 6(f), 6(j), and 6(l), in its response Westchester agrees to supplement its response.

With regard to Interrogatory Nos. 6(k) and 6(m), Defendants do not set forth in their brief (D.I.76) reasons why Westchester's responses are inadequate.

I find that the parties at this time do not require the Court's assistance to resolve their dispute with regard to Interrogatory 6. Thus, I will deny the Motion To Compel Discovery Relating To Westchester's Denials and Defenses (D.I.76) with leave to renew should Defendants find Westchester's amended responses insufficient.

VI. Motion For Protective Order (D.I.72) filed by Plaintiff

By its motion, Westchester seeks a protective order vacating or limiting the scope of the depositions of Westchester's Rule 30(b)(6) witnesses to only such topics that are germane to this case. Westchester seeks also to vacate or limit Defendants' November 2003 demand for documents directed to westchester. Westchester contends that Defendants' discovery should be limited to the specific manner in which Westchester allegedly misrepresented, tacitly or otherwise, coverage under the subject policies.

Because I determined that the discovery sought by Defendants is not relevant under Rule 26, the Court need not decide whether Westchester is entitled to a protective order. Thus, I will deny as moot the Motion For Protective Order (D.I.75) filed by Plaintiff.

CONCLUSION

In sum, I will (1) deny the Motion To Compel Discovery Relating To Financial Institutions Endorsement (D.I.74) filed by Defendants; (2) deny the Motion To Compel Deposition Of Westchester's Corporate Representative Witness (D.I.75) filed by Defendants; (3) deny with leave to renew the Motion To Compel Discovery Relating To Westchester's Denials And Defenses (D.I.76) filed by Defendants; and (4) deny as moot the Motion For Protective Order (D.I.72) filed by Plaintiff.

*4 An appropriate Order will be entered.

Not Reported in F.Supp.2d, 2005 WL 23351 (D.Del.)

Motions, Pleadings and Filings (Back to top)

1:02CV01328 (Docket) (Jul. 24, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.