IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | MDL Docket No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE LTD, a Delaware corporation,, | DM No. _____ |
| Plaintiffs, | Civil Action No. 05-441-JJF |
| v. | |
| INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation, | **REDACTED - PUBLIC VERSION** |
| Defendants. | |

## DECLARATION OF LAURIN B. GROLLMAN IN SUPPORT OF AMD'S MOTION TO STRIKE

Laurin B. Grollman declares as follows:

1. I am an attorney licensed to practice law in the State of New York and am an associate at Kasowitz, Benson, Torres & Friedman LLP. I have personal knowledge of the events described below.

2. On October 3, 2005, AMD served its document production subpoena on Michael S. Sundermeyer, Esq., counsel for Sony Corporation ("Sony"), who agreed to accept service of the subpoena on behalf of Sony. (Sony Subpoena Attached as Exhibit 1.) After several months of negotiation, AMD agreed that Sony would produce all of its documents that were raided or otherwise provided to the Japan Fair Trade Commission ("JFTC"). (Fully Executed Agreement Between Sony and AMD Attached as Exhibit 2 – filed under seal.) AMD also agreed to pay all copying and shipping costs incurred by Sony. AMD and Sony agreed to postpone negotiations

regarding Sony's production of non-JFTC documents so that AMD could review the JFTC documents and attempt to narrow the scope of the subpoena, if possible.

3. Sony's production of JFTC documents was not complete until on or about July 7, 2006. AMD contacted Sony on October 3, 2006 to learn Sony's position on foreign discovery in light of Judge Farnan's Memorandum Opinion and Order dismissing AMD's foreign commerce claims. On or about November 8, 2006, AMD proposed scheduling a teleconference among counsel for Sony, AMD, defendant Intel Corporation and the class-action plaintiffs during the week of November 20, 2006 to negotiate Sony's compliance with the subpoena. Sony never provided AMD with its position regarding Judge Farnan's order, never declared impasse and did not meet and confer with AMD prior to filing the motion to quash. On November 15, 2006 (after the motion to quash was filed), Sony suggested to AMD that the teleconference tentatively scheduled for November 21, 2006 be postponed in light of the Japanese OEMs' motion to quash and Sony's unwillingness "to invest additional resources negotiating a subpoena that it thinks should not be pursued at all."

I declare under the penalty of perjury of the laws of the United States and the State of New York that the foregoing is true and correct.

Executed this 21st day of November, 2006 at New York, New York.

_____
Laurin B. Grollman

2