# PROCTOR HEYMAN LLP
## ATTORNEYS AT LAW

1116 WEST STREET · WILMINGTON, DELAWARE 19801
TEL: 302.472.7300 · FAX: 302.472.7320 · WWW.PROCTORHEYMAN.COM

Direct Dial: (302) 472-7301
E-mail: vproctor@proctorheyman.com

November 30, 2006

**BY E-FILING**
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 N. Market Street
Wilmington, DE 19801-4226

    RE:    DISCOVERY MATTER 3
           *Advanced Micro Devices, Inc. v. Intel Corp.*,
           C.A. No. 05-441-JJF;
           *Phil Paul, et al. v. Intel Corp.*, C.A. No. 05-485-JJF;
           *In Re Intel Corp.*, C.A. No. 05-MDL-1717-JJF

Dear Judge Poppiti:

    Fujitsu Limited, NEC Corporation, Sony Corporation, and Toshiba Corporation (collectively, the "Japanese OEMs" or "the Companies"), non-parties in the above referenced litigation, respectfully respond as follows to the Motion to Strike filed by Advanced Micro Devices, Inc. ("AMD"), on November 22, 2006.[1]

    On November 13, 2006, the Japanese OEMs filed a response (the "November 13 letter") to AMD's Motion to Compel, on which argument was heard yesterday. Because the Motion to Compel addressed the implications of Judge Farnan's recent decision with respect to the production of Japanese OEM documents in the possession of Intel Corp., and because the implications of Judge Farnan's decision on the subpoenas directed to the Japanese OEMs themselves are at least as significant, the Companies thought that a letter response was an

---

[1]     The Japanese OEMs file this letter as a special appearance without waiving any of their objections to the jurisdiction of the Court.



The Honorable Vincent J. Poppiti
November 30, 2006
Page 2

appropriate procedural vehicle to bring the latter point to the Court's attention. Absent such a response, the Companies feared that their particular interests might not be fully appreciated by the Special Master or the Court in resolving the discovery dispute between the parties. Without meeting and conferring with the Japanese OEMs about whether their November 13 letter was procedurally correct, AMD moved to strike it. The Japanese OEMs have one fundamental interest with regard to both of AMD's Motions: Because the Court has held that American antitrust laws do not reach conduct in Japan, information and documents related to the private business affairs of the Japanese OEMs should not be subject to additional compelled disclosure to AMD or any other person or entity.

The Japanese OEMs seek a full and fair opportunity to argue that fundamental interest. At the same time, they wish to facilitate the decision-making process of the Special Master and the Court. During a November 16 teleconference with the parties, the Special Master expressed the view that the Companies' November 13 letter might be construed as an *amicus curiae* submission. (Tr. 19). The Japanese OEMs would welcome the opportunity to have a portion of their November 13 letter considered as an *amicus curiae* brief on AMD's Motion to Compel, if the Special Master will accept it as such. Specifically, the Companies invite the Special Master to entertain the arguments raised in the preamble and points I and II of the November 13 letter. Those arguments fall squarely within the scope of a "traditional" *amicus* submission, because the issues are coextensive with those raised in connection with AMD's Motion to Compel. In fact, AMD's counsel accepted this approach during the November 16 teleconference:

> I have no objection if you treat the portion of these letters dealing with the purely legal issue of foreign conduct discovery and take those into account, if you think that there's anything worth taking into account.
> (Tr. 21).

If the Special Master accepts this proposal, the Japanese OEMs further suggest that their arguments on burden and comity — found in point III of the November 13 letter — should be deferred until a later date. At that time, if discovery from the Japanese OEMs remains an issue, the Companies and the parties can be heard with respect to those issues. Thorough briefing of those issues is particularly important because of the numerous misstatements in the Motion to Strike. If the



The Honorable Vincent J. Poppiti
November 30, 2006
Page 3

Court has any questions about this proposal, counsel for the Japanese OEMs will make themselves available at a time convenient to the Special Master and the parties.

Respectfully submitted,

*Vernon R. Proctor*

Vernon R. Proctor (# 1019)

VRP/tt
cc:  Richard L. Horwitz, Esquire (by e-filing)
     Frederick L. Cottrell, III, Esquire (by e-filing)
     James L. Holzman, Esquire (by e-filing)
     Clerk, District Court (by e-filing)