# RICHARDS, LAYTON & FINGER

A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL NUMBER
302-651-7509
COTTRELL@RLF.COM

January 4, 2007

**BY E-FILE AND HAND DELIVERY**
The Honorable Joseph J. Farnan, Jr.
United States District Court for the
 District of Delaware
844 North King Street
Wilmington, DE 19801

Re: *Advanced Micro Devices v. Intel Corp.*, CA No. 05-441-JJF; and *In re Intel Corp.* C.A. No. 05-1717-JJF

Dear Judge Farnan:

We are in receipt of the December 27, 2006 letter to Your Honor from Intel's counsel stating Intel's non-objection to the December 15, 2006 Report and Recommendation of the Special Master. Having become a final order of this Court, that Report and Recommendation compels Intel to produce documents bearing upon its foreign exclusionary conduct, which the Special Master found would support a "foreclosure claim in connection with the sale of American-made x86 processors abroad," would "be indicative of monopoly power in the global marketplace," and would be "essential for AMD to demonstrate that Intel's alleged exclusionary conduct was sufficiently material to the overall relevant market so as to violate U.S. antitrust laws." Report at 15, 17 and 20.

At the September 27, 2006 status conference, we indicated that if the Court's September 26, 2006 FTAIA decision and order were construed to preclude AMD from discovering Intel's foreign conduct, AMD would likely request the Court to certify the ruling under 28 U.S.C. § 1292(b) for an interlocutory appeal. On the other hand, we also said that "if the order was not intended to preclude [AMD] from developing evidence of conduct outside the United States and introducing that in support of [its] U.S. claim, then certification is not nearly as indicated." Transcript at 13.

The Special Master has resolved the uncertainty by declaring the Court's September 26, 2006 decision not to be an obstacle to discovery of Intel's foreign conduct. While his Report stops short of ruling such conduct admissible evidence (which would have exceeded the Special Master's "discovery dispute" charter), the logic of the decision -- to which Intel has chosen not to object -- compels that conclusion. Thus, because no exigent need exists for immediate review of the Court's September 26, 2006 FTAIA decision, AMD will not ask the Court to certify it under Section 1292(b).

The Honorable Joseph J. Farnan, Jr.
January 4, 2007
Page 2

      As a placeholder for our potential certification request, the Court permitted AMD to file a motion for reconsideration of the September 26, 2006 FTAIA decision and order. We filed such a motion on September 29, 2006 (05-441, D.I. 222 and 05-1717, D.I. 286). In light of the foregoing, we ask that it be withdrawn.

      Finally, the Procedures for the Handling of Discovery Disputes Before Special Master, entered on June 28, 2006 (the "Special Master's Procedures"), at paragraph 8 provides that "Any Order entered by the Special Master shall be adopted without further action from the Court, unless a party or third party timely files objections, or moves to modify it, under Federal Rule of Civil Procedure 53." Consistent with those Procedures, the Special Master's Report and Recommendations on Plaintiffs' Motions to Compel, entered on December 15th, on page 23 provides that: "The Special Master's Report and Recommendation will become a final order of the Court unless objection is timely taken by December 27, 2006, in accordance with the Court's Order dated December 8, 2006." The Court has not formally endorsed the Special Master's Procedures. Accordingly, we attach an Order seeking this Court's formal adoption of the Special Master's Procedures and thus making the Special Master's December 15, 2006 Report and Recommendation as well as all other non-objected to Special Master's Orders, the Orders of this Court.

      Respectfully,

      Frederick L. Cottrell, III (#2555)

FLC,III/lll

cc:    Clerk of Court
       Special Master Vincent J. Poppiti
       Robert E. Cooper, Esquire
       Peter E. Moll, Esquire
       Richard L. Horowitz, Esquire
       James L. Holtzman, Esquire