IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | Civil Action No. 05-441 JJF |
| IN RE:<br><br>INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | Civil Action No. 05-MD-1717-JJF |

### STIPULATION AND [PROPOSED] ORDER
### REGARDING DISCOVERY OF THIRD-PARTY, EGENERA, INC.

**WHEREAS** Advanced Micro Devices, Inc. and AMD International Sales & Service, Inc., (hereafter jointly, "AMD"), and Intel Corporation and Intel Kabushiki Kaisha (hereafter jointly, "Intel") (AMD and Intel, hereafter collectively, the "Requesting Parties") served subpoenas (the "Subpoenas") upon Egenera, Inc. (hereafter "Egenera") requesting the production of documents relating to the matter entitled *Advanced Micro Devices, Inc. et al. v. Intel Corporation et al.*, C.A. No. 05-441-JJF, *In re Intel Antitrust Litigation*, C.A. No. 05-MD-1717-JJF (hereafter, the "Action");

**WHEREAS** Egenera and the Requesting Parties have negotiated and agreed to a cost-efficient procedure for the production of electronic and non-electronic documents that protects Egenera's privilege and confidentiality while also limiting the discovery burden of Egenera and the Requesting Parties;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND AMONG EGENERA AND THE REQUESTING PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, AND ORDERED, AS FOLLOWS:

### DEFINITIONS

A. "Relevant Custodians" means those employees of Egenera, who are likely to have an appreciable amount of responsive documents, as identified by agreement of the Requesting Parties and Egenera.

B. "Phase I Custodians" means those Relevant Custodians who the Requesting Parties and Egenera have agreed should be the Relevant Custodians whose documents will be the first harvested, reviewed, and produced pursuant to the procedures below, as identified by agreement of the Requesting Parties and Egenera.

C. "Phase II Custodians" means those Relevant Custodians who are not Phase I Custodians.

D. "Electronic Documents" means electronically stored "writings," "recordings" or "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. These include data-files including e-mail, instant messaging, shared network files, and databases created, accessed, modified or dated on or after January 1, 2000. In addition, electronically stored files include any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an "active" or backup file.

E. "Non-Electronic Documents" shall mean all "writings," "recordings" or "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence that are not Electronic Documents defined above.

F. "Outside Counsel" means outside co-counsel for a Requesting Party with respect to the Action (together, the "Requesting Parties' Outside Counsel"),

including employees of the Requesting Parties' Outside Counsel, each Requesting Party's technical vendor, and any other person agreed to, in writing, by counsel for Egenera.

      G.    "Corporate and Transactional Requests" means AMD's Request for Production No. 13 and Intel's Request for Production No. 13.

## TERMS AND CONDITIONS OF ORDER

      1.    <u>Harvesting of Documents:</u> Responsive documents shall be harvested in the following manner:

      a. For Electronic Documents, Egenera shall collect an electronic copy on portable media of each Phase I Custodian's professional computer hard drive (the "Harvested Files"). After the Requesting Parties have reviewed the Inspection Set produced from the Phase I Custodians pursuant to Paragraph 4 or after production of those electronic documents pursuant to Paragraph 6, they may request the production of electronic documents of one or more of the Phase I Custodians located on the Custodian's personal space on the server or the last back-up tapes of the Phase I Custodian's personal space and hard drive, if any, made prior to or on October 4, 2005. Subject to the provisions of Paragraph 8, Egenera shall recover and collect such files.

      b. Egenera shall produce those documents responsive to the Corporate and Transactional Requests as agreed by the Requesting Parties and Egenera. The Requesting Parties reserve their rights to request additional documents responsive to such requests, and Egenera reserves its right to object to any such additional discovery.

      c. For all Non-Electronic Documents, Egenera shall search the paper files of the Phase 1 Custodians and produce all responsive non-privileged documents that are not subject to an objection asserted by Egenera in advance of their production.

      2.    <u>Delivery and Technical Cull.</u> Egenera shall produce the Harvested Files identified in Paragraph 1(a) to its Technical Vendor, who shall perform a standard non-substantive cull that eliminates all file types except Word, Excel, pdf, PowerPoint, zip,

and e-mail files and that also eliminates duplicates and near duplicates on a per custodian basis. Egenera may direct its Technical Vendor to segregate any software code that may exist in the Harvested Files.

3. Privilege Cull and Review of Potentially Privileged Documents.

a. Egenera may also deliver to its Technical Vendor a list of law firms, attorney names, names of other legal staff likely to be participants in privileged communications, and key words that are likely to indicate that a document is privileged ("Privilege Key Words"). The Technical Vendor shall then search the Harvested Files for the Privilege Key Words identified by Egenera (the "Privilege Cull") to segregate documents containing those words from the rest of the documents into a set of "Potentially Privileged Documents." Ultimately, there will be three sets of electronic documents: (1) those documents removed as duplicates, near duplicates, or with irrelevant file types; (2) Potentially Privileged Documents; and (2) those potentially responsive documents that do not contain Privilege Key Words ("Inspection Set").

b. Review of Potentially Privileged Documents. Egenera shall review the Potentially Privileged Documents and confirm whether the documents are responsive and in fact protected by the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege in whole or in part. Egenera shall direct its Technical Vendor to include, in the Production Set, pursuant to Paragraph 6 hereof, all responsive documents that are not privileged and TIFF images of all documents redacted for privilege that are not subject to an objection asserted by Egenera in advance of the harvesting. Any tags or notes that are attached to the Potentially Privileged Documents are confidential and subject to the attorney-work-product doctrine. The Requesting Parties shall not have access to the Potentially Privileged Documents or to Egenera's tags or notes unless and until Egenera chooses to produce them or is otherwise compelled to produce such documents by the Court.

4

STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF EGENERA, INC.

4.      Inspection Set. Once the Privilege Cull is complete, Egenera's Technical Vendor shall provide the Requesting Parties' Outside Counsel with the Inspection Set. Each Requesting Party shall review the documents on its own document review tool using its own technical vendor. The Requesting Parties' Outside Counsel shall have access to these documents to view and tag, but may not print, copy, or alter any document during the inspection stage. They shall review the Inspection Set on an Attorneys'-Eyes-Only basis and shall not disclose or discuss any Inspection Set documents to anyone other than Egenera, Egenera's Technical Vendor, or their own technical vendor unless and until such documents become part of the Production Set outlined below. The Requesting Parties' review of the Inspection Set shall not constitute a production of those documents. In the event that the Inspection Set includes documents subject to the attorney-client privilege, documents subject to the work-product protection, or documents subject to any other applicable privilege, such inclusion and review by the Requesting Parties' Outside Counsel shall not be deemed a waiver of those privileges, and the Requesting Parties shall not assert that such privilege was waived by virtue of their review of the Inspection Set in disputing any privilege designation pursuant to Paragraph 5 or otherwise. Egenera shall retain all rights to object to the production of documents in the Inspection Set on grounds of privilege.

5.      Clawback Right for Privilege and Non-Responsiveness. Once both the Requesting Parties complete their review of the Inspection Set, the Requesting Parties shall notify Egenera and its Technical Vendor that the documents marked responsive are available to be released to Egenera. The Technical Vendor shall merge the documents marked responsive by each of the Requesting Parties to eliminate duplicates and near duplicates. The copy generated to Egenera shall not contain any tags or notes created by the Requesting Parties. These tags and attorney notes are confidential subject to the attorney-work-product doctrine. Prior to creating copies and producing the Production Set, Egenera shall have an opportunity to review all documents that the Requesting

Parties select for production. Egenera shall have a right to "clawback" or withhold (the "Clawback Right") any document that it determines (1) is non-responsive to the Subpoenas, (2) is protected by the attorney-client privilege, the work-product doctrine, or other applicable privilege, or (3) is subject to an objection by Egenera asserted in advance of the harvesting. Subject to Paragraph 9 of this Stipulation and Order, the Requesting Parties reserve their rights to dispute the privilege, non-responsive, and "objected-to" designations by Egenera. Any Requesting Party may move to compel any document withheld by Egenera pursuant to its Clawback Right.

6. <u>Creating the Production Set.</u> Except to the extent that Egenera exercises its Clawback Right as defined in Paragraph 5, Egenera's Technical Vendor shall produce a copy of all documents marked responsive to the Requesting Parties and to Egenera in native format. Each document shall be assigned a unique numeric identifier ("Reference File Number") and treated as confidential pursuant to the Confidentiality Agreement and Protective Order ("Protective Order") entered in this Action. The Requesting Parties may agree between themselves to convert some of the documents out of native format and into a TIFF or other static image. To the extent that any document in the Production Set is converted to static image, the document shall be marked with the Reference File Number and "Confidential - MDL1717/JCP 4443" and treated as Confidential pursuant to the Protective Order. The Requesting Parties reserve their rights to dispute any confidentiality designation pursuant to the terms of the Protective Order.

7. <u>Phase II Custodians.</u> After reviewing the Inspection Set of the Phase I Custodians' documents, the Requesting Parties may request the harvest, review, and production of additional electronic and non-electronic documents from some or all of the Phase II Custodians. Subject to the provisions of Paragraph 8, Egenera will harvest, review, and produce the requested electronic and non-electronic documents of the Phase II Custodians in accordance with the procedures provided herein.

8. <u>Production of Additional Documents.</u> The Requesting Parties reserve all rights to request the harvest, review, and production of documents from additional custodians who are not named as Relevant Custodians and from additional sources other than those referenced in Paragraph 1 hereof. The production by Egenera of any document of a Phase I Custodian shall not be deemed a waiver of Egenera's objection to the production of any other document. Egenera reserves all rights to object (a) to the production of documents from any Relevant Custodians, other than the documents contained on the Relevant Custodians' professional computer hard drives or hard copy files; and (b) to discovery from any custodian not identified as a Relevant Custodian.

9. <u>Disclosure of Privileged Documents</u>. The fact that the Requesting Parties' Outside Counsel, their respective technical vendors, or Egenera's Technical Vendor may view or receive privileged material during the document review process described above shall not operate to waive Egenera's attorney-client privilege, work product protection, or other applicable privilege, nor affect the ability of Egenera to seek return of any document inadvertently disclosed that is protected by the attorney-client privilege, work product doctrine or other privilege.

10. <u>Disclosure of Confidential Documents.</u> The fact that the Requesting Parties' Outside Counsel, their respective technical vendors, or Egenera's Technical Vendor may view or receive Egenera's confidential material prior to such material being marked pursuant to the Protective Order shall in no way waive Egenera's right to confidential protection of those documents, or affect the ability of Egenera to seek relief for an inadvertent disclosure of confidential documents.

Dated: February 20, 2007

By: *Kathryn K. Conde*
Kathryn K. Conde, Esq.

ATTORNEY FOR EGENERA, INC.

By: *Linda J. Smith*
Linda J. Smith, Esq.

ATTORNEY FOR ADVANCED MICRO
DEVICES, INC. and AMD INTERNATIONAL
SALES & SERVICES, LTD.

By: *Daniel S. Floyd*
Daniel S. Floyd, Esq.

ATTORNEY FOR INTEL CORPORATION
AND INTEL KABUSHIKI KAISHA

THE FOREGOING STIPULATION IS APPROVED AND IS SO ORDERED.

Dated: __February 22, 2007__       _____
                                    VINCENT J. POPPITI (DSBA No. 100614)
                                    SPECIAL MASTER

STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY OF EGENERA, INC.