

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

March 16, 2007

**VIA ELECTRONIC FILING**

Vincent J. Poppiti, Esquire
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

    Re:   *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.,*
            C. A. No. 05-441-JJF;
            *In re Intel Corp.*, C.A. No. 05-1717-JJF; and
            *Phil Paul v. Intel Corporation,* C. A. No. 05-485-JJF (Consolidated)

Dear Judge Poppiti:

      We wanted to bring to Your Honor's attention an issue that is troubling Intel, and has caused us to rethink our willingness, at least in the immediate future, to share incomplete progress information informally with AMD as we go forward in our review of Intel's retention and remediation program, except as expressly agreed to and directed by Your Honor. Although we were upfront with AMD in describing the retention issues we were observing, and expressed our willingness to work cooperatively with AMD's counsel in addressing them, we made it clear that the information we were providing AMD was preliminary, and potentially incomplete or mistaken, and that it was important for Intel to have the opportunity to carefully review all the sources of emails, including back-up tapes and other employees' emails, before Intel could be specific about the completeness of email retention generally and on an individual basis.

      Consequently, we were surprised to learn that, following the hearing before Your Honor, AMD chose to blanket the media with copies of the hearing transcript, along with a cover memo entitled "AMD v Intel Transcript – Barrett, Otellini, Maloney Not Compliant with Document Preservation" (see attached). This cover memo directed the press to specific comments by AMD's counsel based on very preliminary information provided by us. In doing so, it seemed to us that AMD clearly was using the transcript to provoke the resulting series of nationwide articles on the subject. For example, AMD intentionally pointed to the discussion initiated by its counsel regarding Messrs. Barrett, Otellini and Maloney in the transcript, as well as other comments made by AMD's counsel, knowing that their comments were based on Intel's limited and incomplete review and may well turn out to misstate or overstate the retention issues.

The Honorable Vincent J. Poppiti
March 16, 2007
Page 2

      Intel understands that the transcript is a public document and as such can be reviewed by the media. Our concern arises out of the way AMD chose to exploit the transcript, which we view as inappropriate. As a result, we are reluctant for the time being to proceed on the informal, cooperative basis with AMD that we voluntarily initiated, and envisioned following in our March 5, 2007 letter to the Court and Your Honor. Rather, we think the most productive course for the next month or so will be for Intel to continue its comprehensive efforts to collect all the relevant facts, to comply with the reporting obligations we undertook at the hearing before Your Honor on March 7. We will provide that report to AMD, as discussed at the hearing, and let it speak for itself. We would further propose that, at the hearing before Your Honor following the submission of our report, the parties discuss how they might cooperate going forward.

                                                  Respectfully,

                                                  */s/ Richard L. Horwitz*

                                                  Richard L. Horwitz

/msb
783606 / 29282

cc:     Clerk of the Court
        The Honorable Joseph J. Farnan, Jr. (via electronic filing)
        James L. Holzman, Esquire (By electronic mail) (w/o enc.)
        Frederick L. Cottrell, III, Esquire (By electronic mail) (w/o enc.)

**From:** Antone Gonsalves [mailto:antoneg@pacbell.net]
**Sent:** Monday, March 12, 2007 8:29 AM
**To:** Mulloy, Chuck
**Subject:** FW: AMD v Intel Transcript - Barrett, Otellini, Maloney Not Compliant with Document Preservation -- InformationWeek
**Importance:** High

Hi Chuck,

Does Intel have any comment on the following transcript AMD has been circulating among the media? Thanks


Antone Gonsalves
Contributing Editor
InformationWeek
www.informationweek.com
CMP Media LLC
(415) 674-6960

-----Original Message-----
**From:** Silverman, Michael [mailto:Michael.Silverman@amd.com]
**Sent:** Sunday, March 11, 2007 8:39 AM
**To:** Silverman, Michael
**Cc:** Prairie, Drew
**Subject:** [work] AMD v Intel Transcript - Barrett, Otellini, Maloney Not Compliant with Document Preservation
**Importance:** High

Attached is a court transcript from a meeting that occurred last Wednesday in Delaware between counsel for AMD/Intel and Special Master Poppiti after the hearing with Judge Farnan. After giving it a once-over, it seems to me that here's where the most newsworthy meat is to be found from the 58 page transcript, in page order:

- Page 12, beginning at line 15 – Intel CEO Paul Otellini is revealed to be one of the Intel executives who is not in compliance with the document retention requirements.

- Page 14, beginning at line 15 – legal counsel asks counsel for Intel to supply the names of approximately 384 of approximately 1,027 custodians who weren't notified or put on document retention in a timely manner. In fact, these 384 custodians backup files are empty (page 17). Legal counsel for Intel agrees to do this in 30 days and Special Master Poppiti notes it.

- Page 19 – 151 Intel custodians who have the most non-duplicative knowledge about the allegations in the antitrust suit were not migrated to backup servers until very recently. That number also includes Intel's most senior executives. Essentially, nearly 60-percent of Intel's total custodians were not in compliance with document preservation as required by the Court.

- Page 22, beginning at line 4 – it is revealed that Intel CEO Otellini, chairman Craig Barrett and worldwide head of sales and marketing Sean Maloney – as well as other unnamed senior Intel executives – are not in compliance with the document retention requirements.

- Page 28, beginning at line 9 – debate breaks out over the quality of the information being provided by Intel regarding Otellini/Barrett/Maloney's level of document retention shortfalls.

- Page 42, beginning at line 20 – the Special Master ask the parties if it makes sense to retain the services of an independent IT specialist to help him preside over the more technical aspects of the document preservation investigation process. All parties agree that this is a good idea.

- Page 54, beginning at line 6 – counsel for AMD asks counsel for Intel that they shut off the company's rolling auto delete process. Intel refuses to agree to shut off the auto delete process immediately.

Should you have any questions or wish to speak with AMD legal counsel on the matter, please contact my colleague Drew Prairie at 512-602-4425 or drew.prairie@amd.com.