## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>**INTEL CORPORATION**<br>**MICROPROCESSOR ANTITRUST**<br>**LITIGATION** | **MDL No. 1717-JJF** |
| **ADVANCED MICRO DEVICES, INC., a**<br>**Delaware Corporation, and AMD**<br>**INTERNATIONAL SALES & SERVICES,**<br>**LTD., a Delaware corporation,** | |
| Plaintiffs, | |
| v. | **C.A. No. 05-441-JJF** |
| **INTEL CORPORATION, a Delaware**<br>**Corporation, and INTEL KABUSHIKI**<br>**KAISHA, a Japanese corporation,** | |
| Defendants. | |
| **PHIL PAUL, on behalf of himself and**<br>**all others similarly situated,** | |
| Plaintiffs, | |
| v. | **C.A. No. 05-485-JJF** |
| **INTEL CORPORATION,** | **CONSOLIDATED** |
| Defendants. | |

## STIPULATED ORDER OF APPOINTMENT OF
## ERIC FRIEDBERG AND STROZ FRIEDBERG LLC AS
## CONSULTANTS TO THE COURT

WHEREAS, pursuant to an Order dated April 27, 2006, I have been appointed as Special

Master in the above captioned actions;

WHEREAS, in that capacity, I am reviewing issues surrounding what appear to be certain document retention lapses on the part of Intel Corporation;

WHEREAS, I have been given the authority by Judge Joseph J. Farnan, Jr., pursuant to the Court's inherent authority, to appoint a technical advisor/consultant in the area of electronic discovery;[1]

WHEREAS, the Parties[2], through their respective counsel, agree that Eric Friedberg and his company, Stroz Friedberg LLC, should receive the appointment;

WHEREAS, the Parties, through their respective counsel, stipulate to the terms of the instant Order;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.    Eric Friedberg, individually, and Stroz Friedberg LLC (collectively, the "Consultants") are hereby appointed to act as a technical advisor/consultant on these matters pursuant to the terms of this Order.

2.    In this capacity, the Consultants shall report directly to the Special Master and, if called upon to do so, to the Court. Further, the Consultants shall refrain from *ex parte* contacts with any Party or counsel for any Party.

3.    By accepting this appointment, the Consultants certify that no conflict of interest exists between the Consultants and any of the Parties, and the Consultants agree that during the pendency of their retention the Consultants shall not take on any new work or assignment involving any Party.

---

[1]  See MCL 4th §11.51 at 113.
[2]  As used herein, the term Parties refers to plaintiffs Advanced Micro Devices and AMD International Sales & Service Ltd., the individual consumer named plaintiffs in the consolidated action *Phil Paul, et al. v. Intel Corp.,* and defendants Intel Corporation and Intel Kabushiki Kaisha.

4.     In the course of this matter, the Consultants shall have access to all confidential Discovery Material. The Consultants may attend depositions that occur and/or review deposition transcripts related to these matters. The Consultants shall be required to read and abide by the Confidentiality Agreement and Protective Order entered in these actions, a copy of which is attached hereto as Exhibit A. During and after the Consultants' retention in this matter, the Consultants shall be prohibited from publicly disclosing any such confidential Discovery Material.

5.     In the course of this matter, the Consultants shall serve as a technical advisor/consultant on e-discovery issues to the Special Master and provide whatever assistance the Special Master deems necessary. All of the work in this matter performed by the Consultants must be authorized by the Special Master. Any communications or work product shared by and among the Consultants and the Special Master will be of a confidential nature and not subject to discovery. The Special Master is not required to make any record of communications with the Consultants but may choose to do so at the Special Master's discretion. The Special Master may, in the Special Master's sole discretion, direct that such communications and/or work product be disclosed to counsel for the Parties and/or be made publicly available. However, before any such public disclosure would be made, the Parties would have advance notice to protect information that would be considered confidential under the Protective Order in this case. The Consultants shall not be subject to deposition or be required to testify at any hearing in this regard, unless in the sole discretion of the Special Master the Consultants are directed by the Special Master to do so.

6.     The Consultants shall be paid at their respective hourly billing rates as follows: Eric Friedberg - $600 an hour; Jennifer Martin - $450 an hour; and Michael McGowan - $400,

for all services authorized by the Special Master. The Consultants shall also be reimbursed for travel and other expenses related to their work in this matter. If the Consultants are in doubt about what tasks the Special Master has authorized the Consultants to perform at any time or whether any particular expenses are authorized, the Consultants shall contact the Special Master in advance. Bills for services rendered and incurred should be submitted to Richard L. Horwitz, Potter Anderson & Corroon, LLP, 1313 North Market Street, Hercules Plaza, 6th Floor, P.O. Box 951, Wilmington, DE 19899-0951 on a monthly basis, with copies to the Special Master, Vincent J. Poppiti, Blank Rome LLP, 1201 Market Street, Suite 800, Wilmington, DE 19801, Frederick L. Cottrell, III, Richards, Layton & Finger, One Rodney Square, P.O. Box 551, Wilmington, DE 1980l, and James L. Holzman, Prickett Jones & Elliott, P.A., 1310 King Street, P.O. Box 1328, Wilmington, DE 19899. Such bills shall be with the legend "For Services Rendered" without detail and "For Expenses Incurred" with detail. Intel Corporation shall pay the bills within thirty days of receipt. Any questions relating to the bills shall be directed in the first instance to the Special Master.

7.    The Consultants' signatures on the attached Confirmation Of Appointment as Consultants to the Court shall constitute the retention of the Consultants.

Dated: April 19, 2007

**PRICKETT JONES & ELLIOTT, P.A.**     **RICHARDS LAYTON & FINGER, P.A.**

        */s/ James L. Holzman*                              */s/ Frederick L. Cottrell, III*

By: _____     By: _____
        James L. Holzman (#663)                   Frederick L. Cottrell, III (#2555)
        1310 King Street                                   One Rodney Square
        P.O. Box 1328                                      P.O. Box 551
        Wilmington, DE 19899                        Wilmington, DE 19899
        (302) 888-6500                                     (302) 622-7000
        Interim Liaison Counsel for                Attorneys for Advance Micro Devices
        Class Plaintiffs                                   and AMD International Sales & Services

**POTTER ANDERSON & CORROON, LLP**

*/s/ Richard L. Horwitz*

By: _____

      Richard L. Horwitz (#2246)
      1313 N. Market Street
      P.O. Box 951
      Wilmington, DE  19899
      (302) 984-6027
      Attorneys for Intel Corporation
      And Intel Kabushiki Kaisha

*/s/ Vincent J. Poppiti*

_____

Vincent J. Poppiti (DSBA No. 100614)
Special Master

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) <br> ) <br> ) <br> ) <br> )     **MDL No. 1717-JJF** |
| | ) |
| ADVANCED MICRO DEVICES, INC., a<br>Delaware Corporation, and AMD<br>INTERNATIONAL SALES & SERVICES,<br>LTD., a Delaware corporation, | ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | )     **C.A. No. 05-441-JJF** <br> ) |
| INTEL CORPORATION, a Delaware<br>Corporation, and INTEL KABUSHIKI<br>KAISHA, a Japanese corporation, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) |
| PHIL PAUL, on behalf of himself and<br>all others similarly situated, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) <br> )     **C.A. No. 05-485-JJF** |
| INTEL CORPORATION, | ) <br> )     **CONSOLIDATED** |
| Defendants. | ) <br> ) |

## CONFIRMATION OF APPOINTMENT AS CONSULTANTS
## TO THE COURT

By my signature, individually and on behalf of Stroz Friedberg, LLC, I agree to the terms

of retention as set forth in the Order of Appointment as Consultant To The Court by Special

Master, Vincent J. Poppiti, entered on April 19, 2007.

Dated: April __, 2007

_____
Eric Friedberg, individually and on behalf of
STROZ FRIEDBERG, LLC

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION, | : MDL Docket No. 05-1717-JJF |

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 05-441-JJF |
| INTEL CORPORATION and INTEL KABUSHIKI KAISHA, | : |
| Defendants. | : |

### CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**WHEREAS,** plaintiffs Advanced Micro Devices, Inc., and AMD International

Sales & Service, Ltd. and their subsidiaries, on the one hand, and defendants Intel

Corporation and Intel Kabushiki Kaisha and their subsidiaries, on the other, compete in

the development, manufacture and sale of microprocessors; and

[THE REMAINING PORTION OF THIS PAGE IS LEFT INTENTIONALLY BLANK]

**WHEREAS**, a number of third parties, many of whom are competitors in, *inter alia*, the manufacture and sale of computer systems, will be the subject of document and deposition discovery in these actions; and

**WHEREAS**, the preparation for trial of these actions may require the discovery and use of documents and other information which constitute or contain commercial or technical trade secrets, or other confidential information the disclosure of which would be competitively harmful to the producing party; and

**WHEREAS**, the parties anticipate that this case will involve the production of hundreds of millions of pages of documents among and between actual and potential competitors and their customers; and

**WHEREAS**, the parties agree that their interests, the interests of the customers of the corporate parties and of other non-parties that may be requested to provide discovery, and the public interest can be accommodated by a stipulation and order facilitating a timely production and appropriately limiting the use and dissemination of proprietary and competitively sensitive non-public discovery information entitled to confidential treatment;

**NOW THEREFORE,** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon approval and entry by the Court, the following Confidentiality Agreement and Protective Order ("Protective Order") shall govern the handling of all Discovery Material during the pendency of these litigations, as hereafter defined.

## DEFINITIONS

A.    The "AMD Litigation" means the litigation captioned *Advanced Micro Devices, Inc. et al. v. Intel Corporation et al.*, Civil Action No. 05-441-JLF, filed in the United States District Court for the District of Delaware, and all subsequent appellate or other review proceedings related thereto.

B.    The "Class Litigation" means the various actions filed by or on behalf of putative classes of indirect purchasers of Intel microprocessors, including certain actions which have been or will be transferred to this Court by the Judicial Panel on Multidistrict Litigation under Docket No. 1717, together with all such actions originally filed in this Court.

C.    "Intel" means defendants Intel Corporation and Intel Kabushiki Kaisha, together with their respective direct and indirect subsidiaries.

D.    "AMD" means plaintiffs Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd., together with their respective direct and indirect subsidiaries.

E.    "Party" means Intel or AMD. "Class Party" means any named plaintiff in the Class Litigation. "Parties" means Intel, AMD and all Class Parties.

F.    "Outside Counsel" means the law firm(s) that are counsel of record for the Parties in the AMD Litigation or the Class Litigation, including their associated attorneys, and other persons regularly employed by such law firm(s), and temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support; provided that no person who is or becomes a director, officer or employee of a Party shall be considered Outside Counsel.

G.    "In-House Litigation Counsel" means any attorney who is an employee in the legal department of a Party whose responsibilities consist of overseeing the AMD Litigation or

the Class Litigation, and who shall not from the date of entry of this Protective Order through a period of one (1) year following the conclusion of the AMD Litigation or the Class Litigation, whichever occurs later, be engaged in: (a) the review and approval of competitive pricing or marketing programs; (b) the review of any aspect of microprocessor or chipset manufacturing, (c) the filing or prosecution of patent applications, (d) the review or negotiation of any contract with a Producing Party related to the sale or marketing of microprocessors, (e) counseling in connection with PC or server manufacturing or operating system or software design or development, and (f) the licensing of Microsoft software or technology.

   H. "Producing Party" means a Party, Class Party or Third Party that produced or intends to produce Discovery Material in the AMD Litigation or the Class Litigation. "Receiving Party" means any Party or Class Party furnished Discovery Material in the AMD Litigation or the Class Litigation.

   I. "Third Party" means any natural person, partnership, corporation, association, or other legal entity not named as a party to the AMD Litigation or the Class Litigation.

   J. "Expert/Consultant" means experts or other consultants (and their assistants and staff) who are retained to assist Outside Counsel.

   K. "Document" shall have the meaning ascribed to it in Federal Rule of Civil Procedure 34(a) and shall include all "writings," "recordings" and "photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence. Without limiting the generality of the foregoing, "document" includes the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic matter, no matter how produced, recorded, stored or reproduced, including, but not limited to, any writing, letter, envelope, telegram, meeting minute, memorandum, statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, tape, data sheet, data processing card, printout, microfilm, index, computer readable media or other electronically

stored data, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, note of interview or communication or any other data compilation, including all drafts of all such documents. "Document" also includes every writing, drawing, graph, chart, photograph, phono record, tape and other data compilations from which information can be obtained, and includes all drafts and all copies of every such writing or record that contain any commentary, note, or marking whatsoever not appearing on the original.

L.    "Discovery Material" includes without limitation deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, and Documents (whether paper or electronic and whether generated or received by the party possessing them), including those produced pursuant to compulsory process or voluntarily in lieu thereof.

M.    "Confidential Discovery Material" means any Discovery Material consisting of or containing information falling into any of the following categories:

1.    Non-public pricing information;

2.    Non-public sales and marketing strategies, business plans and tactics, including product roadmaps and planned product introductions;

3.    Non-public data concerning sales, revenues, profits, margin and variances;

4.    Non-public contracts which by their terms are required to be maintained in confidence;

5.    Non-public sales budgets, forecasts, and projections;

6.    Non-public customer lists;

7.    Non-public negotiations relating to the purchase or sale of microprocessors, chipsets, PCs, servers, operating systems, software licensing agreements or any other product manufactured or sold by a Producing Party;

8.    Non-public strategic plans;

5

9.  Non-public data concerning costs, capacity and ROI or other similar benchmarks;

10. Any invention, formula, pattern, compilation, program device, product design, method, technique, or process, and information relating to the same, that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy;

11. Non-public information that concerns microprocessor, chipset, PC or server manufacturing, or operating system and software design and development, including capital expenditure plans, yields, capacity, costs, utilization, process and scale;

12. Non-public business or market research, whether acquired or generated internally;

13. Confidential personnel information whether contained in HR records or otherwise;

14. Information the disclosure of which could jeopardize the security of public or private Internet sites, confidential databases, networks or other sources of non-public information;

15. Non-public financial information the public disclosure of which is prohibited by law or regulation or which could jeopardize the integrity of public trading of the Producing Party's securities;

16. Other information or documents the disclosure of which the Producing Party can demonstrate would cause a clearly defined and serious injury.

6

N.      "Disclose" means producing any "Discovery Material" directly and providing any description of its contents or in any way revealing the contents of any "Discovery Material."

O.      "Non-public" documents and information are those (a) that the Producing Party maintains internally as confidential, and/or (b) that are not disclosed to third-parties except under written agreements requiring that they be maintained in confidence, pursuant to a course of dealing whereby such communications are maintained in confidence, or under compulsory process or involuntary seizure.

P.      Time periods prescribed by this order shall be computed in accord with Federal Rule of Civil Procedure 6(a).

## TERMS AND CONDITIONS OF PROTECTIVE ORDER

1.      Except as set forth in this Protective Order, Confidential Discovery Material, or information derived therefrom, shall be used solely by the Parties for purposes of the AMD Litigation or the Class Litigation, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media. Confidential Discovery Material that loses that designation, either by agreement of the Parties or the challenge process set out in Paragraph 16, may be used for any lawful purpose, unless such use is restricted by agreement or by the Court.

2.      Nothing in this Protective Order shall be deemed to grant or create discovery rights to any Party, Class Party or Third Party in the AMD Litigation or the Class Litigation or in any other proceeding relating to or arising out of the subject-matter thereof, nor shall this Protective Order constitute a waiver of any rights to resist any discovery efforts that may be initiated in any other proceeding whether or not relating to or arising out of the same subject-matter.

Confidential Discovery Material

3.    Solely for the purposes of the efficient and timely production of documents, and to avoid the need for a detailed and expensive confidentiality examination of millions of Documents the disclosure of which is not likely to become an issue, a Producing Party may initially designate as "Confidential Discovery Material" any Non-public Discovery Material. This designation shall control unless and until a Designation Request is made by a Receiving Party under Paragraph 16.

4.    Such a designation shall be made at the time of production by marking documents or other tangible Discovery Material by placing on or affixing, physically or electronically, in such manner as will not interfere with the legibility thereof, the notation "CONFIDENTIAL - MDL 1717/JCCP 4443." Such notation shall be sufficient to indicate that the documents contain "Confidential Discovery Material" in the AMD Litigation or the Class Litigation. Electronic or native documents or data shall be similarly marked where practicable, and where not practicable, written notification by a Producing Party that it is producing Discovery Material as Confidential Discovery Material shall suffice to require Confidential treatment.

5.    To facilitate discovery, all deposition testimony will be presumed to constitute, and all transcripts shall be treated as, Confidential Discovery Material, unless and until a Designation Request is made by a Receiving Party under Paragraph 16. Accordingly, no deponent may refuse to answer a deposition question on the ground that the answer would disclose confidential information or information subject to a non-disclosure agreement. Should a Receiving Party wish to disclose any deposition testimony to a person other than as permitted by Paragraph 6, it shall first make a Designation Request under the provisions of Paragraph 16. Such a request shall be made to the Party and/or Non-Party it reasonably concludes has the right to protect the information. The provisions of Paragraph 16 shall thereafter apply. This

paragraph will not restrict use of deposition testimony regarding witness background information or other information that could not reasonably be claimed to be Confidential Discovery Material by anyone.

<u>Access to Confidential Discovery Material</u>

6. Confidential Discovery Material shall not, directly or indirectly, be disclosed or otherwise provided to anyone except to:

(a) Outside Counsel;

(b) Experts/Consultants, subject to the provisions and limitations set forth in Paragraph 11 herein;

(c) Two In-House Litigation Counsel identified to the Producing Party;

(d) The Court and other court personnel of any court having jurisdiction over any proceedings involving the AMD Litigation or the Class Litigation;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement of Protective Order" attached hereto;

(f) During the deposition of any current employee, director, agent or Rule 30(b)(6) designee of the Producing Party, a Receiving Party may show the Producing Party's witness any document produced by the Producing Party; and during the deposition of any former employee of the Producing Party, a Receiving Party may show to that former employee any document of the Producing Party that the Receiving Party's Outside Counsel reasonably and in good faith believes the former employee to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties, consistent, however, with the provisions of paragraph 10;

(g) The author of a document containing Confidential Discovery Material or the original source of the information, as well as addressees, copyees or other persons whom the Receiving Party's Outside Counsel reasonably and in good faith believes to have received the information or document, or to have become familiar with its contents, in the ordinary course of his or her business duties, consistent, however, with the provisions of paragraph 10;

(h) Any individual specifically retained for the preparation and dissemination of class notices and/or the administration and/or settlement of class plaintiffs' claims.

9

7.    Any person, other than deponents and those identified in paragraph 6(d), who is shown or given access to Confidential Discovery Material will execute or agree to the terms of the "Acknowledgement of Protective Order" set forth and attached hereto. The Acknowledgements will not be exchanged, except pursuant to paragraph 11, but will be maintained and made available to the Court upon the Court's request.

8.    Any attorney (including In-House Litigation Counsel) for any Party or Class Party who receives any technical document designated Confidential Discovery Material by a Producing Party other than his or her client shall not participate in the preparation or prosecution of any patent application or patent license relating to any aspect of microprocessors, chipsets, PCs, operating systems, software or servers discussed in any such technical document, from the time of receipt of such information through and including one (1) year following the conclusion of the AMD Litigation or the Class Litigation, whichever occurs later.

9.    Confidential Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. In no event shall Confidential Discovery Material be stored at any business premises of the Receiving Party, or be made accessible electronically to employees of the Receiving Party, except that In-House Litigation Counsel may view, but not store, Confidential Discovery Material at his or her normal workplace by electronically and remotely accessing a Receiving Party's electronic document repository. In-House Litigation Counsel must implement and document reasonable precautions to prevent unauthorized persons from accessing or otherwise viewing Confidential Discovery Material.

10.

(a)    All depositions shall be conducted pursuant to subpoena or an equivalent agreement. This provision shall apply to all subpoenas, including those issued by an attorney as an officer of the Court. Whether testifying pursuant to a subpoena or voluntarily, each deponent who may be shown Confidential Discovery Material of a Third Party and who is not a current employee, director, agent or Rule 30(b)(6) designee of that Third Party

10

shall be served with a copy of this Order by Outside Counsel that noticed the deposition and shall be advised by such Counsel of the existence of this Order, the confidential status of the information disclosed, and the restriction that the information not be further disseminated or used for any purpose other than the litigation; and Counsel shall inform the deponent that he or she is bound to the terms of this Order. Counsel for the Third Party shall be entitled to the identity of any deponent shown its Confidential Discovery Material within five (5) days following conclusion of the deposition, on the condition that both Counsel and the Third Party maintain the information in absolute confidence. No copies of Confidential Discovery Material shall be provided to a deponent other than for purposes of the deposition examination without the written consent of the Producing Party. The Court Reporter shall be instructed not to provide copies of deposition exhibits to individuals deposed under this provision when the final transcript is provided.

(b)    Except in a deposition, before disclosing Confidential Discovery Material to any person pursuant to paragraph 6(g), counsel shall inform such person of the existence of this Order, the confidential status of the information disclosed, and the restriction that the information not be further disseminated or used for any purpose other than the litigation; and counsel shall request such person to execute and agree to the terms of the Acknowledgment of Protective Order set forth and attached hereto. Except in a deposition, a Party or Class Party shall not disclose Confidential Discovery Material of a Third Party to any person under paragraph 6(g) until that person has executed and agreed to the terms of the Acknowledgement of Protective Order. Except in a deposition, no Confidential Discovery Material shall be shown to a former employee of a Party employed by the opposing Party, except pursuant to separate written agreement.

11.    Before any Confidential Discovery Material may be disclosed or otherwise

provided, directly or indirectly, to an Expert/Consultant, such person must execute and agree to

the terms of the Acknowledgment of Protective Order set forth and attached hereto, and shall:

(a)    maintain such Confidential Discovery Material in a manner calculated to prevent its public disclosure;

(b)    return such Confidential Discovery Material to counsel for the Party or Class Party that retained such Expert/Consultant within ninety (90) days of the conclusion of the Expert/Consultant's assignment or retention, but in no event shall the expert retain documents beyond the period set out in paragraph 24 herein;

(c)    not disclose such Confidential Discovery Material to anyone, or use such Confidential Discovery Material, except as permitted by the Protective Order;

(d)    submit to the jurisdiction of this Court for purposes of enforcing the Protective Order; and

11

    (e)    use such Confidential Discovery Material and the information contained therein solely for the purpose of rendering consulting services to a Party or Class Party to the AMD Litigation or the Class Litigation, including providing testimony in any such proceeding.

Except with the consent of the Producing Party, however, Confidential Discovery Material shall not be disclosed to an expert or consultant who at the time of the intended disclosure is an officer or employee of a Party. The Acknowledgment of Protective Order signed and executed by a Party's or Class Party's Expert/Consultant shall be made available to Third Parties whose Confidential Discovery Material is disclosed to that Expert/Consultant, under the express agreement that such Third Parties maintain the information contained in the Acknowledgment in absolute confidence.

    12.    Confidential Discovery Material shall not be copied or otherwise reproduced except to the extent such copying or reproduction is reasonably necessary for permitted uses, and all such copies or reproductions shall be subject to the terms of this Protective Order. If the duplication process by which copies or reproductions of Confidential Discovery Material are made does not itself preserve the confidentiality designations that appear on the original documents, all such copies or reproductions shall be appropriately marked with those confidentiality designations.

    13.    This Protective Order shall not apply to the disclosure or use by a Producing Party or its counsel of such Producing Party's Confidential Discovery Material.

    14.    The Parties agree to meet and confer prior to the filing of final exhibit lists to evaluate, on a document by document basis, which of the proposed exhibits require confidential treatment for purposes of trial. The confidentiality legend may be redacted by the Producing Party prior to trial for any use of the material at trial by any Party or Class Party. The Parties further agree to meet and confer with any Third Party whose documents will or may be used at trial concerning their appropriate treatment and to afford such Third Parties sufficient advance

12

notice of any such use such that they can move to have the materials received under seal. Should any material furnished by a Third Party and received under seal be the subject of a motion to unseal, the Parties shall give sufficient notice to the Third Party so that it may oppose the motion.

### Third Parties

15.    Any Third Party that produces documents or provides testimony in the AMD Litigation or the Class Litigation, either voluntarily or by compulsory process, shall have the full benefits and protections of this Protective Order and may designate documents or deposition testimony as Confidential Discovery Material in the manner, and subject to the same protections, set forth above.  Nothing in this Order shall be construed to allow any Third Party to obtain access to any Confidential Discovery Material produced by any Party, Class Party, or other Third Party.

### Designation Requests and Resolving Disputed Designations

16.    The parties anticipate designating all Non-public Discovery Material as Confidential Discovery Material under Paragraph 3.  Should a Receiving Party wish to disclose any such material to a person other than as permitted by Paragraph 6, it shall make a written Designation Request to the Producing Party, as set forth below:

(a)    Designation Request: The Receiving Party shall identify with specificity (*i.e.*, by document control numbers, deposition transcript page and line reference, or other means sufficient to easily locate such materials) the Discovery Material it intends to disclose and a representation that the material is probative of one or more material facts in this litigation.  A Designation Request will trigger an obligation on the part of the Producing Party to make a good faith determination of whether the Discovery Material is entitled to be

13

treated as Confidential Discovery Materials under Paragraph R.  Except in the case of a Designation Request for more than 250 documents or more than 250 pages of deposition testimony, within ten (10) days the Producing Party shall respond in writing to the Designation Request either agreeing to the disclosure or designating the material as Confidential Discovery Material. If a Designation Request entails more than 250 documents or more than 250 pages of deposition testimony, the Requesting Party and the Producing Party shall meet and confer, in good faith, to establish a reasonable timeframe for designation and response.

(b)   Court Determination:  If the Receiving Party disagrees with a Producing Party's designation of material as Confidential Discovery Material following a Designation Request, it may apply to the Court for relief from the Protective Order as to the contested designations.

(c)   In any proceeding on such an application, the Producing Party will bear the burden to demonstrate that the designated Discovery Material qualifies as Confidential Discovery Material under Paragraph R.  No presumption or weight will attach to the initial designation of Discovery Material as Confidential Discovery Material.

(d)   Pending a ruling, the Discovery Material shall continue to be treated as Confidential Discovery Material under the terms of this Protective Order.

(e)   With respect to Discovery Material the Producing and Receiving Parties agree does not constitute Confidential Discovery Material, or which the Court orders not to be treated as Confidential Discovery Material, within ten (10) days of such agreement or order, the Producing Party shall produce a new version with the confidentiality legend redacted.

14

(f)     Nothing in this Protective Order shall be deemed to prevent a Producing
Party from arguing during the determination process for limits on the use or
manner of dissemination of Discovery Material that is found to no longer
constitute Confidential Discovery Material.

### Disclosure Requested or Provided in Other Proceedings

17.     In the event that any Party or Class Party gains access to Discovery Material of
the other Party or a Third Party from another Producing Party or a U.S., state, or foreign
governmental agency or court, that has not been designated as Confidential Discovery Material,
the Receiving Party shall promptly notify, in writing, the party whose documents are implicated.
The party whose documents are implicated shall be entitled, and shall be given a reasonable
opportunity (not to exceed thirty (30) days following notice) prior to any non-confidential
disclosure or use of such materials, to designate, as appropriate, such materials as Confidential
Discovery Material pursuant to the terms of this Protective Order. Such designation shall be
subject to the terms set forth in Paragraph 16. If any such Discovery Material has already been
produced and designated as Confidential Discovery Material pursuant to the terms of this Order,
then such material shall at all times be governed by the terms of this Protective Order even
though also received from a Party, Third Party or a U.S., state or foreign governmental agency
or court. Designation Requests regarding the Discovery Material described in this paragraph
shall be made directly to the party whose documents are implicated, rather than the Party, Third
Party or U.S., state, or foreign governmental agency or court from whom the Receiving Party
received the Discovery Material.

18.     Except as provided in this paragraph, a Party, Class Party or Third Party who is
otherwise required in the AMD Litigation or the Class Litigation to disclose or produce
documents shall not delay or refuse to do so on grounds that such documents contain
information of another party (other than AMD and Intel) which is subject to obligations of

15

confidentiality in favor of that party ("Originating Party"). Instead, the Party, Class Party or Third Party from whom discovery is sought shall promptly notify the "Originating Party" in writing of the required disclosure. The Originating Party shall be given a reasonable opportunity (not to exceed thirty (30) days from the date of notice), prior to any production or disclosure of any such Discovery Material, to object to the production and until those objections are resolved, the Discovery Material will not be produced. In the event that such Discovery Material is produced, the Discovery Material produced shall be deemed Confidential Discovery Material pursuant to Paragraph 3 and shall be marked by the Producing Party in accordance with the requirements of Paragraph 4.

19.     The production of documents designated as Confidential Discovery Material pursuant to this Protective Order by a Third Party in the AMD Litigation or the Class Litigation shall not constitute a violation of the confidentiality provisions of any nondisclosure agreement ("NDA") between any party and AMD or Intel. However such Third Party may consult, in a timely fashion, with AMD and/or Intel about the nature of the materials to be produced in advance of their production for the purpose of ensuring that the confidential materials are adequately protected from public disclosure.

20.     If another court or any U.S., state or foreign governmental agency should request, subpoena, or order the production of Confidential Discovery Materials from any Party that have been produced by any other Party or Third Party, the Party receiving such a request shall promptly notify the Producing Party in writing. Should the Producing Party object to the production, it may seek appropriate relief from the appropriate court or agency, and pending such a request and, if necessary, the entry of an appropriate stay order, the Party receiving the request shall not produce the material in dispute so long as it may lawfully refuse.

### Filing Confidential Discovery Material with the Court

21.    In the event that any Confidential Discovery Material is contained in any pleading, motion, exhibit, or other paper (collectively "papers") filed or to be filed with the Clerk of the Court, the Clerk shall be so informed by the Party or Class Party filing such papers, and the Clerk shall keep such papers under seal until further order of the Court; provided, however, that such papers shall be furnished to the Court and Outside Counsel of the Parties.

22.    Information filed under seal shall be placed in sealed envelopes on which shall be written the title to this action, the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of this Court and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

23.    Parties shall produce and file redacted versions of any papers in the District Court actions in accordance with the "Administrative Procedures Governing Filing and Service by Electronic Means" as issued by the United States District Court for the District of Delaware, such that there is no disclosure of any Confidential Discovery Material.

### Duties Upon Conclusion of Litigation

24.    Within one hundred twenty (120) days of the conclusion of the AMD Litigation or the Class Litigation, whichever occurs later, counsel for any Party or Class Party that has received Discovery Material shall return to the Producing Party, or destroy, all originals and copies of all documents and all notes, memoranda, or other papers containing Confidential Discovery Material, including any and all Confidential Discovery Material disseminated pursuant to the terms of this Protective Order. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product prepared or received in connection with the AMD

17

Litigation or the Class Litigation, even if such materials contain protected material. Any such archival copies that contain or constitute protected material shall remain subject to this Order.

25.     Counsel of record shall certify their compliance with the terms of this paragraph and, not more than one hundred and twenty (120) days after the conclusion of the AMD Litigation or the Class Litigation, whichever comes later, shall deliver the same to counsel for the Producing Party.

26.     The provisions of this Protective Order, insofar as they restrict the communication and use of Confidential Discovery Material by any Party, Class Party, counsel, or expert witness shall, without written permission of the Producing Party or further order of the Court, continue to be binding after the conclusion of the AMD Litigation and the Class Litigation.

### Remedies for Non-Compliance

27.     The Parties agree that any disclosure of Confidential Discovery Material contrary to the terms of this Order by a Party or Class Party or anyone acting on its, his or her behalf constitutes a violation of the Order remediable by this Court, regardless of where the disclosure occurs.

28.     Nothing contained in this Protective Order shall diminish any attorney-client privilege, attorney work product claim, or any other applicable privilege, or obligate any person to provide any discovery to which it asserts objections. Entry of the foregoing Protective Order is without prejudice to the right of the Parties or any Third Party, for good cause shown, to move for modification of this Protective Order, or to apply for other protective orders unrelated to the confidentiality of Discovery Material.

### Inadvertent Production

29.    In the event that a Producing Party discovers that it has failed to mark Confidential Discovery Material as required by Paragraphs 4 and 5, it may notify in writing the Receiving Party within a reasonable time of such discovery. So long as the unmarked Discovery Material has not already been disclosed to persons other than as permitted by Paragraph 6 such that it has entered the public domain, the failure to mark such Confidential Discovery Materials shall not be deemed to be a waiver of the confidential status of the materials, and the Receiving Party shall return all copies of such material to the Producing Party to allow the materials to be appropriately marked.

30.    The production or disclosure of any Discovery Material made after the entry of this Protective Order, which disclosure a Producing Party claims was inadvertent and should not have been produced or disclosed because of a privilege, will not be deemed to be a waiver of any privilege to which the Producing Party would have been entitled had the privileged Discovery Material not inadvertently been produced or disclosed.

Dated: _____          **POTTER ANDERSON & CORROON LLP**

By: _____
    Richard L. Horwitz (#2246)
    rhorwitz@potteranderson.com
    W. Harding Drane, Jr. (#1023)
    wdrane@potteranderson.com
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE 198999-0951
    (302) 984-6027
    Attorneys for Intel Corporation and Intel
    Kabushiki Kaisha

Dated: _____          **GIBSON, DUNN & CRUTCHER LLP**

By: _____
    Daniel S. Floyd
    DFloyd@gibsondunn.com
    333 South Grand Avenue
    Los Angeles, CA 90071-3197
    (213) 229-7000
    Attorneys for Intel Corporation and Intel
    Kabushiki Kaisha

Dated: _____          **HOWREY LLP**

By: _____
    Darren B. Bernhard
    BernhardD@howrey.com
    1299 Pennsylvania Avenue, N.W.
    Washington, DC 20004-2402
    (202) 383-6774
    Attorneys for Intel Corporation and Intel
    Kabushiki Kaisha

20

Dated: _____  _____        **RICHARDS, LAYTON & FINGER, P.A.**

By: _____

     Frederick L. Cottrell (#2555)
     cottrell@rlf.com
     Richards, Layton & Finger
     One Rodney Square
     920 North King Street
     P.O. Box 551
     Wilmington, DE  19899
     (302) 651-7700
     Attorneys For Advanced Micro Devices,
     Inc. And AMD International Sales &
     Service, Ltd.

Dated: _____  _____        **O'MELVENY & MYERS LLP**

By: _____

     Charles B. Diamond
     cdiamond@omm.com
     1999 Avenue of the Stars
     7th Floor
     Los Angeles, CA 90067-6035
     (310) 553-6700
     Attorneys for Advanced Micro Devices, Inc.
     And AMD International Sales & Service,
     Ltd.

Dated: ____ __ _____

INTERIM CLASS COUNSEL

**PRICKETT JONES & ELLIOTT, P.A.**

By: _____
     James L. Holzman (#663)
     jlholzman@prickett.com
     J. Clayton Athey (#4378)
     jcathey@prickett.com
     Eric M. Andersen (#4376)
     emanderson@prickett.com
     1310 King Street
     P.O.Box 1328
     Wilmington, DE  19899
     (302) 888-6509
     Attorneys for Co-Lead and Interim Counsel
     for Plaintiffs

**COHEN, MILSTEIN, HAUSFELD & TOLL PLLC**

By: _____
     Michael D. Hausfeld
     mhausfeld@cmht.com
     Daniel A. Small
     dsmall@cmht.com
     Brent W. Landau
     blandau@cmht.com
     Allyson B. Baker
     abaker@cmht.com
     1100 New York Avenue, NW
     Suite 500, West Tower
     Washington, DC  20005
     Attorneys for Co-Lead and Interim Counsel
     for Plaintiffs

**THE FURTH FIRM, LLP**

By: _____

    Michael P. Lehmann
    mplehmann@furth.com
    Thomas P. Dove
    tdove@furth.com
    Alex C. Turan
    aturan@furth.com
    225 Bush Street, 15th Floor
    San Francisco, CA 94104
    Attorneys for Co-Lead and Interim Counsel
    for Plaintiffs

**HAGENS BERMAN SOBOL SHAPIRO, LLP**

By: _____

    Steve W. Berman
    steve@hbsslaw.com
    Anthony Shapiro
    tony@hbsslaw.com
    Craig R. Spiegel
    craig@hbsslaw.com
    1301 Fifth Avenue
    Suite 2900
    Seattle, WA 98101
    Attorneys for Co-Lead and Interim Counsel
    for Plaintiffs

**SAVERI & SAVERI, INC.**

By: _____

    Guido Saveri
    guido@saveri.com
    R.Alexander Saveri
    rick@saveri.com
    111 Pine Street, Suite 1700
    San Francisco, CA 94111
    Attorneys for Co-Lead and Interim Counsel
    for Plaintiffs

SO ORDERED, this 26 day of Sept, 2006.

_____
Joseph J. Farnan, Jr.
United States District Court Judge

23

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, am a _____(employee, partner, associate, etc.) of _____, and I hereby acknowledge that:

1.     I have read the Protective Order entered in the action captioned above, understand the terms thereof, and agree to be bound by such terms;

2.     I will make only such copies or notes as are required to enable me to render assistance in connection with the matters for which I am engaged;

3.     I will not disclose Confidential Discovery Materials to any person not expressly entitled to receive it under the terms of the Protective Order;

4.     I will not use Confidential Discovery Materials for any purpose other than that authorized by the Protective Order; and

5.     I agree to submit to the jurisdiction of the United States District Court for the District of Delaware/Superior Court of the State of California, County of Santa Clara, for the sole purpose of having the terms of the Protective Order enforced.


Dated: _____

                              Signature:_____

24