**PRICKETT, JONES & ELLIOTT**
A PROFESSIONAL ASSOCIATION
**1310 KING STREET, BOX 1328**
**WILMINGTON, DELAWARE 19899**
**TEL: (302) 888-6500**
**FAX: (302) 658-8111**
http://www.prickett.com

Writer's Direct Dial:
(302)888-6507
Writer's Telecopy Number::
(302)888-6333
Writer's E-Mail Address:
JCAthey@prickett.com

Dover Office:
11 NORTH STATE STREET
DOVER, DELAWARE 19901
TEL: (302) 674-3841
FAX: (302) 674-5864

May 3, 2007

**VIA E-MAIL AND HAND DELIVERY**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 N. Market Street
Wilmington, DE 19801-4226

Re:  *In re Intel Corp. Microprocessor Antitrust Litigation*, MDL No. 05-1717-JJF;
*Advanced Micro Devices, Inc., et al. v. Intel Corp., et al.*, C.A. No. 05-441-JJF;
*Phil Paul v. Intel Corp.*, Consolidated C.A. No. 05-485-JJF

Dear Judge Poppiti:

Class Plaintiffs and Fry's have made good faith efforts to agree upon a proposed stipulation and order pursuant to Your Honor's direction at the May 1, 2007 hearing on Class Plaintiffs' motion to compel. We were able to reach agreement on most of the language of a proposed stipulation and order, but were not able to reach agreement as to a portion of one paragraph. Attached hereto as Exhibit A is a redline version of the proposed stipulation and order that reflects the disagreement as to a portion of paragraph 2. Specifically, the redlined deletions in paragraph 2 contain the language proposed by Class Plaintiffs but rejected by Fry's. Also, attached hereto as Exhibit B is a proposed form of order that contains Class Plaintiff's proposed paragraph 2 language.

Class Plaintiffs believe that the redlined deletions should be included in paragraph 2 because a proper data sample will greatly facilitate their ability to learn what data Fry's has at the upcoming meet and confer. The proposed language is carefully crafted to avoid burden or production of any more data than needed for an adequate sample. As reflected in that language, Class Plaintiffs seek a sample that contains only data "as they exist in the ordinary course of business," thus requiring Fry's to do nothing but download data as they exist at Fry's. The sample, moreover, would only come from the fields "responsive to Class Plaintiffs' requests." This permits Fry's to determine which fields those are, but if they seek additional guidance, the company has it, as we discussed at the May 1 hearing, in the form of Attachment A to the February 23, 2007 letter from Richard Volin to Brian Henri.

Moreover, Fry's should be required to produce the sample from "each of" its databases and datasets that may have data responsive to Class Plaintiffs' requests. If it is true, as Fry's may be arguing, that Fry's only has one database with potentially responsive data, then the data sample would necessarily come from that one database. But this language will require Fry's to

The Honorable Vincent J. Poppiti
May 3, 2007
Page 2

carefully determine whether it has more than one potentially responsive database or dataset, and ensures that if there is, that Class Plaintiffs have an appropriate sample from each.

Class Plaintiffs and Fry's agree that the upcoming meet and confer should be for the purpose of permitting Class Plaintiffs to understand what responsive data Fry's has. Given that agreed-upon purpose, it seems manifestly clear that Class Plaintiffs should receive a data sample from Fry's that is best calculated to accomplish that purpose.

Class Plaintiffs submit that there are no valid reasons for Fry's to object to providing such a sample. As noted above, production of a small sample of data in the form kept by Fry's cannot involve undue burden. Moreover, the proposed order provides the additional confidentiality protection that Fry's sought. That is, Class Plaintiffs, for purposes of this data sample and the upcoming meet and confer, agree to the additional protection requested by Fry's. Confidentiality simply cannot be a ground to resist production of a proper data sample.

We look forward to discussing with Your Honor the entry of an appropriate order to establish the procedures and production of a data sample that will permit Fry's and Class Plaintiffs to achieve the agreed-upon goal of Class Plaintiffs truly understanding the responsive data in Fry's possession.

Respectfully submitted,

J. Clayton Athey
(DE Bar # 4378)

JLH/sam

Enclosures

cc:    James L. Holzman, Esquire
       Mary B. Graham, Esquire
       Frederick Cottrell, Esquire
       Richard L. Horwitz, Esquire



# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) | Civil Action No.  05-MD-1717-JJF |
| | ) | |
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 05-485-JJF |
| | ) | |
| v. | ) | CONSOLIDATED ACTION |
| | ) | |
| INTEL CORPORATION, | ) ) | |
| Defendant. | ) | |

## STIPULATION & ORDER

Class Plaintiffs and Fry's Electronics, Inc. ("Fry's"), by and through their undersigned counsel, and subject to the approval of the Special Master, hereby stipulate and agree as follows:

1.    On May 14, 2007, Class Plaintiffs and Fry's shall hold an off-the-record meeting to confer about Fry's databases or datasets that may contain data responsive to Class Plaintiffs' requests.  At this meeting, Fry's shall make available its personnel who are most knowledgeable about these databases and datasets who shall use their best efforts to assist Class Plaintiffs in understanding the data in such databases and/or datasets.  A maximum of two attorneys and two consultants, who shall be identified by Class Plaintiffs in advance, may attend this meeting on behalf of Class Plaintiffs.  These individuals shall not be permitted to disclose or use any of the information learned at this meeting, for any purpose other than as may be agreed to in writing by the parties hereto or ordered by the Court; and they shall sign an undertaking to that effect.

2.    On or before May 7, 2007, Fry's shall produce to the attendees of the May 14, 2007 meeting, who have signed the undertaking referenced in the preceding paragraph, a sample of data from Fry's databases or datasets that may contain data responsive to Class Plaintiffs' requests.  All such materials received by the attendees of the May 14, 2007 meeting shall be returned to Fry's at the conclusion of the May 14, 2007 meeting, shall not be copied or further disseminated by such attendees, and shall not be permitted to be disclosed or used for any purpose other than as may be agreed to in writing by the parties hereto or ordered by the Court or to prepare for and participate in the May 14, 2007 meeting.

| **Deleted:** each of |
| --- |

| **Deleted:** The sample shall contain data, as they exist in the ordinary course of business, from each field responsive to Class Plaintiffs' requests. |
| --- |

3.    On May 15, 2007, the Special Master shall hold a teleconference at which the parties shall report on the results of their May 14, 2007 meeting, and at which Class Plaintiffs and Fry's may request any appropriate further relief, including a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6).  Any such deposition shall take place on or before May 23, 2007.

**PRICKETT JONES & ELLIOTT, P.A.**

By:
   James L. Holzman (#663)
   jlholzman@prickett.com
   J. Clayton Athey (#4378)
   jcathey@prickett.com
   1310 King Street
   P.O. Box 1328
   Wilmington, DE  19899
   (302) 888-6500
   *Interim Liaison Counsel for Class Plaintiffs*

**MORRIS NICHOLS ARSHT & TUNNELL LLP**

By:
   Mary B. Graham (#2256)
   mgraham@mnat.com
   1201 North Market Street
   P.O. Box 1347
   Wilmington, DE  19899
   (302) 658-9200
   *Attorneys for Fry's Electronics, Inc.*

ENTERED this _____ day of May, 2007.

_____

Vincent J. Poppiti (DSBA No. 100614)
Special Master



**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) | Civil Action No.  05-MD-1717-JJF |
| | ) | |
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 05-485-JJF |
| | ) | |
| v. | ) | CONSOLIDATED ACTION |
| | ) | |
| INTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

IT IS HEREBY ORDERED this ____ day of May, 2007, that:

1.      On May 14, 2007, Class Plaintiffs and Fry's shall hold an off-the-record meeting to confer about Fry's databases or datasets that may contain data responsive to Class Plaintiffs' requests.  At this meeting, Fry's shall make available its personnel who are most knowledgeable about these databases and datasets who shall use their best efforts to assist Class Plaintiffs in understanding the data in such databases and/or datasets.  A maximum of two attorneys and two consultants, who shall be identified by Class Plaintiffs in advance, may attend this meeting on behalf of Class Plaintiffs.  These individuals shall not be permitted to disclose or use any of the information learned at this meeting, for any purpose other than as may be agreed to in writing by the parties hereto or ordered by the Court; and they shall sign an undertaking to that effect.

2.      On or before May 7, 2007, Fry's shall produce to the attendees of the May 14, 2007 meeting, who have signed the undertaking referenced in the preceding paragraph, a sample

of data from each of Fry's databases or datasets that may contain data responsive to Class Plaintiffs' requests. The sample shall contain data, as they exist in the ordinary course of business, from each field responsive to Class Plaintiffs' requests. All such materials received by the attendees of the May 14, 2007 meeting shall be returned to Fry's at the conclusion of the May 14, 2007 meeting, shall not be copied or further disseminated by such attendees, and shall not be permitted to be disclosed or used for any purpose other than as may be agreed to in writing by the parties hereto or ordered by the Court or to prepare for and participate in the May 14, 2007 meeting.

3.    On May 15, 2007, the Special Master shall hold a teleconference at which the parties shall report on the results of their May 14, 2007 meeting, and at which Class Plaintiffs and Fry's may request any appropriate further relief, including a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Any such deposition shall take place on or before May 23, 2007.

ENTERED this _____ day of May, 2007.

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master