# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | Civil Action No. 05-441 JJF |
| IN RE:<br><br>INTEL CORPORATION | Civil Action No. 05-MD-1717-JJF |

**RESPONSE OF PLAINTIFFS ADVANCED MICRO DEVICES, INC. AND AMD INTERNATIONAL SALES & SERVICE, LTD. TO INTEL CORPORATION'S AND INTEL KABUSHIKI KAISHA'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware, plaintiffs Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd. (collectively, "AMD") hereby respond to the First Set of Interrogatories of defendants Intel Corporation and Intel Kabushiki Kaisha (collectively, "Intel").

## GENERAL OBJECTIONS

AMD asserts the following General Objections in response to each and every Interrogatory, whether or not they are separately stated in each response:

1. AMD objects to each and all of Intel's purported "Instructions" to the extent they purport to impose obligations that are unauthorized by, additional to, or inconsistent with

Rules 26 or 33 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware. AMD will not comply with any such unauthorized, additional, or inconsistent instruction.

2. AMD objects to each and every interrogatory to the extent it calls for information that is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. AMD will not provide any such privileged or protected information.

3. AMD objects to each and every interrogatory to the extent it calls for information that contains or reveals trade secrets or other confidential research, development, commercial, financial, or personnel information of AMD, which, if disclosed or disseminated without restriction to Intel or third parties, could adversely impact AMD's business. No such confidential information will be provided except pursuant to the protective order.

4. AMD objects to each and every interrogatory to the extent it calls for information held by AMD subject to contractual or other legal obligations of confidentiality owed to its employees or other third parties. No such third party confidential information will be produced except pursuant to the protective order.

5. AMD objects to Intel's definition of the word "customer" as vague, ambiguous, and overbroad. Using that definition renders these interrogatories unduly burdensome, and results in their seeking information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

6. AMD reserves its rights to amend and supplement these responses. *See e.g., Fed. R. Civ. Pro.* 26(e).

2

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every customer with whom Intel has entered an "exclusive or near-exclusive deal(s)" and provide the date and specifics of each such deal.

### RESPONSE TO INTERROGATORY NO. 1:

AMD incorporates its General Objections into this Response. AMD also objects to this Interrogatory on the ground that it is an improper contention interrogatory, prematurely and inappropriately served at an early stage of the discovery process, while substantial document and all deposition discovery remains to be completed, including significant documentary and testimonial discovery from third parties. In addition, AMD objects on the grounds that, as drafted, this interrogatory is vague, overbroad, and oppressive, and that responding would impose an undue burden upon AMD. This is particularly true because a very substantial amount of discovery remains to be completed, the factual record is not yet fully developed or mature, and Intel itself already possesses the information sought by this interrogatory. AMD further responds by directing Intel to the facts alleged in AMD's Complaint, including but not limited to paragraphs 38-46 and 88-107. Subject to and consistent with its objections to the scope of this interrogatory, AMD will provide an additional response at a later stage of this litigation, when discovery is completed or substantially completed.

### INTERROGATORY NO. 2:

Separately by customer, identify each and every discount, rebate, allowance, market development fund or other payment that Intel has "conditioned" on that customer's "agreement

3

to severely limit or forego entirely purchases from AMD" or that had the "effect of denying customers the freedom to purchase any significant volume of processors from AMD."

**RESPONSE TO INTERROGATORY NO. 2:**

AMD incorporates its General Objections into this Response. AMD further objects to this Interrogatory on the ground that it is an improper contention interrogatory, prematurely and inappropriately served at an early stage of the discovery process, while substantial document and all deposition discovery remains to be completed, including significant documentary and testimonial discovery from third parties. In addition, AMD objects on the grounds that, as drafted, this interrogatory is vague, overbroad, and oppressive, and that responding would impose an undue burden upon AMD. This is particularly true because a very substantial amount of discovery remains to be completed, the factual record is not yet fully developed or mature, and Intel itself already possesses the information sought by this interrogatory. AMD further responds by directing Intel to the facts alleged in AMD's Complaint, including but not limited to paragraphs 38-107. Subject to and consistent with its objections to the scope of this interrogatory, AMD will provide an additional response at a later stage of this litigation, when discovery is completed or substantially completed.

**INTERROGATORY NO. 3:**

Identify each and every customer Intel has threatened with "economic retaliation" for doing or contemplating doing business with AMD or refusing to limits its business with AMD and separately for each specify the economic retaliation threatened.

**RESPONSE TO INTERROGATORY NO. 3:**

AMD incorporates its General Objections into this Response. AMD further objects to this Interrogatory on the ground that it is an improper contention interrogatory, prematurely and inappropriately served at an early stage of the discovery process, while substantial document and all deposition discovery remains to be completed, including significant documentary and testimonial discovery from third parties. In addition, AMD objects on the grounds that, as drafted, this interrogatory is vague, overbroad, and oppressive, and that responding would impose an undue burden upon AMD. This is particularly true because a very substantial amount of discovery remains to be completed, the factual record is not yet fully developed or mature, and Intel itself already possesses the information sought by this interrogatory. AMD further responds by directing Intel to the facts alleged in AMD's Complaint, including but not limited to paragraphs 72-75 and 88-107. Subject to and consistent with its objections to the scope of this interrogatory, AMD will provide an additional response at a later stage of this litigation, when discovery is completed or substantially completed.

**INTERROGATORY NO. 4:**

Identify each and every actual or potential customer and/or partner with whom AMD has had a "prospective economic advantage" that Intel has "intentionally interfered with" and separately for each specify the conduct of Intel that constitutes the interference.

**RESPONSE TO INTERROGATORY NO. 4:**

AMD incorporates its General Objections into this Response. AMD further objects to this Interrogatory on the ground that it is an improper contention interrogatory, prematurely and inappropriately served at an early stage of the discovery process, while substantial document and all deposition discovery remains to be completed, including significant documentary and testimonial discovery from third parties. In addition, AMD objects on the grounds that, as drafted, this interrogatory is vague, overbroad, and oppressive, and that responding would impose an undue burden upon AMD. This is particularly true because a very substantial amount of discovery remains to be completed, the factual record is not yet fully developed or mature, and Intel itself already possesses the information sought by this interrogatory. AMD further responds by directing Intel to the facts alleged in AMD's Complaint, including but not limited to paragraphs 77-84. Subject to and consistent with its objections to the scope of this interrogatory, AMD will provide an additional response at a later stage of this litigation, when discovery is completed or substantially completed.

**INTERROGATORY NO. 5:**

Identify each and every communication you have had with any governmental entity concerning Intel's pricing, sales and/or marketing practices.

**RESPONSE TO INTERROGATORY NO. 5:**

AMD incorporates its General Objections into this Response. AMD also objects because this interrogatory seeks information that is not relevant to the claim or defense of any party and is not reasonably calculated to lead to the discovery of admissible evidence. AMD further objects to this Interrogatory on the grounds that, as drafted, this interrogatory is vague, overbroad and oppressive, and would impose an undue burden upon AMD. AMD additionally objects on the ground that this interrogatory seeks information that is protected by the attorney-client privilege, the attorney-work product doctrine, and other applicable legal privileges or protections.

**INTERROGATORY NO. 6:**

Identify each and every instance of "Intel's exclusionary acts" which are not specified in your answers to Interrogatory Nos. 1-5.

**RESPONSE TO INTERROGATORY NO. 6:**

AMD incorporates its General Objections into this Response. AMD further objects to this Interrogatory on the ground that it is an improper contention interrogatory, prematurely and inappropriately served at an early stage of the discovery process, while substantial document and all deposition discovery remains to be completed, including significant documentary and testimonial discovery from third parties. In addition, AMD objects on the grounds that, as drafted, this interrogatory is vague, overbroad, and oppressive, and that responding would impose an undue burden upon AMD. This is particularly true because a very substantial amount of discovery remains to be completed, the factual record is not yet fully developed or mature, and Intel itself already possesses the information sought by this interrogatory. Subject

7

to and consistent its objections to the scope of this interrogatory, AMD will provide an additional response at a later stage of this litigation, when discovery is completed or substantially completed.

OF COUNSEL:
Charles P. Diamond, Esq.
  cdiamond@omm.com
Linda J. Smith, Esq.
  lsmith@omm.com
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
(310) 246-6800

Mark A Samuels, Esq.
  msamuels@omm.com
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
213-430-6340

Dated: May 9, 2007

_/s/ F. L. Cottrell III_
Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Finkelstein@rlf.com
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com
Attorneys for Plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd.

8