**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) | MDL No. 1717-JJF |
| | ) | |
| ADVANCED MICRO DEVICES, INC., a<br>Delaware corporation, and AMD<br>INTERNATIONAL SALES & SERVICES, LTD.,<br>a Delaware corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | C.A. No. 05-441-JJF |
| INTEL CORPORATION, a Delaware corporation,<br>and INTEL KABUSHIKI KAISHA, a Japanese<br>corporation, | ) ) ) ) | |
| Defendants. | ) ) | |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated, | ) ) ) | C.A. No. 05-485-JJF |
| Plaintiffs, | ) ) | CONSOLIDATED ACTION |
| v. | ) ) | |
| INTEL CORPORATION, | ) ) | |
| Defendants. | ) | |

**ORDER RE AMD'S AND CLASS PLAINTIFF'S INITIAL**
**REMEDIATION DISCOVERY**

WHEREAS, on March 16, 2007, Special Master Poppiti entered an Order Regarding

Intel's Evidence Preservation Issues (the "Special Master's Order");

WHEREAS, on June 20, 2007, Special Master Poppiti entered an Order Bifurcating Discovery into Intel's Evidence Preservation Issues (the "Bifurcation Order"), pursuant to which discovery concerning Intel's evidence preservation issues has been bifurcated such that discovery is first to be conducted to enable Plaintiffs to respond to Intel's remediation plan ("Remediation Discovery"), while discovery as to other matters related to Intel's evidence preservation issues ("Causation/Culpability Discovery") will proceed after the Remediation Discovery has concluded;

WHEREAS, on May 15, 2007 and May 16, 2007, respectively, AMD and Class Plaintiffs served their initial Remediation Discovery, consisting of parallel Notices of Taking Deposition Under FRCP 30(b)(6) and Request for Production of Documents re Remediation ("Initial Remediation Discovery"); and

WHEREAS, Intel has served its responses and objections to the Initial Remediation Discovery, and the parties have met and conferred in an effort to resolve as many issues as possible;

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES HERETO SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

1.      The parties have agreed upon a "custodian" based approach toward production of documents in response to the Initial Remediation Discovery. Intel hereby represents, based on reasonable investigation, that it believes in good faith that the individuals listed below have been retaining the materials responsive to the Initial Remediation Discovery either in response to specific litigation hold notices and/or as a matter of general practice. Intel shall promptly produce documents from the following custodians.

2

1.    Malcolm Harkins
2.    Todd Buelt
3.    Dave Pistone
4.    Russell Price
5.    Adam Pollitt
6.    Dorr Clark

These are the individuals whose electronic and paper files will initially be produced in response

to the Initial Remediation Discovery ("Initial Remediation Discovery Custodians").

Notwithstanding its objections to the Initial Remediation Discovery (other than on privilege or

work product grounds), Intel will promptly produce, subject to the clarification set forth in a May

24, 2007 email from Mark Samuels to Daniel Floyd, all non-privileged documents responsive

thereto from the files of the Initial Remediation Discovery Custodians.    If this or other

Remediation Discovery leads AMD and Class Plaintiffs to believe that other custodians possess

significant non-duplicative documents that are likely to be relevant to the issues as set forth in

Paragraph 1 of the Bifurcation Order, Intel agrees to promptly accommodate reasonable requests

for production from additional custodians, and any disputes that may arise in this regard shall be

submitted to Special Master Poppiti for resolution.  AMD and Class Plaintiffs reserve their right,

set forth in Paragraph 3 below, to move to compel production of responsive materials from the

files of Intel attorneys or legal staff, and Intel reserves its right to oppose any such motion.

2.    In order to reduce its burden of document review in connection with the Initial

Remediation Discovery, AMD and Class Plaintiffs have agreed that Intel may limit its search for

responsive documents to specially created .pst archives that contain the documents responsive to

the Initial Remediation Discovery if Intel can represent that all of the custodian's documents

responsive to the Initial Remediation Discovery have been preserved and segregated in the

specially created archive.  If the custodian does not keep such segregated files, Intel shall use its

best efforts to locate all documents responsive to the Initial Remediation Discovery.

3.      Intel has excluded from its list of Initial Remediation Discovery Custodians in Paragraph 1 its attorneys and legal staff, inside and outside, on the basis that the non-duplicative documents held by those individuals are almost entirely protected from discovery by the attorney client privilege or work product doctrine.  This has been done over AMD's and Class Plaintiffs' objection, and AMD and Class Plaintiffs reserve their rights to seek an order compelling the production of responsive materials from attorneys and legal staff, as well as an order requiring the submission of privilege logs identifying all responsive documents being withheld on privilege and/or attorney work product grounds.  Intel reserves its rights to oppose entry of such orders.

4.      Intel shall provide complete written summaries containing the information called for by Request Nos. 5, 8, and 13 of the Initial Remediation Discovery.

5.      Intel represents that the written Litigation Hold Notices called for by Request No. 2 of the Initial Remediation Discovery are maintained in a central corporate file outside the custody of any particular custodian, and Intel will therefore produce the written notices from its central corporate files as its complete response to Request No. 2.

6.      Without limiting Intel's obligations under Paragraph 1 hereof, Intel shall produce promptly, and on a rolling basis, the categories of materials listed on pages 6-7 of its response and objections to the Initial Remediation Discovery.

7.      The parties agree that to avoid potentially lengthy disputes over whether documents constitute work product, or whether Plaintiffs can meet the standards in Rule 26(b)(3) of the Federal Rules of Civil Procedure for the production of certain work product, it is agreed that in producing documents pursuant to this Order, Intel shall not withhold any attorney work

RLF1-3174276-1

4

product unless it contains the mental impressions, conclusions, opinions, or legal theories of an attorney or party representative within the meaning of F.R.C.P. 26(b)(3), and Intel's production of such materials will not be deemed a waiver of any protection applicable to such "opinion work product" under F.R.C.P. 26(b)(3). However, AMD and Class Plaintiffs fully reserve any and all other rights or grounds to challenge any assertions of privilege or work product protection. The parties agree that paragraph 35 of the Second Amended Stipulation Regarding Electronic Discovery and Format of Document Production will apply to this production.

8.    To the extent not superseded by this Order, the Special Master's Order and Bifurcation Order remain in full force and effect.

**RICHARDS, LAYTON & FINGER, P.A.**

By:   */s/ Steven J. Fineman*
      Frederick L. Cottrell, III (#2555)
      Chad M. Shandler (#3796)
      Steven J. Fineman (#4025)
      One Rodney Square
      920 North King Street
      Wilmington, DE  19899
      (302) 651-7836
      cottrell@rlf.com
      shandler@rlf.com
      fineman@rlf.com

      *Attorneys for Advance Micro Devices, Inc. and*
      *AMD International Sales & Service, Ltd.*

**PRICKETT JONES & ELLIOTT, P.A.**

By: */s/ J. Clayton Athey*

    James L. Holzman (#663)
    J. Clayton Athey (#4378)
    1310 King Street
    P. O. Box 1328
    Wilmington, DE  19899
    (302) 888-6509
    jlholzman@prickett.com
    jcathey@prickett.com

    *Interim Liaison Counsel and Attorneys for Phil Paul,*
    *on behalf of himself and all others similarly situated*

**POTTER ANDERSON & CORROON LLP**

By: */s/ W. Harding Drane, Jr.*

    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19890-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com

    *Attorneys for Intel Corporation and Intel*
    *Kabushiki Kaisha*

ENTERED this
_10_ day of July, 2007

Vincent J. Poppiti (#100614)
Special Master