IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> INTEL CORPORATION and INTEL KABUSHIKI KAISHA, <br><br> Defendants. | C. A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> INTEL CORPORATION, <br> Defendant. | C. A. No. 05-485-JJF |

**STIPULATION AND ORDER REGARDING PROTOCOL FOR INTERVIEWS OF FORMER EMPLOYEES SUBJECT TO NON-DISCLOSURE AGREEMENTS**

**WHEREAS**, plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. (hereafter jointly, "AMD"), defendants Intel Corporation and Intel Kabushiki Kaisha (hereafter jointly, "Intel"), and Class Plaintiffs in the MDL Proceeding (hereafter "Class Plaintiffs") (AMD, Intel and Class Plaintiffs, hereafter collectively "the Parties") have commenced discovery in the above actions; and

**WHEREAS**, the Parties may seek to conduct informal interviews of former employees of AMD or Intel, as well as of non-parties, as part of their pre-trial investigation; and

**WHEREAS**, as a result of their prior employment, most of these former employees will be bound by one or more non-disclosure agreements ("NDAs") with or running in favor of AMD, Intel or an employer not party to this action; and

**WHEREAS**, it is customary in the microprocessor and computer industries for NDAs to prevent the disclosure of a wide variety of information; and

**WHEREAS**, absent a provision allowing for such disclosure in this litigation, none of the Parties would be able to conduct pre-deposition interviews regarding business practices germane to the litigation subject to the applicable Rules of Professional Responsibility; and

**WHEREAS**, the Parties seek to develop a procedure whereby the confidentiality and other legal issues related to potential interviews of former employees may be addressed;

NOW, THEREFORE AMD AND INTEL ON BEHALF OF THEMSELVES AND THEIR CONTROLLED SUBSIDIARIES, TOGETHER WITH CLASS PLAINTIFFS, THROUGH THEIR RESPECTIVE COUNSEL AND SUBJECT TO THE APPROVAL OF THE COURT, DO HEREBY STIPULATE AS FOLLOWS:

1.  Without liability to them, the former employee, or his or her former employer, the Parties may interview former employees of AMD or Intel, or of non-parties, who are subject to NDAs running in favor of AMD, Intel, or a non-party, if the following conditions are met for each individual:

    a.  Prior to interviewing a former employee or third party, the interviewing party shall provide written notice of its intention to do so to the former employer, and any other non-party in whose favor an applicable NDA runs, providing the name of the former employee it seeks to interview and the general areas of intended inquiry and, in the case of non-parties, a copy of this Stipulation and Order. The party seeking the interview shall not represent to the

former employee that the former employer has consented to the interview, but rather may represent that the parties have agreed to a procedure to determine if such an interview may be conducted without violating the NDA;

      b.    Any party or non-party receiving such a notice shall have fifteen (15) days from its receipt in the case of a non-party, and ten (10) days in the case of a party, to serve on the party seeking to conduct the interview an objection in writing setting forth the reasons why the interview should not go forward; or should be limited to certain topics or areas; or should be subject to specified conditions, provided such conditions do not require the disclosure of attorney work-product of the interviewing party. Failure to serve such an objection shall be deemed that party or non-party's consent to the interview and shall bar any claims arising from the disclosure of information covered by the NDA elicited pursuant to this Stipulation and Order, so long as the party seeking to conduct the interview follows the other restrictions contained within this Stipulation and Order. In the event of an objection, which the parties are unable to resolve through a meet and confer, the party seeking to conduct the interview must make an application for leave of Court to conduct the interview;

      c.    No interview subject to this Stipulation and Order shall take place during the notice period, following a written objection to the interview unless and until an application for leave to conduct the interview is filed and granted, during the pendency of any application for leave to conduct the interview, or following entry of an order denying leave to conduct the interview;

      d.    Any interview subject to this Stipulation and Order shall be conducted by the party's outside counsel and such of their consultants who are permitted access to confidential information under the Protective Order in this case, and all information obtained in the interview

3

will be presumed to constitute Confidential Discovery Material under that Order and will be subject to its provisions;

  e. Any interview subject to this Stipulation and Order shall be solely for the purpose of eliciting information relevant for use in these actions and may not be used for any other purpose;

  f. Notwithstanding subsection (d), no party conducting an interview subject to this Stipulation and Order shall seek to elicit the following: (1) technological trade secrets; (2) confidential information about microprocessor or chipset manufacturing, including, but not limited to, capital expenditure plans and related financial analysis, yields, capacity, costs, utilization, process and scale; (3) non-public future product and road map information (but only to the extent the party in whose favor the NDA runs has not shared such information with customers, vendors or suppliers); and (4) attorney-client and work product communications;

2. In the event any of the Parties seeks to interview a current employee of a non-party subject to an NDA, it shall make separate application to the Court with notice to the non-party. This Stipulation and Order, however, shall permit interviews of current employees of a non-party concerning matters within the scope of NDAs running solely in favor of AMD or Intel or another third-party so long as the interviewing party complies with Paragraph 1(a).

3. This Stipulation is intended to address the issues arising from NDAs applicable to potential witnesses and is not intended to alter the parties' ethical obligations under applicable Rules of Professional Responsibility in connection with the interview of witnesses.

**RICHARDS, LAYTON & FINGER, P.A.**

By: */s/ Steven J. Fineman*
　　Frederick L. Cottrell, III (#2555)
　　Chad M. Shandler (#3796)
　　Steven J. Fineman (#4025)
　　One Rodney Square
　　920 North King Street
　　Wilmington, DE 19899
　　(302) 651-7836
　　cottrell@rlf.com
　　shandler@rlf.com
　　fineman@rlf.com

　　*Attorneys for Advance Micro Devices, Inc. and
　　AMD International Sales & Service, Ltd.*


**PRICKETT JONES & ELLIOTT, P.A.**

By: */s/ J. Clayton Athey*
　　James L. Holzman (#663)
　　J. Clayton Athey (#4378)
　　1310 King Street
　　P. O. Box 1328
　　Wilmington, DE 19899
　　(302) 888-6509
　　jlholzman@prickett.com
　　jcathey@prickett.com

　　*Interim Liaison Counsel and Attorneys for Phil Paul,
　　on behalf of himself and all others similarly situated*

**POTTER ANDERSON & CORROON LLP**

By: /s/ *W. Harding Drane, Jr.*
    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19890-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com

    *Attorneys for Intel Corporation and Intel Kabushiki Kaisha*

ENTERED this
____ day of September, 2007

                    _____
                    Vincent J. Poppiti (#100614)
                    Special Master