## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | )<br>)<br>)<br>)<br>) | MDL No. 1717-JJF  DI 650 |
| ADVANCED MICRO DEVICES, INC., a<br>Delaware corporation, and AMD<br>INTERNATIONAL SALES & SERVICES, LTD.,<br>a Delaware corporation, | )<br>)<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 05-441-JJF  DI 458 |
| v. | )<br>) | |
| INTEL CORPORATION, a Delaware corporation,<br>and INTEL KABUSHIKI KAISHA, a Japanese<br>corporation, | )<br>)<br>) | |
| Defendants. | )<br>) | |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated, | )<br>)<br>) | C.A. No. 05-485-JJF  DI 517 |
| Plaintiffs, | )<br>) | CONSOLIDATED ACTION |
| v. | )<br>) | |
| INTEL CORPORATION, | )<br>) | |
| Defendants. | )<br>) | |

## STIPULATION AND PROPOSED ORDER
## REGARDING THE PREPARATION OF PRIVILEGE LOGS #2

WHEREAS, on May 17, 2006, the Court approved the parties' Proposed

Order Regarding Document Production (D.I. 122) (hereafter the "Custodian

Stipulation"), which among other things, established a custodian approach to the

RLF1-3221090-1

production of party documents, set various numerical limits on party-designated, adverse-party-designated and "free-throw" custodians, and reserved for future negotiation a cut-off date for supplemental production from these custodians; and

WHEREAS on May 17, 2006, the Court approved Intel's and AMD's Proposed Order Regarding Electronic Discovery and Format of Document Production (D.I. 121), on June 26, 2006 all parties' First Amended Stipulation Regarding Electronic Discovery (D.I. 175), and on February 20, 2007 all parties' Second Amended Stipulation Regarding Electronic Discovery (D.I. 288) (hereafter collectively the "Native Format Stipulation"), which collectively establish various protocols for the harvest, review and production of custodian documents; and

WHEREAS, on August 10, 2006, the Court approved the parties' Stipulation and Proposed Order Regarding the Preparation of Privilege Logs (D.I. 198) (the "Privilege Log Stipulation #1") regarding the scope of the privilege logs to be prepared in this matter under Rule 26(b)(5) of the Federal Rules of Civil Procedure; and

WHEREAS, in light of the volume of documents thus far exchanged and the additional volumes required by the existing orders, and in light of the additional production requirements Intel has assumed in its April 24, 2007 Proposed Plan of Remediation (D.I. 321), the parties negotiated revised limits and protocols governing the custodian document exchange that will permit them to complete the custodian document exchange on or before February 15, 2008 and proposed Stipulated Case Management Order #3;

WHEREAS, on September 19, 2007, the Court approved the parties'

Stipulated Case Management Order #3 (D.I. 431) (hereinafter "Case Management #3");

and

WHEREAS, Case Management Order #3 at Paragraph 6 relieved the

parties of their obligations under Paragraph 11 of the Custodian Stipulation in order to

allow the parties to negotiate significant modifications in approach, timing and number of

privilege logs so as to satisfy the requirements of Rule 26(a)(5) of the Federal Rules of

Civil Procedure under the circumstances of this proceeding;

NOW, THEREFORE, the parties through their respective counsel of

record, hereby stipulate that subject to the approval of the Court, the following provisions

shall apply to the production of privilege logs and, where applicable, supersede contrary

provisions of the Custodian Stipulation and the Native Format Stipulation:

1.    The parties shall complete the privilege logs through the first

production only for the custodians designated on the Party Designated Production

Custodian Lists pursuant to the Custodian Stipulation;

2.    The production schedule for those privilege logs not yet produced

shall be extended pursuant to the schedule agreed to by the parties. The schedule

provides for the completion of the production of all privilege logs not yet produced by

January 16, 2008;

3.    AMD, Class Plaintiffs and Intel shall be entitled to designate a

limited number of "Privilege Log Custodian Picks" from the custodians designated as

Party-Designated Custodians, Adverse-Designated Custodians, and Free Throw

Custodians. The time period for the privilege log for each Privilege Log Custodian Pick

shall run from the first documents produced for that custodian through the later of the

harvest cut-off date for that particular custodian as established by Case Management

Order #3 or, if the custodian has been designated as a Deposition Reharvest Custodian,

through the date of the notice of that custodian's selection as a Deposition Reharvest

Custodian (for each custodian, the "Privilege Log Custodian Pick's Production Period").

The time period covered by each Privilege Log Custodian Pick's Production Period

should exclude any previous privilege log produced for that Privilege Log Custodian

Pick. The privilege logs for each of the Privilege Log Custodian Picks shall cover

assertions of privilege for all documents produced during that custodian's Privilege Log

Custodian Pick's Production Period (except for those that do not need to be logged under

Privilege Log Stipulation #1), including all documents produced pursuant to the parties'

initial and subsequent harvesting, the Deposition Reharvests, if any, and all remedial

data. The privilege log for a Privilege Log Custodian Pick shall be due ninety (90) days

after designation of the Pick or the completion of the custodian's document production,

whichever is later.

        4.      AMD and Class Plaintiffs shall be entitled to designate 35

Privilege Log Custodian Picks, and Intel shall be entitled to designate 15 Privilege Log

Custodian Picks.

        5.      Privilege Log Stipulation #1, and the other privilege log protocols

previously negotiated by the parties, shall remain in full force and effect. The parties

agree to accept the privilege logs produced pursuant to this Stipulation, and previously

produced pursuant to Privilege Log Stipulation #1, as sufficient under Rule 26(a)(5)(A)

of the Federal Rules of Civil Procedure.


                                    **RICHARDS, LAYTON & FINGER, P.A.**

                                    By: /s/ Steven J. Fineman
                                         Frederick L. Cottrell, III (#2555)
                                         Chad M. Shandler (#3796)
                                         Steven J. Fineman (#4025)
                                         One Rodney Square
                                         920 North King Street
                                         Wilmington, DE  19899
                                         (302) 651-7836
                                         Cottrell@rlf.com
                                         Shandler@rlf.com
                                         Fineman@rlf.com

                                         Attorneys for Advance Micro Devices, Inc.
                                         and AMD International Sales & Service, Ltd.

                                    **PRICKET JONES & ELLIOTT, P.A.**

                                    By: /s/ James L. Holzman
                                         James L. Holzman (#663)
                                         J. Clayton Athey (#4378)
                                         1310 King Street
                                         Post Office Box 1328
                                         Wilmington, DE 19899
                                         (302) 888-6509
                                         jlholzman@prickett.com
                                         jcathey@prickett.com

                                         Interim Liaison Counsel and Attorneys for
                                         Phil Paul, on behalf of himself and all others
                                         similarly situated

POTTER ANDERSON & CORROON LLP

By: /s/ Richard L. Horwitz
  Richard L. Horwitz (#2246)
  W. Harding Drane, Jr. (#1023)
  Hercules Plaza, 6th Floor
  1313 N. Market Street
  Post Office Box  951
  Wilmington, D.E.  19890-0951
  (302) 984-6000
  rhorwitz@potteranderson.com
  wdrane@potteranderson.com

  Attorneys for Intel Corporation and Intel
  Kabushiki Kaisha


    Having read and considered the foregoing Stipulation and Proposed Order

Regarding the Preparation of Privilege Logs #2, the Special Master **HEREBY**

**RECOMMENDS THAT THE COURT ADOPT SAME**.


    ENTERED this _12_ day of November, 2007.

                _____
            Vincent J. Poppiti (DSBA No. 100614)
            Special Master

SO ORDERED this _13_ day of November, 2007.

            _____
            United States District Court Judge