

**Potter
Anderson
Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000
www.potteranderson.com

Richard L. Horwitz
Partner
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302  658-1192 Fax

November 15, 2007

**VIA ELECTRONIC MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

Re: *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.*
C.A. No. 05-441-JJF; *In re Intel Corporation*, C.A. No. 05-1717-
JJF---Discovery Matter #8

Dear Judge Poppiti:

Intel hereby submits this reply to the opposition submitted by ERS Group ("ERS") and AMD to Intel's motion to compel. ERS and AMD principally argue that Intel should be denied access to the subpoenaed materials because Intel is purportedly seeking them for a non-litigation purpose. They assert that "civil discovery under the Federal Rules is available only to advance litigation goals, not to support a public-relations offensive." Opp. at 1.

What is ironic about the opponents' position is that they invoke the very same rules to withhold the Williams Report, which has been featured repeatedly in their own public relations offensive. AMD and ERS cannot have it both ways. They cannot claim that the Williams Report was prepared by a "consulting expert" subject to Rule 26 protection for the purpose of advancing AMD's litigation goals, but block discovery when the obvious purpose of the Report was to make *public* allegations about the costs imposed by Intel's purported "illegal monopoly." This inconsistency of positions demonstrates Intel's point -- that Williams' work is being used unfairly as both a sword and a shield.

The opposition correctly points out that Rule 26(b)(4)(B) provides a "safe harbor" that shields confidential work done by consulting experts from discovery. But the policy underlying the rule is one of confidentiality. *See* Moore's Federal Practice § 26.80[2] (3d Ed. 2007) (citing the policy consideration of "allowing counsel to obtain the expert advice they need to properly evaluate and present their clients' positions without fear that every consultation with an expert may yield grist for the discovery mill") (quoted in *In re Cendant Corp. Secs Litig.*, 343 F.3d 658, 665 n.7 (3d Cir. 2003).[1] This policy is identical to that underlying the work product doctrine, and Intel has no quarrel with it.

---

[1] The same point is made by one case cited in the opposition: the policy underlying this rule is to "encourag[e] counsel to obtain necessary expert advice without fear that the adversary may obtain such information." *PlyMovent Corp. v. Air Technology Solutions, Inc.* 243 F.R.D. 139, 143 (D.N.J. 2007).

Honorable Vincent J. Poppiti
November 15, 2007
Page 2

    But these protections are waived when the very purpose of the work is to generate publicity, and what might otherwise be confidential is published to the world at large.[2] AMD and ERS abandoned the "safe harbor" when they opted to use Williams' work for public relations purposes. If Williams had been retained purely in connection with the litigation, and did what consulting experts do -- provide assistance to the attorneys in confidence -- all parties would be in agreement: Williams would qualify as a non-testifying expert whose opinions are protected from discovery. Instead, Williams' work is admittedly being used to support AMD's own "public-relations offensive" related to the litigation. It defies credulity to suggest that a party hired to prepare a report for the press criticizing AMD's litigation adversary on topics directly related to the litigation is a "consulting" expert whose work is protected from discovery.[3]

    AMD and ERS insist that "[t]he issue here is not waiver." Opp. at 2. But waiver is precisely the issue, and the opposition does little to address it. AMD and ERS rely on cases in which a party sought discovery from an expert who, having been initially designated as a testifying expert, was withdrawn after the expert disclosed his opinion. *See PlyMovent Corp.*, 243 F.R.D. at 146, and *Callaway Golf Co. v. Dunlop Slazenger Group Americas, Inc.*, 2002 U.S. Dist. LEXIS 1542 (D. Del. Aug. 14, 2002). The courts in those cases ruled that no waiver had occurred. However, this Court ruled precisely the opposite way in a case involving analogous facts. *CP Kelco U.S. Inc. v. Pharmacia Corp.*, 213 F.R.D. 176 (D. Del. 2003). There, the Court ruled that a party had waived privilege over materials reviewed by its expert, despite having changed his designation from testifying to non-testifying. The Court reasoned that "[i]t would be manifestly unfair to allow a party to use the privilege to shield information which it had deliberately chosen to use offensively." *Id.* at 179. The same is true here. The conclusions from the requested materials have been publicly disclosed and used offensively at an early stage of the case. Any protection from discovery that may have attached to the requested materials has thus been relinquished. They are obviously relevant to the claims made by AMD and the class in these cases and should be produced to Intel now.

                                         Respectfully submitted,

                                         */s/ Richard L. Horwitz*
                                         Richard L. Horwitz (# 2246)

---

[2] As with work product, the protections afforded by Rule 26(b)(4)(B) can be waived. *See, e.g.*, Moore's Federal Practice, *supra*. Both rules apply to work done by a non-testifying expert. *Cendant*, 343 F.3d at 664-65.

[3] In an apparent attempt to support its claim that Williams is a consulting expert, AMD states that Williams' work was commissioned "in part to respond to questions posed by government competition authorities," suggesting that AMD had no choice but to commission an expert report to aid in their investigative efforts. Diamond Aff. ¶ 2. . However, Intel is not seeking the Report and the underlying document on the ground that they may have been supplied (confidentially) to foreign authorities, nor is it seeking any other work or advice given confidentially by Williams to AMD or its counsel. Rather, Intel seeks the Report and underlying documents on the ground that the Report was obviously prepared for the press. Its findings were concededly announced in a press release, and AMD officials have made repeated references to it in the media.

Honorable Vincent J. Poppiti
November 15, 2007
Page 3

cc: Clerk of the Court (By Electronic Filing)
     Frederick L. Cottrell, III, Esq. (Via Electronic Mail)
     James L. Holzman, Esq. (Via Electronic Mail)