IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**ORDER REGARDING COMPLETION OF THIRD PARTY DOCUMENT PRODUCTION**

WHEREAS, between August 2005 and June 2006 AMD, Intel and the class action plaintiffs (hereafter, collectively the "Parties") served Rule 45 subpoenas

RLF1-3226381-1

duces tecum on over seventy third party computer OEMS, distributors, retailers and technology companies (the "Third Parties") seeking documents relevant to this action;

WHEREAS, while many of the Third Parties have commenced producing their documents under written negotiated agreements, only some have completed or are nearing completion of their productions;

WHEREAS, in Case Management Order No. 3 (D.I. 595 in Docket 05-441-JJF), the Court established a February 15, 2008 cut-off date for the exchange of the Parties' documents so that depositions could commence and conclude in advance of the scheduled trial date of April 27, 2009; and

WHEREAS, because many depositions will likely cover the Parties' dealings with third-parties, even some party depositions cannot as a practical matter begin until the third-party document productions are substantially complete;

NOW, THEREFORE, it is Hereby Ordered that:

(1) The Third Parties with whom the Parties have reached preliminary or final agreements (the "Compliant Third Parties") are directed to complete their document productions on or before March 15, 2008;

(2) On or before November 27, 2007, counsel for the Parties shall serve a copy of this Order on any Compliant Third Party whose production is not currently complete or, based on current information, is not anticipated to be complete by March 15, 2008 and on any Third Party with whom the Parties have not reached preliminary or final agreement;

(3) Any Compliant Third Party unable or unwilling to meet this deadline shall, before December 7, 2007, advise the Parties of the circumstances preventing or

excusing compliance and forthwith initiate a "meet and confer" with the Parties who, if appropriate, may recommend to the Special Master such a later completion date as may be warranted under the circumstances;

(4) For those parties for whom the parties have not reached a production agreement, and for whom material disputes remain, the parties will conclude their discussions by January 14, 2008 with either an agreement or impasse;  and

(5) On or before January 18, 2008, the Parties shall submit a joint report to the Special Master describing the status of each Third-Party production not anticipated to be completed by March 15, 2008 and recommending appropriate action and/or procedures to resolve any outstanding disputes or issues.

ENTERED this 21st day of November, 2007.

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master

SO ORDERED this ___ day of _____, 2007.

_____
The Honorable Joseph J. Farnan, Jr.