**RICHARDS, LAYTON & FINGER**
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

FREDERICK L. COTTRELL, III
DIRECTOR

DIRECT DIAL
(302) 651-7509
COTTRELL@RLF.COM

December 11, 2007

**VIA ELECTRONIC MAIL & HAND DELIVERY**
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801-4226

      Re:    *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.*, C.A. No. 05-441-JJF; *In re Intel Corporation*, C.A. No. 05-MD-1717-JJF
            Discovery Matter No. 4a

Dear Judge Poppiti:

      Intel's claim of attorney-client privilege fails because Intel has waived it. As shown in Plaintiffs' opening brief, Intel's affirmative use of self-serving summaries of its custodian interviews, while it withholds notes of what custodians actually said, constitutes an inexcusable attempt to present a one-sided story to the Court. Under the familiar "fairness doctrine," applied in scores of cases, privilege cannot be asserted to bury unfavorable aspects of what a client says when his lawyer discloses and relies on the favorable parts. Intel has done just that. Relying solely on the Weil Gotshal investigation, Intel represented to the Court at page 3 of its April 23, 2007 Report that "Intel's *investigation* has revealed no instance of deliberate deletion to deny AMD access" to any responsive information (emphasis added). Again, based on the Weil Gotshal investigation, Intel went on to assert that "nothing of any genuine significance will prove to have been lost," purportedly because the witness summaries show that anything one custodian *failed* to preserve was invariably sent to other custodians who *did* preserve it. Those two premises, which are at the very heart of Intel's defense and remediation plan, rely exclusively on sanitized summaries of custodian interviews, the veracity of which can only be tested by seeing what the 1,023 custodians actually said. Indeed, without the summaries, there is no record evidence to rebut the inference that Intel purposefully destroyed evidence and that what was not preserved has been irretrievably lost.

      This is therefore not a case where disclosure of arguably privileged material was "coerced" by the party seeking discovery or the result of some sort of "gotcha," as Intel argues. Rather, Intel knowingly and voluntarily served up portions of privileged communications, yet defends a selective privilege waiver to "deep six" the rest.

For the same reason, the interview summaries cannot be analogized to interrogatory responses, as Intel urges. Interrogatory answers are provided at the request of the discovering party; here, Intel hired Weil Gotshal to question Intel employees as part of an "internal investigation" on November 14, 2006 (Lender Decl ¶ 2) — more than three months before AMD asked for anything. Intel then filed a report with the Court affirmatively hailing the fact that it did so, and reported that its investigation concluded that nobody at Intel did anything deliberately wrong. In contrast to an internal report that a party uses to satisfy its burden of proof—which is the use Intel has made of the summaries—interrogatory answers cannot be used by the answering party to prove anything. Indeed, as to the answering party, they are inadmissible hearsay.

Given that the attorney-client privilege does not apply, the remaining question is whether these interview notes should be produced as "non-core" attorney work product. Although Intel asserts that the notes "are core work product because they necessarily reflect upon the attorneys' thoughts and mental impressions," it offers nothing but its own *ipse dixit* as proof. Moreover, if these notes are, or contain, "non-core" work product—which they assuredly do—Intel makes no case for continuing to withhold them or their non-core portions. In order to test Intel's defenses in a future sanctions proceeding, without the Weil Gotshal interview notes Plaintiffs would face the Hobson's choice of either (a) blindly accepting Intel's summary Paragraph 8 representations in lieu of the *actual* facts about custodian compliance; or (b) spending months deposing up to 1,023 Intel custodians on their preservation practices. The Rule 26(b)(3) principle of "substantial need" clearly overrides any claim of non-core work product protection here, and Intel offers nothing to suggest Plaintiffs have it wrong.

Finally, Intel insists that an *in camera* inspection is unnecessary, arguing that the notes should be deemed core work product in their entirety because the interviews did not simply follow a script and record facts but resulted from free-flowing conversations that embody what each interviewing attorney considered important. Intel Opp. at 4. If no script existed, only a remarkable coincidence could explain how a large team of Weil Gotshal attorneys, each working independently, would produce 1,023 summaries answering the same seven questions in the same order: (1) whether the custodian archived relevant email and documents; (2) whether these archives included inbound or "inbox" items; (3) whether they also included relevant outgoing or "sent" email; (4) whether the custodian regularly copied other Intel employees; (5) whether the custodian archived instant messaging ("IM"); (6) how often the custodian used IM and whether for "substantive business purposes"; and (7) the custodian's explanation for any non-compliance.

Clearly, the interview notes are not so full of attorney impressions as to be beyond the reach of discovery. No work product protection exists as to the questions asked: they are already revealed in the summary answers. If the unexpurgated notes contain other mental impressions, such as an attorney's judgment of the witness' veracity, those can be redacted out. But at a minimum, the potential that the documents record attorney impressions only means that Plaintiffs are entitled to *in camera* review to separate protected impressions from the unprotected factual material, not that they may be withheld wholesale.

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com

FLC,III/afg

cc: Clerk of the Court (By Electronic Filing)
Richard L. Horwitz, Esq. (Via Electronic Mail)
James L. Holzman, Esq. (Via Electronic Mail)