# EXHIBIT A

-----Original Message-----
From: Samuels, Mark
Sent: Thursday, January 17, 2008 4:28 PM
To: 'KKochenderfer@gibsondunn.com'; 'DSmall@CMHT.com'
Subject: Re: Draft Letter to Judge Poppiti Regarding the Weil Materials

Kay, there are summaries prepared by weil beyond what you are proposing to submit in camera. True?

----- Original Message -----
From: Kochenderfer, Kay E. <KKochenderfer@gibsondunn.com>
To: Samuels, Mark; Small, Daniel <DSmall@CMHT.com>
Sent: Thu Jan 17 16:18:49 2008
Subject: RE: Draft Letter to Judge Poppiti Regarding the Weil Materials

Mark,

By "summaries previously filed," I am referring to the Weil custodian summaries that were filed and served on a periodic basis beginning April 23, 2007, and that were the subject of the December 27, 2007 and January 3, 2008 hearings and the subject of the email chain below.

Kay

---

From: Samuels, Mark [mailto:MSamuels@OMM.com]
Sent: Thursday, January 17, 2008 12:02 PM
To: Kochenderfer, Kay E.; Small, Daniel
Subject: RE: Draft Letter to Judge Poppiti Regarding the Weil Materials

Kay, don't know what you mean by "summaries previously filed." What are you referring to?

---

From: Kochenderfer, Kay E. [mailto:KKochenderfer@gibsondunn.com]
Sent: Thursday, January 17, 2008 11:57 AM
To: Samuels, Mark; Small, Daniel
Subject: RE: Draft Letter to Judge Poppiti Regarding the Weil Materials

Mark,

1

I am responding to the three questions/issues raised in your email below.

1.  We will provide the Special Master with a copy of the summaries previously filed, reorganized in a separate Word document alphabetically since the interview notes are largely in alphabetical order.

2.  This will confirm that, after a diligent search and completion of the collection and review process, Intel will make a representation that it has provided for in camera review all interview notes and follow-up materials that reflect factual information provided by custodians during the Weil interview process. With respect to the "derivative materials," Intel will confirm its belief, based on a reasonable inquiry, that any derivative materials that exist do not contain information that is not otherwise contained in the Weil interview notes or follow-up materials.

3.  With respect to the suggestion that Intel refrain from using the transmittal letter to argue legal positions, Intel is not "arguing" that position here, but rather explaining the redaction methodology. The redaction methodology includes not marking all of the materials in their entirety with proposed redactions based on Intel's position on the attorney-client privilege. We believe it would be wasteful to make redaction markings to all of the materials in their entirety to indicate proposed attorney-client privilege redactions -- and to then make more limited proposed redactions with a different set of markings to reflect proposed core work product redactions. In order to be efficient and get the materials prepared as expeditiously as possible, we believe it makes sense to explain the methodology we currently have in place in the transmittal letter.

Kay

---

From: Samuels, Mark [mailto:MSamuels@OMM.com]
Sent: Wednesday, January 16, 2008 8:25 AM
To: Kochenderfer, Kay E.; Small, Daniel
Subject: RE: Draft Letter to Judge Poppiti Regarding the Weil Materials


Kay, will Intel be supplying not only the notes, but also the summaries? And what about the so-called "derivative materials"? We haven't received any representation about them yet (see transcript of 1/3/08 teleconference).

Finally, Kay, I would suggest that Intel refrain from using a transmittal letter to argue legal positions so as to avoid the need for response from Plaintiffs.

Thanks,
Mark

---

From: Kochenderfer, Kay E. [mailto:KKochenderfer@gibsondunn.com]
Sent: Tuesday, January 15, 2008 7:24 PM
To: Samuels, Mark; Small, Daniel
Subject: RE: Draft Letter to Judge Poppiti Regarding the Weil Materials


Mark,

2

We are still in the process of working on the proposed redactions for the materials we have collected to date and I will not know until Thursday how many will be ready to overnight on Thursday night. However, it is my anticipation that we will be able to provide interview notes for the majority of the custodians who were interviewed.

Kay

---

From: Samuels, Mark [mailto:MSamuels@OMM.com]
Sent: Tuesday, January 15, 2008 5:33 PM
To: Kochenderfer, Kay E.; Small, Daniel
Subject: RE: Draft Letter to Judge Poppiti Regarding the Weil Materials


Kay, I see a placeholder in the third paragraph. For how many custodians do you intend to provide the interview notes this week?

---

From: Kochenderfer, Kay E. [mailto:KKochenderfer@gibsondunn.com]
Sent: Tuesday, January 15, 2008 5:27 PM
To: Samuels, Mark; Small, Daniel
Subject: Draft Letter to Judge Poppiti Regarding the Weil Materials


Mark and Dan,


Pursuant to the hearing before the Special Master on January 3, 2008, I am providing you with the draft letter we have prepared to the Special Master that describes the materials we are planning to provide this Friday for in camera review in connection your motion on the Weil materials. We are currently planning to overnight the materials that are ready Thursday night for Friday delivery to the Special Master. Please let us know if you have any comments on the draft letter.


Kay


DRAFT LETTER TO JUDGE POPPITI


Dear Judge Poppiti:


    Pursuant to the hearings before your Honor on December 27, 2007 and January 3, 2008 regarding the

Weil interview notes, enclosed please find a set of materials being provided by Intel for your in camera review. As reflected in the hearing transcripts, the parties have agreed that providing the enclosed materials for in camera review will not constitute a waiver of any attorney-client or work product privileges.

The enclosed materials fall into two main categories. The first is a set of documents requested by your Honor for the purpose of evaluating whether the interviews of Intel custodians by the Weil attorneys were conducted in an attorney-client privileged context. These materials, which Intel believes establish that the interviews are protected in their entirety by the attorney-client privilege, include the following: (a) a script used by Intel paralegals during many of the initial phase of interviews of the custodians designated by Intel for production; (b) a pre-interview email sent on behalf of Intel in-house counsel to several hundred prospective interviewees in May 2007 explaining the purpose of upcoming interviews; (c) two emails from an Intel administrative assistant regarding the process of setting up interviews; (d) meeting requests collected to date that were sent to individual custodians to set up the interviews; and (e) six templates created, and sometimes used, by Weil attorneys for purposes of conducting the interviews.

The second main category of documents enclosed is a set of notes prepared by the Weil attorneys that reflect the discussion between the Weil attorney and the custodian during the respective interviews. Transmitted with this letter are interview notes for approximately [number] of the custodians, which we believe based on the collection to date represents the majority of the interview notes. Intel will continue to collect and provide your Honor with the balance of the interview notes and follow-up materials on a rolling basis, with the understanding that the process is to be completed as soon as practicable. Once Intel completes the process, Intel will have provided for in camera review all of the witness interview notes that have been located after a diligent search.

As requested by your Honor during the January 3, 2008 hearing, Intel has provided its proposed redactions in the enclosed materials. The portions of the enclosed materials that Intel believes to constitute core work product have been highlighted in yellow. In addition, Intel has highlighted certain portions of the enclosed materials in pink. These proposed redactions are those that Intel believes constitute work product and do not fit the rationale for which the materials are sought in the pending motion. As indicated in the prior hearings, Intel believes that the interview notes also are protected by the attorney-client privilege, in which case the materials would be withheld in their entirety. Intel has not highlighted the documents to reflect this position on the attorney-client privilege, but continues to assert that position on a global basis.

Finally, during the December 27, 2007 hearing, you requested information about the number and seniority of the Weil attorneys who conducted the custodian interviews. There were approximately 20 Weil attorneys involved in the interview process, although a smaller number were the primary attorneys involved in the project. In terms of seniority, two of the Weil attorneys were partners, one was of counsel, one would now be a 9th year associate, one is currently an 8th year associate, one is currently a 7th year associate, two are currently 6th year associates, six are currently at the 4th year associate level, two are currently 3rd year associates, three are currently 2nd year associates and one attorney assisted with Japanese-speaking custodians.

We will, of course, be pleased to discuss or address any issue that you wish to raise concerning these

notes. Thank you for your consideration of these matters.

Case 1:05-cv-00441-JJF    Document 495-2    Filed 01/22/2008    Page 6 of 6

"MMS <Gibsondunn.net>" made the following annotations.
------------------------------------------------------------

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
==============================================================

"MMS <Gibsondunn.net>" made the following annotations.
------------------------------------------------------------

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
==============================================================

==============================================================

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
==============================================================

"MMS <Gibsondunn.net>" made the following annotations.
------------------------------------------------------------

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.
==============================================================