**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ADVANCED MICRO DEVICES, INC. and<br>AMD INTERNATIONAL SALES & SERVICE,<br>LTD. | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | C.A. No. 05-441 (JJF) |
| v. | )<br>) | |
| INTEL CORPORATION and<br>INTEL KABUSHIKI KAISHA, | )<br>)<br>) | |
| Defendants. | ) | |
| IN RE:<br><br>INTEL CORP. MICROPROCESSOR<br>ANTITRUST LITIGATION | )<br>)<br>)<br>) | MDL Docket No. 05-1717 (JJF) |
| PHIL PAUL, on behalf of himself and<br>all others similarly situated, | )<br>)<br>) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | |
| INTEL CORPORATION, | )<br>) | |
| Defendant. | ) | |

**AMENDED NOTICE OF DEPOSITION OF TROTTER-VOGEL PRUDENTIAL REALTY**

PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6), defendant Intel Corporation will take the deposition upon oral examination of plaintiff Trotter-Vogel Prudential Realty regarding the subject matter set forth in the attached Exhibit A. In accordance with Rule 30(b)(6), Trotter-Vogel Prudential Realty shall designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf as to each of the topics set forth in the attached Exhibit A. The deposition will take place before an

authorized court reporter, commencing at 10:00 A.M. on February 8, 2008 at the offices of Bingham McCutchen LLP, Three Embarcadero Center, San Francisco, CA 94111-4067, or at such other time and place as agreed to by the parties. The deposition will continue from day to day until completed, shall be transcribed, and may be videotaped.  You are invited to attend and cross-examine the witness.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| David M. Balabanian<br>James L. Hunt<br>Christopher B. Hockett<br>BINGHAM McCUTCHEN LLP<br>Three Embarcadero Center<br>San Francisco, CA  94111-4067<br>(415) 393-2000<br><br>Richard A. Ripley<br>BINGHAM McCUTCHEN LLP<br>2020 K Street, N.W.<br>Washington, D.C.  20006<br>(202) 373-6000<br><br>Dated: February 4, 2008<br>846486v1/29282 | By: */s/ W. Harding Drane, Jr.*_____<br>   Richard L. Horwitz (#2246)<br>   W. Harding Drane, Jr. (#1023)<br>   Hercules Plaza, 6th Floor<br>   1313 North Market Street<br>   P.O. Box 951<br>   Wilmington, DE 19899-0951<br>   (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   wdrane@potteranderson.com<br><br> Attorneys for Defendant<br> INTEL CORPORATION |

**Exhibit A**

**DEFINITIONS AND INSTRUCTIONS**

1.      The term "You" shall mean plaintiff Trotter-Vogel Prudential Realty, and any past or present predecessor, successor, parent, subsidiary, division or affiliate, and all persons (as defined below) acting on its behalf including, without limitation, present and former officers, directors, employees, attorneys, agents, and representatives.

2.      The term "AMD" means Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd.

3.      The term "Class Plaintiffs" means Jerry Adamson; Benjamin J. Allanoff, Raphael Allison, Christian Ambruoso, David Arnold, Cindy Bandfield, Phillip Boeding, Elizabeth Bruderle Baran, Susan Baxley, Phillip Boeding, Brandon Brantly, Michael Brauch, Jason Brown, Mary Candelaria, Kelly Cannon, Ludy Chacon, Marvin D. Chance, Jr., Joseph Samuel Cone, Carrol Cowan, Judy Cowgill, William F. Cronin, Christine Culliton, Carl Cunningham, Paul C. Czysz, Russell Dennis, Dwight E. Dickerson, Dan Dieffenbacher, Damon DiMarco, Michael Dolan, Dan Elliot, Gideon Elliott, Terri Fabrizio, Jerome Feitelberg, Kevin Fennelly, Huston Frazier and Jeanne Cook Frazier, Angel Genese, Cheryl Glick-Salpeter, Nir Goldman, Steven J. Hamilton, Tracy Harbin, Mark Helm, Nancy Herring, Gabriella Herroeder-Perras, Michael Hetzel, Patrick J. Hewson, Trisha Higgens, Jason Hoenshell, Ron Hooper, Terri Hooper, Jose Juan, Karol Juskiewicz, Tracy Kinder, Ronald Konieczka, Henry Kornegay, Matthew Kravitz, Lawrence Lang, David E. Lipton, Leonard Lorenzo, Debbie McCauley, James McCauley,

Andrew Meimes, Stuart Munson, Peter Jon Naigow, Linda Neely, Patricia M. Niehaus, Chad Ohlrogge, Raymond A. Pacia, Phil Paul, Lee Pines, Richard Pressel, Maria I. Prohias, Paul Ramos, Michael Ruccolo, Edward Rush, Darice Russ, Napoly Salloum, Jodi Salpeter, Jay Salpeter, Kery Schneck, Stuart Schupler, Nathaniel Schwartz, Michael K. Simon, Francis H. Slattery, IV, Timothy Spears, Kevin Stoltz, Justin Suarez, Dana F. Thibedeau, Ian Walker, Robin S. Weeth, Melissa Wood, Bergerson & Associates, Inc., Dressed to Kill Custom Draperies, LLC, Fairmont Orthopedics & Sports Medicine, P.A., HP Consulting Services, Inc., Law Offices of Kwasi Asiedu, Law Offices of Laurel Stanley, Rob Marshall dba Marshall Realty, Melinda HanHarr, D.D.S., P.C., The Harman Press, Trotter-Vogel Realty, Inc. dba Prudential California Realty, and United Food and Commercial Workers Union - Local 1564, and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of the above-named individuals or business entities.

4. The term "communication" means the transmittal of information and encompasses every medium of information transmittal, including, but not limited to, oral, written, graphic and electronic communication.

5. The term "Complaint" means the First Amended Consolidated Complaint lodged by Plaintiffs against Intel in the United States District Court for the District of Delaware on May 26, 2006, case number CA No. 05-485-JJF, MDL Docket No. 05- 1717-JJF.

6. The term "computer device or product" includes without limitation desktop computers, laptop computers, workstations and servers containing an x86 microprocessor.

7. The term "Intel" means Intel Corporation and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other

representatives of Intel Corporation.

8. The term "person" means any natural person or legal entity, including, but not limited to, any corporation, partnership, proprietorship, firm, trust, association, government entity, organization or group of persons.

9. The terms "relate to," "relating to," "related to," "refer to," "referring to" or "concerning" mean constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a direct relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

10. The term "representative" means any employee, consultant, expert, attorney, contractor or other individual or entity engaged by the designated individual or entity to perform some task or assignment for the individual or entity.

11. The term "x86 microprocessor" refers to silicon chips containing a central processing unit using the x86 instruction set.

12. Any term stated in the singular includes the plural and vice versa.

13. "Any" and "each" are understood to include and encompass "all."

14. Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

**TOPICS FOR DEPOSITION**

1. The allegations in the Complaint, including all sources of information that you relied upon in preparing your Complaint, all communications between you and third parties concerning the Complaint, all communications between you and Class Plaintiffs concerning the Complaint, and all persons or third parties likely to have discoverable information related to the Complaint.

2. Your purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

3. Your sale of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

4. Any rebates relating to Your purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

5. Your purchase of any products, including without limitation printers, monitors, speaker systems, other hardware packages, or software, which where purchased contemporaneously or bundled with the purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

6. Any financing used by you to purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor, including without limitations any sales promotions permitting deferred interest payments.

7. With respect to your purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor:

   (1) the brand and type of x86 microprocessor;

   (2) the brand and model of product containing the x86 microprocessor if applicable;

   (3) the exact date of purchase;

   (4) the amount paid only for the x86 microprocessor, or computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor;

   (5) the name and location of the retailer; and

   (6) any rebate offered in connection with your purchase of an x86 microprocessor, or computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

 8. Your policies, standards, or guidelines relating to your procurement or purchase of any x86 microprocessor, computer device or product, or Microsoft's Xbox™ containing an x86 microprocessor.

 9. Your communications and relationship with AMD.

 10. Your communications and relationship with Intel.

 11. Your communications and relationship with any original equipment manufacture ("OEM") of computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.

 12. Your communications and relationship with any distributors of x86 microprocessors, computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.

 13. Your communications and relationship with any retailers of x86 microprocessors, computer devices or products, or Microsoft's Xbox™ containing an x86 microprocessor.