# EXHIBIT 1

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Northern DISTRICT OF Illinois

Advanced Micro Devices, Inc., and
AMD International Sales & Services, Ltd.

V.

Intel Corporation and Intel Kabushiki Kaisha

In Re: Intel Corp Microprocessor Antitrust Litigation

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-441-JJF, MDL 05-1717-JJF
United States District Court; District of Delaware

TO: Research International
222 Merchandise Mart Plaza
Suite 275
Chicago, IL 60654-1003

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

For a description of the documents requested, please see Schedule A attached to this subpoena.

| PLACE  Howrey, LLP, 321 North Clark Street, Suite 3400, Chicago, IL 60610 | DATE AND TIME |
|---|---|
|  | 3/5/2008 5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    DATE 1/4/08

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Laura S. Shores, Esq.
Howrey LLP, 1299 Pennsylvania Avenue, N.W., Washington, DC 20004  (202) 783-0800

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

AO 88 (Rev 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED: | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(D) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

American LegalNet, Inc.
www.FormsWorkflow.com

## SCHEDULE A

### DEFINITIONS

In addition to the definitions set forth in Rule 26 of the Federal Rules of Civil Procedure, the following definitions apply to each of the following requests:

1. The term "AMD" means Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents, and other representatives of Advanced Micro Devices, Inc., and AMD International Sales & Service, Ltd.

2. The term "RI" means Research International located at 222 Merchandise Mart Plaza, Suite 275, Chicago, Illinois, 60654-1003, and any parent, subsidiary or affiliate entities, as well as the owners, partners, officers, directors, employees, agents and other representatives of RI.

3. The term "person" means any natural person or legal entity, including, but not limited to, any corporation, partnership, proprietorship, firm, trust, association, government entity, organization or group of persons.

4. The term "customer" means any actual or potential purchaser of microprocessors or computer systems that incorporate microprocessors, including, but not limited to original equipment manufacturers ("OEMs"), distributors, retailers, dealers, original design manufacturers ("ODMs"), system builders, distributors, assemblers, and resellers.

5. The term "communication" means the transmittal of information and encompasses every medium of information transmittal, including, but not limited to, oral, written, graphic and electronic communication.

6. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy constitutes a separate document within the meaning of the term.

7. The terms "relate to," "relating to," "related to," and "concerning" mean constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a direct relationship to or in any way being factually, legally or logically connected to, in whole or in part, the stated subject matter.

8. Any term stated in the singular includes the plural and vice versa.

9. "Any" and "each" are understood to include and encompass "all."

10. Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

## INSTRUCTIONS

The following instructions apply to the document requests below and should be considered as part of each such request:

1. Furnish all responsive documents prepared, generated, created and/or received from April 1, 2000 through the present, and which are in your possession, custody or control or in the possession, custody or control of your representatives and agents, including all former and current counsel.

2. This document request requires the production of all original documents, all non-identical copies of such documents, all versions of such documents, and any preliminary drafts thereof that are within your possession, custody, or control or in the possession or control of your representatives and agents, including all former and current counsel.

3. This request requires the production of electronic documents. To the extent both identical paper and electronic versions of a document may exist, please produce only the electronic versions of the document at this time. Intel, however, reserves the right to later request the paper version of the document.

4. If any portion of a document is responsive to any request, the entire document must be produced including any attachments.

5. With respect to any responsive documents which you decline to produce because of a claim of privilege, provide the following information as to each document: the date, author and type of document; the names and job titles of the persons to whom the document was sent; a summary of the content of the document; and a detailed description of the grounds for the claim of privilege.

6. All documents that respond, in whole or in part, to any part of any request herein, should be produced in their entirety, in unredacted form, including all attachments and enclosures, as they are kept in the ordinary course of business. If any information specified in any request appears on any page of any document, all pages of the document should be produced in response to the request. To the extent you redact any document covered by this discovery request, furnish a list specifying: (a) the document and pages redacted; (b) the nature of the material redacted, and (c) the basis of the redaction.

7. The scope of each individual document request herein does not limit, and should not be construed as limiting, the scope of any other document request herein.

8. The document requests herein shall be deemed continuing requests, and you must supplement your answers promptly if and when you obtain, create, discover, or become aware of additional documents relevant to any of these requests.

### DOCUMENTS REQUESTED

1. All documents concerning or relating to any research, marketing, and/or advertising services performed by RI for AMD, including but not limited to services relating to the AMD brand, AMD's image in the marketplace, and/or AMD's performance in the marketplace relative to its competitors.

2. All documents concerning or relating to services performed by RI for AMD, including but not limited to:

3

      a.    interviews with customers, industry analysts, business partners, and/or AMD employees, including any recordings, transcripts or notes made of such interviews relating to AMD, the AMD brand, AMD product performance or AMD marketing campaigns;

      b.    customer surveys, studies, analyses, or other customer information or data compilations;

      c.    reports or recommendations prepared by RI as a result of its research, marketing, and/or advertising efforts, including all drafts, notes or internal communications prepared by RI regarding such reports or recommendations.

3.    All documents concerning or relating to any communications with or about AMD, including but not limited to those communications relating to the AMD brand, AMD's image in the marketplace, and/or AMD's performance in the marketplace relative to its competitors.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, W. Harding Drane, hereby certify that on February 4, 2008, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Jesse A. Finkelstein
Frederick L. Cottrell, III
Chad M. Shandler
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on February 4, 2008, I have Electronically Mailed the documents to the following non-registered participants:

Charles P. Diamond
Linda J. Smith
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
cdiamond@omm.com
lsmith@omm.com

Mark A. Samuels
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
msamuels@omm.com

Salem M. Katsh
Laurin B. Grollman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway, 22nd Floor
New York, New York 10019
skatsh@kasowitz.com
lgrollman@kasowitz.com

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Allyson B. Baker
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com
abaker@cmht.com

| | |
|---|---|
| Thomas P. Dove<br>Alex C. Turan<br>The Furth Firm LLP<br>225 Bush Street, 15th Floor<br>San Francisco, CA 94104<br>tdove@furth.com<br>aturan@furth.com | Steve W. Berman<br>Anthony D. Shapiro<br>Hagens Berman Sobol Shapiro, LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101<br>steve@hbsslaw.com<br>tony@hbsslaw.com |
| Guido Saveri<br>R. Alexander Saveri<br>Saveri & Saveri, Inc.<br>111 Pine Street, Suite 1700<br>San Francisco, CA 94111<br>guido@saveri.com<br>rick@saveri.com | Michael P. Lehman<br>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.<br>One Embarcadero Center, Suite 526<br>San Francisco, CA 94111<br>mlehmann@cmht.com |

By:   /s/ W. Harding Drane, Jr.
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com

738395 / 29282

2