

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

March 6, 2008

**VIA ELECTRONIC FILING, E-MAIL AND BY HAND**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

    Re:    *Advanced Micro Devices, Inc., et al. v. Intel Corp., et al.*, C.A. No. 05-441-JJF; *In re Intel Corporation*, C.A. No. 05-MD-1717-JJF; and *Phil Paul, et al. v. Intel Corporation*, C.A. No. 05-485-JJF; DM 9

Dear Judge Poppiti:

    Intel hereby submits this brief letter to address one portion of AMD's "reply" in support of its "counter-motion" to Intel's request for a conference to discuss entry of a further case management order addressing the taking of depositions in this matter. AMD's games playing here in general – rejecting Intel's proposal to file simultaneous proposals, with replies, in favor of its contrived "counter-motion" with an additional "reply" – is amplified by its tactic of improperly submitting "secret" evidence. Specifically, AMD states in its reply that "should there be any doubt [that its arguments concerning deposition numbers are correct], **we lodge *in camera* with this reply our current working version of a "must-have" Intel deponent list.**" (AMD Reply at p. 2) (emphasis added).

    Intel objects to this tactic – which is nothing more than engaging in ex parte argument, seeking the court to adopt its position by relying upon information to which Intel can neither see nor respond. AMD presumably believes its tactic is appropriate because it believes its list of deponents is entitled to work product protection. Whatever protection AMD's deponent list might have had was lost when it decided to use it as an important part of its reply seeking action by this court. It is well-established that "[a] claim of work product immunity is lost when the attorney discloses the information to the court voluntarily." *Fox v. Taylor Diving & Salvage Co.*, 694 F.2d 1349, 1356 (5th Cir. 1982); *accord Shields v. Sturm*, 864 F.2d 379, 382 (5th Cir. 1989). *See also Westinghouse Electric Corp. v. The Republic of the Philippines*, 951 F.2d 1414, 1429-1430 (3d Cir. 1991) (voluntary disclosure of material to the SEC waived work product protection). Nor can a party use work product as a sword and a shield.

The Honorable Vincent J. Poppiti
March 6, 2008
Page 2

AMD's tactic of purporting to unilaterally submit the materials "*in camera*" simply reflects further overreaching. The Special Master here (and in any case) does not share a "common interest" with AMD, and does not have any duties of confidentiality to AMD; in fact, the Special Master has an obligation of transparency to the parties, with certain limited exceptions. In camera submissions are reserved for situations where one party is requesting production of materials another party is claiming are privileged or work product, and the Court concludes it is reasonably necessary to review the materials before making the judgment. *See United States v. Zolin,* 491 U.S. 554, 568-569 (1989) (finding that disclosure of privileged materials in camera for the purpose of determining whether the privilege applies does not waive the privilege); *see Pfizer v. Ranbaxy Laboratories Ltd.*, 2004 U.S. Dist. LEXIS 20948 (D.Del. 2004) (conducting in camera review of documents to determine applicability of crime fraud exception). "Private parties have no authority to dictate the manner in which the federal courts conduct judicial proceedings," *Kyocera Corp. v. Prudential Bache T. Serv.*, 341 F.3d 987, 1003 (9th Cir. 2003), and AMD does not have the right to unilaterally decide when it can submit evidence "*in camera.*"

AMD's attempt to prevent Intel from receiving and responding to its full submission has no legal basis. Under the Federal Rules, AMD has the burden of showing good cause to obtain the huge numbers of depositions it seeks. By providing the court its proposed names, but not Intel, AMD is preventing Intel from explaining why those individuals are unnecessary or cumulative. This prejudices Intel and is fundamentally unfair. Nor can AMD, having submitted the list and made it a central part of its argument, withdraw it. Intel therefore requests that it be provided with the entirety of AMD's submission promptly and an opportunity to respond. In addition, Intel requests that the Special Master make clear that the tactics employed in this motion are not repeated, so that the process which has worked properly to date is not bogged down with the "counter-motion" tactic adopted here.

Respectfully,

*/s/ Richard L. Horwitz*

Richard L. Horwitz (#2246)

RLH/mho

cc:  Charles Diamond, Counsel for AMD (via electronic mail)
     Michael Hausfeld, Interim Class Counsel (via electronic mail)
     Frederick L. Cottrell, III, Esquire (via electronic mail)
     James L. Holzman, Esquire (via electronic mail)

#853237/29282