IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**[PROPOSED] ORDER RE PROCEDURES RELATED TO REDACTED DOCUMENTS**

During the telephonic hearing on February 26, 2008, the Special Master suggested to counsel for Intel a process for communicating to Intel potential redactions of interview notes created by Weil Gotshal firm that were presented for *in camera* review. This order sets forth the procedure that the Special Master and counsel for Intel will follow to create a redacted set of the

notes for potential production of the Weil interview notes, should the Special Master issue such a ruling. This order, however, is limited to the process of creating a redacted set of notes for any potential production and does not constitute a ruling on AMD's motion regarding the Weil interview materials.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. Counsel for Intel will arrange for Parcels, Incorporated ("Parcels") to pick up the binders submitted by Intel for *in camera* review that include the Special Master's highlighting. It is understood by the Special Master and the parties that Parcels has a client relationship with Intel alone for the purposes of copying these binders. Parcels shall be bound by the requirements of the protective order in place in this action and shall not provide access to these documents to any party other than counsel for Intel.

2. Once the documents are copied, Parcels shall return the original set to the Special Master and provide the copy sets to counsel for Intel.

3. Intel will then create a redacted set of the documents that were submitted for *in camera* review in conformity with the highlighting made by the Special Master. The redacted set of documents shall have no highlighting on them.

4. The Special Master recognizes that this project will require a significant amount of highly detailed work. Accordingly, Intel shall have until _____, 2008 to complete the redactions.

5. If, during the process of making the redactions, Intel has any questions regarding the Special Master's ordered redactions or if Intel discovers additional text that it believes should be redacted in conformity with the Special Master's guidelines, Intel may address those

questions to the Special Master on March 24th or March 25th, 2008, at an in-person, *ex parte* hearing on the record at the offices of Blank Rome. Should any additional questions arise thereafter, counsel for Intel shall promptly inform the Special Master and request a telephonic conference.

      6.    This order governing the process by which the redactions shall be made does not constitute an order requiring production of any materials, nor does it constitute an order regarding what information in the materials shall be redacted. The Special Master recognizes that Intel had not waived the right to object to any of the decisions of the Special Master in connection with the redactions and/or the production of the Weil interview notes and that the time period to object to any such decisions shall not begin to run until the Special Master issues a written order ruling on AMD's motion concerning requiring the production of the Weil materials. Intel specifically reserves the right to object to any such rulings for production of the Weil materials to the Court.

      SO ORDERED this ___ day of March 2008.

                                                  Vincent J. Poppiti (#100614)
                                                  Special Master