**RICHARDS, LAYTON & FINGER**
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX: (302) 651-7701
WWW.RLF.COM

STEVEN J. FINEMAN

DIRECT DIAL NUMBER
302-651-7592
FINEMAN@RLF.COM

March 7, 2008

**BY ELECTRONIC MAIL AND BY HAND DELIVERY**
The Honorable Vincent J. Poppiti
Special Master
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

Re:  *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.*, C.A. No. 05-441-JJF; *In re Intel Corporation*, C.A. No. 05-1717-JJF; *Phil Paul, et al. v. Intel Corporation*, C.A. 05-485-JJF

Dear Judge Poppiti:

This will respond to Intel's letter to Your Honor of March 6, 2008 objecting to the *in camera* submission we made in support of our cross-motion for establishment of a "deposition window" and Your Honor's e-mail of yesterday regarding the fact that Your Honor had not received or reviewed it.

In making the *in camera* submission, we intended only to provide the Special Master with information that we thought might be helpful to considering the deposition issue that, in AMD's view, is critical to its ability to prove its case, while continuing to preserve work product protection for our core work product material. Contrary to Intel's suggestion otherwise, the *in camera* submission of work product protected material for an appropriate purpose does not result in a waiver of the work product protection. *See e.g., S.E.C. v. Lavin*, 111 F. 3d 921, 933 fn. 15 (D.C. Cir. 1997) (rejecting suggestion that uninvited submission of privileged transcripts to court for review constituted waiver); *United States v. Zolin*, 491 U.S. 554, 568-69 (privileges survive *in camera* review); *In re Perrigo Co.*, 128 F. 3d 430, 441 (6th Cir. 1997) (no waiver of attorney-client privilege by submitting documents to the court for *in camera* review); *Burlington N.R. Co v. Omaha Pub. Power Dist.*, 888 F. 2d 1228, 1232 (8th Cir. 1989) (contract alleged to be trade secret could be reviewed *in camera* without revealing trade secret); *see also Anderson v. Dep't of Health and Human Serv.*, 907 F. 2d 936, 942 (10th Cir. 1990) (*in camera* review by court of documents to determine if material could be released to public under the Freedom of Information Act ("FOIA") does not equate with release to the public).

That being said, there are enough issues currently before Your Honor and no pressing need to add to the queue. For that reason, we hereby accept Your Honor's invitation to withdraw the *in camera* submission.

RLF1-3260542-1

The Honorable Vincent J. Poppiti
March 7, 2008
Page 2

      Intel's suggestion that we have played procedural games in the briefing on these motions is both untrue and unfair. Though curiously styled as something different, Intel essentially moved for the imposition of deposition limits. AMD and Class Plaintiffs opposed and, as we warned Intel we might do, we moved in the alternative for the establishment of a deposition window. Intel opposed this alternative motion and we replied. Except for page limits, as to which both sides took liberties, briefing has followed both the spirit and the letter of the Court's June 28, 2006 Order re Procedures.

      Respectfully,

      */s/ Steven J. Fineman*

      Steven J. Fineman (#4025)

SJF/afg

cc:    Clerk of the Court (By Electronic Filing)
       Richard L. Horwitz, Esquire (Via Electronic Mail)
       James L. Holzman, Esquire (Via Electronic Mail)

RLF1-3260542-1