IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>　　　　　　　　　Defendants. | )<br>)<br>)  C. A. No. 05-441 JJF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| IN RE:<br><br>INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | )<br>)  C. A. No. 05-MDL-1717-JJF<br>)<br>) |

## NOTICE OF SERVICE

TO:　　Richard L. Horwitz, Esquire　　　　　James L. Holzman, Esquire
　　　　Potter Anderson & Corroon LLP　　　Prickett, Jones & Eliott, P.A.
　　　　1313 North Market Street　　　　　　1310 King Street
　　　　P. O. Box 951　　　　　　　　　　　P.O. Box 1328
　　　　Wilmington, DE  19899　　　　　　　Wilmington, DE 19899-1328

　　　　Darren B. Bernhard, Esquire　　　　　Daniel A. Small, Esquire
　　　　Howrey LLP　　　　　　　　　　　Cohen Milstein, Hausfeld & Toll, L.L.C.
　　　　1299 Pennsylvania Avenue, N.W.　　1100 New York Avenue, N.W.
　　　　Washington, DC 20004-2402　　　　Suite 500 - West Tower
　　　　　　　　　　　　　　　　　　　　Washington, DC 20005

　　　　Robert E. Cooper, Esquire
　　　　Daniel S. Floyd, Esquire
　　　　Gibson, Dunn & Crutcher, LLP
　　　　333 South Grand Avenue
　　　　Los Angeles, CA 90071-3197

RLF1-3262847-1

PLEASE TAKE NOTICE that true and correct copies of the attached Objections of Third Party Tallman Insights, Inc. To Intel Corporation's and Intel Kabushiki Kaisha's Subpoena Issued to Tallman Insights were caused to be served on March 13, 2008 on counsel of record in the manner indicated:

**BY HAND DELIVERY**
Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

**BY ELECTRONIC MAIL**
Robert E. Cooper, Esquire
Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

**BY HAND DELIVERY**
James L. Holzman, Esquire
Prickett, Jones & Eliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328

**BY ELECTRONIC MAIL**
Darren B. Bernhard, Esquire
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

**BY ELECTRONIC MAIL**
Daniel A. Small, Esquire
Cohen Milstein, Hausfeld & Toll, L.L.C.
1100 New York Avenue, N.W.
Suite 500 - West Tower
Washington, DC 20005

Of Counsel:
Charles P. Diamond
Linda J. Smith
O'Melveny & Myers, LLP
1999 Avenue of the Stars
7th Floor
Los Angeles, CA 90067-6035
(310) 553-6700

Mark A. Samuels
O'Melveny & Myers, LLP
400 South Hope Street
Los Angeles, 90071
(213) 430-6340

Dated: March 13, 2008

*/s/Steven J. Fineman*
Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Finkelstein@rlf.com
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com
Attorneys for Plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | ) ) ) ) Civil Action No. 05-441 JJF ) ) ) ) ) ) ) ) ) ) ) ) |
| IN RE:<br><br>INTEL CORPORATION | ) ) Civil Action No. 05-MD-1717-JJF ) |

## OBJECTIONS OF THIRD PARTY TALLMAN INSIGHTS, INC. TO INTEL CORPORATION'S AND INTEL KABUSHIKI KAISHA'S SUBPOENA ISSUED TO TALLMAN INSIGHTS, INC.

Pursuant to the Federal Rules of Civil Procedure, including Rules 26 and 45, and the Local Rules of the United States District Court for the District of Delaware, third party Tallman Insights, Inc. ("Tallman Insights") hereby objects to the subpoena served upon Tallman Insights by defendants Intel Corporation and Intel Kabushiki Kaisha (collectively, "Intel").

### GENERAL OBJECTIONS

Tallman Insights asserts the following General Objections in response to each and every Request in the subpoena, whether or not they are separately stated in each response:

1. Tallman Insights objects to each and every Request, and to the subpoena in its entirety, to the extent that these Requests seek information protected by the attorney-client

privilege and work product privileges, and other applicable privileges and protections. Tallman Insights will not provide any such privileged or protected information.

2. Tallman Insights objects to each and all of Intel's purported "Instructions" to the extent they purport to impose obligations that are unauthorized by, additional to, or inconsistent with Rules 26 or 45 of the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Delaware. Tallman Insights will not comply with any such unauthorized, additional, or inconsistent instructions.

3. Tallman Insights objects to each and every Request to the extent it calls for information that contains or reveals trade secrets or other confidential research, development, commercial, financial, or personnel information, which, if disclosed or disseminated without restriction to Intel or third parties, could adversely impact AMD's or Tallman Insights's business. Tallman Insights will not produce any such confidential information except pursuant to the protective order in place in this action.

4. Tallman Insights objects to each and every Request to the extent it calls for information held subject to contractual or other legal obligations of confidentiality owed to its employees, clients, customers, or other third parties. Tallman Insights will not produce any such third party confidential information except pursuant to the protective order.

5. Tallman Insights objects to the Requests as unduly burdensome, oppressive, unreasonable, overly broad, and exceeding the scope of allowable discovery from a third party.

6. Tallman Insights objects to the Requests as unduly burdensome, oppressive, unreasonable, overly broad, and exceeding the scope of allowable discovery from a third party to the extent it seeks documents that are in the possession, custody or control of parties to the litigation and the reliability of those documents is not in dispute.

7. Tallman Insights further objects to each and every request to the extent that it is not limited to documents reasonably in Tallman Insights's possession custody or control. If Tallman Insights is required to produce documents pursuant to Intel's subpoena, it will undertake to produce only those documents within its possession, custody or control, that it is able to locate after a reasonable search.

8. Tallman Insights objects to Intel's definition of the word "AMD" as vague, ambiguous, and overbroad. Using that definition renders these Requests unduly burdensome, and results in their seeking information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

9. Tallman Insights objects to Intel's definition of the word "Tallman" as vague, ambiguous, and overbroad. Using that definition renders these Requests unduly burdensome, and results in their seeking information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

10. Tallman Insights objects to Intel's definition of the word "customer" as vague, ambiguous, and overbroad. Using that definition renders these Requests unduly burdensome, and results in their seeking information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

11. Tallman Insights objects to Intel's definition of the words "relate to," "relating to," related to" and "concerning," as vague, ambiguous, and overbroad. Using that definition renders these Requests unduly burdensome, and results in their seeking information that is not relevant to the claim or defense of any party or reasonably calculated to lead to the discovery of admissible evidence.

12. Tallman Insights objects to Instruction 1 and to each and every request for production as unduly burdensome, oppressive, unreasonable and overly broad, and exceeding the scope of allowable discovery from a third party to the extent that the time period set forth in Instruction 1 seeks to require Tallman Insights to produce documents created from "April 1, 2000 through the present". Based on the agreement between Tallman Insights and Intel, Tallman Insights will produce responsive, non-privileged documents created from April 1, 2000 to December 31, 2007. Intel has the right to seek discrete sets of responsive, post-December 31, 2007 documents, upon a showing of good cause.

13. Tallman Insights objects to Instruction 3 as unduly burdensome, vexatious and unreasonable to the extent Intel seeks to reserve the right to later come back to a third party to request paper copies of documents that have already been provided in electronic format.

14. Tallman Insights objects to Instruction 5 on the grounds that the information requested for a privilege log is unduly burdensome. Tallman Insights bases these responses on the assumption that Intel does not intend to seek documents or information protected against discovery by the attorney-client privilege, work product rule, or any other applicable privilege. Based on that assumption, Tallman Insights will not prepare a privilege log.

15. Tallman Insights objects to Instruction 6 on the grounds that the information requested for a list of redactions made from any document that is produced is unduly burdensome and unreasonable. Tallman Insights will not supply such a list.

16. Tallman Insights objects to Instruction 8 and to each and every request for production as unduly burdensome, oppressive, unreasonable and overly broad, and exceeding the scope of allowable discovery from a third party to the extent that Instruction 18 seeks to deem these "continuing requests" and to require Tallman Insights to supplement its responses to this

subpoena. Based on the agreement between Tallman Insights and Intel, Tallman Insights will produce responsive, non-privileged documents created from April 1, 2000 to December 31, 2007. Intel has the right to seek discrete sets of responsive, post-December 31, 2007 documents, upon a showing of good cause.

17. Tallman Insights objects to the Requests in that they seek information that is neither relevant to the claims or defenses of a party nor reasonably likely to lead to the discovery of admissible evidence, and information that, even if it were relevant, could be obtained from other sources.

18. Many of the documents requested may be responsive to multiple requests, and Tallman Insights objects to each and every request on the grounds that each such request is unduly burdensome, vexatious and oppressive.

19. Tallman Insights further objects to the time and place of production identified in the subpoena. Instead, responsive documents will be produced under mutually acceptable conditions at a mutually acceptable date, time and location.

20. Tallman Insights would be willing, and hereby offers, to continue to meet and confer with Intel about Intel's Requests and Tallman Insights' objections.

## RESPONSES TO REQUESTS

**REQUEST NO. 1:**

All documents concerning or relating to any research, marketing, and/or advertising services performed by Tallman for AMD, including but not limited to services relating to the AMD brand, AMD's image in the marketplace, and/or AMD's performance in the marketplace relative to its competitors.

**RESPONSE TO REQUEST NO. 1:**

Tallman Insights incorporates its General Objections into this Response as if fully set forth herein. Tallman Insights further objects to this Request on the ground that it is compound, vague and ambiguous, overbroad, and unduly burdensome. Tallman Insights also objects to this Request on the ground that it calls for the production of documents and information that is neither relevant to the claims or defenses of a party, nor reasonably likely to lead to the discovery of admissible evidence. Tallman Insights further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine and other applicable privileges and protections. Tallman Insights further objects to this Request to the extent that it seeks the production of documents containing proprietary or confidential business information, trade secrets, or other sensitive information concerning Tallman Insights.

Subject to and without waiving the foregoing, Tallman Insights will produce non-privileged documents, located after a reasonable search of its files of work done for AMD, that are responsive to this request, except that Tallman Insights will not produce documents related to its costs for work done for AMD unless those documents were provided to AMD.

**REQUEST NO. 2:**

All documents concerning or relating to any "direct-mailing" campaigns, online advertising programs, print advertising programs, and/or multimedia video displays implemented for AMD.

**RESPONSE TO REQUEST NO. 2**:

Tallman Insights incorporates its General Objections into this Response as if fully set forth herein. Tallman Insights further objects to this Request on the ground that it is compound, vague and ambiguous, overbroad, and unduly burdensome. Tallman Insights also objects to this Request on the ground that it calls for the production of documents and information that is neither relevant to the claims or defenses of a party, nor reasonably likely to lead to the discovery of admissible evidence. Tallman Insights further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine and other applicable privileges and protections. Tallman Insights further objects to this Request to the extent that it seeks the production of documents containing proprietary or confidential business information, trade secrets, or other sensitive information concerning Tallman Insights.

Subject to and without waiving the foregoing, Tallman Insights will produce non-privileged documents, located after a reasonable search of its files of work done for AMD, that are responsive to this request, except that Tallman Insights will not produce documents related to its costs for work done for AMD unless those documents were provided to AMD.

LA2:856462.2

**REQUEST NO. 3:**

All documents concerning or relating to services performed by Tallman for AMD, including but not limited to:

a. interviews with customers, industry analysts, business partners, and/or AMD employees, including any tapes, transcripts or notes taken of such interviews relating to AMD, the AMD brand, AMD product performance or AMD marketing campaigns;

b. customer surveys, studies, analyses, or other customer information or data compilations;

c. reports or recommendations prepared by Tallman as a result of its research, marketing, and/or advertising efforts, including all drafts, notes or internal communications prepared by Tallman regarding such reports or recommendations.

**RESPONSE TO REQUEST NO. 3:**

Tallman Insights incorporates its General Objections into this Response as if fully set forth herein. Tallman Insights further objects to this Request on the ground that it is compound, vague and ambiguous, overbroad, and unduly burdensome. Tallman Insights also objects to this Request on the ground that it calls for the production of documents and information that is neither relevant to the claims or defenses of a party, nor reasonably likely to lead to the discovery of admissible evidence. Tallman Insights further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine and other applicable privileges and protections. Tallman Insights further objects to this Request to the extent that it seeks the production of documents containing proprietary or confidential business information, trade secrets, or other sensitive information concerning Tallman Insights.

LA2:856462.2

Subject to and without waiving the foregoing, Tallman Insights will produce non-privileged documents, located after a reasonable search of its files of work done for AMD, that are responsive to this request, except that Tallman Insights will not produce documents related to its costs for work done for AMD unless those documents were provided to AMD.

**REQUEST NO. 4:**

All documents concerning or relating to any communications with or about AMD, including but not limited to those communications relating to the AMD brand, AMD's image in the marketplace, and/or AMD's performance in the marketplace relative to its competitors.

**RESPONSE TO REQUEST NO. 4:**

Tallman Insights incorporates its General Objections into this Response as if fully set forth herein. Tallman Insights further objects to this Request on the ground that it is compound, vague and ambiguous, overbroad, and unduly burdensome. Tallman Insights also objects to this Request on the ground that it calls for the production of documents and information that is neither relevant to the claims or defenses of a party, nor reasonably likely to lead to the discovery of admissible evidence. Tallman Insights further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine and other applicable privileges and protections. Tallman Insights further objects to this Request to the extent that it seeks the production of documents containing proprietary or confidential business information, trade secrets, or other sensitive information concerning Tallman Insights.

Subject to and without waiving the foregoing, Tallman Insights will produce non-privileged documents, located after a reasonable search of its files of work done for AMD, that

are responsive to this request, except that Tallman Insights will not produce documents related to its costs for work done for AMD unless those documents were provided to AMD.

**REQUEST NO. 5:**

All documents concerning or relating to any services performed by Tallman Insights for AMD relating to AMD's enterprise customers.

**RESPONSE TO REQUEST NO. 5:**

Tallman Insights incorporates its General Objections into this Response as if fully set forth herein. Tallman Insights further objects to this Request on the ground that it is compound, vague and ambiguous, overbroad, and unduly burdensome. Tallman Insights also objects to this Request on the ground that it calls for the production of documents and information that is neither relevant to the claims or defenses of a party, nor reasonably likely to lead to the discovery of admissible evidence. Tallman Insights further objects to this Request to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine and other applicable privileges and protections. Tallman Insights further objects to this Request to the extent that it seeks the production of documents containing proprietary or confidential business information, trade secrets, or other sensitive information concerning Tallman Insights.

Subject to and without waiving the foregoing, Tallman Insights will produce non-privileged documents, located after a reasonable search of its files of work done for AMD, that

LA2:856462.2

are responsive to this request, except that Tallman Insights will not produce documents related to its costs for work done for AMD unless those documents were provided to AMD.

Dated: March 13, 2008

_____
Clarke Heidrick
   cheidrick@gdhm.com
Edward S. McHorse
   emchorse@gdhm.com
Graves Dougherty Hearon & Moody, P.C.
401 Congress Avenue, Suite 2200
Austin, Texas 78701
(512) 480-5600
Attorneys for Non-Party Tallman Insights

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and have sent by Hand Delivery to the following:

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

James L. Holzman, Esquire
Prickett, Jones & Eliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328

I hereby certify that on March 13, 2008, I have sent by Electronic Mail, the foregoing document to the following non-registered participants:

Darren B. Bernhard, Esquire
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Daniel A. Small, Esquire
Cohen Milstein, Hausfeld
& Toll, L.L.C.
1100 New York Avenue, N.W.
Suite 500 - West Tower
Washington, DC 20005

Robert E. Cooper, Esquire
Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
fineman@rlf.com

RLF1-3262847-1