IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware Corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware Corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED |

*CONFIDENTIAL – FILED UNDER SEAL*

**SPECIAL MASTER'S FINDINGS AND RECOMMENDATIONS
REGARDING THE DECLARATION OF DAVID J. LENDER (DM 4A)**

During the April 17, 2008 teleconference the Special Master posed two questions to Intel's counsel with respect to Intel's proposed redactions. The Special Master will address them *seriatim*.

The first question related to Intel's proposed redactions of all information referring to someone searching or copying the custodian's computer, hard copies and/or office. With respect

to information, Intel in some instances proposed that the information was core and in others that it was not relevant. (Feb. 13, 2008 Tr. 17-21; April 17, 2008 Tr. 8-9). The Lender declaration at ¶3 states:

> Based upon my review of the notes, my instructions to the team of Weil Gotshal attorneys conducting the interviews, and my communications with the Weil Gotshal attorneys' throughout this process it is generally my understanding that: (1) references to a "computer" being searched would include harvesting of electronic files on the custodian's computer as well as the custodian's e-mail; (2) references to "hard copy" documents most likely included only non-electronic documents in that custodian's possession; and (3) references to an "office" being searched would include the harvesting of electronic files on that custodian's computer and the custodian's e-mail.

It is Intel's burden to establish that the information is either core work-product or that it is not, ("Relevant information [which] appears reasonably calculated to lead to the discovery of admissible evidence."). *Houndstermaatschaapy BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1439 (D. DEL. 1989); *US v. Rockwell Intern*, 897 F.2d 1255, 1265 (3d. Cir. 1990). F. R. Civ. P. 26(b)(1).

The Lender declaration couched in the terms of "generally", "most likely" and "may have", simply stated misses the mark. It is Intel's burden to establish the claims of core work-product and/or the failure to meet the F. R. Civ. P. 26(b)(1) benchmark with respect to each entry. The Lender declaration makes no effort to do so.

The Special Master concludes that Intel has failed to carry its burden, and therefore, all references to offices searching or copying the custodian's computer, hard copies or office shall be produced.

The second question related to information appearing under the heading of "Background Information." The Special Master observed to counsel for Intel:

> [Y]our posed redaction of "background information." . . . you stated that you believed this information was not from the [interviewee],[1] but "was information received from someone at Intel prior to the interview, as background information."

(April 17, 2008 Tr. 11, 14-21). With respect to this information, Intel proposed that the information was core work-product. The Lender declaration at ¶5 states:

> The information that appears under these headings is generally not information obtained from the particular custodian during the interview with the Weil attorney. Rather, it is information that the Weil attorney gathered from Intel or another privileged source prior to the interview.

In the Special Master's view, Mr. Lender's choice of the word "generally" to initially describe the "Background Information" makes his latter more precise description less than "precise and certain" to carry Intel's burden. *International Paper Co. v. Fibreboard Corp.*, 63 F.R.D. 88, 94 (D. Del. 1974).

The Special Master concludes that Intel has failed to carry its burden, and therefore, all background information shall be produced.

IT IS THEREFORE, HEREBY RECOMMENDED THAT:

(a)    Intel's request to redact the above referenced material be DENIED.

(b)    Production shall occur consistent with the Special Master's Report and Recommendation (DM 4A) filed contemporaneously herewith.

ENTERED THIS _9rd_ DAY OF May, 2008

_____
Vincent J. Poppiti (Del Bar ID No. 100614)
Special Master

---

[1]    Although the transcript reads "interviewer" and no errata was proposed by either Intel or the Special Master, the intent of the question was to focus on information from the "interviewee".