**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | )<br>)<br>)<br>)<br>)<br>) | MDL No 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a<br>Delaware corporation, and AMD<br>INTERNATIONAL SALES & SERVICES, LTD.,<br>a Delaware corporation,<br><br>                 Plaintiffs,<br><br>    v.<br><br>INTEL CORPORATION, a Delaware corporation,<br>and INTEL KABUSHIKI KAISHA, a Japanese<br>corporation,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>                 Plaintiffs,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>                 Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**STIPULATION AND PROPOSED CASE MANAGEMENT ORDER NO. 4**

WHEREAS, on May 16, 2006 the Court entered Case Management Order No. 1 (D.I. 123 in Docket 05-441 JJF), establishing a December 31, 2006 cut-off date for the exchange of party documents, subject to one reasonable agreed-upon extension; and

WHEREAS, on May 17, 2006, the Court approved the parties' Proposed Order Regarding Document Production (D.I. 122) (hereafter the "Custodian Stipulation"), which among other things, established a custodian approach to the production of party documents, set various numerical limits on Party-Designated, Adverse-Designated and "Free-Throw" Custodians, and reserved for future negotiation a cut-off date for supplemental production from these custodians; and

WHEREAS on May 17, 2006, the Court approved Intel's and AMD's Proposed Order Regarding Electronic Discovery and Format of Document Production (D.I. 121), on June 26, 2006 all parties' First Amended Stipulation Regarding Electronic Discovery (D.I. 175), and on February 20, 2007 all parties' Second Amended Stipulation Regarding Electronic Discovery (D.I. 288) (hereafter collectively the "Native Format Stipulation"), which collectively establish various protocols for the harvest, review and production of custodian documents; and

WHEREAS, on September 19, 2007, the Court entered Stipulated Case Management Order No. 3 (D. I. 595), containing revised limits and protocols governing the document exchange, including the number of custodians, TIFF limits and privilege log modifications, and setting forth a deadline of February 15, 2008 to complete the custodian production, subject to certain exceptions; and

WHEREAS, the parties' prior stipulations do not establish time limits within which production of Free Throw Custodian files selected pursuant to Paragraph 4 of the Custodian Stipulation should be made, nor do they establish a production cutoff date for Deposition Reharvest Custodians selected pursuant to Paragraph 4 of Stipulated Case Management Order No. 3, and the parties now desire to establish such time limits and cutoffs; and

WHEREAS, in light of the parties' representations, hereby made, that they have complied with the February 15, 2008 deadline established in Stipulated Case Management Order No. 3 for the completion of custodian document production, and in light of the Deposition Reharvest and Free Throw production provisions previously agreed upon and so ordered by the Court in Stipulated Case Management Order No. 3;

NOW, THEREFORE, the parties through their respective counsel of record, hereby stipulate, subject to the approval of the Court, that the following modifications be made to the parties' ongoing document retention obligations.

1. **Document Retention Obligations for Existing Custodians.**

    a. Intel and AMD have each implemented automated email retention systems as the primary means of preserving relevant emails sent to or from all custodians currently employed by that party, and the operation of those systems has been the subject of interviews and other formal and/or informal exchange. Each party believes and represents that its respective systems are successfully capturing emails as intended and described. In addition, Paragraph 4 of Stipulated Case Management Order No. 3 provides that any Deposition Reharvest productions will be limited to email files. Accordingly, the parties now agree that as to custodian materials generated or received from and after January 1, 2008, AMD and Intel are relieved of any further retention obligations beyond the continued good faith operation and maintenance of their respective automated email retention systems.

    b. The parties agree that Paragraph 1 of this Stipulation is limited to the retention of custodian data generated from and after January 1, 2008 only, and does not otherwise modify the obligations of the parties in connection with any other orders entered in this matter, including specifically and without limitation their respective preservation and production obligations under the Custodian Stipulation.

2.  **Additional Custodians.**

In paragraph 6 of the Custodian Stipulation, Intel and AMD agreed to add to retention "any individual who participates directly in the negotiation of the commercial terms of sale of microprocessors or chipsets, or who has approval responsibility for such sales." The parties now agree that the foregoing provision of Paragraph 6 will apply, retroactively to the date of entry of the Custodian Stipulation, only to those persons who assume principal responsibility for a Tier One OEM relationship. Intel and AMD will provide each other and Class Plaintiffs, by separate communication, a list of their respective Tier One OEM customers. Intel and AMD further agree that on a going forward basis they will add to their automated email retention systems any person who hereafter assumes substantially all of the responsibilities currently held by any of up to eighteen executive officers on a party's Master Custodian List as the adverse party may designate by name within thirty days hereof.

3.  **"Free Throw" Custodians.**

The producing party shall complete the review and production of designated Free Throw Custodians' files within ninety days of such designation. For Intel, the designated Free Throw Custodians' files shall also include "all responsive remedial data" in the global databases pursuant to Paragraph 3(c) of Stipulated Case Management Order No. 3. To the extent that Free Throw Custodians have already been selected, the producing party shall complete the review and production of those previously-designated Free Throw Custodians' files within 60 days of the entry of this Order. The parties agree that the retention obligations for Free Throw Custodians for data generated after January 1, 2008 shall be governed by paragraph 1 above.

4.  **Deposition Re-Harvest Custodians.**

The production cut-off date for Deposition Reharvest Custodians shall be the earlier of the date of designation or March 31, 2008.

4

5.   **<u>Preservation of Custodian-Retained Electronic Materials.</u>**

The parties agree that each party may, following its harvest of all relevant data (including procurement of an image or harvest of a custodians' hard drive(s) which has been confirmed to have captured all relevant data and metadata specified by the Native Format Stipulation) that is required to be produced under Stipulated Case Management Order No. 3, instruct such custodians that they need not continue to preserve any data on their computer hard drive(s) and are relieved from any further document preservation obligation in this case. For the avoidance of doubt, by this provision the parties intend to allow for the termination of the individual preservation obligations of all AMD and Intel production custodians in this case, except as set forth in Paragraph 1 hereof.

| | |
|---|---|
| */s/ J. Clayton Athey* | */s/ Frederick L. Cottrell, III* |
| James L. Holzman (#663) | Frederick L. Cottrell, III (#2555) |
| jlholzman@prickett.com | cottrell@rlf.com |
| J. Clayton Athey (#4378) | Chad M. Shandler (#3796) |
| jcathey@prickett.com | shandler@rlf.com |
| Prickett Jones & Elliott, P.A. | Steven J. Fineman (#4025) |
| 1310 King Street | fineman@rlf.com |
| P.O. Box 1328 | Richards, Layton & Finger, P.A. |
| Wilmington, DE 19899 | One Rodney Square |
| (302) 888-6509 | 920 North King Street |
| Interim Liaison Counsel and Attorneys for Phil Paul, on behalf of himself and all others similarly situated | P.O. Box 551 |
| | Wilmington, DE 19899 |
| | (302) 651-7700 |
| | Attorneys for Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. |

*/s/ Richard L. Horwitz*_____
Richard L. Horwitz (#2246)
rhorwitz@potteranderson.com
W. Harding Drane, Jr. (#1023)
wdrane@potteranderson.com
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19890-0951
(302) 984-6000
Attorneys for Intel Corporation and
Intel Kabushiki Kaisha

Dated: June _____, 2008

_____
Vincent J. Poppiti (#100614)
Special Master

**SO ORDERED** this _____ day of June, 2008.

_____
The Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware