

**Potter
Anderson
& Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019  Direct Phone
302 658-1192  Fax

June 3, 2008

**VIA ELECTRONIC MAIL AND BY HAND**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE  19801

      Re:   *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.*,
            C.A. No. 05-441-JJF;
            *In re Intel Corp.*, C.A. No. 05-1717-JJF; and
            *Phil Paul v. Intel Corporation (Consolidated)*, C. A. No. 05-485 (JJF)

Dear Judge Poppiti:

      Following the posting of our letter to Your Honor on May 30, 2008, we realized that there may be some additional issues that were raised that should be updated or clarified. Accordingly, Intel submits this supplemental letter to address these issues in advance of the hearing scheduled for this Thursday.

      On May 30, 2008, Intel provided the Court with an update on several ongoing processes related to the implementation of its Remediation Plan. Intel attempted to provide a clear and concise explanation of what are largely ministerial changes to its tracking documents, and alerted the Court to the possible production of a small amount of responsive, non-duplicative materials located as a result of Intel's quality control process. Additionally, Intel took the opportunity to alert the Court to the inclusion of EMC archive data for some individuals in lieu of backup tapes for a specified period of time. As explained below, the changes are primarily clerical and should not represent any significant net change in the volume of data produced to AMD.

      First, Intel has provided the Court with an updated Weekly Backup Tape Tracker, as well as revised Exhibits E and F, and updated Paragraph 8 Summaries. The changes made to these documents did not result in the addition of any data into the global database. Rather, they corrected a number of clerical and transcription errors on the spreadsheet. So, while the tracking information changed, the actual underlying data remained constant. No additional documents will be, nor need be, produced as a result of Intel's corrections to the tracking information.

The Honorable Vincent J. Poppiti
June 3, 2008
Page 2

    Second, Intel indicated that, for the period December 2006-March 2007, it had loaded data captured by the EMC Archive system into the global database for remedial purposes for those Custodians for whom Intel had moved to the EMC Archive during this period and ceased pulling weekly backup tapes. Again, this does not reflect additional data, but merely indicates an additional source of data that had not previously been brought to the Court's attention. Our inclusion of this information in the letter was not intended to suggest an additional source of documents, but, rather, to update the information regarding existing sources provided to the Court. This data was all loaded, reviewed and, to the extent deemed responsive, produced prior to the February 15, 2008 custodial production date.

    Finally, Intel notified the Court that 546 .pst files (out of over 24,500) contained zero to ten items when originally delivered from First Advantage to Electronic Evidence Discovery for inclusion into the global database, as of February 15, 2008. First Advantage is in the process of redelivering these files to Electronic Evidence Discovery for inclusion in the database. Intel prioritized the two previously "empty" .pst files of Custodian Jeff Hoogenboom for immediate processing, and concluded that after de-duplication and review, there were no non-duplicative responsive emails arising from these files. Intel also processed and reviewed the four previously "empty" .pst files for Custodian Paul Otellini, and determined that, after de-duplication and review, 85 non-duplicative responsive emails were subject to production, and anticipate production of these documents within one week.

    Given these initial samplings, and the relatively small number of .pst files involved, Intel does not expect a large volume of data to result from this additional effort to more fully populate the global database. Intel is also loading approximately 14 .pst files which appear to have variances with replacement .pst files obtained from FADV. Intel's vendors are working diligently to populate and de-duplicate these documents, and Intel will produce any responsive, non-duplicative documents promptly, prioritizing any custodians whose depositions may be upcoming.

    Intel hopes that these clarifications are useful to the Court, AMD, and the Court's consultants.

                                                  Respectfully submitted,

                                                  W. Harding Drane, Jr. (#1023)

WHD/rb
867630/29282

cc:    Clerk of Court (via Hand Delivery)
        Counsel of Record (via CM/ECF & Electronic Mail)
        Eric Friedberg