# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD.,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>INTEL CORPORATION and INTEL KABUSHIKI KAISHA,<br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) | C. A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>INTEL CORPORATION,<br><br>                    Defendant. | ) ) ) ) ) ) ) ) ) | C. A. No. 05-485-JJF |

## NOTICE OF TAKING DEPOSITION OF
## ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL
## SALES & SERVICE, LTD. AND REQUEST FOR
## PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil

Procedure, defendant Intel Corporation will take the deposition of Advanced Micro Devices, Inc.

and AMD International Sales & Service, Ltd. (collectively, "AMD") on September 21, 2007,

beginning at 9:30 a.m., at the offices of Gibson, Dunn & Crutcher LLP, 333 South Grand

Avenue, 47th Floor, Los Angeles, California 90071, or at such other time and place as the parties

may agree. The deposition will be recorded by stenographic and sound-and-visual (videographic) means, will be taken before a Notary Public or other officer authorized to administer oaths, and will continue from day to day until completed, weekends and public holidays excepted.

Reference is made to the "Description of Matters on Which Examination is Requested" attached hereto as Exhibit A and incorporated herein by this reference. In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, AMD is hereby notified of its obligation to designate one or more officers, directors, or managing agents (or other persons who consent to do so) to testify on its behalf as to all matters embraced in the "Description of Matters on Which Examination is Requested" and known or reasonably available to AMD.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Rules 30(b) and 34 of the Federal Rules of Civil Procedure, Intel requests that AMD produce for inspection, copying and use at the deposition all of the documents and other tangible things in their possession, custody, or control and responsive to the "Categories of Documents and Tangible Things Requested for Production" attached hereto as Exhibit B and incorporated herein by reference. Production shall take place at the time and place of the deposition or at such other time and place as the parties may mutually agree.

OF COUNSEL:

Robert E. Cooper
Daniel S. Floyd
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 900071
(213) 229-7000

Peter E. Moll
Darren B. Bernhard
Howrey LLP
1299 Pennsylvania Avenue
N.W. Washington, DC 20004
(202) 783-0800

Dated:  August 22, 2007
814062/29282

**POTTER ANDERSON & CORROON LLP**

By: */s/ W. Harding Drane, Jr.*
    Richard L. Horwitz (#2246)
    W. Harding Drane, Jr. (#1023)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    wdrane@potteranderson.com

Attorneys for Defendants
Intel Corporation and Intel Kabushiki Kaisha

# EXHIBIT A

## EXHIBIT A

## DESCRIPTION OF MATTERS ON
## WHICH EXAMINATION IS REQUESTED

### I.

### DEFINITIONS

1.   "AMD" shall mean and refer collectively to plaintiffs Advanced Micro Devices,

Inc. and AMD International Sales & Service, Ltd., including their respective past and present

officers, directors, agents, attorneys, employees, consultants, or other persons acting on either of

their behalf.

2.   "AMD Custodians" means and refers to the approximately 440 individuals

identified by AMD on its Custodian List served on June 1, 2006, pursuant to the Stipulation and

Order Regarding Document Production entered by the Court in this Litigation.

3.   "Complaint Freeze Tapes" means the tapes preserved in or about March 2005 as

described in David Herron's October 24, 2005 letter to John J. Rosenthal.

4.   "Email Journaling System" means the system that AMD activated for document

retention purposes as identified in David Herron's April 23, 2007 letter to Robert E. Cooper.

5.   "Enterprise Vault" means the system that AMD obtained and implemented for

document retention purposes as identified in David Herron's April 23, 2007 letter to Robert E.

Cooper.

6.   "Litigation" means and refers to the litigation in which this Notice of Taking

Deposition has been served.

7.   "Litigation Hold Notices" means and refers to the means by which AMD

communicated its preservation obligations to its employees concerning the Litigation (regardless

of the title or name given to such communications), including all oral, written or electronic

notices, reminders, or other communications by AMD to AMD Custodians or other AMD

employees.

      8.  "Monthly Backup Tapes" means the tapes described in David Herron's October

24, 2005 letter to John J. Rosenthal.

## II.

## SUBJECT MATTER

1. The information sought in Robert E. Cooper's April 11, 2007 letter to David L. Herron regarding AMD's document retention activities, attached hereto as Exhibit C.

2. The information sought in Robert E. Cooper's August 1, 2007 letter to Charles P. Diamond regarding AMD's document retention activities, attached hereto as Exhibit D.

3. The design, architecture, operation, functionality, capabilities and implementation of AMD's Enterprise Vault system, including its reporting, search and production capabilities.

4. The design, architecture, operation, functionality, capabilities and implementation of AMD's Email Journaling System, including its reporting, search and production capabilities.

5. The preparation, timing, contents, and distribution of all Litigation Hold Notices, including the identity (name, location, position) of anyone receiving such Litigation Hold Notice and the date(s) of receipt by each AMD Custodian of each Litigation Hold Notice.

6. The details and circumstances concerning any known or suspected non-compliance with the Litigation Hold Notices, whether on a systemic or individual basis, the facts and timing of AMD's discovery of such non-compliance, the identity of those persons involved in such non-compliance, and the timing and nature of all steps taken following such discovery.

7. The details and circumstances of any known or suspected failures, whether on a systemic or individual basis, in the preservation of potentially relevant Documents on the Complaint Freeze Tapes, Monthly Backup Tapes, Email Journaling System, Enterprise Vault or hard drive of any AMD Custodian.

8. AMD's harvest of data from AMD Custodians, including the harvest instructions and protocols employed and the identity of those persons involved in developing and executing such instructions and protocols.

9. The details of any steps, policies, practices or other measures undertaken by AMD to preserve the electronic data and other documents of departing AMD Custodians, including the details and timing of any AMD efforts to monitor or otherwise ensure compliance with such steps, policies, practices or measures.

10. For each individual AMD Custodian: (a) the date(s) on which the Custodian's documents were harvested for the Litigation; (b) the date on which the Custodian was put on the Email Journaling System; (c) the date on which the Enterprise Vault was first used to capture and preserve email for the Custodian; (d) whether the Custodian has deleted any potentially relevant Documents from the hard drive of the Custodian's laptop or desktop computer; (e) whether the Custodian has deleted any potentially relevant email from the Exchange server hosting that Custodian's email; (f) whether any of the Custodian's potentially relevant Documents have been lost from the Custodian's hard drive due to file corruption, lost laptop or other means of loss; (g) whether the data for the Custodian has been preserved on Monthly Backup Tapes, and if so, for which specific months; and (h) whether the data for the Custodian has been preserved on the Complaint Freeze Tapes.

11. Whether AMD has discovered that any AMD Custodian manually deleted, or otherwise lost, any potentially relevant email or other electronic data *prior to the date on which the Custodian's data was harvested*, and if so, the date(s) and volume of such deletion or loss, and whether AMD has produced (or will produce) documents for that Custodian from the Complaint Freeze Tapes, Monthly Backup Tapes, Enterprise Vault or other source.

12. The existence, details and application of "AMD's corporate document retention and destruction policies" referenced in David Herron's October 24, 2005 letter to John J. Rosenthal, and the suspension or deviation from such policies and practices in connection with this Litigation.

# EXHIBIT B

## EXHIBIT B

## CATEGORIES OF
## DOCUMENTS AND TANGIBLE THINGS
## REQUESTED FOR PRODUCTION

1.      "AMD" shall mean and refer collectively to plaintiffs Advanced Micro Devices,

Inc. and AMD International Sales & Service, Ltd., including their respective past and present

officers, directors, agents, attorneys, employees, consultants, or other persons acting on either of

their behalf.

2.      "AMD Custodians" means and refers to the approximately 440 individuals

identified by AMD on its Custodian List served on June 1, 2006, pursuant to the Stipulation and

Order Regarding Document Production entered by the Court in this Litigation.

3.      "Complaint Freeze Tapes" means the tapes preserved in or about March 2005 as

described in David Herron's October 24, 2005 letter to John J. Rosenthal.

4.      "Documents" shall mean and include all "writings," "recordings" or

"photographs" as those terms are defined in Rule 1001 of the Federal Rules of Evidence.

Without limiting the generality of the foregoing, the term "documents" includes both hard copy

documents as well as electronically stored data-files including email, instant messaging, shared

network files, and databases.  With respect to electronically stored data, "documents" also

includes, without limitation, any data on magnetic or optical storage media (e.g., servers, storage

area networks, hard drives, back-up tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any

other type of portable storage device, etc.) stored as an "active" or back-up file, in its native

format.

5.      "Email Journaling System" means the system that AMD activated for document

retention purposes as identified in David Herron's April 23, 2007 letter to Robert E. Cooper.

6.      "Enterprise Vault" means the system that AMD obtained and implemented for document retention purposes as identified in David Herron's April 23, 2007 letter to Robert E. Cooper.

7.      "Litigation" means and refers to the litigation in which this Notice of Taking Deposition has been served.

8.      "Litigation Hold Notices" means and refers to the means by which AMD communicated its preservation obligations to its employees concerning the Litigation (regardless of the title or name given to such communications), including all oral, written or electronic notices, reminders, or other communications by AMD to AMD Custodians or other AMD employees.

9.      "Monthly Backup Tapes" means the tapes described in David Herron's October 24, 2005 letter to John J. Rosenthal.

## INSTRUCTIONS

1.      These requests call for the production of all responsive documents that are within the possession, custody or control of AMD, including its officers, directors, agents, attorneys, employees, and other persons acting on AMD's behalf.

2.      If any document covered by these requests is withheld by reason of a claim of attorney-client privilege, attorney work product protection, or any other privilege or protection, please furnish a log providing the following information with respect to each such withheld document: date; author; recipients; general subject matter; and legal basis upon which the document has been withheld.

3.      Unless otherwise stated, the time period covered by these Requests is January 1, 2002 to the present.

## REQUESTS

1. The Litigation Hold Notices issued by AMD in connection with this Litigation.

2. Documents sufficient to show the design, architecture, operation, functionality, capabilities and implementation of AMD's Enterprise Vault system, including its reporting, search and production capabilities.

3. Documents sufficient to show the design, architecture, operation, functionality, capabilities and implementation of AMD's Email Journaling System, including its reporting, search and production capabilities.

4. Documents sufficient to show the harvest instructions and protocols employed for the harvesting of data from AMD Custodians.

5. Documents sufficient to show the failure of preservation, if any, of potentially relevant Documents, whether on a systemic or individual basis, from the hard drive of any AMD Custodian.

6. Documents sufficient to show the failure of preservation, if any, of potentially relevant Documents, whether on a systemic or individual basis, from the Complaint Freeze Tapes, Monthly Backup Tapes, Email Journaling System, Enterprise Vault or other preservation source.

7. Documents sufficient to show the following for each AMD Custodian: (a) the date(s) on which the Custodian's documents were harvested for the Litigation; (b) the date on which the Custodian was put on the Email Journaling System; (c) the date on which the Enterprise Vault was first used to capture and preserve email for the Custodian; (d) whether the Custodian has deleted any potentially relevant Documents from the hard drive of the Custodian's laptop or desktop computer; (e) whether the Custodian has deleted any potentially relevant email from the Exchange server hosting that Custodian's email; (f) whether any of the Custodian's potentially relevant Documents have been lost from the Custodian's hard drive due to file corruption, lost laptop or other means of loss; (g) whether the data for the Custodian has been preserved on Monthly Backup Tapes, and if so, for which specific months; and (h) whether the data for the Custodian has been preserved on the Complaint Freeze Tapes.

8. Documents sufficient to describe AMD's document retention and destruction policies, and steps taken, if any, to suspend such policies to prevent the destruction of Documents that may be relevant to the Litigation.

9. Documents sufficient to identify and describe AMD's IT infrastructure relevant to the support, storage (including email storage conventions), maintenance and back-up of electronic data relevant to this Litigation, including data residing on hard drives or other off-network media.

100284739_1.DOC