# EXHIBIT E



# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING | 1999 Avenue of the Stars | NEW YORK |
| BRUSSELS | Los Angeles, California 90067-6035 | SAN FRANCISCO |
| HONG KONG | TELEPHONE (310) 553-6700 | SHANGHAI |
| LONDON | FACSIMILE (310) 246-6779 | SILICON VALLEY |
| LOS ANGELES | www.omm.com | TOKYO |
| NEWPORT BEACH | | WASHINGTON, D.C. |

OUR FILE NUMBER
8,346-163

August 23, 2007

WRITER'S DIRECT DIAL
(310) 246-6789

**VIA E-MAIL AND U.S. MAIL**

Robert E. Cooper, Esq.
Gibson Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

WRITER'S E-MAIL ADDRESS
cdiamond@omm.com

Re:   *AMD v. Intel*

Dear Bob:

I am in receipt of your August 22 letter and Rule 30(b)(6) deposition notice concerning AMD's document preservation efforts.

As you might imagine, we were surprised and disappointed to receive a deposition notice served without prior discussion, especially one as facially improper as this one. The notice appears to us be just the latest in a string of Intel tactics calculated to divert attention from Intel's self-confessed document preservation failings, and, perhaps, to fend off the court-ordered discovery we will imminently be commencing into Intel's culpability for them.

In any event, we request a "meet and confer" regarding the propriety and scope of this deposition notice. Please let me know if you are available on Monday or Tuesday in our downtown office. In advance of the meeting, we would like to see the legal authority upon which you claim an entitlement to conduct discovery of this kind so that we can consider it in deciding whether to seek a protective order.

In Mark Samuels' August 10 letter to you, a copy of which is attached, we advised that we had completed a review of AMD's document preservation program with respect to each of our 108 party-designated custodians, and determined that the program is operating as designed and intended and that no lapses have been identified. In your August 1 letter to me, you asserted that Mr. Ruiz "retained only a fraction of his sent emails as evidenced by the number of his emails found in other mailboxes during the same time period." You made similar assertions regarding Messrs. Calandro and Rivet. While you did not cite us to even a single email so as to enable us to investigate these charges, Mr. Samuels letter explained that any such conclusion would be premature until production for these custodians was complete. He also pointed out that it would not be surprising to find that reviewers looking at the same document in the files of

O'MELVENY & MYERS LLP

Robert E. Cooper, Esq., August 23, 2007 - Page 2

multiple custodians might come to different judgments as to responsiveness, and that such circumstance in no way suggested a document preservation issue.

Rather than acknowledge or respond to either of these points, your August 22 letter again vaguely alludes to "problems with AMD's production." Once again, you cite to no particular documents but refer instead to unspecified "similar problems with numerous other AMD Custodians." You then identify three of them - Messrs. Donnelly, Williams and Wright.

We are more than happy to investigate any such supposed "problems" if you will be specific and complete as to what you perceive them to be. To that end, we ask that at the "meet and confer" you identify all AMD Custodians you are concerned about, and cite us to the specific documents that are giving rise to concern on Intel's part. That will permit us to investigate.

Once Intel's production is complete, we will conduct our own investigation into Intel's production for anomalies of the same kind, and trust that we can count on you to do what we have offered to do: investigate and report back to you.

Please let me know if you are available on Monday or Tuesday.

Very truly yours,

Charles P. Diamond
of O'MELVENY & MYERS LLP

CC1:769586.1

# EXHIBIT F

**From:** Pearl, James
**Sent:** Tue 9/18/2007 5:03 AM
**To:** Levy, Richard P.
**Cc:** Kochenderfer, Kay E.; Cooper, Robert E.
**Subject:** RE: Friday deposition

Rich --

Despite a diligent search we have not located any legal authority which could justify the discovery Intel seeks. The lack of a basis to proceed as Intel plans is underscored by Intel's failure to provide any such authority, despite our previous written request to you. While we are prepared to provide some of the information you requested in an informal exchange similar to the interviews you allowed us to conduct of your vendors, we are planning to serve objections to the 30(b)(6) deposition and will not be providing a witness on Friday.

Bo

---

**From:** Levy, Richard P. [mailto:RPLevy@gibsondunn.com]
**Sent:** Mon 9/17/2007 2:08 PM
**To:** Pearl, James
**Cc:** Kochenderfer, Kay E.; Cooper, Robert E.
**Subject:** FW: Friday deposition

Bo...the message that I recently sent to Mark is set forth below. His automatic response indicated that he is out until Friday so I thought that this better get directed to you or your designate. Thanks for your attention to this request.

---

**From:** Levy, Richard P.
**Sent:** Monday, September 17, 2007 1:55 PM
**To:** msamuels@omm.com
**Cc:** Kochenderfer, Kay E.; Cooper, Robert E.
**Subject:** Friday deposition

In preparation for clearing our building's security desk and so as to minimize the inconvenience to you an your 30 (b) (6) deposition witness this Friday, could you please email us the names of all of the people that you anticipate attending? Thanks

Richard P. Levy || Gibson, Dunn & Crutcher LLP
Direct Dial: (213) 229-7556 || Direct Fax: (213) 229-6556
Email: rplevy@gibsondunn.com

---

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

9/18/2007