# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) ) | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., | ) ) ) ) | C. A. No. 05-441-JJF |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| INTEL CORPORATION and INTEL KABUSHIKI KAISHA, | ) ) ) | |
| Defendants. | ) | |
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) ) | C. A. No. 05-485-JJF |
| Plaintiffs, | ) ) | CONSOLIDATED ACTION |
| vs. | ) ) | |
| INTEL CORPORATION, | ) ) | |
| Defendant. | ) | |

**RESPONSE OF ADVANCED MICRO DEVICES, INC. AND AMD**
**INTERNATIONAL SALES & SERVICE, LTD. TO INTEL CORPORATION'S AND**
**INTEL KABUSHIKI KAISHA'S NOTICE OF TAKING DEPOSITION AND**
**REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 30(b)(6) and 34 of the Federal Rules of Civil Procedure and the Local

Rules of the United States District Court for the District of Delaware, plaintiffs Advanced Micro

Devices, Inc., and AMD International Sales & Service, Ltd. (collectively, "AMD") hereby

respond as follows to the Notice of Deposition of AMD and Request for Production of

Documents of defendants Intel Corporation and Intel Kabushiki Kaisha (collectively, "Intel"),

served on August 22, 2007.

1

## GENERAL RESPONSE

In the absence of evidence that AMD or its document custodians have failed to comply in good faith with their document preservation obligations, Intel is not entitled to start an expansive and distracting discovery firefight over AMD's document preservation. Intel can produce no such evidence because there is none. In its absence, one can only conclude that Intel's goal is not to further a legitimate litigation objective but, rather, to create a diversion from its own destruction of evidence on an unprecedented scale.

Intel began this effort shortly after admitting its own massive preservation problems by requesting extensive, detailed information about AMD's document retention activities. Intel then acknowledged that it did "not mean to suggest that AMD has not undertaken its preservation obligations" and only sought information purportedly in "the spirit," but not under the provisions, of the Federal Rules of Civil Procedure. (*See* letter dated April 11, 2007, from Robert E. Cooper to David L. Herron and Jeffrey J. Fowler.) Intel declined AMD's subsequent written request to supply legal authority to justify its intrusive requests made in the absence of any evidence demonstrating a failure by AMD to preserve evidence. AMD nevertheless agreed to initiate a follow-up review of its preservation program and to report its findings to Intel. (*See* letter dated April 23, 2007, from David L. Herron to Robert E. Cooper.)

Before AMD had finished this review, Intel raised new issues it purportedly perceived in AMD's production of documents. (*See* letter dated August 1, 2007, from Robert E. Cooper to Charles P. Diamond, at 3.) After completing review of its preservation program, AMD informed Intel that its investigation had revealed no lapses in its document preservation program, and that AMD's preservation program in fact was operating properly to preserve evidence as it was designed to do. (*See* letter dated August 10, 2007, from Mark A. Samuels to Robert E. Cooper.)

Undeterred, Intel then identified specific "sent" emails or email fragments that Intel claimed had not been produced from nine custodian's files but, instead, were only found in the documents produced from the files other custodians. (*See, e.g.*, letter dated September 4, 2007 from Kay Kochenderfer to Mark A. Samuels.) In writing and meetings between counsel, AMD's counsel explained that the issues raised by Intel lacked substance and, for many reasons, did not evidence a document preservation issue. AMD also initiated a labor-intensive, time-consuming and expensive investigation of the issue Intel had raised. As of the date of this response, AMD has concluded its investigation into the first custodian identified by Intel, and of the 539 "sent" emails or email fragments which Intel contended were supposedly missing from that custodian's production, *the custodian had in fact preserved each and every one.* (*See* letter dated September 14, 2007, from Mark A. Samuels to Kay Kochenderfer.)

The Special Master has already correctly stated that "[t]here is nothing in this record that would suggest to me that I should be focused on the document retention activity of AMD. And I do not intend to get sidetracked unless there is a reason to turn my attention to that or a reason why I should be paying attention to both." (*See* transcript of the May 24, 2007 Status Conference with Special Master, at 11:5-13:15) Nothing has emerged in the last three months to alter this conclusion. Accordingly, although AMD is willing informally to provide limited, non-privileged information about AMD's document preservation program to assure Intel of its effectiveness (similar to the informal interviews Intel permitted AMD to conduct of its e-discovery vendors), AMD declines to engage in unnecessary, expensive and distracting discovery that will benefit neither party and is unrelated to Intel's legitimate defense of this case.

## GENERAL OBJECTIONS

The following General Objections are made in response to each and every deposition topic or document request, whether or not separately stated in response thereto:

1.    AMD objects to each of Intel's "Definitions" and "Instructions" to the extent they, or any of them, purport to impose upon AMD obligations unauthorized by, additional to, or inconsistent with Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.

2.    AMD objects to each topic and request to the extent that it calls for testimony or the production of documents and things which are protected from disclosure by any applicable privilege or protection, including specifically the attorney-client privilege and the attorney work product doctrine.  AMD will not produce any such privileged or protected materials.

3.    Many of Intel's topics and requests call for testimony and the production of documents and things that are neither relevant to the claims or defenses of any party nor reasonably calculated to lead to the discovery of admissible evidence.  To the extent that AMD has nonetheless agreed to comply in whole or in part with any portion of Intel's overbroad topics and requests, by doing so AMD concedes neither relevance, materiality nor any legitimate right by Intel to conduct the wide-ranging discovery it has propounded, and reserves the right to object to the admissibility into evidence of any such testimony and materials and to any further discovery requests calling for or pertaining to such irrelevant matters.

4.    AMD objects to each and every request to the extent it calls for production of documents and things generated, received or dated on or after January 1, 2002, on the grounds that each such request calls for materials neither relevant to the claims or defenses of any party

nor reasonably likely to lead to the discovery of admissible evidence, and is overbroad, unduly burdensome and oppressive.

5.      Many of the documents and things requested may be responsive to multiple individual requests or the subparts thereof, and AMD objects to each and every request to the extent it calls for the production of documents and things responsive to multiple requests on the grounds that each such request is unduly burdensome, oppressive and unnecessarily repetitive. Subject to its other objections, AMD will produce the documents, things or information that it has agreed to produce, but will do so only once, irrespective of the number of requests or subparts thereof to which they may be responsive.

6.      With respect to the "Subject Matters" on which Intel requests testimony, AMD objects to each such topic to the extent and on the ground that Intel has failed to describe with reasonable particularity the matters on which examination is requested as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure.  In addition, and without limiting the generality of the foregoing, AMD specifically objects to Intel's attempt to incorporate and propound as Topic Nos. 1 and 2 two letters written and delivered by its counsel to counsel for AMD, which are attached as Exhibits C and D to Intel's Notice of Deposition of AMD and Request for Production of Documents.  Each of these six-page, single-spaced letters set forth scores of purported issues, questions, topics and subject matters that well exceed the scope of proper discovery, and do not constitute either an intelligible or reasonably-defined set of subject matters on which deposition is permitted to be requested under Rule 30(b)(6).  AMD objects, therefore, to Topic Nos. 1 and 2, and to all similarly-deficient topics, on the grounds that they are vague, ambiguous and unintelligible, seek testimony that is neither relevant to the claims or defenses of

any party nor reasonably likely to lead to the discovery of admissible evidence, and are overbroad, unduly burdensome, oppressive and harassing.

7.      Intel's Notice of Deposition and Request for Production of Documents purports to require production of all responsive documents within 30 days after service thereof. This response, however, is being prepared and served prior to the completion of AMD's search for and preparation of responsive materials and information. AMD will respond to the document requests, to the extent not objected to, by producing documents and information at reasonable times hereafter and after it has had adequate time to prepare, collect, collate, review and produce any such responsive information. In addition, a response hereinbelow to the effect that responsive materials or information will be produced in whole or in part should not be taken as a representation that AMD presently possesses or already has assembled all materials that Intel's overbroad requests purport to seek, that such materials are all readily available and could be collected or produced without undue burden or expense, or that any of these materials is relevant to a claim or defense of any party or to any legitimate or litigable issue in this case.

**GENERAL RESPONSE TO RULE 30(B)(6) DEPOSITION SUBJECT MATTERS**

As set forth hereinabove, the subject matters on which Intel purports to seek testimony, as drafted and framed by Intel, are not described with reasonable particularity, are vastly overbroad, unduly burdensome, and neither seek testimony or information that is relevant to a claim or defense of any party nor are reasonably calculated to lead to the discovery of admissible evidence. In addition, some of the subject matters identified by Intel are similar or identical to topics on which, in light of Intel's admitted evidence preservation problems, AMD has sought discovery and as to which Intel has not, to date, agreed to produce or prepare a deponent or provide responsive information. Nor are the subject matters set forth by Intel narrowly tailored

to seek only relevant information about AMD's preservation program and mechanisms sufficient to demonstrate the reasonable approach to evidence preservation that AMD has undertaken and voluntarily described to Intel at previous times throughout this litigation.

Intel also has requested that deposition on the ill-defined and overbroad topics it frames proceed within 30 days after it propounded its discovery, and has made no attempt since service thereof to limit or circumscribe that discovery in order to minimize its obviously burdensome effect. The scope and extent of Intel's deposition notice and topics it contains are wasteful of the parties' time and resources, and threaten to derail litigation progress and detract from the massive amount of merits based discovery already pending or contemplated. Indeed, Intel's Topic No. 1 alone purports to require deposition testimony on literally dozens of "issues" related to AMD's preservation program. No one AMD representative has knowledge of, or could be made aware of information responsive to, the scores of "issues" purported to be defined in Intel's Topic No. 1 or, indeed, in the 11 other topics and their multiple subparts that are set forth in Intel's deposition notice. Deposition on even a very limited subset of Intel's topics would require the identification, preparation and production of many AMD witnesses, and would require many weeks or months to complete.

Expensive and time-consuming deposition is not necessary to supply Intel with adequate information about the essential elements of AMD's preservation program. As set forth below, AMD will supply documents and information, including through informal technical exchanges, that will be sufficient to satisfy legitimate inquiry.

## GENERAL RESPONSE TO DOCUMENT REQUESTS

As with Intel's proposed deposition topics, Intel's requests are drafted in a manner to seek documents well beyond Intel's legitimate discovery needs. As one example only, Document Request No. 7 purports to require AMD to disclose 8 categories of documents as to each of AMD's approximately four hundred forty custodians which, taken together and construed literally, constitutes a request for over 3,500 discrete segments of information or document compilations. Engaging in the collection, collation, review and production of all documents responsive to this request alone would take many months and impose upon AMD costs of hundreds of thousands if not millions of dollars, while at the same time disrupting AMD's business operations and impairing legitimate litigation activities.

Intel has no factual or legal justification for imposing this undue burden on AMD, and Intel's mere suspicion unsupported by any credible evidence is an inadequate basis for it. As noted herein, AMD will supply documents and information, including through informal technical exchanges, that will be sufficient to satisfy legitimate inquiry.

## RESPONSES TO RULE 30(B)(6) SUBJECT MATTER TOPICS

### TOPIC NO. 1:

The information sought in Robert E. Cooper's April 11, 2007 letter to David L. Herron regarding AMD's document retention activities, attached hereto as Exhibit C.

### RESPONSE TO TOPIC NO. 1:

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the grounds that it calls for information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. AMD also

objects to this topic on the grounds that it is vague, ambiguous and unintelligible, and overbroad, unduly burdensome and oppressive. AMD also objects to this topic on the ground that it seeks information that is neither relevant to the claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. AMD also objects to this topic on the ground that AMD already has provided responsive information to it in AMD's August 10, August 23, and September 14, 2007 letters to Intel, and disclosures to Intel made prior thereto. *See also* AMD's objections and responses to Topic Nos. 2-12, and its objections and responses to Document Request Nos. 1-9, all of which are incorporated herein by this reference.

AMD will not comply with this topic as framed.

**TOPIC 2:**

The information sought in Robert E. Cooper's August 1, 2007 letter to Charles P. Diamond regarding AMD's document retention activities, attached hereto as Exhibit D.

**RESPONSE TO TOPIC NO. 2:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the grounds that it calls for information protected from disclosure by the attorney-client privilege and the attorney work product doctrine. AMD also objects to this topic on the grounds that it is vague, ambiguous and unintelligible, and overbroad, unduly burdensome and oppressive. AMD also objects to this topic on the ground that it seeks information that is neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. AMD also objects to this topic on the ground that AMD already has provided information responsive to it in AMD's August 10, August 23, and September 14, 2007 letters to Intel, and in disclosures to Intel made prior thereto.

*See also* AMD's objections and responses to Topic Nos. 1 and 3-12, and its objections and response to Document Request Nos. 1-9, all of which are incorporated herein by this reference.

AMD will not comply with this topic as framed.

## TOPIC NO. 3:

The design, architecture, operation, functionality, capabilities and implementation of AMD's Enterprise Vault system, including its reporting, search and production capabilities.

## RESPONSE TO TOPIC NO. 3:

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the grounds that it is overbroad, unduly burdensome and oppressive. AMD also objects to this topic on the ground that it seeks information that is neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. *See also* AMD's objections and responses to Topic No. 4, and its objections and response to Document Request Nos. 2 and 3, all of which are incorporated herein by this reference.

AMD will not comply with this topic as framed. However, AMD is willing to provide relevant information about its "Enterprise Vault" system in an informal technical exchange at an agreed upon time and place.

## TOPIC NO. 4:

The design, architecture, operation, functionality, capabilities and implementation of AMD's Email Journaling System, including its reporting, search and production capabilities.

**RESPONSE TO TOPIC NO. 4:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the grounds that it is overbroad, unduly burdensome and oppressive. AMD also objects to this topic on the ground that it seeks information that is neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. *See also* AMD's objections and responses to Topic No. 3, and its objections and response to Document Request Nos. 2 and 3, all of which are incorporated herein by this reference.

AMD will not comply with this topic as framed. However, AMD is willing to provide relevant information about its "Email Journaling" system in an informal technical exchange at an agreed upon time and place.

**TOPIC NO. NO. 5:**

The preparation, timing, contents, and distribution of all Litigation Hold Notices, including the identity (name, location, position) of anyone receiving such Litigation Hold Notice and the date(s) of receipt by each AMD Custodian of each Litigation Hold Notice.

**RESPONSE TO TOPIC NO. 5:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the ground that it calls for information protected from disclosure by the attorney client privilege and the attorney work product doctrine. AMD further objects to this topic on the grounds that it is overbroad, unduly burdensome and oppressive. AMD also objects to this topic on the ground that it seeks information that is neither relevant to a

claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. *See also* AMD's objections and responses to Document Request No. 1 which is incorporated herein by this reference.

AMD will not comply with this topic as framed. However, AMD has previously produced to Intel counsel its general forms of preservation notice issued in connection with this litigation, subject to the parties' agreement that, by doing so, AMD will not be deemed to have waived any privilege or protection to which those materials are entitled.

**TOPIC NO. 6:**

The details and circumstances concerning any known or suspected non-compliance with the Litigation Hold Notices, whether on a systemic or individual basis, the facts and timing of AMD's discovery of such non-compliance, the identity of those persons involved in such non-compliance, and the timing and nature of all steps taken following such discovery.

**RESPONSE TO TOPIC NO. 6:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the grounds that it is overbroad, unduly burdensome and oppressive. AMD also objects to this topic on the ground that AMD already provided information responsive to it in AMD's August 10, August 23, and September 14, 2007 letters to Intel.

AMD will not comply with this topic as framed.

**TOPIC NO. 7:**

The details and circumstances of any known or suspected failures, whether on a systemic or individual basis, in the preservation of potentially relevant Documents on the Complaint

Freeze Tapes, Monthly Backup Tapes, Email Journaling System, Enterprise Vault or hard drive of any AMD Custodian.

**RESPONSE TO TOPIC NO. 7:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the grounds that it is overbroad, unduly burdensome and oppressive. AMD further objects to the extent this topic purports to require it to conduct special searches of, or restore or search any, backup tapes or other media. AMD also objects to this topic on the ground that AMD already has provided information responsive to it in AMD's August 10, August 23, and September 14, 2007 letters to Intel. *See also* AMD's objections and response to Topic No. 10, and AMD's objections and response to Document Request No. 7, all of which are incorporated herein by this reference.

AMD will not comply with this topic as framed.

**TOPIC NO. 8:**

AMD's harvest of data from AMD Custodians, including the harvest instructions and protocols employed and the identity of those persons involved in developing and executing such instructions and protocols.

**RESPONSE TO TOPIC NO. 8:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the grounds that it is overbroad, unduly burdensome and oppressive.

AMD will not comply with this topic as framed.  However, AMD is willing to provide a written summary that provides information responsive to this topic.

**TOPIC NO. 9:**

The details of any steps, policies, practices or other measures undertaken by AMD to preserve the electronic data and other documents of departing AMD Custodians, including the details and timing of any AMD efforts to monitor or otherwise ensure compliance with such steps, policies, practices or measures.

**RESPONSE TO TOPIC NO. 9:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the grounds that it is overbroad, unduly burdensome, and oppressive.  AMD further objects to this topic on the ground that it already has been responded to in AMD's October 24, 2005 letter to Intel.  (*See* letter dated October 24, 2005 from David L. Herron to John J. Rosenthal, at 3.)

AMD will not comply with this topic as framed.  However, AMD is willing to provide a written summary of the measures it has undertaken to preserve the electronic data and other documents of departing AMD Custodians, including a description of AMD efforts to monitor and ensure compliance.

**TOPIC NO. 10:**

For each individual AMD Custodian:   (a) the date(s) on which the Custodian's documents were harvested for the Litigation; (b) the date on which the Custodian was put on the Email Journaling System; (c) the date on which the Enterprise Vault was first used to capture and preserve email for the Custodian; (d) whether the Custodian has deleted any potentially relevant

Documents from the hard drive of the Custodian's laptop or desktop computer; (e) whether the Custodian has deleted any potentially relevant email from the Exchange server hosting that Custodian's email; (f) whether any of the Custodian's potentially relevant Documents have been lost from the Custodian's hard drive due to file corruption, lost laptop or other means of loss; (g) whether the data for the Custodian has been preserved on Monthly Backup Tapes, and if so, for which specific months; and (h) whether the data for the Custodian has been preserved on the Complaint Freeze Tapes.

**RESPONSE TO TOPIC 10:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the ground that it is harassing, overbroad, unduly burdensome and oppressive. AMD also objects to this topic to the extent that it seeks testimony that is neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. AMD also objects to this topic on the ground that, as drafted, it sets forth subjects that are improper for deposition. AMD also objects to this topic to the extent it purports to require AMD to restore, load and review backup tapes.

AMD will not comply with this topic as framed.

**TOPIC NO. 11:**

Whether AMD has discovered that any AMD Custodian manually deleted, or otherwise lost, any potentially relevant email or other electronic data *prior to the date on which the Custodian's data was harvested*, and if so, the date(s) and volume of such deletion or loss, and whether AMD has produced (or will produce) documents for that Custodian from the Complaint Freeze Tapes, Monthly Backup Tapes, Enterprise Vault or other source.

**RESPONSE TO TOPIC NO. 11:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the ground that it is harassing, overbroad, unduly burdensome and oppressive. AMD also objects to this topic to the extent that it seeks testimony that is neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. AMD also objects to this topic on the ground that, as drafted, it sets forth subjects that are improper for deposition. AMD also objects to this topic to the extent it purports to require AMD to restore, load and review backup tapes. AMD also objects to this topic on the ground that AMD already has provided information responsive to it in AMD's August 10, August 23, and September 14, 2007 letters to Intel. *See also* AMD's objections and response to Topic No. 10, and AMD's objections and response to Document Request No. 7, all of which are incorporated by this reference.

AMD will not comply with this topic as framed.

**TOPIC NO. 12:**

The existence, details and application of "AMD's corporate document retention and destruction policies" referenced in David Herron's October 24, 2005 letter to John J. Rosenthal, and the suspension or deviation from such policies and practices in connection with this Litigation.

**RESPONSE TO TOPIC NO. 12:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this topic as follows:

AMD objects to this topic on the ground that it is harassing, overbroad, unduly burdensome and oppressive. AMD also objects to this topic to the extent that it seeks testimony that is neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. AMD also objects to this topic on the ground that, as drafted, it sets forth subjects that are improper for deposition.

AMD will not comply with this topic as framed.

## RESPONSES TO DOCUMENT REQUESTS

### REQUEST NO. 1:

The Litigation Hold Notices issued by AMD in connection with this Litigation.

### RESPONSE TO REQUEST NO. 1:

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this request as follows:

AMD objects to this request on the ground that it calls for information protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

Notwithstanding the foregoing objections, AMD further responds that it provided Intel with its general forms of preservation notice on September 6, 2007, subject to the parties' agreement that by doing so it will not be deemed to have waived any privilege or protection to which these materials are entitled.

### REQUEST NO. NO. 2:

Documents sufficient to show the design, architecture, operation, functionality, capabilities and implementation of AMD's Enterprise Vault system, including its reporting, search and production capabilities.

**RESPONSE TO REQUEST NO. 2:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this request as follows:

AMD objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive. AMD also objects to this request on the ground that it seeks information that is neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. *See also* AMD's objections and responses to Topic Nos. 3 and 4, and its objections and response to Document Request No. 3, all of which are incorporated herein by this reference.

AMD will not comply with this request as framed. However, AMD is willing to provide relevant information about its "Enterprise Vault" system in an informal technical exchange at an agreed upon time and place.

**REQUEST NO. 3:**

Documents sufficient to show the design, architecture, operation, functionality, capabilities and implementation of AMD's Email Journaling System, including its reporting, search and production capabilities.

**RESPONSE TO REQUEST NO. 3:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this request as follows:

AMD objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive. AMD also objects to this request on the ground that it seeks information that is neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence. *See also* AMD's objections and responses to Topic Nos. 3

and 4, and its objections and response to Document Request No. 2, all of which are incorporated herein by this reference.

AMD will not comply with this request as framed.  However, AMD is willing to provide relevant information about its "Email Journaling" in an informal technical exchange at an agreed upon time and place.

**REQUEST NO. 4:**

Documents sufficient to show the harvest instructions and protocols employed for the harvesting of data from AMD Custodians.

**RESPONSE TO REQUEST NO. 4:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this request as follows:

AMD objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive.

AMD will not comply with this request as framed.  However, AMD is willing to provide a written summary that provides information responsive to this topic.

**REQUEST NO. 5:**

Documents sufficient to show the failure of preservation, if any, of potentially relevant Documents, whether on a systemic or individual basis, from the hard drive of any AMD Custodian.

**RESPONSE TO REQUEST NO. 5:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this request as follows:

AMD objects to this topic on the ground that it is harassing, overbroad, unduly burdensome and oppressive.  AMD also objects to this request on the ground that the term "potentially relevant" is vague and ambiguous.

AMD will not comply with this topic as framed.

**REQUEST NO. 6:**

Documents sufficient to show the failure of preservation, if any, of potentially relevant Documents, whether on a systemic or individual basis, from the Complaint Freeze Tapes, Monthly Backup Tapes, Email Journaling System, Enterprise Vault or other preservation source.

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this request as follows:

AMD further objects to the extent this request purports to require it to conduct special searches of, or restore or search any, backup tapes or other media.  AMD also objects to this topic on the ground that AMD already has provided information responsive to it in AMD's August 10, August 23, and September 14, 2007 letters to Intel. *See also* AMD's objections and response to Topic No. 10, and AMD's objections and response to Document Request No. 7, all of which are incorporated herein by this reference.

AMD will not comply with this request as framed.

**REQUEST NO. 7:**

Documents sufficient to show the following for each AMD Custodian:  (a) the date(s) on which the Custodian's documents were harvested for the Litigation; (b) the date on which the Custodian was put on the Email Journaling System; (c) the date on which the Enterprise Vault was first used to capture and preserve email for the Custodian; (d) whether the Custodian has

deleted any potentially relevant Documents from the hard drive of the Custodian's laptop or desktop computer; (e) whether the Custodian has deleted any potentially relevant email from the Exchange server hosting that Custodian's email; (f) whether any of the Custodian's potentially relevant Documents have been lost from the Custodian's hard drive due to file corruption, lost laptop or other means of loss; (g) whether the data for the Custodian has been preserved on Monthly Backup Tapes, and if so, for which specific months; and (h) whether the data for the Custodian has been preserved on the Complaint Freeze Tapes.

**RESPONSE TO REQUEST NO. 7:**

In addition to its General Response and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this request as follows:

AMD objects to this request on the ground that it is harassing, overbroad, unduly burdensome and oppressive.  AMD also objects to this request on the ground that it seeks materials that are neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence.  AMD also objects to this request to the extent it purports to require AMD to restore, load and review backup tapes.

AMD will not comply with this topic as framed.

**REQUEST NO. 8:**

Documents sufficient to describe AMD's document retention and destruction policies, and steps taken, if any, to suspend such policies to prevent the destruction of Documents that may be relevant to the Litigation.

**RESPONSE TO REQUEST NO. 8:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this request as follows:

RLF1-3202599-1

AMD objects to this topic on the ground that it is harassing, overbroad, unduly burdensome and oppressive, and on the further ground that it is redundant of Intel's Request No. 16 in its First Request for Production of Documents. AMD also objects to this request on the ground that it calls for information protected from disclosure by the attorney client privilege and the attorney work product doctrine. AMD will not comply with this request as framed, but incorporates herein by this reference its response to Request No. 16. of Intel's First Request for Production, and its response to Request No. 1 in this set of requests.

**REQUEST NO. 9:**

Documents sufficient to identify and describe AMD's IT infrastructure relevant to the support, storage (including email storage conventions), maintenance and back-up of electronic data relevant to this Litigation, including data residing on hard drives or other off-network media.

**RESPONSE TO REQUEST NO. 9:**

In addition to its General Responses and General Objections, which are incorporated herein by this reference, AMD further objects and responds to this request as follows:

AMD objects to this request on the grounds that it is overbroad, unduly burdensome and oppressive. AMD also objects to this topic on the ground that it seeks information that is neither relevant to a claim or defense of any party, nor is reasonably calculated to lead to the discovery of admissible evidence.

AMD will not comply with this request as framed. However, AMD is willing to provide a written summary of relevant information called for by this request.

/s/ Steven J. Fineman
Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
Finkelstein@rlf.com
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com

OF COUNSEL:
Charles P. Diamond
Linda J. Smith
James M. Pearl
O'Melveny & Myers LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
(310) 553-6700

Mark A. Samuels
David L. Herron
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000

Dated: September 19, 2007

*Attorneys for Plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd.*

23

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2007, true and correct copies of the

foregoing were caused to be served on counsel of record at the following addresses as indicated:

**BY HAND DELIVERY**
Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

**BY HAND DELIVERY**
James L. Holzman, Esquire
Prickett, Jones & Eliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328

**BY FEDERAL EXPRESS**
Robert E. Cooper, Esquire
Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

**BY FEDERAL EXPRESS**
Darren B. Bernhard, Esquire
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

**BY FEDERAL EXPRESS**
Daniel A. Small, Esquire
Cohen Milstein, Hausfeld & Toll, L.L.C.
1100 New York Avenue, N.W.
Suite 500 - West Tower
Washington, DC 20005

*/s/ Steven J. Fineman*
Steven J. Fineman (#4025)

24

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | ) ) ) ) |  MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., | ) ) ) |  C. A. No. 05-441-JJF |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| INTEL CORPORATION and INTEL KABUSHIKI KAISHA, | ) ) ) |
| Defendants. | ) |
| PHIL PAUL, on behalf of himself and all others similarly situated, | ) ) |  C. A. No. 05-485-JJF |
| Plaintiffs, | ) ) |  CONSOLIDATED ACTION |
| vs. | ) ) |
| INTEL CORPORATION, | ) ) |
| Defendant. | ) |

## NOTICE OF SERVICE

PLEASE TAKE NOTICE that true and correct copies of the Response of Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. to Intel Corporation's and Intel Kabushiki Kaisha's Notice of Taking Deposition and Request for Production of Documents were caused to be served on September 19, 2007 on counsel of record in the manner indicated:

**BY HAND DELIVERY**
Richard L. Horwitz, Esquire
Potter Anderson & Corroon, LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

**BY FEDERAL EXPRESS**
Robert E. Cooper, Esquire
Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher, LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197

**BY HAND DELIVERY**
James L. Holzman, Esquire
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328

**BY FEDERAL EXPRESS**
Darren B. Bernhard, Esquire
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

**BY FEDERAL EXPRESS**
Daniel A. Small, Esquire
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500 - West Tower
Washington, DC 20005

OF COUNSEL:
Charles P. Diamond
Linda J. Smith
James M. Pearl
O'Melveny & Myers LLP
1999 Avenue of the Stars, Suite 700
Los Angeles, CA 90067
(310) 553-6700

Mark A. Samuels
David L. Herron
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
(213) 430-6000

Dated: September 19, 2007

/s/ *Steven J. Fineman*
Jesse A. Finkelstein (#1090)
Frederick L. Cottrell, III (#2555)
Chad M. Shandler (#3796)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE  19899
(302) 651-7700
Finkelstein@rlf.com
Cottrell@rlf.com
Shandler@rlf.com
Fineman@rlf.com

*Attorneys for Plaintiffs Advanced Micro
Devices, Inc. and AMD International Sales &
Service, Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2007, I electronically filed the foregoing document

with the Clerk of Court using CM/ECF and have sent by Hand Delivery to the following:

Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

James L. Holzman, Esquire
Prickett, Jones & Eliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328

and have sent by Federal Express to the following non-registered participants:

Darren B. Bernhard, Esquire
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Robert E. Cooper, Esquire
Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

Daniel A. Small, Esquire
Cohen Milstein, Hausfeld
 & Toll, L.L.C.
1100 New York Avenue, N.W.
Suite 500 - West Tower
Washington, DC 20005

*/s/ Steven J. Fineman*
Steven J. Fineman (#4025)
fineman@rlf.com