# EXHIBIT V

# O'MELVENY & MYERS LLP

| | | |
|---|---|---|
| BEIJING<br>BRUSSELS<br>CENTURY CITY<br>HONG KONG<br>LONDON<br>NEWPORT BEACH | 400 South Hope Street<br>Los Angeles, California 90071-2899<br><br>TELEPHONE (213) 430-6000<br>FACSIMILE (213) 430-6407<br>www.omm.com | NEW YORK<br>SAN FRANCISCO<br>SHANGHAI<br>SILICON VALLEY<br>TOKYO<br>WASHINGTON, D.C. |

OUR FILE NUMBER
008,346-163

June 9, 2008

WRITER'S DIRECT DIAL
(213) 430-6230

**VIA E-MAIL AND U.S. MAIL**

WRITER'S E-MAIL ADDRESS
dherron@omm.com

Donn P. Pickett, Esq.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Re:   *AMD v. Intel*

Dear Donn:

Attached are the promised AMD litigation hold chart, and the March 11, 2005 litigation hold notice. As to the chart, the second column lists the date on which the litigation hold notice was sent to the custodian. The third column lists the date that was on the written hold notice delivered to the custodian.

Sincerely,

David L. Herron
of O'MELVENY & MYERS LLP

LA3:1148343.1

# EXHIBIT W

Conference

```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF DELAWARE

ADVANCED MICRO DEVICES, INC.,    :
a Delaware corporation, and      :
AMD INTERNATIONAL SALES &        :
SERVICE, LTD., a Delaware        :
corporation,                     :
                                 : Civil Action
         Plaintiffs,             : No. 05-441-JJF
                                 :
         vs.                     :
                                 :
INTEL CORPORATION, a Delaware    :
corporation, and INTEL           :
KABUSHIKI KAISHA, a Japanese     :
corporation,                     :
                                 :
         Defendants.             :
                                 :   MDL NO. 05-1717-JJF
IN RE INTEL CORPORATION          :
MICROPROCESSOR ANTITRUST         :
LITIGATION                       :
                                 :
PHIL PAUL, on behalf of          :
himself and all other            :
similarly situated,              :
                                 : Civil Action
         Plaintiffs,             : No. 05-485-JJF
                                 :
         vs.                     :
                                 :
INTEL CORPORATION,               :
                                 :
         Defendant.              :
```

                A status conference was taken
before The Honorable Vincent J. Poppiti on Thursday,
May 24, 2007, beginning at approximately 11:00 a.m.

Gail Inghram Verbano, CSR, RMR, CLR
CORBETT & WILCOX
230 N. Market Street - Wilmington, Delaware 19801
(302) 571-0510

Corbett & Wilcox is not affiliated with
Wilcox & Fetzer, Court Reporters

www.corbettreporting.com

Conference

```
Page 2

 1    Attorneys for the Class Plaintiff:

 2              Brent W. Landau, Esq.
                COHEN, MILSTEIN, HAUSFELD & TOLL
 3
                James L. Holzman, Esq.
 4              PRICKETT JONES & ELLIOTT

 5    Attorneys for AMD:

 6              Frederick L. Cottrell, III, Esq.
                Steven Fineman, Esq.
 7              RICHARDS LAYTON & FINGER

 8              Chuck Diamond, Esq.
                Mark Samuels, Esq.
 9              James Pearl, Esq.
                David Herron, Esq.
10              O'MELVENY & MYERS

11    Attorneys for Intel:

12              W. Harding Drane, Esq.
                POTTER ANDERSON & CORROON LLP
13
                Robert Cooper, Esq.
14              Daniel Floyd, Esq.
                Kay Kochenderfer, Esq.
15              Richard Levy, Esq.
                BINGHAM, McCUTCHEN
16
      ALSO PRESENT:
17
                Beth Ozmun, Esq.
18              Advanced Micro Devices

19              Mary Mullaney, Esq.
                BLANK ROME
20
                Eric Friedberg,
21              Jennifer Martin
                STROZ, FRIEDBERG, LLC
22

23

24
```

1  everything and outside counsel is preserving

2  everything that I expect that AMD is looking for.

3      MR. COOPER: I think that is a fair

4  statement of what we are doing, Your Honor.

5      Now, I can't say that -- we've

6  focused on outside counsel prior to this recent

7  dustup, but I don't think there is any reason to

8  think that anything has been lost.

9      I would make a simple point,

10 though, that we are involved in coping with the

11 retention issue, as outside counsel. And it's

12 obvious now that we're going to be engaged in the

13 defense of Intel, not only on the merits but also

14 with respect to what is going to be a series of

15 attacks involving retention. So we have no choice

16 but to insist on the privilege as outside counsel,

17 and we intend to do so.

18     JUDGE POPPITI: I understand.

19     MR. COOPER: And I think that

20 should be clear from the outset.

21     JUDGE POPPITI: I understand that.

22 And I expect that that issue may be joined, and it

23 may have to be joined sooner than later.

24     MR. COOPER: Now, one thing I did

Conference

Page 10

1  ask for in -- the email I sent, by the way, I
2  literally was finishing it when I got the letter that
3  was sent to your court.  I immediately sent the email
4  on as written.  I notice I had a typo in it, even.
5              But in that email, I also made the
6  point that if AMD intends to insist on this
7  condition, we think they should reciprocate
8  similarly.  Because although they tell us that they
9  did not have an auto delete function, we know that
10 they were looking at this lawsuit at least as early
11 as March of 2005, months before it was filed.
12             And we will be very interested in
13 the preservation activities that they put in place
14 and how effective they were with respect, in
15 particular, to those early months, which are quite
16 important to us.  Because our defense, in many
17 respects, is based on the fact that AMD is
18 responsible for its own failures in the marketplace
19 by reason of its ineffective marketing, its poor
20 products and its failure to execute in terms of being
21 able to deliver product.
22             That was part of the email I sent,
23 and I would hope that AMD would give us the same
24 assurance insofar as it is concerned.

Conference

Page 11

1    MR. SAMUELS: Your Honor, may I
2    address that? It's Mark Samuels.
3    JUDGE POPPITI: Please,
4    Mr. Samuels.
5    MR. SAMUELS: Intel is apparently
6    subscribing now to the school that the best defense
7    is a strong offense.
8    After Intel came forward six months
9    after discovery of its problems and revealed what may
10   be the most massive document preservation failure of
11   all time, we get a lengthy letter from Mr. Cooper
12   asking us all sorts of intrusive questions, many of
13   them seeking plainly privileged information about
14   AMD's own document preservation program.
15   The letter was clearly intended, by
16   Mr. Cooper, to deflect attention from Intel's own
17   shortcomings that had been just recently been
18   revealed.
19   We responded promptly, told
20   Mr. Cooper in no uncertain terms that we are unaware
21   of any systemic failure or lapse of AMD's
22   preservation plans or efforts. We have
23   double-checked. That remains the case today.
24   There is absolutely no basis for

Page 12

1  concern on Intel's part about AMD's document
2  preservation activities. There has been no privilege
3  waiver on our part, and there is no reasonable cause
4  to think that AMD has been derelict in the slightest.
5            If Mr. Cooper has some basis, he
6  can come forward with it. But in the meantime, we
7  don't believe it's reasonable or appropriate to ask
8  AMD outside counsel to undertake a preservation
9  program with respect to their documents on this sort
10 of tit-for-tat basis.
11           There's no issue as to them. There
12 is no reasonable cause, and we regard it as
13 unreasonable and burdensome and simply a sideshow.
14           JUDGE POPPITI: Let me just say
15 this: My focus, by virtue of what Intel brought to
16 the Court's attention, is to focus on the process
17 that we established to make every effort to
18 understand what was supposed to have occurred with
19 document preservation; of what the process was in
20 that respect; what went wrong; why it went wrong;
21 what impact that may have had ultimately on documents
22 that were not preserved; what, if any, remediation
23 program may put everyone in the position of saying,
24 We have full faith and confidence in what has been

```
                                                          Page 13
1    preserved; make a judgment if it's appropriate at
2    some point that it is either -- it's enough or it's
3    not enough; make some judgment at some point if it's
4    appropriate as to whether we should be proceeding to
5    consider a sanction.
6                   But it is all Intel-focused.  There
7    is nothing in this record that would suggest to me
8    that I should be focused on the document retention
9    activity of AMD.  And I do not intend to get
10   sidetracked unless there is a reason to turn my
11   attention to that or a reason why I should be paying
12   attention to both.
13                  At this juncture, it is
14   Intel-focused, and that's what I intend to continue
15   to do unless there is cause for me to do otherwise.
16                  MR. SAMUELS:  Mark Samuels, Your
17   Honor.  Thank you.
18                  May I address the point Mr. Cooper
19   made concerning the subpoenas that we were forced to
20   serve on his firm and on the Howrey firm the other
21   night?
22                  JUDGE POPPITI:  Well, I want --
23   what I -- the answer is of course at some juncture
24   during the course of this teleconference today.  But
```