IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) ) | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>     Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

## CASE MANAGEMENT ORDER NO. 6

  The following provisions shall apply to the taking of depositions in this case and, where applicable, modify the provisions of Rule 26 and any applicable local rules of the Court. By these provisions, the parties do not waive any objections a witness may have to the taking of a

deposition, including, but not limited to, the location or length, which will be raised promptly and addressed by the Special Master, as required.

1. **<u>Notice and Logistics.</u>**

a. <u>Deposition Point Person</u>. Intel, AMD, and Class Plaintiffs each will appoint a deposition point person to whom all communications regarding depositions will be sent. The parties will cooperate to expand the notifications as necessary and convenient, but for a communication concerning the notice or scheduling of a deposition to be effective it must be made by email to the deposition point person(s).

b. <u>Advance Notice Of Depositions</u>. Between the first and fifth of each month, each side will notify the other by e-mail or letter of the depositions each party wishes to take the following month, including third parties, and will include in the notification the estimated number of hours of examination by the noticing party. For party witnesses, the e-mail or letter should be followed-up by a formal deposition notice within 7 days. The deposition notice need not include a specific date or location to be effective, nor does it need to comply with the seven (7) day notice provision set forth in Local Rule 30.1. For 30(b)(6) depositions, the initial e-mail or letter should include a preliminary list of the topics of examination for that deposition. A final list of the topics of examination should be provided with the formal deposition notice within 7 days. Subpoenas will be prepared and served on witnesses as required, although the parties agree to cooperate to minimize the burdens. Absent unusual circumstances or compelling scheduling issues, party related witnesses (*i.e.*, current and former employees of a party) will be produced for deposition in the month requested, and third party depositions should also, to the extent possible, take place in the month requested.

c. <u>Scheduling of Depositions</u>. The parties will use best efforts to confirm the dates and locations for depositions as soon as practicable but no later than 14 calendar days after receipt of the letter requesting the depositions. The date for a deposition shall be final or "locked in" and not subject to further change 10 days before the deposition is scheduled to take place, absent agreement of the parties or a specific showing of unavoidable good cause.

d. <u>Reporting and Videotaping of Depositions</u>. The parties have entered into a joint arrangement with a court reporting and videographer firm that will govern all depositions. All depositions will be videotaped unless the noticing side informs the parties to the contrary. For purposes of tabulating deposition hours each party has used, the videographer shall track to the nearest quarter-hour (rounding up) the time consumed by each party's examination (which is defined as the time from commencement of the examination through completion, excluding breaks), and the videographer shall announce the totals on the stenographic record at the conclusion of each day of examination. In the event a deposition is not videotaped, time-tracking shall be performed by the court reporter.

e. <u>Numbering of Deposition Exhibits</u>. The parties will meet and confer to develop a protocol for the numbering of deposition exhibits to facilitate use of depositions at trial. The parties have agreed on distinct exhibit number ranges for use in depositions: AMD will use exhibit numbers 1 to 5000, Intel will use exhibit numbers 5001 to 10000, and Class Plaintiffs will use exhibit numbers 10001 to 15000. Additional ranges will be assigned, if need be. Each party, with assistance from the court reporters, will track its own deposition exhibits and use their numbers sequentially from one deposition to the next by the same party.

f. <u>Deposition Hour Allocations</u>. The parties are collective allocated 2,086 hours of merits depositions exclusive of expert depositions. AMD and Class Plaintiffs are collectively

allotted 1,147 hours; Intel is allocated 939 hours. For scheduling purposes, a full day of deposition shall consist of 7 hours of examination.

2. **Location and Other Scheduling Issues.**

Depositions will be held in a city convenient to the deponent. The specific location of the deposition in that city will be selected by the deposing lawyer. Depositions lasting more than one day will be conducted day to day, unless the witness agrees to an adjournment requested by the examining party or unanticipated scheduling exigencies otherwise requires. Attendance and conduct at a deposition will be governed by Local Rules 30.3 and 30.6 and the protective order entered in this case.

3. **Special Master**

The parties agree that discovery issues that arise during depositions may be presented telephonically to the Special Master. Any decisions made in connection with such issues, except those involving privilege or other immunity or protection from disclosure, will be final and not subject to further review by the Court. Any objections raised will be deemed preserved for all purposes.

4. **Review, Signing, and Custody of Transcript.**

The parties agree that that the original transcript will be sent to the attorney defending a witness, who will then promptly forward the transcript to the witness to review. Subject to reasonable extensions, which will be freely given, party witnesses will have thirty days from the date the transcript is sent by the court reporter to the defending attorney to review and sign the transcript, and the attorney will notify all parties of changes or corrections promptly, but no later than five (5) days after receiving them. The attorney representing a party witness or the attorney for the party that requested or noticed a third party deposition shall maintain custody of the

original transcript and make it available upon reasonable request. The parties agree that copies of a transcript may be used as if they were the original litigation transcript, including where a witness fails to sign the original transcript for any reason after given an opportunity to do so, subject to the protective order.

    5.    **Special Provisions Applicable to Third-Party Depositions**

    a.    <u>Service of Notification</u>. In the case of deponents who are neither current nor former employees of a party, or other persons who are not under the control of a party, the notification provided for in Paragraph 1(b) will also be served on (i) the deponent if unrepresented, or counsel known to represent the deponent in this litigation, and (ii) in the case of current or former employees of any entity served with a subpoena in this case, the entity or any counsel representing it. Service to the deponent will be by certified mail, and email, where available and reasonably ascertainable. All notices served under this paragraph will include a copy of this Order. Should the non-noticing party contemplate conducting an examination of the deponent lasting more than one hour, it will provide to the same persons a counter-notice setting forth the estimated duration of its examination.

    b.    <u>Scheduling of Deposition</u>. Any person receiving such a notice (and counter-notice), or counsel acting on his or her behalf, will provide date(s) for the commencement of the deposition in the month requested as soon as practicable but no later than 14 calendar days after receipt of the letter requesting the deposition. The proposed date(s) should be sufficient to accommodate the time estimates of the parties. Upon receiving a proposed start date, the requesting party will promptly cause a subpoena for that date to be served on the deponent or any counsel authorized by the deponent to accept service. In the event the deponent or his/her representative fails timely to provide a start date, the deposition will be noticed for a date

selected by the requesting party. Absent some further agreement of the parties and the deponent, **the deposition will commence on the date specified in the subpoena unless the deponent applies for a protective order from this Court pursuant to the Procedures for the Handling of Discovery Disputes Before the Special Master dated June 26, 2006, as amended on October 9, 2007 (available on Pacer). Any such proceeding shall be commenced sufficiently early so as to permit the deposition to proceed on the scheduled start date in the event the application is denied.**

    c.    <u>Disputes Over the Scheduling of Third-Party Depositions</u>. The parties recognize that document productions, including some third party productions, are ongoing. A party receiving notice of a proposed third-party deposition that believes the deposition is premature given the status of pertinent document productions, will within seven days provide a written objection to the requesting party and to the deponent. Any scheduling dispute the parties are unable to resolve shall promptly be brought to the attention of the Special Master for resolution. The pendency of any such dispute, however, shall not relieve the deponent and the parties of their scheduling obligations under this Order.

    6.    **Third Party Document Production Cut-Off**. So as to permit timely completion of third-party depositions, all third parties currently under subpoenas duces tecum are ordered to complete their production of documents on or before August 29, 2008. Plaintiffs shall so inform third-parties of this production cut-off by serving copies of this Order on them or their counsel. **Any third-party that believes it cannot comply with this deadline shall apply to this Court for relief from it on or before July 1, 2008.**

    7.    **Reports to the Special Master**. Within fifteen days of the end of every second month (beginning July 15, 2008), the parties will jointly report to the Special Master on the

number of hours of depositions each has expended during the preceding two months and any issues relating to progress of the depositions, or any other issues, that have arisen in connection with the depositions.

    ENTERED this 13th day of June, 2008.

                                                          Vincent J. Poppiti (#100614)
                                                          Special Master

    SO ORDERED this ___ day of June, 2008.

                                                          Joseph J. Farnan, Jr.
                                                          United States District Court Judge