IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: INTEL CORPORATION MICROPROCESSOR ANTITRUST LITIGATION | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC. and AMD INTERNATIONAL SALES & SERVICE, LTD., <br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION and INTEL KABUSHIKI KAISHA,<br><br>Defendants. | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendant. | Civil Action No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**NOTICE OF TAKING DEPOSITION OF
INTEL CORPORATION AND INTEL KABUSHIKI KAISHA**

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Class Plaintiffs will take the deposition of defendants Intel Corporation and Intel Kabushiki Kaisha (collectively, "Intel") on July 14, 2008, beginning at 9:00 a.m., at the offices of O'Melveny & Myers LLP, 2765 Sand Hill Road, Menlo Park, CA or at such other time and place as the parties may agree. The deposition will be recorded by stenographic and sound-and-visual (videographic) means, will be taken before a Notary Public or other officer authorized to administer oaths, and will continue from day to day until completed, weekends and public holidays excepted.

19684.1\372540v1

Reference is made to the "Description of Matters on Which Examination is Requested" attached hereto as Exhibit A and incorporated herein by this reference. In accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, Intel is hereby notified of its obligation to designate one or more officers, directors, or managing agents (or other persons who consent to do so) to testify on its behalf as to all matters embraced in the "Description of Matters on Which Examination is Requested" and known or reasonably available to Intel.

Dated: June 19, 2008

PRICKETT JONES & ELLIOTT, P.A.

By: /s/ Laina M. Herbert
James L. Holzman (#663)
J. Clayton Athey (#4378)
Laina M. Herbert (#4717)
Melissa N. Donimirski (#4701)
1310 King Street
P.O. Box 1328
Wilmington, DE 19899
(302) 888-6500
jlholzman@prickett.com
jcathey@prickett.com
lmherbert@prickett.com
mndonimirski@prickett.com
*Interim Liaison Counsel and Attorneys for Phil Paul, on behalf of himself and all others similarly situated*

OF COUNSEL:

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
1100 New York Avenue, NW
Suite 500, West Tower
Washington, DC 20005

Michael P. Lehmann
Jon T. King
COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C.
One Embarcadero Center
Suite 2440
San Francisco, CA 94111

Steve W. Berman
Anthony D. Shapiro
Erin K. Flory
Steve W. Fimmel
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Guido Saveri
R. Alexander Saveri
Lisa Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111

19684.1\372540v1

2

Craig C. Corbitt
Judith A. Zahid
ZELLE, HOFMANN, VOELBEL, MASON &
GETTE LLP
44 Montgomery St., Suite 3400
San Francisco, CA 94104

*Interim Co-Lead Counsel for the Class
Plaintiffs*

**EXHIBIT A**

## EXHIBIT A

## DESCRIPTION OF MATTERS ON
## WHICH EXAMINATION IS REQUESTED

**I.    DEFINITION**

1.    "Intel" shall mean and refer collectively to defendants Intel Corporation and Intel Kabushiki Kaisha, including their respective past and present officers, directors, agents, attorneys, employees, consultants, or other persons acting on either of their behalf.

**II.    SUBJECT MATTER**

1.    The factors Intel has taken into account, and the procedures it has followed, to determine any customer-specific price including, but not limited to, customer-specific CAP price or a "tier" price.

2.    The factors Intel has taken into account, and the procedures it has followed, to determine any customer-specific discounts, rebates, price adjustments, customer payments, bonuses, incentives and/or credits including, but not limited to, ECAPs, LCAPs, MCP, meet-competition funds and MDF.

3.    Any requirement, conditions, or performance Intel has expected any customer to satisfy or meet in order to receive or continue to receive any discount, rebate, credit, bonus, incentive, price adjustment or payment from Intel.

4.    Any customer purchase volume target or threshold, whether in terms of units or percentage of customer's x86 purchases or requirements, that Intel has employed in determining a customer's qualification for any discounts, rebate, credit, price adjustments, bonus, incentive or payment from Intel.

5.    Intel's policies and/or procedures with respect to informing customers of the requirements, conditions or Intel expectations that the customer is expected to meet in order receive or continue to receive a discount, rebate, credit, price adjustment, bonus, incentive, or payment from Intel, and whether or not these policies or procedures have been uniformly followed, and, if not, any exceptions to these policies or procedures that have occurred.

6.    The existence, nature and extent of any funds Intel has made available to a customer, whether in the form of rebates, discounts, payments, bonuses, incentives or credits,

19684.1\372540v1

that the customer can draw down at its discretion and/or in conformance with Intel imposed conditions for use in competing against AMD-based systems including, but not limited to, server systems, and any procedures Intel has implemented to monitor or track customers' use of such funds.

7. Intel's policies and/or procedures for processing and recording within Intel's databases, electronic tools, files or other internal systems Intel's grants of discounts, rebates, price adjustments, credits, bonuses, incentives, meet-competition payments/allowances, marketing payments/allowances, or other monetary benefits provided customers.