

# Potter Anderson & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

W. Harding Drane, Jr.
Partner
302 984-6019 Direct Dial
302 658-1192 FAX
wdrane@potteranderson.com

June 25, 2008

**VIA ELECTRONIC FILING, BY HAND & E-MAIL**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

Re: *Advanced Micro Devices, Inc., et al. v. Intel Corporation, et al.,*
C.A. No. 05-441-JJF;
*In re Intel Corp.*, C.A. No. 05-1717-JJF; and
*Phil Paul v. Intel Corporation (Consolidated)*, C. A. No. 05-485 (JJF)

Dear Judge Poppiti:

As this Court directed at the June 20, 2008 hearing, Intel Corp. ("Intel") submits this letter brief on the following two issues:

(1) Does Fed. R. Civ. P. 26(a)(2)(B)'s expert disclosure requirement cover the back-up data, programs, spreadsheets, and calculations considered by Class Plaintiffs' expert, Professor Leffler?

(2) Must Intel pay a portion of the Special Master's expenses that Class Plaintiffs incurred in connection with their motion to compel data production from Fry's Electronics in order to get a copy of the produced data?

The answer to the first issue is yes: Rule 26(a)(2)(B) requires a party relying on a retained expert to provide a written report including a complete statement of the expert's opinions, as well as "the data or other information considered by the witness in forming them." More than a month after full disclosure was required, and after has Intel made several inquiries about the missing data, Class Plaintiffs still have not produced these materials that were considered by their expert.

The answer to the second issue is no; the Rules do not obligate Intel to reimburse Class Plaintiffs for any cost incurred in obtaining discovery beyond the reasonable cost of copying the information. This is particularly the case here where Intel had no involvement in the proceedings before the Special Master that gave rise to the expenses at issue.

Honorable Vincent J. Poppiti
June 25, 2008

Issue 1: Class Plaintiffs are required to disclose the back-up data, programs, spreadsheets, and calculations used or considered by their class expert.

With respect to the backup data considered by their expert, Class Plaintiffs argued during the parties' meet and confer that the Rule 26(a)(2)(B) disclosure requirements are limited to trial experts and, therefore, do not apply to their class certification expert.

Class Plaintiffs' position is incorrect, as courts routinely apply the Rule 26(a)(2)(B) disclosure requirements to class certification experts. *Colindres v. Quietflex Mfg.*, 228 F.R.D. 567, 571-72 (S.D. Tex. 2005) (applying Rule 26(a)(2)(B) disclosure requirements to class certification expert and requiring disclosure of e-mail sent by expert to attorney); see also *Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*, No. 5:06-CV-160-D, 2007 WL 4118519, at *2 (E.D.N.C. Nov. 16, 2007) (applying Rule 26(a)(2)(B) disclosure requirements to class certification expert report); *Grimes v. Invention Submission Corp.*, No. CIV-03-0916-HE, 2005 WL 6042731, at *1 (W.D. Okla. March 8, 2005) (requiring supplemental Rule 26(a)(2)(B) disclosures by class certification expert).

Moreover, Case Management Order 1, as well as two stipulated extensions, allowed Class Plaintiffs to file a "Class Expert Report," which implicitly incorporates the Rule 26(a)(2)(B) disclosure requirements. *See Moreno v. Autozone, Inc.*, No. C-05-4432 MJJ (EMC), 2007 WL 2462129, at *1 (N.D. Cal. Aug. 28, 2007) (finding that CMO requiring "disclosure of expert witnesses and production of reports ... implicitly incorporat[es] expert reports as generally provided for by Rule 26(a)(2)(B).").

The only reported case Intel has located that did not require disclosure concurrent with the expert report is *In re IPO Securities Litig.*, No 21 MC 92(SAS), 2004 WL 1637054 (S.D.N.Y. July 23, 2004), where the court found that "defendants are entitled to the data considered by an expert at an appropriate time," but that the materials were irrelevant prior to certification, in light of the Second Circuit's "inadmissible as a matter of law" standard for evaluating class certification. *See In re Visa Check/MasterMoney Antitrust Litig.*, 280 F.3d 124, 135 (2001). This case is inapposite for two reasons.

First, although *In re IPO* acknowledges that, under Rule 26(a)(2)(B), defendants are entitled to all materials considered by a class certification expert, it failed to consider that Rule 26(a)(2)(B) dictates the timing: the materials must be disclosed as part of the expert report, *see* Rule 26(a)(2)(B) ("The report shall contain ... the data or other information considered by the witness....").

Moreover, *In re IPO* is no longer good law. The Second Circuit reversed the trial court's later decision granting class certification, and specifically "disavowed" its *Visa Check/MasterMoney* decision, *see In re IPO Securities Litig.*, 471 F.3d 24, 42 (2d Cir. 2006), which was the trial court's only basis for delaying the expert disclosures.

Class Plaintiffs have also claimed that they would be prejudiced by complying with the Rules, because Intel would have access to their expert's backup data for longer than Class Plaintiffs will have access to Intel's expert data. But this is a product of the schedule – stipulated to by Class Plaintiffs – that creates a longer time period for Intel's Opposition than for Class

2

Honorable Vincent J. Poppiti
June 25, 2008

Plaintiffs' Reply Brief. Class Plaintiffs never raised this issue during negotiations over the stipulated schedule, and their newfound desire that Intel have less time with this material than provided by the Federal Rules is not prejudice. Intel has had Class Plaintiffs' expert report for over one month, but lacks the back-up materials necessary to replicate or critique Professor Leffler's calculations and conclusions. This is inexcusable.

Issue 2:   Class Plaintiffs cannot condition the production of Fry's Electronics' data production on payment by Intel of a portion of the Special Master's fees related to that production.

Class Plaintiffs raise an additional argument with respect to disclosing the Fry's Electronics data: Class Plaintiffs have refused to provide Intel with a copy of that data production unless Intel agrees to pay part of the Special Master's fees incurred in this Court resolving the Class Plaintiffs' motion to compel that production.

The only costs that are ordinarily assessed for a document production are the reasonable costs of copying the documents, which Intel has been willing to pay. *Williams v. Taser Int'l*, No. 1:06-CV-0051-RWS, 2006 WL 1836437, at *6 (N.D. Ga. June 30, 2006) (requesting party required to pay for reasonable costs of copying and shipping documents but no other costs associated with production).

There is no basis to deviate from this general rule. As the Court remembers, the discovery dispute between Fry's and the Class Plaintiffs was lengthy -- ten months from the filing of the motion to compel (D.I. 310, March 29, 2007) until Judge Farnan's adoption of the Special Master's Report and Recommendation (D.I 583, January 25, 2008) -- and hard fought (45 docket entries and multiple hearings). Intel had no role in the dispute; in fact, Fry's barred Intel from attending, or even learning about, the meet and confers that the Court directed Fry's and the Class Plaintiffs to undertake. Moreover, when Fry's and the Class Plaintiffs briefed the issue of who should pay the Special Master's fees, this Court rejected Fry's argument that Intel should pay a portion of those fees.

Class Plaintiffs may argue that Intel benefited from their efforts, but the scope of the data produced was limited to what the Class Plaintiffs found acceptable; Intel had no say in the scope. Further, the scope holds little affirmative value for Intel given that it presents only aggregated sales information for a select number of computer brands and models. The only use that this data serves for Intel is to vet and critique how Professor Leffler has used or intends to use the data. Intel is entitled to receive a set of the data at no cost beyond reasonable copying costs.

Respectfully submitted,

W. Harding Drane, Jr. (#1023)
*Attorneys for Intel Corporation*

WHD:rb
871334/29282

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, W. Harding Drane, Jr., hereby certify that on June 25, 2008 the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Jesse A. Finkelstein<br>Frederick L. Cottrell, III<br>Chad M. Shandler<br>Steven J. Fineman<br>Richards, Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801 | James L. Holzman<br>J. Clayton Athey<br>Prickett, Jones & Elliott, P.A.<br>1310 King Street<br>P.O. Box 1328<br>Wilmington, DE 19899 |

I hereby certify that on June 25, 2008, I have Electronically Mailed the documents to the following non-registered participants:

| | |
|---|---|
| Charles P. Diamond<br>Linda J. Smith<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>cdiamond@omm.com<br>lsmith@omm.com | Mark A. Samuels<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071<br>msamuels@omm.com |
| Salem M. Katsh<br>Laurin B. Grollman<br>Kasowitz, Benson, Torres & Friedman LLP<br>1633 Broadway, 22nd Floor<br>New York, New York 10019<br>skatsh@kasowitz.com<br>lgrollman@kasowitz.com | Michael D. Hausfeld<br>Daniel A. Small<br>Brent W. Landau<br>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.<br>1100 New York Avenue, N.W.<br>Suite 500, West Tower<br>Washington, D.C. 20005<br>mhausfeld@cmht.com<br>dsmall@cmht.com<br>blandau@cmht.com |

| | |
|---|---|
| Thomas P. Dove<br>Alex C. Turan<br>The Furth Firm LLP<br>225 Bush Street, 15th Floor<br>San Francisco, CA 94104<br>tdove@furth.com<br>aturan@furth.com | Steve W. Berman<br>Anthony D. Shapiro<br>Hagens Berman Sobol Shapiro, LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA 98101<br>steve@hbsslaw.com<br>tony@hbsslaw.com |
| Guido Saveri<br>R. Alexander Saveri<br>Saveri & Saveri, Inc.<br>111 Pine Street, Suite 1700<br>San Francisco, CA 94111<br>guido@saveri.com<br>rick@saveri.com | Michael P. Lehman<br>Cohen, Milstein, Hausfeld & Toll, P.L.L.C.<br>One Embarcadero Center, Suite 526<br>San Francisco, CA 94111<br>mlehmann@cmht.com |

By:  /s/ W. Harding Drane, Jr
Richard L. Horwitz (#2246)
W. Harding Drane, Jr. (#1023)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
wdrane@potteranderson.com
*Attorneys for Defendants*
*Intel Corporation and Intel Kabushiki Kasiha*

Dated: June 25, 2008

738395 / 29282

2