

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
(212) 839 5300
(212) 839 5599 FAX

igreaney@sidley.com
(212) 839-7324

BEIJING
BRUSSELS
CHICAGO
DALLAS
FRANKFURT
GENEVA
HONG KONG
LONDON

LOS ANGELES
NEW YORK
SAN FRANCISCO
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
WASHINGTON, D.C.

FOUNDED 1866

June 26, 2008

**Via Hand Delivery**

The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
Wilmington, DE 19801-4226

    Re:    *In re Intel Corp. Microprocessor Antitrust Litig.*, C.A. No. 05-441-JJF
            <u>Que Choisir Motion to Intervene and Application Pursuant to 28 U.S.C. § 1782</u>

Dear Judge Poppiti:

        We, along with Ashby & Geddes, P.A., represent LG Electronics USA, Inc. (U.S.) and LG Electronics Inc. (Korea) (together, "LGE") in connection with the above-referenced action. We write on behalf of LGE to object for the reasons set forth below to the Motion of non-party Union Federale des Comsommateurs – Que Choisir ("QC") to Modify Protective Order to provide access to documents and deposition testimony for use in foreign proceedings pursuant to 28 U.S.C. Section 1782.

        Intel and AMD issued subpoenas to LGE dated June 21, 2006 and June 22, 2006, respectively. Pursuant to a December 15, 2006 letter agreement between LGE, AMD and Intel, and in express reliance upon the Confidentiality Agreement and Protective Order (the "Protective Order") in place in the above referenced matter and MDL Docket No. 05-1717-JJF, LGE agreed to produce documents to Intel and AMD. On January 18, 2007, LGE produced documents Bates-labeled LG 0001 – 0228, again expressly subject to the Confidentiality Agreement and Protective Order.

        The documents produced by LGE in this matter are confidential and proprietary. LGE produced the documents in express reliance on the Protective Order. LGE would not have agreed to produce documents to Intel or AMD in the absence of the protections afforded to it in the Protective Order. In the event the Court were to grant QC's motion to modify the Protective Order, LGE will bear a substantial risk that its confidential and proprietary information will not be protected. At the very least, LGE will be forced to bear the substantial burden and expense of monitoring the use of its documents in other jurisdictions and enforcing the confidentiality protections that are afforded to it under the Protective Order.



Hon. Vincent J. Poppiti
June 26, 2008
Page 2

     For these reasons, LGE objects to QC's motion and respectfully requests that the Court deny it in its entirety. In addition, LGE will rely upon the arguments made and authority cited by Intel and other third parties that we understand may submit papers in opposition to QC's Motion.

     We are at Your Honor's convenience in the event Your Honor has any questions or concerns with respect to this matter.

                        Respectfully submitted,

                        */s/ Isaac S. Greaney*

                        Isaac S. Greaney

cc:    Clerk of Court *(by electronic filing)*
        Richard L. Horwitz, Esq. *(by electronic filing and hand delivery)*
        Frederick L. Cottrell, III, Esq. *(by electronic filing and hand delivery)*
        James L. Holzman, Esq. *(by electronic filing and hand delivery)*
        William P. Bowden, Esq.

{00226148;v3}