# PROCTOR HEYMAN LLP
## ATTORNEYS AT LAW

1116 WEST STREET · WILMINGTON, DELAWARE 19801
TEL: 302.472.7300 · FAX: 302.472.7320 · WWW.PROCTORHEYMAN.COM

Direct Dial: (302) 472-4301
Email: vproctor@proctorheyman.com

June 26, 2008

**BY E-FILING AND BY HAND**
The Honorable Vincent J. Poppiti
Blank Rome LLP
1201 N. Market Street, Suite 800
Wilmington, DE 19801

> RE: *Advanced Micro Devices, Inc., et al. v. Intel Corp., et al.*
> **(C.A. No. 05-441-JJF);**
> *In re Intel Corp. Microprocessor Antitrust Litig.*
> **(MDL No. 05-1717-JJF);**
> *and Phil Paul v. Intel Corp. (Consolidated)*
> **(C.A. No. 05-485-JJF)**

Dear Special Master Poppiti:

I write on behalf of Sony Corporation, NEC Corporation, and Toshiba Corporation (collectively, the "Japanese OEMs") regarding the motion to intervene and modify the Protective Order ("Motion") filed by Union Federale Des Consommateurs–Que Choisir ("QC") (D.I. 609; filed April 9, 2008).[1]

The Japanese OEMs agree with the arguments made by various third-party companies opposing QC's Motion to Intervene. *See* Third Parties' Opposition to Motion of Union Federale des Consommateurs–Que Choisir to Intervene for the Purpose of Seeking Modifications to Protective Order and Application Pursuant to 28 U.S.C. § 1782 ("Opposition") (D.I. 745; filed June 26, 2008). As discussed in that Opposition, QC's proposed modifications to the Protective Order would threaten the interests of third parties by potentially permitting widespread dissemination of the third parties' highly confidential documents to numerous individuals and entities (*i.e.,* those affiliated with QC) in foreign jurisdictions, and by allowing their use before foreign courts and tribunals. The concerns of third

---

[1] The Japanese OEMs file this letter as a special appearance without waiving any of their objections to the jurisdiction of the Court.

parties, including the Japanese OEMs, regarding the protection of their confidential documents in other jurisdictions have already been validated by the Special Master and resulted in changes to the proposed Protective Order before it was entered. *See, e.g.*, Special Master's Report and Recommendations Regarding Proposed Protective Order (D.I. 177; filed June 27, 2006) at 116 ("[T]his Court should not prematurely circumvent the defenses that Third Parties may wish to raise and/or the actions they may wish to take to protect their confidential information from disclosure to persons not subject to the jurisdiction of this Court."); Objections of Fujitsu Limited, NEC Corporation, Sony Corporation, Sony Electronics Inc., and Toshiba Corporation to Stipulated Confidentiality Agreement (D.I. 133; filed May 19, 2006). The Japanese OEMs relied on the terms and enforceability of the Protective Order when producing their confidential materials. It would be unfair to substantively change those very protections at this stage.

As also discussed in the Opposition, the modifications proposed by QC do not ensure that QC will be bound by certain provisions of the Protective Order such as confidentiality and notice. Moreover, third parties would bear the burden of monitoring QC's compliance with the Protective Order if QC's motion were granted. That burden would fall especially hard on the Japanese OEMs, who are incorporated and principally located outside the United States. The Japanese OEMs would be required to expend resources to ensure protection of their confidential information in at least two additional foreign jurisdictions. The Motion, if granted, could force the Japanese OEMs to litigate in Europe to protect their confidential information produced in the American case.

For these additional reasons, the Japanese OEMs submit that QC's Motion should be denied.

Respectfully,

*/s/ Vernon R. Proctor*

Vernon R. Proctor (# 1019)
vproctor@proctorheyman.com

VRP/tt
cc:   Frederick L. Cottrell, III, Esquire (by e-filing)
      Richard L. Horwitz, Esquire (by e-filing)
      James L. Holzman, Esquire (by e-filing)
      P. Clarkson Collins, Jr., Esquire (by e-filing)
      Clerk, District Court (by e-filing)
      All counsel for Japanese OEMs (by e-mail)