# FENNEMORE CRAIG, P.C.

3003 North Central Avenue, Suite 2600
Phoenix, Arizona 85012-2913
(602) 916-5000

**Amy Abdo**
Admitted in Arizona, California and Nevada
Direct Phone: (602) 916-5399
Direct Fax: (602) 916-5599
amy@fclaw.com

Law Offices
Phoenix     (602) 916-5000
Tucson      (520) 879-6800
Nogales     (520) 281-3480
Las Vegas   (702) 692-8000
Denver      (303) 291-3200

July 1, 2008

**Via Electronic Mail Poppiti@BlankRome.com**
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, Delaware 19801

Re:   *Advanced Micro Devices, Inc. et al v. Intel Corp. et al.*
      USDC, District of Delaware, Civil Action No. 05-441-JJF
      In re: Intel Corp., MDL Docket No. 05-1717-JJF

Dear Judge Poppiti:

We represent third party, Avnet, Inc. We received a copy of the Case Management Order No. 6 ("Order") signed by Judge Farnan on June 20, 2008. Paragraph 6 of the Order requires any third party that believes it cannot produce the subpoenaed documents on or before August 29, 2008 to apply to the Court on or before July 1, 2008 for relief from the August 29, 2008 deadline.

On June 24, 2008, on behalf of Avnet, we wrote to the attorneys requesting transactional data from Avnet and advised them that Avnet is unable to determine whether it can comply with the Court's August 29, 2008 production deadline. Avnet's uncertainty stems from the fact that Avnet is awaiting further instructions from the parties' counsel regarding the nature and scope of transactional data they want Avnet to produce. A copy of our June 26, 2008 letter is enclosed.

Although the parties and Avnet have cooperated in an effort to identify and produce responsive Avnet transactional data, Avnet's transaction records do not identify those parts (parts containing x86 microprocessors) with which the parties are most concerned. The parties have

2081192.1/12444.030

# FENNEMORE CRAIG, P.C.

The Hon. Vincent J. Poppiti
July 1, 2008
Page 2

therefore struggled to devise a means by which they might obtain those records most likely to have relevant information, but without having to parse through or analyze so many individual records that paralysis results. In that connection, at the parties' request, on April 13, 2007, Avnet produced its parts list for three manufacturers of products distributed by Avnet. More than a year later, on June 2, 2008, the parties' counsel requested that Avnet produce its parts lists for an additional twelve manufacturers that the parties identified. On June 10, 2008, Avnet made its second production of parts lists. In total, Avnet's parts lists contain almost 1.4 million parts. On or about June 23, 2008, AMD's counsel advised Avnet that analysts are reviewing Avnet's parts lists in an effort to identify those parts containing x86 microprocessors. As we understand, once the analysts have completed their analysis of Avnet's parts lists, the parties hope to be able to identify the nature and scope of the precise transactional data they would like Avnet to produce.

On June 25, 2008, AMD's counsel made an alternative proposal to Avnet. That proposal requested that Avnet produce "all of its purchase and cost data" worldwide for fourteen manufacturers over a seven year time period. A copy of counsel's June 25, 2008 email is enclosed. As explained to counsel, this proposal is not acceptable for a number of reasons. Avnet cannot with any accuracy estimate the number of hours it would take to query its multiple databases for almost 1.4 million parts over a seven year period. However, even if Avnet devoted a full time employee to this task, Avnet could not meet the August 29, 2008 deadline. The recent proposal is decidedly broader than the subpoena and seeks from Avnet every part number for fourteen manufacturers not limited to parts containing x86 microprocessors that are at issue here. Minimally, it appears that AMD and Intel, as parties to the litigation, should be able to identify their part numbers containing x86 microprocessors which would enable Avnet to narrow its search and production with respect to its distribution of AMD and Intel products. The proposal presents demands on Avnet are that overreaching and unreasonable.

On July 1, 2008, Avnet made a proposal to the parties to produce sales and purchase data for transactions occurring in the United States on a year by year basis with the first production occurring on or around July 11, 2008. Counsel for the parties will review the production to determine its usefulness. Assuming the production is satisfactory to the parties, Avnet will continue to produce the data until it has completed its production for the seven year time period. Avnet has been advised that the data requested for transactions outside the United States may be produced in a summary manner and Avnet is exploring the availability of that information as requested by the parties.

As demonstrated, until the parties complete their analysis of Avnet's parts lists and identify the type and scope of information they are requesting from Avnet, or until the parties determine whether Avnet's July 1, 2008 proposal is satisfactory, Avnet cannot possibly

# FENNEMORE CRAIG, P.C.

The Hon. Vincent J. Poppiti
July 1, 2008
Page 3

determine whether it can comply with the Court's August 29, 2008 deadline. While Avnet and the parties are continuing to cooperate with one another to determine the most efficient manner to move forward with Avnet's production, Avnet may need relief from the August 29, 2008 deadline.

> Very truly yours,
>
> FENNEMORE CRAIG, P.C.
>
> Amy Abdo

AA/thl
Enclosures

cc: Timothy J. Burke
　　Jennifer Laser
　　Richard A. Ripley
　　Karen J. Marcus
　　Jason Raofield
　　James Pearl

2081192.1/12444.030