

**W. Harding Drane, Jr.**
Partner
Attorney at Law
wdrane@potteranderson.com
302 984-6019 Direct Phone
302 778-6019 Fax

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

August 8, 2008

**REDACTED VERSION**

<u>**VIA ELECTRONIC FILING, BY HAND & E-MAIL**</u>
The Honorable Vincent J. Poppiti
Blank Rome LLP
Chase Manhattan Centre, Suite 800
1201 North Market Street
Wilmington, DE 19801

Re:    ***Advanced Micro Devices, Inc. v. Intel Corp.,*** C.A. No. 05-441-JJF; ***In re Intel Corp.,***
       **C.A. No. 05-1717-JJF; and *Phil Paul v. Intel Corp.,* C.A. No. 05-485 (JJF) (DM 4D)**

Dear Judge Poppiti:

       AMD's Motion to Quash sought an order to block Intel from any formal discovery into
AMD's document retention practices, despite the fact that AMD had grudgingly admitted that
there were some retention lapses. After seeing Intel's response to its motion and counter-motion,
AMD has altered course. It now concedes that Intel should be permitted to take some discovery,
but only the discovery that AMD wishes to give. That is not AMD's decision to make; it is the
Court's decision. Because AMD has failed to demonstrate that any of Intel's pending requests
are unreasonable or unduly burdensome, it has failed to carry its burden on its motion.
Moreover, while there is no special requirement under the law or the orders of this Court to show
a unique need for retention discovery, if there were such a requirement, Intel has more than met
it—based both on lapses it has found and those that AMD has admitted. The Court should deny
AMD's motion, grant Intel's motion, and let the reasonable discovery Intel seeks proceed.[1]

       <u>**The Fowler Declaration Ignores Key Questions While It Raises New Issues**</u>. With its
opposition brief and supposedly in response to Intel's expert declaration, AMD has filed a non-
expert, mostly-hearsay declaration of its counsel. Ironically, as discussed in more detail in
Intel's additional affidavit of its own expert, that declaration not only fails to address many of the
questions raised by Intel's motion, it also reveals a host of entirely new and troubling retention
problems. For example, it discloses that (1) AMD IT Manager ████████ changed some (but
not all) AMD custodians' "dumpster" settings at some undisclosed time; (2) Mr. ████
recovered some items from the "dumpster" for certain custodians, but chose not to recover the
rest; and (3) AMD's ████████████ had a practice of deleting emails, some of which
were not recovered. With each new response, AMD discloses new lapses and raises new

---

[1] Intel requests that the Court permit a one-page extension of this brief. AMD has agreed.

August 8, 2008
Page 2

questions. Moreover, the hearsay attorney testimony neither serves as admissible percipient evidence nor as compelling expert testimony. Intel is entitled to explore these issues as they arise by obtaining sworn testimony from qualified witnesses assisted by production of relevant AMD documents.[2]

**AMD Has Not Met Its Burden To Quash Discovery.** AMD bears the burden of showing that particular Intel discovery requests are overly broad or unduly burdensome.[3] It fails to do so. In fact, AMD fails to identify a single discovery request that is inappropriate. Instead, AMD asks the Special Master to reject Intel's requests wholesale and let AMD decide which information to reveal and which to withhold. That is not how discovery is supposed to work. AMD has no right to direct or divert Intel's discovery at its whim.

Instead of trying to carry its burden, AMD attempts to shift the burden to Intel to prove particular "preservation breakdowns" and then "tether" Intel's discovery to the specific lapses Intel has shown. That argument fails for at least six reasons. First, it is contrary to law. None of the cases AMD cites holds that the party seeking discovery bears the burden AMD manufactures. Indeed, they hold to the contrary.[4] Second, AMD's rule contradicts Judge Farnan's order, which permits general, non-constricted discovery regarding "the completeness of document production

---

[2] Mr. Ashley's declaration responding to the Fowler Declaration is filed with this brief. AMD's suggestion—that Intel "sandbagged" AMD with Mr. Ashley's Declaration—is wrong. Most of the issues discussed in Mr. Ashley's July 1, 2008 Declaration were identified by Mr. Ashley only *after and in response to* AMD's attempt to quash Intel's discovery.

[3] *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982); *In re Aspartame Antitrust Litig.*, 2008 WL 2275531 at *1 (E.D. Pa. May 13, 2008) ("[t]he burden . . . rests on the party resisting permissible discovery to show *specifically* how the information requested 'is not relevant or how *each* question is overly broad, burdensome or oppressive'") (emphasis added) (internal citations omitted). Where there is any doubt about whether discovery is appropriate, the court should allow the discovery. *SmithKline Beecham Corp. v. Apotex Corp.*, 2006 WL 279073 at *2 (E.D. Pa. Jan. 31, 2006).

[4] *Alexander v. FBI*, 188 F.R.D. 111, 119 (D.D.C. 1998) (denying motion for protective order and compelling 30(b)(6) deposition; party resisting discovery failed to carry burden of making required "showing"); *Doe v. District of Columbia*, 230 F.R.D. 47, 50 & 55-56 (D.D.C. 2005) (denying motion for protective order and compelling document-retention deposition; holding that party moving for protective order bears burden of "demonstrating the specific evidence of harm that would result."); *Tulip Computers, Int'l B.V. v. Dell Computer Corp.*, 2002 WL 818061 at *7-8 (D. Del. Apr. 30, 2002) (granting motion to compel discovery regarding hold-notice memo, corporate retention policy, and electronic-document storage; rejecting argument that breach of discovery obligation is prerequisite to discovery). AMD cites *Powell v. South Jersey Marina, Inc.*, 2007 WL 2234513 (M.D. Pa. Aug. 1, 2007). That case has nothing to do with document retention discovery but it does confirm AMD's burden to "state the grounds for the objection with specificity, and not mere recitation of the familiar litany that any [discovery request] is 'overly broad, burdensome, oppressive and irrelevant'" and that AMD was required to make such a showing for "each" discovery request. *Id.* at *2, 6 (citation omitted). The court denied one deposition because three witnesses with greater knowledge had already been deposed. *Id.* at *5. AMD has not produced one, let alone three, deponents.

August 8, 2008
Page 3

(including electronic discovery)"—without the preconditions or limits AMD now demands. Third, AMD demands that the Special Master limit Intel's discovery prematurely. But *discovery* is about *discovering* information, and it accordingly should not be artificially curtailed in advance.[5] Fourth, AMD inexplicably suggests (at 7) that there is no "competent evidence of AMD preservation breakdown." Yet AMD itself has admitted multiple preservation breakdowns, and John Ashley has identified others that AMD has now been forced to admit (e.g., senior executives' practice of deleting relevant email even after receiving legal hold notices). Discovery may uncover other as-yet-unknown lapses. Fifth, AMD refuses to apply similar standards to its discovery from Intel. AMD refused to consider *any* limits on its own deposition discovery of Intel's retention lapses[6] even though it has received more than three-quarters of a million pages of documents and taken more than 35 hours of deposition testimony from seven witnesses. AMD cannot play by two sets of rules. Sixth, AMD constantly compares its retention practices to Intel's—a practice it continues in its most recent letter. It is unfair to allow AMD to attack Intel's practices (practices it learned about through sworn testimony) by comparison to its own practices, about which Intel has only representations of trial counsel.

**Intel Should Be Allowed To Proceed With Its Existing Discovery Requests**. Intel is entitled to more than the attorney-prepared, unsworn, non-expert, hearsay information it has received so far. On May 30, 2008, it noticed a Rule 30(b)(6) deposition directed at a reasonable number of limited topics regarding AMD's retention practices and requested documents related to those topics. Under the controlling law and Judge Farnan's Order, AMD had the burden to demonstrate that one or more of the discovery topics requested by Intel was unduly overbroad or burdensome. It has not and cannot meet that burden and the noticed discovery should proceed.

Here, though it is not necessary, there is even more. Intel has gone well beyond its obligations on this motion to establish the connection between multiple lapses in AMD's retention efforts and the need for formal discovery about those lapses. As described in Mr. Ashley's declarations, those topics run the gamut from AMD's protocol and practices concerning hold notices, backup tapes, harvests, and journaling/Vault to multiple instances of individual retention lapses and data loss—many of which have now been admitted by AMD only after Intel has pressed. For all of these reasons, the Special Master should enter an order requiring AMD to produce documents and provide Rule 30(b)(6) witness testimony as requested by Intel.

---

[5] *See Adkins v. Christie*, 488 F.3d 1324, 1331 (11th Cir. 2007) (reversing trial court's "excessive" limits on the scope of discovery because the plaintiff had failed to demonstrate that it would cause an undue burden to produce the relevant documents requested); *In re Aspartame Antitrust Litig.*, 2008 WL 2275531 at *3 (objecting party had failed to propose a limitation that would not have kept potentially relevant documents from discovery); *Evergreen Trading, LLC v. United States*, 80 Fed. Cl. 122, 136 (2007) (refusing to limit discovery). AMD cites *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 1054279 at *3-4 & n.8 (D. Kan. Apr. 9, 2007), but the court in that case rejected the plaintiff's objection to defendant's Rule 30(b)(6) notice. *Id.* at *3-4.

[6] Ex. 1 at 1 (3/28/08 Pearl letter to Kochenderfer) (after conducting four depositions regarding Intel's retention "we are not in a position to commit to any limit. There are also still many open issues to be resolved before AMD can provide a definitive list of deponents it will need to clearly understand how and why Intel's preservation fiasco occurred.").

August 8, 2008
Page 4

Respectfully submitted,

/s/ W. Harding Drane, Jr.

W. Harding Drane, Jr. (#1023)
Attorney for Defendant Intel

WHD:cet
cc:    James L. Holzman, Esquire (By electronic mail)
       Frederick L. Cottrell, III, Esquire (By electronic mail)
       J. Clayton Athey, Esquire (By electronic mail)

# EXHIBIT 1

# O

## O'MELVENY & MYERS LLP

BEIJING

BRUSSELS

HONG KONG

LONDON

LOS ANGELES

NEWPORT BEACH

1999 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-6035

TELEPHONE (310) 553-6700
FACSIMILE (310) 246-6779
www.omm.com

NEW YORK

SAN FRANCISCO

SHANGHAI

SILICON VALLEY

TOKYO

WASHINGTON, D.C.

OUR FILE NUMBER
8,346-163

WRITER'S DIRECT DIAL
(310) 246-8434

WRITER'S E-MAIL ADDRESS
jpearl@omm.com

March 28, 2008

<u>VIA E-MAIL AND U.S. MAIL</u>

Kay Kochenderfer, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, CA 90071

> Re:    *AMD v. Intel*

Dear Kay:

We've received your March 24, 2008 email in which you assert that "the discovery that has been conducted on the ancillary retention issue in this case exceeds the bounds of what is appropriate for this satellite matter" and inquire whether "the depositions of Mr. Smith and Mr. Clark are intended to be your last deposition requests on the retention matter."

We strongly disagree with your first assertion, and we are not able to answer your question definitively at this time. As to your first assertion, you seem to suggest some sort of abuse because Intel "has produced multiple witnesses for six days of deposition." The fact, as you well know, is that AMD has deposed only two percipient witnesses and two 30(b)(6) witnesses. We stand by the record. We have conducted, and will continue to conduct, these depositions efficiently and with dispatch. Intel has identified seventeen witnesses as possessing knowledge of the events underlying Intel's preservation failures and, only through discovery, has AMD identified at least four others whom Intel has conceded were involved in the underlying events and possess relevant and responsive documents. We doubt we will need to depose all or even most of these individuals but given the paucity of the testimonial record to date, we are not in a position to commit to any limit. There are also still many open issues to be resolved before AMD can provide a definitive list of deponents it will need to clearly understand how and why Intel's preservation fiasco occurred.

For example, we don't know how Judge Poppiti will rule on the Weil Gotshal notes, and if the motion is granted, we don't know what the notes will say and what discovery might be needed as a result. Certainly if the motion were denied, we would

O'MELVENY & MYERS LLP
Kay Kochenderfer, Esq., March 28, 2008 - Page 2

need to depose a considerable number of custodians about their document retention issues, as disclosed in Intel's Paragraph 8 reports.

As another example, we haven't yet received a useful overlay database to enable us to assess what documents we have received for Intel's production custodians as a result of Intel's attempted remediation. An agreement was reached on this score, but Intel has not done as it committed. Nor have we resolved what data we will need from Intel to make an assessment of Intel's remedial efforts. We will likely need discovery on the issue of loss in due course.

We also have ongoing discovery disputes on a variety of issues, including Intel's wide-ranging invocation of privilege, its imposition of arbitrary temporal limitations on its document production, and its refusal to produce responsive documents from the files of various individuals whom it acknowledges to possess them. These issues will also need to be sorted out before a final list of deponents can be decided.

With respect to Mr. Smith, we would like to take this deposition on April 15th or April 18th, subject to the availability of Mr. Friedberg. As for Mr. Clark, we ask you again to provide available dates. If you refuse to do so, we will unilaterally select a date and notice the deposition.

Please feel free to give us a call if you have any questions or would like to discuss these issues further.

Very truly yours,

James M. Pearl
of O'MELVENY & MYERS LLP

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, W. Harding Drane, Jr., hereby certify that on August 8, 2008 the attached

document was hand delivered to the following persons and was electronically filed with

the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the

following and the document is available for viewing and downloading from CM/ECF:

Jesse A. Finkelstein
Frederick L. Cottrell, III
Chad M. Shandler
Steven J. Fineman
Richards, Layton & Finger
One Rodney Square
920 North King Street
Wilmington, DE 19801

James L. Holzman
J. Clayton Athey
Prickett, Jones & Elliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

I hereby certify that on August 8, 2008, I have Electronically Mailed the

documents to the following non-registered participants:

Charles P. Diamond
Linda J. Smith
O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
cdiamond@omm.com
lsmith@omm.com

Mark A. Samuels
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, CA 90071
msamuels@omm.com

Salem M. Katsh
Laurin B. Grollman
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway, 22nd Floor
New York, New York 10019
skatsh@kasowitz.com
lgrollman@kasowitz.com

Michael D. Hausfeld
Daniel A. Small
Brent W. Landau
Cohen, Milstein, Hausfeld & Toll , P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
mhausfeld@cmht.com
dsmall@cmht.com
blandau@cmht.com

Thomas P. Dove
Alex C. Turan
The Furth Firm LLP
225 Bush Street, 15th Floor
San Francisco, CA 94104
tdove@furth.com
aturan@furth.com

Guido Saveri
R. Alexander Saveri
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, CA 94111
guido@saveri.com
rick@saveri.com

Steve W. Berman
Anthony D. Shapiro
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
steve@hbsslaw.com
tony@hbsslaw.com

Michael P. Lehman
Cohen, Milstein, Hausfeld & Toll , P.L.L.C.
One Embarcadero Center, Suite 526
San Francisco, CA  94111
mlehmann@cmht.com

By:    /s/ W. Harding Drane, Jr
       Richard L. Horwitz (#2246)
       W. Harding Drane, Jr. (#1023)
       POTTER ANDERSON & CORROON LLP
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       P.O. Box 951
       Wilmington, DE 19899-0951
       (302) 984-6000
       rhorwitz@potteranderson.com
       wdrane@potteranderson.com
       *Attorneys for Defendants*
       *Intel Corporation and Intel Kabushiki Kasiha*

Dated: August 8, 2008

738395v2 / 29282

2