

Slip Copy  
Slip Copy, 2007 WL 1548968 (D.Colo.)

Page 1

Crandall v. City and County of Denver, Colorado
D.Colo.,2007.
Only the Westlaw citation is currently available.Terri CRANDALL and Joann Hubbard, Plaintiffs,
v.
The CITY AND COUNTY OF DENVER, COLORADO, d/b/a The Denver International Airport, a Colorado political subdivision, Defendant.
**Civil Action No. 05-cv-00242-MSK-MEH.**

May 24, 2007.

Brian David Gonzales, Fritz William Ganz, John D. Fognani, Kristina I. Mattson, Lauren C. Buehler, Perry L. Glantz, Fognani & Faught, PLLC, Denver, CO, for Plaintiffs.
Cheryl Ann Peterson, Christen Arthur Mattison, Peter F. Jones, Peter Joseph Moyson, Andrew James Carafelli, Darin James Lang, Hall & Evans, L.L.C., Denver, CO, for Defendant.

**OPINION AND ORDER DENYING MOTION TO SEAL**

MARCIA S. KRIEGER, United States District Judge.
**\*1** **THIS MATTER** comes before the Court pursuant to the Plaintiffs' Unopposed Motion to Seal **(# 236)** Exhibits J and N to the Plaintiffs' Motion for Preliminary Injunction.

Exhibit J is a two-page Complaint Form from United Airlines. The form describes an incident in which an employee, R, became ill after being exposed to fumes. Exhibit N is an 8 page document, appearing to be a printout from a Claim Notebook maintained by Gallagher Bassett Services, Inc. It appears to be notes and other information generated in response to a complaint by an employee working in the Red Carpet Club. The Court notes that the employee's name and other identifying information has been redacted.

The only basis for sealing described in the Plaintiffs' motion is that a July 24, 2006 Protective Order **(# 130)** requires that documents marked "Confidential" be filed under seal. Exhibits J and N are so marked.

The Supreme Court has acknowledged a common-law right of the public to access judicial records. *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597 (1978). This right is premised upon the recognition that public monitoring of the courts fosters important values such as respect for the legal system. *See In re Providence Journal Co.,* 293 F.3d 1, 9 (1st Cir.2002). Judges have a responsibility to avoid secrecy in court proceedings because "secret court proceedings are anathema to a free society."*M.M. v. Zavaras,* 939 F.Supp. 799, 801 (D.Colo.1996).

There is a presumption that documents essential to the judicial process are to be available to the public, but they may be sealed when the public's right of access is outweighed by interests which favor nondisclosure. *See United States v. McVeigh,* 119 F.3d 806, 811 (10th Cir.1997). It is within the district court's discretion to determine whether a particular court document should be sealed. *See Nixon,* 435 U.S at 599. Only in the rarest of cases is the sealing of documents appropriate-for example, cases involving intensely personal issues such as abortion or birth control, or cases pertaining to the welfare of abandoned or illegitimate children. *See Doe v. F.B.I.,* 218 F.R.D. 256, 259 (D.Colo.2003). In furtherance of the common law right of access to court records, the United States District Court for the District of Colorado promulgated D.C. Colo. L. Civ. R. 7.2, which provides for sealing of documents only upon a showing of "compelling reasons." Such a showing is required to ensure public confidence in the judicial process. It is critical that the public be able to review the factual basis of this Court's decisions and evaluate the Court's rationale so that it may be confident that the Court is functioning as a neutral arbiter. *Cf. McVeigh,* 119 F.3d

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy  
Slip Copy, 2007 WL 1548968 (D.Colo.)

Page 2

at 814.

The fact that the parties may agree that a particular document is confidential is irrelevant. As participants in what is a presumptively public form of dispute resolution, the parties are not free to merely agree among themselves to shield certain material from public review. To hold otherwise would permit parties, by agreement, to routinely subvert the public nature of the judicial system. Moreover, the fact that the parties may have entered into and obtained approval of a general protective order governing disclosure of information during discovery is not dispositive. Parties may freely agree to restrict their behavior via a protective order as it relates to the conduct of discovery, as such discovery is not generally filed with the Court and this, is not otherwise available for public review. However, once the parties file documents with the Court-presumably, because the contents of such documents bear on whether relief should be granted or not-the parties' agreements as to privacy will often be required to yield to the public's interest in reviewing the correctness and fairness of the Court's decisions. Only in circumstances where the parties' need for secrecy is so compelling, relative to the public's interest in access to the factual underpinnings of the Court's decisions, that sealing will be permitted.

*2 Here, the Plaintiffs have not shown a compelling justification for sealing Exhibits J and N. Although the parties have agreed amongst themselves that such documents should be sealed, for the reasons stated above, that agreement does not bind the Court. Nothing else in the Plaintiffs' Motion to Seal demonstrates a compelling justification for sealing the exhibits. Accordingly, the Motion to Seal **(# 236)** is **DENIED.**

The Court recognizes, however, that had the Plaintiffs been aware that the documents would not be sealed, they might have chosen not to rely upon them and refrain from filing them. Accordingly, the Court will not immediately direct that the documents be unsealed. Rather, within 14 days of the date of this Order, the Plaintiffs shall either: (i) file a new Motion to Seal [FN1] that adequately sets forth compelling reasons to warrant sealing in accordance with the foregoing discussions; (ii) submit redacted [FN2] Exhibits J and N suitable for public filing, accompanied by a request to withdraw the previously-tendered versions of the exhibits in favor of the redacted versions; or (iii) withdraw the tendered Exhibits and those portions of the Motion for Preliminary Injunction which rely entirely upon such exhibits. Should the 14 day period expire without any of these actions being taken, the Clerk of the Court is directed to unseal Docket entry # 237.

> FN1. The Court recognizes that a party other than the Plaintiffs may be the real party interested in preserving the confidentiality of such documents. This aspect of the Court's Order may be satisfied by any party claiming an interest in the documents filing such a motion, coupled with a certification of the Plaintiffs' consent pursuant to D.C. Colo. L. Civ. R. 7.1(A).
>
> FN2. The Court suspects that it is the basis for concern with regard to Exhibit J is its disclosure of the name and other identifying information of R. As such, it would appear that this document could be easily redacted to permit public filing without diluting the usefulness of the exhibit to the Plaintiffs' Motion for Preliminary Injunction. (The Court notes that the exhibit is cited in the Plaintiffs' Motion only for the proposition that "an employee ... became ill [and] ... was treated by paramedics and advised to go to the emergency room.") The grounds for confidentiality of Exhibit N are less obvious, given that the identifying information of the complaining party has already been redacted. The Plaintiffs' Motion for Preliminary Injunction cites Exhibit N for the proposition that "several employees" in a work area sought medical attention, citing various symptoms, and that the City found no clear cause for the

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2007 WL 1548968 (D.Colo.)

Page 3

complaints. Thus, the Court is confident that the parties can adequately redact any remaining confidential information from Exhibit N so as to allow it to be publicly filed. In the alternative, the parties could stipulate that a given number of employees in a work area complained of certain symptoms at certain times, and thereby vitiate the need for submission of the exhibits in their entirety.

D.Colo.,2007.
Crandall v. City and County of Denver, Colorado
Slip Copy, 2007 WL 1548968 (D.Colo.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.