**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) ) | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>     Plaintiffs,<br><br> v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>INTEL CORPORATION,<br><br>     Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION |

**AMD'S RESPONSE TO MOTION (1) TO INTERVENE FOR PURPOSE OF UNSEALING JUDICIAL RECORDS AND (2) FOR PARTIAL REASSIGNMENT**

On August 21, 2008, the New York Times Company, Situation Publishing Ltd., Dow

Jones & Co., Inc., the Washington Post, the Reporters Committee for Freedom of the Press, and

Computer & Communications Industry Association ("Movants") filed a Motion (1) to Intervene for the Purpose of Unsealing Judicial Records and for (2) Partial Reassignment (D.I. No. 840) ("Motion to Intervene").  Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. (collectively "AMD") do not oppose the Movant's motion to unseal the Parties' Preliminary Cases Statements (D.I. Nos. 625, 627, 628, 629, 634, 635, 645, 646, 648) and transcripts of teleconferences and hearings currently under seal (D.I. Nos. 633, 647,683). Moreover, the transcript of the hearing held on June 5, 2008 (D.I. No. 683) should not have been designated as sealed (and inexplicably is designated "For Intel's Eyes Only") because it was not conducted on that basis. Indeed, Intel has quoted portions of that transcript in two public filings thereafter.  Intel and AMD agree on this point and agree that the transcript should be unsealed.

The public's right of access to these judicial records cannot be denied absent compelling justification and showing of clearly defined and serious harm.  *See, e.g., In re Cendant Corp.*, 260 F.3d 183, 192-94 (3d Cir. 2001) (noting that the right of public access is particularly compelling where members of the public are also plaintiffs in the class action).[1]  As a party, AMD, believes there is no compelling justification or showing of clearly defined and serious harm here that warrants denying the public access to the those documents.  Thus, the materials filed under seal in this case (D.I. Nos. 625, 627, 628, 629, 633,634, 635, 645, 646, 647,648, 683) should be unsealed.  That said, should the Court determine that any documents should remain

---

[1] *See* Motion to Intervene at 4 ("a party seeking to maintain under seal documents filed with a court has the burden of demonstrating (i) that there is a compelling interest warranting sealing, (ii) that sealing will result in a clearly defined and serious injury, and (iii) the private interest in secrecy outweighs the strong presumption of public access.") (citing *In re Cendant Corp.*, 260 F.3d at 193-94; *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988); *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1066-71 (3d Cir. 1984)).  No such showing has been made here.

under seal, AMD asks that its material be accorded the same treatment as that of Intel and the third parties.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Charles P. Diamond<br>Linda J. Smith<br>Mark A. Samuels<br>O'Melveny & Myers LLP<br>400 South Hope Street<br>Los Angeles, CA 90071-2899<br><br>Dated: September 5, 2008 | */s/ Frederick L. Cottrell, III*_____<br>Frederick L. Cottrell, III (#2555)<br>Chad M. Shandler (#3796)<br>Steven J. Fineman (#4025)<br>Richards, Layton & Finger<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19899<br>(302) 651-7836<br>cottrell@rlf.com<br>shandler@rlf.com<br>fineman@rlf.com<br><br>*Attorneys for Advance Micro Devices, Inc. and AMD International Sales & Service, Ltd.* |

# CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2008, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and have sent by Hand Delivery to the following:

**BY HAND DELIVERY**
Richard L. Horwitz, Esquire
Potter Anderson & Corroon LLP
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899

**BY HAND DELIVERY**
James L. Holzman, Esquire
Prickett, Jones & Eliott, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899-1328

I hereby certify that on September 5, 2008, I have sent by Electronic Mail the foregoing document to the following non-registered participants:

Darren B. Bernhard, Esquire
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402

Robert E. Cooper, Esquire
Daniel S. Floyd, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

Daniel A. Small, Esquire
Cohen Milstein, Hausfeld & Toll, L.L.C.
1100 New York Avenue, N.W.
Suite 500 - West Tower
Washington, DC 20005

I further certify that on September 5, 2008, I have sent by Hand Delivery the foregoing document to the following non-registered participant:

David L. Finger, Esquire
Finger & Slanina, LLC
One Commerce Center, Suite 725
1201 North Orange Street
Wilmington, DE  19801

                                          */s/ Frederick L. Cottrell, III*
                                          Frederick L. Cottrell, III (#2555)

RLF1-3318732-1