# Exhibit 1

## Company Description

# Intel Corporation (UK) Ltd.  Swindon, United Kingdom

Hoover's coverage by Jeff Dorsch

Intel UK serves as the European headquarters for the world's top semiconductor maker. The company manufactures microprocessors, used in desktop...

**Headquarters:**

Pipers Way
Swindon
SN3 1RJ, United Kingdom (Map)

## Key Intel UK Financials

| | |
|---|---|
| Company Type | Subsidiary of Intel Corp. - Main Headquarters |
| Fiscal Year-End | December |
| Employees | -- |

## Competition

**Competitive Landscape** for Electronic Components & Semiconductor Manufacture

The industry depends highly on demand from the computer industry and makers of telecommunications products like cell phones, which can vary sharply from year to year. Companies can be successful...

**Top Intel UK Competitors**

- AMD
- IBM Microelectronics
- Texas Instruments

## Intel UK Executives

| Title | Name & Bio | Contact |
|---|---|---|
| Managing Director; Director Marketing EMEA | John Woodget | Network \| E-mail |
| Group Marketing Director, EMEA Marketing Organisation | Rick Skett | Network \| E-mail |
| Group Marketing Director, EMEA Marketing Organisation | Mark Brailey | Network \| E-mail |

September 9, 2008

# Exhibit 2

# DICEY, MORRIS AND COLLINS

ON

# THE CONFLICT OF LAWS

*FOURTEENTH EDITION*

UNDER THE GENERAL EDITORSHIP OF

## SIR LAWRENCE COLLINS

LL.D. (Cantab.), F.B.A.

WITH

SPECIALIST EDITORS

VOLUME 1

*International Litigation: Protective Measures and Judicial Assistance*

documents are to be found.[30] In exercising its discretion, the English court will consider the degree of risk to which the foreign party would be exposed.[31] Where evidence is to be obtained from another part of the United Kingdom, the same procedures are available as in the case of a politically foreign country. The sensitivities surrounding the issue of state sovereignty are, of course, absent but the English court will nonetheless exercise care before approving an order. So, when a Letter of Request is to be addressed to a court in another part of the United Kingdom, the English court as the requesting court will itself examine the proposed request to see if it is one which meets the requirements of the requested court[32] such as those laid down by the House of Lords in *Re Westinghouse Uranium Contract Litigation MDL Docket No.235*.[33]  8–073

It is a principle of English civil procedure that a party obtains by his own means the evidence he needs to support his case. The means used may include the taking in foreign countries of any steps which may lawfully be taken there, such as the making of a direct application to a foreign court for a procedural remedy available under the law of that court, for example an extensive order for discovery which a United States court may make under its own procedural rules even if the evidence is intended for use in English proceedings.[34] However the English court may restrain the use of foreign procedures where their use would be unconscionable, as where it was proposed to take pre-trial depositions from persons whom it was proposed to call (and who were willing to act) as witnesses in the English trial.[35] United States courts may assist litigants in cases before foreign tribunals by ordering discovery under a federal statutory provision[36] which enables a district court to order a person living within its district to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.[37] The order may be made not only in response to a request made by such a tribunal but also on the application of any interested person.[38] This power may be exercised even where the material sought is not discoverable under the law of the foreign jurisdiction.[39] No prior application to the foreign court is required,[40] but the court will guard against applications which would  8–074

---

[30] *The Heidberg* [1993] 2 Lloyd's Rep. 324; *Brannigan v Davison* [1997] A.C. 238 (PC); *Canada Trust Ltd v Stolzenberg* [1998] I.L.Pr. 290; *Morris v Banque Arabe et Internationale d'Investissement SA* [2001] I.L.Pr. 37 (CA).
[31] *Morris v Banque Arabe et Internationale d'Investissement SA* [2001] I.L.Pr. 37 (CA).
[32] *Stewart v Callaghan*, 1996 S.L.T. (Sh Ct) 12.
[33] [1978] A.C. 547 (see below, para. 8–088).
[34] *South Carolina Insurance Co Assurantie Maatshappij "De Zeven Provincien" NV* [1987] A.C. 24.
[35] *Omega Group Holdings Ltd v Kozeny* [2002] C.L.C. 132.
[36] 28 U.S.C., s.1782.
[37] *Euromepa SA v R. Esmerian Inc*, 154 F. 3d 24 (2d Cir. 1998) (no likelihood of evidence being used in foreign jurisdiction; assistance refused); *Intel Corp v Advanced Micro Devices Inc*, 542 U.S. 241 (2004) (European Commission a "tribunal" when adjudicating).
[38] *Intel Corp v Advanced Micro Devices Inc*, 542 U.S. 241 (2004).
[39] *Intel Corp v Advanced Micro Devices Inc*, 542 U.S. 241 (2004).
[40] *Re Application of Malev Hungarian Airlines*, 964 F. 2d 97 (2d Cir. 1992); cert. den. sub nom. *United Technologies International v Malev Hungarian Airlines*, 506 U.S. 861 (1992).

237

*Procedure*

cause offence to the foreign court[41] or are vehicles for harassment.[42] This power is not intended to provide discovery of documents maintained within the foreign forum.[43] It does not apply to arbitration proceedings.[44] The English court will not restrain a party from taking such steps in a foreign country unless they amount to unconscionable conduct interfering with the due process of the English court or invade the legal or equitable rights of another party.[45]

8-075   As between the different parts of the United Kingdom, the same principles no doubt obtain, but the requested court might well give closer attention to the question whether a similar remedy were available in the part in which the principal action was to be heard. So, in ordering disclosure of documents in Scotland to assist a party to an English patent action, the Inner House of the Court of Session noted that it might not serve the ends of justice to do what would not be done by the court in which the main proceedings were in train.[46]

8-076   **Obtaining evidence in England for use in another jurisdiction.** In many cases it is possible for evidence to be taken in England for use in foreign proceedings. This may occur with or without the involvement of the authorities of this country.

8-077   *Taking evidence without the assistance of the English court.* There is no objection in English law to the taking of evidence required for use in foreign proceedings without the intervention or permission of an English court or official agency. Such intervention will be required if measures of compulsion are required against an unwilling witness. However, the oath may only be administered in England with lawful authority. A person appointed by a court or other judicial authority of a foreign country does have power to administer oaths in the United Kingdom for the purpose of taking evidence in civil proceedings carried on under the law of that foreign country,[47] and a foreign diplomatic agent or consular officer has a general power to administer oaths in accordance with the law of the country he represents.[48]

8-078   *Taking evidence by order of the High Court.* The High Court may order the taking of evidence in England at the request of a foreign court or tribunal under the Evidence (Proceedings in Other Jurisdictions) Act 1975.[49] There is no inherent jurisdiction; the only powers available to the courts in this context

---

[41] *Re Application of Bayer AG*, 146 F. 3d 188 (3d Cir. 1998).
[42] *Re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F. 2d 1151 (11th Cir. 1988).
[43] *Re Application of Sarrio SA for Assistance before Foreign Tribunal* [1996] I.L.Pr. 564 (S.D.N.Y. 1995) (but point reserved on appeal: 119 F. 3d 143 (2d Cir. 1997)); *Four Pillars Enterprises Co v Avery Dennison Corp*, 308 F.3d 1075, 1079-80 (9th Cir. 2002) (also inconclusive).
[44] *National Broadcasting Co v Bear Stearns & Co*, 165 F. 3d 184 (2d Cir. 1999). See Smit (1997) 8 Am. Rev. Int. Arb. 153.
[45] *ibid.*
[46] *Union Carbide Corp v BP Chemicals Ltd*, 1995 S.L.T. 972.
[47] Oaths and Evidence (Overseas Authorities and Countries) Act 1963, s.1.
[48] Consular Relations Act 1968, s.10(1).
[49] For procedure see CPR, rr.34.16–34.21.