IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) ) | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION<br><br>**DM 20** |

### SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING THRESHOLD JURISDICTIONAL ISSUE RAISED BY CURRENT AND FORMER EMPLOYEES OF NON-PARTY DELL INC.

## BACKGROUND[1]

This Report and Recommendation involves a dispute that arose after plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. (hereafter jointly, "AMD") caused subpoenas to issue out of the United States District Court for the Western District of Texas for the depositions of five current Dell Inc. ("Dell") employees (Dan Allen, Jeffrey W. Clarke, Michael S. Dell, Alan Luecke and Jerele D. Neeld) and out of the District of Massachusetts for the deposition of a former Dell employee (Kevin Rollins). Class Plaintiffs caused subpoenas to be issued out of the Western District of Texas for the depositions of the current Dell employees and out of the District of Massachusetts for the deposition of Kevin Rollins, a former Dell employee (collectively, "the Dell Witnesses"). Pursuant to Amended Case Management Order No. 6, AMD, Intel Corporation ("Intel") and Class Plaintiffs thereafter provided time estimates for each deposition. Counsel for the Dell Witnesses objected and declined to make the Dell Witnesses available unless the parties agreed to abbreviate the depositions.

At AMD's request, on November 17, 2008, the Special Master convened a hearing. During that hearing, counsel for the Dell Witnesses challenged the Special Master's jurisdiction to enforce the subpoenas and indicated their intention to file appropriate motions in the Western District of Texas. The Special Master then ordered the parties to brief the jurisdictional issue, indicating that, if appropriate, he would address the merits of the dispute over the duration of the depositions after deciding the jurisdictional issue.

The Dell Witnesses, AMD and Intel have filed letter briefs on the jurisdictional issue. Class Plaintiffs have joined in AMD's letter brief. The Special Master held hearings on the

---

[1] In entering this Report and Recommendation, the Special Master considered a proposed form of Report and Recommendation submitted on December 2, 2008 by counsel for AMD. The Special Master is advised that counsel for the Dell witnesses approved the December 2, 2008 submittal as to form only.

jurisdictional issue on November 25, 2008 and December 1, 2008. Counsel for all interested parties were present.

Counsel for the current Dell Witnesses argue that this MDL Court lacks jurisdiction to enforce the subpoenas for only one reason. They argue that AMD waived the MDL Court's jurisdiction when it entered into a Preservation Stipulation with Dell, which was then entered as an Order by this MDL Court on September 8, 2005 (the "2005 Order"). (no D.I. number assigned). Specifically, the Dell Witnesses point to paragraph 11 of the 2005 Order:

> AMD agrees that any subpoena for testimony or for the production of documents and/or testimony AMD may serve upon Dell will issue out of the United States District Court for the Western District of Texas.

## **DISCUSSION**

Having read and considered all of the briefs filed in this proceeding on whether AMD waived this Court's ability to resolve disputes over the Dell Witness subpoenas in favor of the Western District of Texas, and having heard argument from counsel at the hearings on November 25, 2008, and December 1, 2008, the Special Master concludes as follows:

1. Under 28 *U.S.C.* § 1407, this Court, as an MDL Court, "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." 28 *U.S.C.* § 1407(b). The 2005 Order, paragraph 11, states only that AMD will serve subpoenas on Dell that "issue" out of the United States District Court for the Western District of Texas. The 2005 Order says nothing about enforcing or resolving disputes about such subpoenas. In the absence of any record of an agreement beyond the plain and unambiguous language of the 2005 Order, the Special Master concludes that there was no agreement between AMD and Dell that would strip this MDL Court of its authority, under 28 *U.S.C.* § 1407(b), to enforce or otherwise resolve disputes over the subpoenas served on the Dell Witnesses.

2.     Even if the 2005 Order had included a provision stripping this MDL Court of its authority under 28 U.S.C. § 1407(b), the Special Master concludes that the 2005 Order was expressly superseded by the January 1, 2007 Microprocessor Antitrust Litigation Document Production Agreement Between Dell and Requesting Parties. Hence, any preexisting agreement between AMD and Dell concerning enforcement of subpoenas would have been abrogated.

3.     Even if the 2005 Order had not been abrogated, to the extent that it would deprive this MDL Court of the power to enforce subpoena issues in this coordinated action, the Special Master concludes that it would frustrate the very purposes of the MDL legislation - eliminating duplicative discovery, preventing inconsistent pretrial rulings, conserving the resources of the parties, their counsel and the judiciary, and ensuring that pretrial proceedings will be conducted in a manner leading to a just and expeditious resolution of the actions to the benefit of not just some but all of the litigation's parties.[2] Moreover, although, Fed. R. Civ. P. 29 encourages agreed-upon, lawyer managed discovery to limit the cost, effort and expense involved in court intervention in discovery matter practice, *Lee v. Central Gulf Towing, L.L.C.*, 2004 WL 2988478, at *2 (E.D.La. Dec. 09, 2004), parties and non-parties alike should not by agreement be permitted to strip an MDL Court of its authority under 28 U.S.C. § 1407 without the express order of the MDL Court.

## CONCLUSION

For the reasons set forth above, the Special Master concludes that this District Court has the authority to enforce the subject subpoenas.

IT IS THEREFORE HEREBY RECOMMENDED THAT:

(a)     In exercise of the Court's authority under 28 U.S.C. § 1407 to "modify or rescind any orders in effect in the transferred case which it concludes are incorrect," *Astarte Shipping Co.*

---

[2] *In re Intel Corp. Microprocessor Antitrust Litigation*, 403 F.Supp.2d 1356 (J.P.M.L. Nov. 3, 2005) (transfer order).

062038.00615/40177770v.1

*v. Allied Steel & Export Service*, 767 F.2d 86, 87 (5th Cir. 1985); *In re Master Key Antitrust Litig.*, 320 F. Supp. 1404 (J.P.M.L. 1971), the 2005 Order BE RESCINDED;

(b) The Court exercise its authority, sitting both as an MDL Court and for purposes of this case as a court of the Western District of Texas and the District of Massachusetts, to decide the merits of the dispute involving the duration of the depositions of the Dell Witnesses.

THE SPECIAL MASTER'S REPORT WILL BECOME FINAL ORDER OF THE COURT, UNLESS OBJECTION IS TAKEN IN ACCORDANCE WITH THE ANTICIPATED ORDER BY THE COURT WHICH SHORTENS THE TIME WITHIN WHICH AN APPLICATION MAY BE FILED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53(f)(2).

ENTERED this ___ day of December, 2008.

Vincent J. Poppiti (DSBA) No. 100614
Special Master