IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : |
| INTEL CORP. MICROPROCESSOR | : MDL Docket No. 05-1717-JJF |
| ANTITRUST LITIGATION | : |
| | : |

| | |
|---|---|
| | : |
| ADVANCED MICRO DEVICES, INC., a | : |
| Delaware Corporation and AMD | : |
| INTERNATIONAL SALES & SERVICES, | : |
| LTD., a Delaware Corporation, | : |
| | : |
| Plaintiffs, | : Civil Action No. 05-441-JJF |
| | : |
| v. | : |
| | : |
| INTEL CORPORATION, a Delaware | : |
| Corporation, and INTEL KABUSHKI | : |
| KAISHA, a Japanese Corporation, | : |
| | : |
| Defendants. | : |

| | |
|---|---|
| PHIL PAUL, on behalf of himself | : |
| and all others similarly | : |
| situated, | : |
| | : |
| Plaintiffs, | : **CONSOLIDATED ACTION** |
| | : |
| v. | : Civil Action No. 05-485-JJF |
| | : |
| INTEL CORPORATION, | : |
| | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is a letter objection (D.I. 1146 in

Civ. Act. No. 05-485-JJF; D.I. 1023 in Civ. Act. No. 05-441-JJF;

D.I. 1348 in MDL No. 05-1717-JJF) filed by Dell Inc. ("Dell") to

the Special Master's Report And Recommendation Regarding

Threshold Jurisdictional Issue Raised By Current And Former

Employees Of Non-Party Dell Inc. (D.I. 1137 in Civ. Act. No. 05-

485-JJF; D.I. 1014 in Civ. Act. No. 05-441-JJF; D.I. 1339 in MDL No. 05-1717-JJF).  AMD has indicated by e-mail to the Court (D.I. 1150 in Civ. Act. No. 05-485; D.I. 1027 in Civ. Act. No. 05-441; D.I. 1352 in MDL No. 05-1717-JJF) that it does not intend to file a response to the letter objection, other than to stand on its filings before the Special Master.

The Special Master's Report And Recommendation arises out of a dispute with regard to discovery by the parties with a non-party, Dell.  Dell has challenged the Court's jurisdiction to enforce subpoenas issued out of the Western District of Texas and the District of Massachusetts for the depositions of current and former Dell employees based on AMD's alleged waiver of this Court's MDL jurisdiction.  Specifically, Dell relies on the terms of a Preservation Stipulation entered into by AMD and Dell, and subsequently entered by the Court on September 8, 2005 (the "2005 Order" ) which states:

> AMD agrees that any subpoena for testimony or for the production of documents and/or testimony AMD may serve upon Dell will issue out of the United States District Court for the Western District of Texas.

(2005 Order at ¶ 11).  In response, AMD contends that the 28 U.S.C. § 1407 expressly empowers MDL Courts to resolve discovery disputes concerning third-parties residing outside the district where the MDL litigation is pending.  (D.I. 1127 in Civ. Act. No. 05-485-JJF; D.I. 1001 in Civ. Act. No. 05-441-JJF; D.I. 1328 in MDL No. 05-1717-JJF).

In addressing the issues of the instant dispute, the Special Master concluded that the Preservation Stipulation was limited to the "issuance" of the subpoenas and did not provide for the enforcement or resolution of disputes concerning those subpoenas. The Special Master further concluded that the agreement does not and could not divest this Court of its jurisdiction and authority as an MDL Court under 28 U.S.C. § 1407 to enforce or otherwise resolve the discovery disputes at issue here. Accordingly, the Special Master recommended that this Court rescind its 2005 Order and undertake to resolve the Dell dispute.

A guiding principle of an MDL declaration is to attempt uniformity in case management and pretrial decisions in complex nationwide litigation. District courts throughout the United States recognize these principles and comply with the decision of the MDL panel to centralize proceedings. With these principles in mind, the Court has reviewed and considered the findings of fact and conclusions of law rendered by the Special Master in his Report And Recommendation and concludes that Section 1407 should be and is controlling for purposes of determining which Court should hear and decide third party subpoena issues including those concerning Dell. In reaching this conclusion the Court notes that the 2005 Order of this Court recognizing the stipulation between AMD and Dell and relied upon by Dell was entered prior to the MDL Transfer Order directing the pretrial

3

jurisdiction of this litigation in this Court. In re Intel Corp. Microprocessor Antitrust Litig., 403 F. Supp. 2d 1356 (J.P.M.L. Nov. 3, 2005). Although Dell argues that the 2005 Order allows it to conduct and respond to discovery in a uniform manner in the Western District of Texas, this Court, as an MDL Court, has an obligation to ensure that all third parties touched by this litigation are treated similarly, and in the Court's view, adherence to Section 1407 ensures that result.

In sum, the Court is persuaded by the rationale of the Special Master in his Report and Recommendation. The Court further concludes that the purposes of the MDL designation are served by ensuring that the parties and third party witnesses to this litigation are under the jurisdiction of this Court when discovery disputes arise. Accordingly, for these reasons, the Court will overrule the letter objection of Dell and adopt the Special Master's Report And Recommendation.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The letter objection (D.I. 1146 in Civ. Act. No. 05-485-JJF; D.I. 1023 in Civ. Act. No. 05-441-JJF; D.I. 1348 in MDL No. 05-1717-JJF) filed by Dell, Inc. is **OVERRULED**.

2. The Special Master's Report And Recommendation Regarding Threshold Jurisdictional Issue Raised By Current And Former Employees Of Non-Party Dell Inc. (D.I. 1137 in Civ. Act.

No. 05-485-JJF; D.I. 1014 in Civ. Act. No. 05-441-JJF and D.I.

1339 in MDL No. 05-1717-JJF) is **ADOPTED**.

_December 5, 2008_
DATE

UNITED STATES DISTRICT JUDGE