IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>Defendants. | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION<br><br>**DM 20** |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION
REGARDING DURATION OF DEPOSITIONS OF
<u>CURRENT AND FORMER EMPLOYEES OF NONPARTY DELL INC.</u>**

## BACKGROUND[1]

This Report and Recommendation involves a dispute over the duration of the depositions of five current employees of nonparty Dell Inc. ("Dell") (Dan Allen, Jeffrey W. Clarke, Michael S. Dell, Alan Luecke and Jerele D. Neeld) and one former Dell employee (Kevin Rollins) in this multidistrict litigation ("MDL") proceeding. (These six individuals are collectively referred to as "the Dell Witnesses.") Upon the Special Master's recommendation, this Court has invoked its jurisdiction under 28 U.S.C. § 1407(b) to decide this dispute as a court sitting in the districts in which subpoenas for the Dell Witnesses issued (the Western District of Texas and the District of Massachusetts). (D.I. 1339).

## DISCUSSION

The Special Master notes at the outset that the Dell Witnesses have all agreed to sit for a deposition in this MDL proceeding. Accordingly, these depositions are not barred under the "apex" doctrine that is sometimes applied to shield the deposition of a company's senior executives. While the Special Master is also mindful that nonparties, like the Dell Witnesses, are entitled to protection against discovery that imposes an undue burden or is harassing, the Special Master nonetheless finds that good cause exists to depose the Dell Witnesses for more than the one-day ordinarily prescribed by Federal Rule of Civil Procedure 30(d)(1).

The Special Master agrees with AMD, as set forth in its letter brief of December 4, 2008 (D.I. 1349) and as developed during its oral presentation at the December 8, 2008 hearing, that each of the Dell Witnesses was personally involved in and has distinct, particularized knowledge of the transactions at issue in this case. That knowledge spans over eight years, and it concerns

---

[1] In entering this Report and Recommendation the Special Master considered a proposed form of Report and Recommendation submitted on December 9, 2008 by counsel for AMD and agreed to as to form only by both Intel and Dell Witnesses. (Not docketed).

matters relating to AMD's core allegations of the complaint alleging that Intel consistently and repeatedly offered inducements to, and threatened retaliation against, Dell in order to cause Dell to refrain from engaging in business with Intel's rivals. The Special Master is mindful that Dell has produced well in excess of the more than 3 million pages of documents that Intel, AMD and Class Plaintiffs have selected to "put in play" for this litigation. Each of the Dell witnesses authored thousands of them: Allen - 11,449 documents, Clarke - 3,706 documents, Michael Dell - 3,820 documents, Luecke - 8,157 documents, Neeld- more than 18,000 documents, and Rollins - 3,283 documents, and each received or was copied on many thousands more.

Further, based on the illustrative thirty-four exhibits the Special Master has examined, it appears that each of the Dell Witnesses was integrally involved in cultivating, securing, managing, and revising the terms of Dell's alleged exclusive Intel relationship and the asserted six or more changes in the infrastructure of that relationship during the past eight years.

The Special Master is satisfied there is a sufficient basis to accept AMD's and the Class' representation that, in order to develop a complete record of the nature and terms of the Dell-Intel relationship, they will necessarily need to examine each of the Dell Witnesses about voluminous contemporaneous documents which each sent or received.

Finally, as counsel for Intel pointed out, these depositions will necessarily serve the dual purposes of developing discoverable evidence and preserving trial testimony since, given their residences, the Dell Witnesses will likely be beyond the trial court's subpoena power.

The Special Master also notes that this MDL proceeding is massive in breadth and scope. The allegations touch upon the entirety of the computer industry. As a suit arising under the antitrust laws, it is not simply an action between private litigants seeking to resolve personal

grievances but rather one potentially having broad consequences affecting large numbers of customers and millions of consumers.

## CONCLUSION

Noting that this MDL Court has exercised its authority under 28 U.S.C. § 1407(b) to adjudicate this dispute as a court sitting in the Western District of Texas and the District of Massachusetts, and having read and considered all of the briefs filed in connection with this Discovery Matter (D.I. 1344), (D.I.1345), (D.I.1346), (D.I. 1347) and (D.I. 1349) including the documentary evidence filed by AMD and Class Plaintiffs, and having heard argument from counsel at the hearing on December 8, 2008.

IT IS HEREBY RECOMMENDED THAT:[2]

1. Dan Allen appear for deposition for a total of 22.5 hours divided as follows: AMD and Class Plaintiffs shall be entitled to 17.5 hours combined, that shall include 2 hours for Class Plaintiffs of which time they may, in their discretion, yield some or all to AMD. Intel shall be entitled to 5 hours.

2. Jeffrey W. Clarke appear for deposition for a total of 22.5 hours divided as follows: AMD and Class Plaintiffs shall be entitled to 17.5 hours combined, that shall include 2 hours for Class Plaintiffs of which time they may, in their discretion, yield some or all to AMD. Intel shall be entitled to 5 hours.

3. Alan Luecke appear for deposition for a total of 15 hours divided as follows: AMD and Class Plaintiffs shall be entitled to 10.5 hours combined, that shall include 2 hours for

---

[2] The total number of hours recommended for each deposition has been modified from those announced at the conclusion of the December 8, 2008 hearing to reflect the parties' respective post-hearing submissions. (D.I. 1357), (D.I. 1358) and (D.I. 1359). In doing so the Special Master accepted the position of Intel to increase its hours and of AMD not to decrease its hours.

Class Plaintiffs of which time they may, in their discretion, yield some or all to AMD. Intel shall be entitled to 4.5 hours.

4. Kevin B. Rollins appear for deposition for a total of 14 hours divided as follows: AMD and Class Plaintiffs shall be entitled to 10.5 hours combined, that shall include 2 hours for Class Plaintiffs of which time they may, in their discretion, yield some or all to AMD. Intel shall be entitled to 3.5 hours.

5. Jerele Neeld appear for deposition for a total of 14 hours divided as follows: AMD and Class Plaintiffs shall be entitled to 10.5 hours combined, that shall include 2 hours for Class Plaintiffs of which time they may, in their discretion, yield some or all to AMD. Intel shall be entitled to 3.5 hours.

6. Michael S. Dell appear for deposition for a total of 14 hours divided as follows: AMD and Class Plaintiffs shall be entitled to 10.5 hours combined, that shall include 2 hours for Class Plaintiffs of which time they may, in their discretion, yield some or all to AMD. Intel shall be entitled to 3.5 hours.

7. Only upon a showing of good cause, and the bar will be considered significant, will the Special Master entertain requests for additional time.

8. The depositions shall be conducted in accordance with the practices and procedures established by the orders of this Court issued in connection with this MDL proceeding, and specifically Case Management Order No. 6.

THE SPECIAL MASTER'S REPORT WILL BECOME FINAL ORDER OF THE COURT, UNLESS OBJECTION IS TAKEN IN ACCORDANCE WITH THE ANTICIPATED ORDER BY THE COURT WHICH SHORTENS THE TIME WITHIN WHICH AN APPLICATION MAY BE FILED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 53(f)(2).

ENTERED this 9th day of December, 2008.

_____
Vincent J. Poppiti (DSBA) No. 100614
Special Master