IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | : MDL Docket No. 05-1717-JJF |
| | : |
| ADVANCED MICRO DEVICES, INC., a Delaware Corporation and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware Corporation, | : |
| Plaintiffs, | : Civil Action No. 05-441-JJF |
| v. | : |
| INTEL CORPORATION, a Delaware Corporation, and INTEL KABUSHKI KAISHA, a Japanese Corporation, | : |
| Defendants. | : |
| PHIL PAUL, on behalf of himself and all others similarly situated, | : |
| Plaintiffs, | : **CONSOLIDATED ACTION** |
| v. | : Civil Action No. 05-485-JJF |
| INTEL CORPORATION, | : |
| Defendants. | : |

<u>**MEMORANDUM ORDER**</u>

Pending before the Court is a letter objection (D.I. 1223 in Civ. Act. No. 05-485-JJF; D.I. 1100 in Civ. Act. No. 05-441-JJF; D.I. 1425 in MDL No. 05-1717-JJF) filed by Dell Inc. ("Dell") to the Special Master's Report And Recommendation Regarding Duration Of Depositions Of Current And Former Employees Of Nonparty Dell Inc. (D.I. 1225 in Civ. Act. No., 05-485-JJF; D.I. 1038 in Civ.

Act. No. 05-441-JJF; D.I. 1362 in MDL No. 05-1717-JJF).[1] AMD has indicated by letter to the Court (D.I. 1225 in Civ. Act. No. 05-485; D.I. 1102 in Civ. Act. No. 05-441; D.I. 1427 in MDL No. 05-1717-JJF) that it does not intend to file a substantive response to the letter objection, other than to stand on its filings before the Special Master, with the additional argument in response to a point not raised by Dell before the Special Master, that this Court has the authority and discretion to issue orders establishing the manner in which depositions will be conducted. Here, this includes Orders of the Court issued in connection with these MDL proceedings, specifically Case Management Order No. 6.

   The Special Master's Report And Recommendation arises out of a dispute regarding the duration of and procedures to be used during the depositions of five current employees of Dell, a nonparty, and one former employee of Dell, Kevin B. Rollins (collectively, the "Dell Witnesses"). In adjudicating this dispute, the Special Master acknowledged that the Dell Witnesses have agreed to sit for depositions and found that good cause exists to extend the time for those depositions beyond that which is provided by the Federal Rules of Civil Procedure. Specifically, the Special Master provided for 22.5 hours each for

---

[1] Kevin B. Rollins, a former Dell employee, has also joined in Dell's letter objection. (D.I. 1224 in Civ. Act. No. 05-485-JJF; D.I. 1101 in Civ. Act. No. 05-441-JJF; D.I. D.I. 1426 in MDL No. 05-1717-JJF).

2

the depositions for Dan Allen and Jeffrey Clarke, 15 hours for the deposition of Alan Lueke, and 14 hours each for the depositions of Kevin B. Rollins, Jerele Neeld and Michael S. Dell. In setting these parameters, the Special Master acknowledged the breadth of the documents at issue in this case, the particularized and distinct knowledge of the deponents concerning the transactions at issue over an eight year period, and the massive breadth and scope of this MDL proceeding, including its impact on the computer industry which affects large numbers of customers and consumers.

Relying in part on the comments of The Honorable Sam Sparks, United States District Court Judge for the Western District of Texas, Dell contends that the parameters set by the Special Master are unreasonable. Dell points out that it is a nonparty, who has already been burdened by document production in this case, and further contends that its high level executives should not be burdened with extended depositions. In addition, Dell contends that the depositions of the Dell Witnesses should be governed by the rules of the district court issuing the subpoena and not by the Orders issued in this MDL proceeding. Specifically, Dell contends that counsel for the Dell Witnesses should be allowed to confer with their clients during the course of depositions and between multiple deposition dates, as is the practice under the rules in both the Western District of Texas

and the District of Massachusetts.  As relief, Dell requests the Court to limit the depositions of the Dell Witnesses to one day of seven hours as provided in Fed. R. Civ. P. 30(d)(1), or alternatively, to limit the depositions of Mr. Allen, Mr. Luecke and Mr. Neeld to no more than two days of seven hours, and to delay the depositions of Mr. Dell, Mr. Clarke and Mr. Rollins until the other Dell Witnesses have been deposed and reasonable time limits for those witnesses can be assessed given their high level executive status and their position as nonparties whose burden in this litigation should be minimized.

As a threshold matter, the Court concludes that the depositions of the Dell Witnesses are governed by the procedures set by the Court and not by the precedents of each district issuing a subpoena.  This principle has been recognized by other MDL courts managing complex litigation and has been found to be essential to preserving the purposes of 28 U.S.C. 1407(b), which include the need to avoid conflicting rulings and schedules, eliminate duplicative discovery, reduce litigation costs, and save time and effort on the part of all involved.  See, e.g., In re Auto Refinishing Paint Antitrust Litig., 229 F.R.D. 482, 486 (E.D. Pa. 2005).

As for the duration of the depositions set by the Special Master in his Report and Recommendation, the Court has reviewed the Special Master's findings and conclusions de novo as required

4

by Fed. R. Civ. P. 53(f) and concludes that the Special Master's time allocations are reasonable in light of the circumstances of this litigation.  Although Dell suggests, in quoting Judge Sparks, that the circumstances of this litigation do not matter in setting parameters for discovery, it is the Court's view that it is precisely the facts and circumstances of any given litigation which must be considered in determining whether an extension of the time for deposition is "needed to fairly examine the deponent" as provided in Fed. R. Civ. P. 30(d)(2).  As the Special Master pointed out, this case involves eight years of particularized knowledge by the Dell Witnesses, including thousands of documents personally authored by each one, concerning Dell's alleged relationship with Intel.  The Court cannot conclude that 2 or 3 days of deposition time for each of the involved witnesses is unreasonable to explore such a lengthy and substantial relationship.

In reaching this conclusion, the Court expects AMD, Class Plaintiffs and Intel to structure the depositions so as to be efficient as possible.  Although the Special Master did not include a sequence for the depositions, the Court expects the parties to set a schedule which minimizes the burden to Dell's high level executives and employees, which may include scheduling certain individuals after others have been deposed to minimize the possibility of duplicative testimony and promote efficiency

at the depositions.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. The letter objection (D.I. 1223 in Civ. Act. No. 05-485-JJF; D.I. 1100 in Civ. Act. No. 05-441-JJF; D.I. 1425 in MDL No. 05-1717-JJF) filed by Dell, Inc. is **OVERRULED**.

2. The Special Master's Report And Recommendation Regarding Duration Of Depositions Of Current And Former Employees Of Nonparty Dell Inc. (D.I. 1225 in Civ. Act. No., 05-485-JJF; D.I. 1038 in Civ. Act. No. 05-441-JJF; D.I. 1362 in MDL No. 05-1717-JJF) is **ADOPTED**.

December 18, 2008
DATE

UNITED STATES DISTRICT JUDGE