IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | MDL No. 1717-JJF |
| ADVANCED MICRO DEVICES, INC., a Delaware corporation, and AMD INTERNATIONAL SALES & SERVICE, LTD., a Delaware corporation,<br><br>        Plaintiffs,<br><br>    v.<br><br>INTEL CORPORATION, a Delaware corporation, and INTEL KABUSHIKI KAISHA, a Japanese corporation,<br><br>        Defendants. | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>INTEL CORPORATION,<br><br>        Defendants. | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION<br><br>DM 4d |

### ORDER REGARDING LENGTH AND SCOPE OF INTEL'S FED. R. CIV. P. 30(B)(6) NOTICE OF DEPOSITION CONCERNING AMD'S EVIDENCE PRESERVATION

**WHEREAS**, on May 30, 2008, Intel served a Notice of Deposition under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 30(b)(6) seeking discovery into AMD's preservation of electronic evidence in this matter. AMD moved to quash said Notice of Deposition, and Intel

1

moved to compel. The parties' cross-motions came before the Special Master for telephonic hearing on September 11, 2008. Following the hearing, the parties entered into a proposed Stipulation and Order Regarding Intel Discovery Into AMD Evidence Preservation ("Stipulation and Order"), which was approved and issued by the Special Master on November 25, 2008.

**WHEREAS**, pursuant to the Stipulation and Order, Intel conducted informal discovery into AMD's preservation of evidence, which informal discovery included, *inter alia*, document productions from certain of AMD's IT personnel, interviews of a member of AMD's IT department and one of its electronic-discovery consultants, and telephonic conferences with the Special Master's electronic-discovery consulting experts, Eric Friedberg, Jennifer Martin and/or Jason Novak.

**WHEREAS**, on December 30, 2008, Intel served a revised Notice of Deposition ("Notice") under Fed. R. Civ. P. 30(b)(6), designating 15 deposition topics and requesting the production of documents in 8 categories.

**WHEREAS**, Intel and AMD each filed briefs on January 5, 2009, setting forth their respective positions concerning the length of deposition and scope of deposition topics and document requests in Intel's Notice.

**WHEREAS**, the Special Master held a telephonic hearing on January 9, 2009, and allowed the parties a full opportunity to argue their respective positions.

Having read and considered fully the briefs and associated exhibits and other materials submitted by each party, having heard the parties' extensive argument, and having consulted with Stroz Friedberg LLC, the Special Master concludes as follows:[1]

---

[1] In entering this Order, Counsel for AMD submitted a proposed from of Order on January 20, 2009. The Special Master considered red-lined proposed edits from counsel for Intel submitted on the same date.

1. Intel shall be allowed a total of sixteen (16) hours to conduct its Fed. R. Civ. P. 30(b)(6) deposition. In determining that sixteen hours is sufficient, the Special Master notes that certain topics listed in Intel's Notice have been the subject of informal discovery over the past several months, and that much of Intel's Fed. R. Civ. P. 30(b)(6) deposition, therefore, may be in the nature of AMD witnesses' confirming, under oath, the information that AMD previously provided. However, the content of Intel's Fed. R. Civ. P. 30(b)(6) depositions is not limited to such confirmatory questions. Intel may ask questions regarding the topics specified in its Notice, subject to the sixteen-hour limit and the findings and conclusions in this Order.

2. AMD shall designate one or more witnesses to answer questions concerning the deposition topics listed in Intel's Notice, subject to the following:

   a. <u>Privilege.</u> Any claim by AMD of privilege or attorney-work-product protection relating to Intel's questions can be asserted by AMD during deposition. The Special Master declines to rule in advance concerning any such claims of privilege or attorney-work-product protection that AMD may assert during the Fed. R. Civ. P. 30(b)(6) deposition.

   b. <u>Non-designated Custodians.</u> By agreement of the parties, discovery in this litigation has been conducted in a custodian-based fashion. Under this system, a subset of the total universe of custodians from each party was designated for document production ("production custodians"). Intel's requests in the Notice for information with respect to preservation by any AMD custodian who is not a production custodian are not relevant and shall not be permitted.

   c. <u>Deposition Topic 6 (Harvesting).</u> The Special Master noted during the hearing that it would be impractical for AMD to prepare and present a witness who could testify regarding the proposed data-harvesting details with respect to every AMD custodian.

Counsel for Intel confirmed during the hearing that Intel intends to ask questions at deposition regarding the process and procedures by which AMD harvested data. Intel may ask questions consistent with Intel's clarification of this deposition topic.

        d. <u>Deposition Topic 10 (Backup Tapes).</u> During the hearing, the Special Master, Mr. Friedberg and the parties' counsel discussed the level of specificity called for by this deposition topic. Counsel for Intel confirmed during the hearing that Intel intends to ask general questions regarding backup tapes and agreed to limit questioning to the subtopics explicitly delineated in the Notice for this topic. Intel may ask questions consistent with Intel's clarification and limitation of this deposition topic.

        e. <u>Deposition Topic No. 13 (Custodian-specific issues).</u> During the hearing, counsel for Intel agreed to explore seeking the information concerning this topic by way of AMD's proposal to provide the information in the form of an interrogatory response made under oath. The parties are directed to make a good-faith attempt to address this topic as herein described.

    3.    Regarding the document requests that were included with Intel's Notice, the Special Master rules as follows:

        a. <u>Document Request No. 1.</u> This request seeks "Documents sufficient to show the dates and sources of each harvest of electronic data for each Custodian, including each harvest from hard drive, Enterprise Vault system, email journaling system, PNS and exchange servers." After conferring with the Special Master's technical consultants, the Special Master concludes that this request is overbroad, is an attempt by Intel to fish for errors from all custodians, and would impose an undue burden on AMD. AMD is, therefore, not required to comply with this request.

b. <u>Document Request No. 2.</u> This request seeks "For each Custodian, documents sufficient to show the nature and scope of each harvest of electronic data from AMD's Enterprise Vault and email journaling systems, including the search tools, parameters and/or criteria used to extract the data." In light of the Special Master's ruling concerning Document Request No. 1, counsel for Intel has withdrawn this request. AMD is, therefore, not required to comply with this request.

c. <u>Document Request No. 3.</u> This request seeks "By Custodian for each suppressed email, the logs or tracking information automatically generated by, and/or stored within, the Attenex database(s) as a result of the near-deduplication process . . . ." As this information is not relevant to Intel's inquiry into AMD's evidence preservation, AMD is, therefore, not required to comply with this request. During the hearing, AMD offered to produce to Intel all suppressed, near-duplicate emails subject to agreement. Intel accepted AMD's offer. After reaching this agreement in principle, the parties agreed to hold further discussions regarding the timing, method, form, and cost of such production. The parties are directed to hold such discussions.

d. <u>Document Request No. 4.</u> This request seeks "The logs generated during the migration of PSTs into AMD's Enterprise Vault system . . . ." The Special Master concludes that this request is unduly burdensome and is an attempt by Intel simply to fish for errors. The Special Master is advised by Stroz Friedberg LLC that these logs would likely be thousands, if not tens of thousands, of lines long. Parsing through and explaining voluminous logs would be an unwarranted and distracting side show where there is no information gathered during informal discovery to support the suspicion of wide-scale problems with migration. AMD is, therefore, not required to comply with this request.

e. <u>Document Request No. 5.</u> This request seeks "Documents sufficient to show which Custodians, if any, requested an increase in his or her mailbox size quotas (after March 1, 2005), the date of any such request(s), and the action taken by AMD's IT department in response to such request(s)." The Special Master concludes that this request is overbroad and is an attempt by Intel to fish for errors. AMD is, therefore, not required to comply with this request.

f. <u>Document Request No. 6.</u> This request seeks "Documents sufficient to show (a) any instructions, recommendation and/or user guides provided to AMD employees, or (b) internal AMD IT policies and/or procedures, related to AMD's Enterprise Vault and email journaling systems." AMD has agreed to produce documents responsive to this request and is ordered to do so.

g. <u>Document Request No. 7.</u> This request seeks "For each Custodian, documents sufficient to show each email address and/or display name that, when used, would result in an email being delivered to the subject Custodian's AMD email account." A lengthy discussion during the hearing concerning the issues surrounding this request made clear that informal discussions between the parties regarding the technical issues presented, with the involvement of Stroz Friedberg LLC, may entirely resolve this request. The parties are therefore ordered to hold informal discussions with the assistance of Stroz Friedberg LLC to attempt to resolve this request.

h. <u>Document Request No. 8.</u> This request seeks certain information "[f]or each individual AMD Custodian for whom data has not been produced to Intel (*i.e.*, non-designated Custodians)." As previously stated, Intel's requests in the Notice for information

with respect to preservation by any AMD custodian who is not identified as a custodian for production is not relevant. AMD is, therefore, not required to comply with this request.

**THE SPECIAL MASTER'S ORDER WILL BECOME A FINAL ORDER OF THE COURT, UNLESS OBJECTION IS TAKEN IN ACCORDANCE WITH THE ANTICIPATED ORDER BY THE COURT WHICH SHORTENS THE TIME WITH WHICH AN APPLICATION CAN BE FILED PURSUANT TO FED. R. CIV. P. 53(f)(2).**

IT IS SO ORDERED.

DATED: January 22, 2009

_____
Vincent J. Poppiti (#100614)
Special Master