IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE<br>INTEL CORPORATION<br>MICROPROCESSOR ANTITRUST<br>LITIGATION | ) ) ) ) ) ) | MDL No. 05-1717-JJF |
| ADVANCED MICRO DEVICES, INC., ET AL.,<br>Delaware corporation, and AMD<br>INTERNATIONAL SALES & SERVICES, LTD.<br>A Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION, a Delaware corporation,<br>and INTEL KABUSHIKI KAISA, a Japanese<br>Corporation<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-441-JJF |
| PHIL PAUL, on behalf of himself<br>and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>INTEL CORPORATION,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 05-485-JJF<br><br>CONSOLIDATED ACTION<br><br>**DM 24** |

**SPECIAL MASTER'S REPORT AND RECOMMENDATION
REGARDING MOTION OF AMD AND CLASS PLAINTIFFS TO COMPEL FURTHER
<u>DISCOVERY FROM NON-PARTY TOSHIBA CORPORATION</u>**

## BACKGROUND[1]

This Report and Recommendation involves a dispute between Plaintiffs Advanced Micro Devices, Inc. and AMD International Sales & Service, Ltd. (collectively, "AMD"), and the Class Plaintiffs (the "Class"), on the one hand, and non-party Toshiba Corporation ("Toshiba"), on the other hand, regarding the production of documents by Toshiba pursuant to a Voluntary Document Production Agreement dated August 14, 2008 (the "Voluntary Production Agreement"), by and among Toshiba and AMD, Defendant Intel Corporation ("Intel") and the Class.

After Toshiba produced documents pursuant to the Voluntary Production Agreement, AMD and the Class moved, on January 15, 2009, to compel from Toshiba the further production of documents that AMD and the Class argued they should receive pursuant to that agreement (the "Motion to Compel"). Following an initial submission of letter briefs by AMD and the Class on the one hand, and Toshiba on the other hand, with respect to the Motion to Compel, the Special Master requested additional briefing regarding Toshiba's claim that this Court lacks jurisdiction over Toshiba and cannot enforce the Voluntary Production Agreement against Toshiba to compel the further production of documents sought by AMD and the Class. That supplemental briefing was completed on February 4, 2009.

On February 9, 2009, the Special Master convened a telephonic hearing regarding the Motion to Compel. Counsel for Toshiba and for all of the parties in this litigation were present at that hearing.

---

[1] In entering this Report and Recommendation, the Special Master considered a proposed form of Report and Recommendation submitted on February 18, 2009, by counsel for Toshiba Corporation. AMD and the Class Plaintiffs approved the foregoing submission as to form only.

2

Counsel for Toshiba argue that this Court lacks jurisdiction over it for all purposes, including without limitation enforcement of the Voluntary Production Agreement as sought by AMD and the Class. They argue that the Voluntary Production Agreement, consistent with Toshiba's position throughout this litigation, plainly and unambiguously preserves Toshiba's jurisdictional defenses and that the Voluntary Production Agreement does not contemplate or contain any provision whereby AMD may have the Special Master or the Court enforce the Voluntary Production Agreement against Toshiba as sought by AMD. Counsel for Toshiba argues that, far from AMD's Counsel's claim that the Voluntary Production Agreement is "worthless," that Toshiba has already voluntarily produced to the parties a large volume and wide breadth of documents and materials, and that Toshiba has substantially performed under the Voluntary Production Agreement.

Counsel for AMD and the Class, on the other hand, argue that the Court has jurisdiction to enforce the terms of the Voluntary Production Agreement and to require Toshiba to comply with its production obligations under the Voluntary Production Agreement. In support of their argument, AMD and the Class contend that, <u>inter alia</u>, (i) the language in Paragraph 2 of the Voluntary Production Agreement,[2] pursuant to which the Special Master is to resolve all challenges made by AMD, the Class and Intel, with respect to Toshiba's confidentiality designations, demonstrate that Toshiba submitted to the jurisdiction of this Court for purposes of the resolving all disputes that arise under the Voluntary Production Agreement; (ii) the Voluntary Production Agreement would be rendered illusory if it could not be enforced in the context of this litigation; and (iii) it would be unfair and prejudicial to AMD and the Class for Toshiba to partially perform under the Voluntary Production Agreement and then claim, after

---

[2] The exact language of the Voluntary Production Agreement is outlined below.

AMD suspended its efforts to pursue discovery from many of the Toshiba custodians identified in its original document subpoena issued to Toshiba, that further performance was not required because it was not subject to the personal jurisdiction of this Court.

## DISCUSSION

Having read and considered all of the letter briefs filed in this proceeding with respect to AMD's Motion to Compel and the related jurisdictional issues, and having heard argument from counsel and having ruled on the record at the hearing on February 9, 2009, the findings and conclusions of the Special Master are as follows:

1. The Special Master finds that the language of the Voluntary Production Agreement is plain and unambiguous, therefore obviating the need for extrinsic evidence with respect to its interpretation.

2. In the recitals of the Voluntary Production Agreement, Toshiba expressly reserves its rights with respect to, among other things, the purported service of subpoenas *duces tecum* on Toshiba in 2005 and states that Toshiba is not waiving and has not waived any of its objections to those subpoenas, including objections based on the lack of jurisdiction over Toshiba. The recitals also indicate that Toshiba is under no obligation to produce any documents or other information in this litigation.

3. Paragraph 2 of the Voluntary Production Agreement contains the only reference to the Special Master's or this Court's handling of disputes arising from the Agreement. It provides in pertinent part:

> Depending on the circumstances, Toshiba may produce such [additional] documents subject to additional limitations, including, without limitation, limiting access to outside counsel; the parties may apply to the Special Master or the Court to lift those limitations.

The term "the parties," as used in the Voluntary Production Agreement and in Paragraph 2 in particular, refers to the parties in this litigation, not Toshiba. The foregoing language of Paragraph 2 permits Toshiba to place limitations on additional documents that Toshiba produces to the parties. Thereafter, the parties may apply to the Special Master or the Court to consider lifting those limitations, but the plain language of the Voluntary Production Agreement does not require Toshiba to respond to such an application.

4.     The Special Master finds that the Voluntary Production Agreement does not contain any provision providing that AMD may have the Special Master or this Court enforce the Voluntary Production Agreement against Toshiba. If the parties and Toshiba wanted to include such a provision, particularly in light of Toshiba's reservations, they could have done so, but they did not.

5.     The Special Master concludes that, based on the plain language of the Voluntary Production Agreement, AMD and the Class cannot enforce the Voluntary Production Agreement against Toshiba in this Court and that no other mechanisms are presently available to AMD or the Class in this litigation to enforce such purported obligations against Toshiba.

6.     The Special Master further finds that Toshiba's filing of objections and other submissions in this litigation regarding the propriety of certain discovery orders and procedural matters has not constituted a waiver of Toshiba's jurisdictional opposition.

7.     This ruling is without prejudice to AMD's and the Class's right to reapply to the Court to enforce the terms of the Voluntary Production Agreement should Toshiba take any act wherein it seeks protection from or submits to the jurisdiction of this Court, such as oppose an application made by a party pursuant to Paragraph 2 Voluntary Production Agreement to lift a

limitation on a document or documents imposed as a result of Toshiba's confidentiality designations.

## CONCLUSION

For the reasons set forth above, the Special Master concludes, based on the plain language of the Voluntary Production Agreement, that Toshiba has not submitted itself to the jurisdiction of this Court as a third party for purposes of any application by AMD and the Class in this litigation to enforce the provisions of the Voluntary Production Agreement.

IT IS HEREBY RECOMMENDED THAT:

The motion of AMD and the Class to compel the production of further documents from Toshiba be DENIED.

THE SPECIAL MASTER'S REPORT WILL BECOME A FINAL ORDER OF THE COURT, UNLESS OBJECTION IS TAKEN AS PROVIDED BY FEDERAL RULE OF CIVIL PROCEDURE 53(f)(2).

ENTERED this 19th day of February, 2009.

_____
Vincent J. Poppiti (DSBA No. 100614)
Special Master