IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : |
| INTEL CORP. MICROPROCESSOR ANTITRUST LITIGATION | : MDL Docket No. 05-1717-JJF |
| | : |
| ADVANCED MICRO DEVICES, INC., a Delaware Corporation and AMD INTERNATIONAL SALES & SERVICES, LTD., a Delaware Corporation, | : |
| Plaintiffs, | : Civil Action No. 05-441-JJF |
| v. | : |
| INTEL CORPORATION, a Delaware Corporation, and INTEL KABUSHKI KAISHA, a Japanese Corporation, | : |
| Defendants. | : |
| PHIL PAUL, on behalf of himself and all others similarly situated, | : |
| Plaintiffs, | : **CONSOLIDATED ACTION** |
| v. | : Civil Action No. 05-485-JJF |
| INTEL CORPORATION, | : |
| Defendants. | : |

## MEMORANDUM ORDER

Pending before the Court is Intel's Motion, Pursuant To Rules 16 And 56, For A Pretrial Conference To Seek The Court's Determination Of Key Issues Of Law That Will Govern Completion Of Preparation And Trial (D.I. 1529 in Civ. Act. No. 05-485-JJF;

D.I. 1442 in Civ. Act. No. 05-441-JJF; D.I. 1785 in MDL No. 05-1717-JJF)[1] filed by Defendants Intel Corporation and Intel Kabushiki Kaisha (collectively, "Intel").  By its Motion, Intel requests the Court to "clarify[ ]the basic antitrust principles that will govern future proceedings, including trial" and "direct[] Advanced Micro Devices, Inc. ("AMD") to identify the specific transactions on which it will rely in claiming that Intel engaged in anticompetitive pricing-related conduct."  (D.I. 1785 at 1-2.)  By way of example, Intel contends that the parties disagree about whether the predatory pricing standards adopted in Brooke Group Ltd. V. Brown & Williamson Tobacco Corp, 509 U.S. 209 (1993), govern AMD's claims.  Intel further contends that the Court must select a definition of the disputed term "cost." According to Intel, resolution of these types of issues will prevent the parties from wasting time and resources on "every factual dispute that might be relevant to any view of the governing law this Court might someday adopt."  (D.I. 1785 at 4.) Intel also contends that resolution of these issues will prevent the parties from "incur[ring] enormous but needless costs during expert discovery" and from "hav[ing] no alternative but to submit

---

[1]   The Court will refer to these documents using the MDL Docket Item Number.

2

sprawling, potentially unfocused briefs that address many irrelevant issues along with the handful of ultimately relevant ones." (Id. at 4-5.)

In addition, Intel requests the Court to order AMD to identify the transactions it will be using to prove its case. Intel contends that it engaged in daily microprocessor related negotiations and transactions and that AMD cannot possibly place all of those transactions at issue. Intel contends that identification of a subset of transactions will allow the parties to tailor their expert reports and motions on the transactions that are genuinely in issue.

In response, AMD contends that Intel's motion is a "premature and distracting effort to litigate issues that will be, should be, and typically are litigated through the standard process of summary judgment, after the parties have established the relevant factual context through factual and expert discovery." (D.I. 1830 at 2.) AMD contends that the issues raised by Intel are "inextricable intertwined with the extensive and complicated discovery still being developed" in this case. (Id.) AMD contends that if the issues Intel seeks to address were purely legal in nature, then Intel should have made its

motion years ago before discovery commenced in this case.

Pursuant to Federal Rule of Civil Procedure 16(c), the Court has broad discretion to take appropriate action to identify the litigable issues so as to simplify an action for trial and promote efficiency and the conservation of judicial resources. Fed. R. Civ. P. 16(c) & Advisory Committee's Note.  While this authority includes the ability to adjudicate disputed legal issues early in the litigation, it also includes the authority to deny or postpone summary judgment motions that are premature or require a full record for resolution.

After considering the parties' submissions, the Court is persuaded that the issues suggested by Intel for early resolution implicate factual questions and may require expert opinion to be fully understood and decided.  The Court has set a schedule for the filing of summary judgment motions, which allows for the completion of fact discovery and, at least, the exchange of expert reports.[2]  Accordingly, the Court believes that the current schedule for the filing of summary judgment motions

---

2   Under Case Management Order No. 7, the parties' summary judgment motions must be filed by November 7, 2009, with briefing to be completed by December 14, 2009.  Expert Witness report will be served between July 20 and October 1, 2009, and expert witness depositions will take place between October 2 and November 27, 2009.  (D.I. 1650 at 4-5.)

remains the most effective and efficient manner to address Intel's concerns, and therefore, the Court will deny Intel's Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that Intel's Motion, Pursuant To Rules 16 And 56, For A Pretrial Conference To Seek The Court's Determination Of Key Issues Of Law That Will Govern Completion Of Preparation And Trial (D.I. 1529 in Civ. Act. No. 05-485-JJF; D.I. 1442 in Civ. Act. No. 05-441-JJF; D.I. 1785 in MDL No. 05-1717-JJF) is **DENIED**.

June 25, 2009
DATE

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE